IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACOB and JAMES JUNG,** **Administrators of Estate of** **LOUIS JUNG, JR,** : Plaintiffs, v. **CITY OF PHILADELPHIA, et al.** Defendants. | : : : : : : : : : : : | CIVIL ACTION No. 24-cv-05618-TJS |

# ORDER

AND NOW, this _____ day of _____, 202_, upon consideration of Defendants' Motion to Dismiss Plaintiffs' Complaint, and any response thereto, it is HEREBY ORDERED that the Motion is GRANTED and that Plaintiffs' claims against the City of Philadelphia and Blanche Carney are DISMISSED WITH PREJUDICE.

BY THE COURT:

_____
Timothy J. Savage, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, Administrators of Estate of LOUIS JUNG, JR, <br> Plaintiffs, <br> v. <br><br> CITY OF PHILADELPHIA, et al. <br><br> Defendants. | CIVIL ACTION <br><br> No. 24-cv-05618-TJS |

### DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

Defendants, the City of Philadelphia and Commissioner Blanche Carney, hereby file this Motion to Dismiss for Failure to State a Claim, pursuant to Federal Rule of Civil Procedure 12(b)(6). In support of this motion, Defendants incorporate the attached Memorandum of Law.

Defendants respectfully request that this Court dismiss Plaintiffs' Complaint against the City of Philadelphia and Blanche Carney with prejudice.

Respectfully submitted,

Date: December 23, 2024

*/s/ Michael Pestrak*
Michael Pestrak
Deputy City Solicitor
Pa. Attorney ID No. 208611
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5387 (phone)
215-683-5397 (fax)
michael.pestrak@phila.gov

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACOB and JAMES JUNG,** Administrators of Estate of **LOUIS JUNG, JR,** Plaintiffs, v. **CITY OF PHILADELPHIA, et al.** Defendants. | CIVIL ACTION No. 24-cv-05618-TJS |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM**

Plaintiffs have filed a Complaint as Administrators of the Estate of Louis Jung, Jr., by which they claim that the City of Philadelphia ("City") and Blanche Carney ("Carney") tortiously caused injury to Louis Jung, Jr. See generally Compl., ECF No. 1. Plaintiffs do not state a claim, and the Complaint against the City and Carney should be dismissed with prejudice. Plaintiffs' claims against the City should be dismissed because Plaintiff fails to specify a policy or custom required to impute liability to the City under Monell v. Department of Social Services, 436 U.S. 658 (1978) or any other theory of liability. Plaintiffs' allegations against Carney fail to state a claim and are stated in a conclusory, unsupported fashion that also fails to create a plausible claim for relief.

I. **STATEMENT OF ALLEGED FACTS**

Plaintiffs' Complaint includes the following allegations. Plaintiffs' operative pleadings are that on October 28, 2023, Mr. Jung was transferred back to Curran-Fromhold Correctional Facility ("CFCF") after a six-month incarceration at Norristown State Hospital.[1] ECF 1 at ¶¶ 67-68. Mr.

---

[1] Plaintiffs include a factual recitation of events starting in 2021 and leading up to his transfer to Norristown State Hospital, but not only are the individual Counts of the Complaint predicated on the events that occurred starting on

1

Jung received a medical intake screening on the same date, which revealed a glucose level of 542. Id. at ¶ 70. This intake screening was conducted by Defendant Gay. Id. at ¶72. Defendant Gay is not an employee of the City. Id. at ¶¶ 6-8. Plaintiffs contend that Defendant Gay did not take the requisite medical steps necessitated by that glucose level. Id. at ¶¶ 73-76. Plaintiffs detail the medical treatment Mr. Jung received, alleging that while provided, it was insufficient. Id. at ¶¶ 77-86. Notably, these allegations are not directed at City employees. Despite detailing the medical care Mr. Jung was undergoing, even if alleging it was insufficient, Plaintiffs also allege that ten correctional officers failed to ensure that Mr. Jung received medical treatment. Id. at ¶ 87. Mr. Jung died of diabetic ketoacidosis on November 6, 2024. Id. at ¶¶ 68 & 84.

Plaintiffs bring seven counts based on the foregoing factual allegations. Count I of Plaintiffs' Complaint appears to be a Section 1983 claim under the Fourteenth Amendment (id. at ¶¶ 151-154); Count II is a medical malpractice claim (id. at ¶¶ 155-157); Count III raises a claim under the Americans with Disabilities Act (id. at ¶¶ 158-165); Count IV is a similar claim brought under the Rehabilitation Act (id. at ¶¶ 166-168); Count V is another Section 1983 Claim under the Fourteenth Amendment (id. at ¶¶ 169-170); Count VI is a state law wrongful death claim (id. at ¶¶ 171-178); and Count VII is a state law survival action (id. at ¶¶ 179-181). For the reasons that follow, the City and Carney respectfully request that this Court dismiss, with prejudice, Plaintiffs' Counts against them.

## II. **LEGAL STANDARD**

Under Rule 12(b)(6), the Court must dismiss an action on a motion to dismiss when a complaint "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a plaintiff must allege "sufficient factual matter, accepted as true, to

---

October 28, 2023, the intervening six month incarceration at Norristown makes any actions that occurred prior to the transfer to Norristown too distant and attenuated to be a proximate cause of the causes of actions alleged.

'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. A plaintiff cannot survive a motion to dismiss under Rule 12(b)(6) without stating a claim to relief that is plausible on its face. Id. A plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Under this standard, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. Put differently, while a court should accept the truth of a complaint's factual allegations, it should not credit a plaintiff's "bald assertions" or "legal conclusions." Anspach v. City of Philadelphia, 503 F.3d 256, 260 (3d Cir. 2007). "Legal conclusions masquerading as factual conclusions will not suffice to prevent a motion to dismiss." Id. (quotation marks omitted).

### III.  ARGUMENT

#### a. Plaintiffs' § 1983 Claims Against the City and Carney Fail Because Plaintiffs Did Not Plead Facts Plausibly Establishing the Elements of a Monell Claim

A municipality cannot be held liable under § 1983 for its employees' constitutional torts by way of *respondeat superior*. McGreevy v. Stroup, 413 F.3d 359, 367 (3d Cir. 2005) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658, 694 (1978)). Rather, under Monell, a municipality may be liable if the employee acted pursuant to a government policy or custom. Monell, 436 U.S. at 694. Plaintiff must allege sufficient facts to establish that (1) a constitutionally protected right has been violated; and (2) the alleged violation resulted from a municipal policy, custom or practice of deliberate indifference to rights of citizens. Id. at 694-95; Andrews v. City of Philadelphia, 895 F.2d 1469, 1480 (3d Cir. 1990).

3

Monell liability must be founded upon evidence that the government unit itself supported a violation of constitutional rights, while identifying the policymaker and establishing his/her deliberate indifference. Bielevicz v. Dubinon, 915 F.2d 845, 849-50 (3d Cir. 1990).

### i. Count I

While Plaintiffs use the words policy and custom interchangeably throughout the Complaint, Count I is clearly proceeding under a custom claim as the only policy Plaintiffs point to in the Complaint is one that provides treatment for Mr. Jung. ECF 1 at ¶¶ 20-25 & 100. A Monell claim based upon custom can only proceed if the well-founded, factual allegations of the Complaint establish that such policymaker was aware of similar unlawful conduct in the past but – with deliberate indifference – failed to take precautions against future violations, directly leading to the plaintiff's injury. Bielevicz, at 851. A custom only exists when practices are "so permanent and well-settled as to virtually constitute law." Mulholland v. County of Berks, 706 F.3d 227, 237 (3d Cir. 2013) (citations and quotations omitted).

Plaintiffs point to the implementation of a policy of the prisons to provide treatment to people with diabetes. ECF 1 at ¶¶ 20-25 & 100. The bulk of Plaintiffs allegations are that the City had a custom of not meeting that policy. However, these allegations are conclusory in nature and the few factual matters raised by Plaintiffs do not establish a pattern that Carney, as a policy maker for the City, was aware of to then act with deliberate indifference towards.

Absent identification of an express facially unconstitutional policy promulgated by the City, a plaintiff's complaint must include sufficient factual allegations to suggest a pattern of similar incidents with "a high degree of similarity" to the alleged misconduct at issue. See, e.g., Siceloff v. Twp. of W. Deer, No. 11-cv-00783, 2013 WL 3989427, at *13 (W.D. Pa. Aug. 2, 2013); Lesher v. Zimmerman, 822 Fed. App'x 116, 121 (3d Cir. 2020) (upholding dismissal where

4

allegations of prior incidents were factually "dissimilar to the incident in question"); Abdul-Jabbar v. City of Phila., No. 21-cv-2077, 2022 WL 329576, at *2 (E.D. Pa. Feb. 3, 2022) (dismissing claim because "many of Plaintiffs' listed instances of alleged police misconduct b[ore] little similarity to [the plaintiff's] situation").

Plaintiffs spend several paragraphs of the Complaint making threadbare recitals of the elements of a cause of action, supported by mere conclusory statements. Id. at 45-46, 48-49, 54, 89, 91, 94, 101, & 153-154. Additionally, some of the allegations of the City's custom are actually raising negligence claims against the medical practitioners, who were not employees of the City. Id. at 102-106, & 152. Plaintiffs list prior incidents that purport to show that the City and Carney were on notice that they needed to take precautions. However, most of these incidents do not apply to Mr. Jung's situation and therefore would not serve to place the City or Carney on notice. Id. at ¶¶ 93, 100, & 108-112 (presenting instances not related to death due to diabetic ketoacidosis). Of the factual support offered that relates to Mr. Jung, Plaintiffs point to two individuals who died seven years apart. Id. at ¶¶ 95 & 96. Two incidents over a seven year period is not a pattern raising to the level of showing the municipality's employees engaged in a practice "so persistent and widespread as to practically have the force of law." Costantino v. City of Atl. City, 152 F. Supp. 3d 311, 332 (D.N.J. 2015); see also, e.g., Peterson v. City of Fort Worth, 588 F.3d 838, 852 (5th Cir. 2009) (holding that "27 incidents of excessive force over a period of four years do not reflect a pattern that can be said to represent official policy of condoning excessive force so as to hold the City liable for the acts of its employees' unconstitutional conduct"); Carter v. District of Columbia, 795 F.2d 116, 123 (D.C. Cir. 1986) (holding that six prior incidents of alleged misconduct over approximately two years did not establish a pattern of excessive force); Jones v. Town of E. Haven, 691 F.3d 72, 85 (2d Cir. 2012) (holding four incidents over approximately four years "fell far

short" of showing a custom); Giaccio v. City of New York, 308 Fed. App'x 470, 472 (2d Cir. 2009) (holding "only four examples" of misconduct fell "far short" of establishing a widespread practice). With no pattern established, it cannot be argued that the City of Carney acted with deliberate indifference.

### ii. Count V

As an alternative to a policy or custom claim of municipal liability, a plaintiff can seek to establish municipal liability for failure to train or discipline. To adequately plead a failure to train or discipline claim, "it is not enough for the plaintiff to establish merely that the disciplinary process was inadequate. Rather, the plaintiff must show that the city's failure amounted to 'deliberate indifference to the rights of persons with whom the police come into contact.'" McDaniels v. City of Philadelphia, 234 F.Supp.3d 637, 645 (E.D. Penn. 2017). A failure-to-discipline claim also requires a pattern. See Kirksey v. Ross. 372 F. Supp. 3d 256, 263 (E.D. Pa. 2019). "A failure to train, discipline, or control can only form the basis for § 1983 municipal liability if the plaintiff can show both contemporaneous knowledge of the offending incident or knowledge of a prior pattern of similar incidents and circumstances." Montgomery v. De Simone, 159 F.3d 120, 127 (3d Cir. 1998) (affirming dismissal of municipal liability claim). A pattern of similar constitutional violations is ordinarily necessary to demonstrate deliberate indifference. Connick v. Thompson, 563 U.S. 51, 62 (2011). As shown above, Plaintiffs have failed to plead any facts to establish a pattern of behavior by Carney or the doe correctional officers.

"A municipality's culpability for a deprivation of rights is at its most tenuous where a claim turns on a failure to train." Id. at 61. The identified deficiency must be closely related to the ultimate injury. Rosembert v. Borough of East Lansdowne, No. 13-2826, 2016 WL 161592, at *9 (E.D. Pa. Jan. 14, 2016) (quoting Thomas v. Cumberland Cnty., 749 F.3d 217, 222 (3d Cir. 2014)).

In Torres v. City of Allentown, the court found dismissal appropriate where the plaintiff's complaint alleged that Allentown "did not require appropriate in-service training or re-training of officers who were known to have engaged in police misconduct, and that this policy/custom exhibited deliberate indifference to her constitutional rights." No. 07-1934, 2008 WL 2600314, at *5 (E.D. Pa. June 30, 2008). The court viewed the complaint as insufficient, in that it "lack[ed] any specific factual allegations referencing the conduct, time, place, and persons responsible for any official municipal policy or custom" and that it "fail[ed] to specifically demonstrate how the training programs for the police officers [were] inadequate." Id.

Plaintiff's allegations here mimic the conclusory and general averments at issue in Torres. Plaintiffs cannot show a pattern of behavior of which the City should have been on notice and did not allege a specific deficiency in training or supervision for which the City could be held liable. Absent any such allegations, Plaintiffs' bald statements fail to satisfy the Supreme Court's admonition in Iqbal that a plaintiff must allege "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, supra at 678. Plaintiffs' superficially pled Monell claims in Counts I and V against the City and Carney should be dismissed with prejudice.

> **b. Plaintiffs' Medical Malpractice Claim Against the City is Not an Exception to the Immunity Provided in the Tort Claims Act and Cannot form the Basis of a Monell Claim Because the Allegations are Not Against City Employees.**

Plaintiffs' claim under Count II should be dismissed with prejudice since, as established above, under Monell, a municipality can only be liable if an employee acted pursuant to a government policy or custom. Monell, 436 U.S. at 694. This Count is based entirely on the

actions of employees of entities that are not the City.[2] The City has immunity to suit and the allegations raised in Plaintiffs Count II do not meet the delineated exceptions. See 42 Pa. Stat. and Cons. Stat. Ann. § 8521-8527. As such, Cunt II against the City must be dismissed with prejudice.

    **c. Plaintiffs do Not Plead Discrimination Under the Americans with Disabilities Act and Therefore Counts III and IV Should be Dismissed**

Title II of the Americans with Disabilities Act (ADA) prohibits discrimination in access to public services by requiring that "no qualified individual with a disability shall, by reason of such disability, be excluded from participation in or denied the benefits of the services, programs, or activities of a public entity, or be subjected to discrimination by any such entity." 42 U.S.C. § 12132. The Rehabilitation Act (RA) and the ADA have the same standard for determination of liability. MacFarlan v. Ivy Hill SNF, LLC, 675 F.3d 266, 274 (3d Cir. 2012); CG v. Pa. Dep't of Educ., 734 F.3d 229, 235 & n.10 (3d Cir. 2013) (same legal principles generally govern the ADA and RA, except, for example, that the RA requires the defendant be federally funded and the RA requires that a disability be the sole cause of the discrimination).

The Supreme Court of the United States has held "that States must adhere to the ADA's nondiscrimination requirements with regard to the services they in fact provide." Olmstead v. L.C. ex rel. Zimring, 527 U.S. 581, 603 n.14 (1999) (internal citations and quotation marks omitted). However, The Supreme Court was very clear that it did not hold, "that the ADA imposes on the States a 'standard of care' for whatever medical services they render, or that the ADA requires States to provide a certain level of benefits to individuals with disabilities." Id. Where an ADA plaintiff's complaint does not show a denial of benefits or discrimination but demonstrates the

---

[2] It is unclear if Plaintiffs are bringing this Count against the City as all the allegations in the two main paragraphs that make up the count are directed toward parties other than the City. ECF 1 at ¶¶ 155-157 Since the City is named as a target of this Count in the title of the Count, the City is moving to dismiss this Count against it.

defendant's efforts to meet the plaintiff's needs, dismissal is appropriate. See Jackson v. New Jersey, 465 Fed. App'x 82, 83 (3d Cir. 2012) ("[T]he documents [plaintiff] attached suggest that the state agencies are attempting to meet his needs, although perhaps not as quickly or comprehensively as he would prefer.").

Nowhere in Plaintiffs' Complaint do they allege discrimination. The sum and substance of all the issues raised in the Plaintiffs' complaint is that there was a policy in place which shows an effort to meet Mr. Jung's needs, to provide treatment and access for Mr. Jung based on his diabetes. Plaintiffs' allegations are not that Mr. Jung was discriminated against and therefore denied a benefit or a privilege, or even that he was not provided access to treatment, but that his treatment was insufficient, i.e. that it did not meet the standard of care. In fact, the Complaint is extremely similar to the allegations in Jackson, the medical treatment was being provided to Mr. Jung, but perhaps not as quickly or comprehensively as Plaintiffs argue it should have been.

Since Plaintiffs have not raised an actual allegation of discrimination or showed a denial of access based Mr. Jung's disability, these claims fail and Counts III and IV should be dismissed with prejudice.

### d. Wrongful Death and Survivor Actions are Not Independent Causes of Action

"Under Pennsylvania law, wrongful death and survival actions are not substantive causes of action; rather, they provide a vehicle through which plaintiffs can recover for unlawful conduct that results in death." Lansberry v. Altoona Area Sch. Dist., 356 F. Supp. 3d 486, 504 (W.D. Pa. 2018) (dismissing wrongful death and survival actions when Monell claim was not cognizably pled) (citations and quotations omitted). "Because wrongful death and survival actions are not independent claims, a plaintiff asserting these claims must assert some other independent, cognizable claim to survive a motion to dismiss the wrongful death and survival claims." Id.

Since, as explained above, all the individual counts against the City and Carney should be dismissed with prejudice, so too must Counts VI and VII as they are derivative of those counts and not independent causes of action.

### III. **CONCLUSION**

For the reasons above, and based upon the authorities cited therein, Plaintiffs fails to state a claim against the City and Carney in their Complaint. The Complaint against the City of Philadelphia and Blanche Carney should be dismissed with prejudice.

Respectfully submitted,

Date: December 23, 2024

*/s/ Michael Pestrak*
Michael Pestrak
Deputy City Solicitor
Pa. Attorney ID No. 208611
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5387 (phone)
215-683-5397 (fax)
michael.pestrak@phila.gov

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JONATHAN D. WILLIAMS,** : | |
| : | **CIVIL ACTION** |
| **Plaintiff,** : | |
| v. : | **No. 24-cv-03068-AB** |
| : | |
| **CITY OF PHILADELPHIA, et al.** : | |
| : | |
| **Defendants.** : | |
| : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants the City of Philadelphia's and Blanche Carney's Motion to Dismiss Plaintiffs' Complaint, was filed via the Court's electronic filing system.

Date: December 23, 2024              Respectfully submitted,

/s/ Michael Pestrak
Michael Pestrak
Deputy City Solicitor
Pa. Attorney ID No. 208611
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5387 (phone)
215-683-5397 (fax)
michael.pestrak@phila.gov