IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PHILADELPHIA, et al., <br><br> Defendants. | Civil Action <br> No. 2:24-cv-05618 |

**DEFENDANTS, CITY OF PHILADELPHIA AND BLANCHE CARNEY, ANSWER, WITH AFFIRMATIVE DEFENSES, TO PLAINTIFFS' COMPLAINT AND CROSS-CLAIMS AGAINST YESCARE CORP**

Defendants, City of Philadelphia and Blanche Carney (collectively, "Answering Defendants"), hereby file this Answer, with Affirmative Defenses, to Plaintiffs' Complaint and Cross-Claims Against YesCare Corp. and aver as follows:

**INTRODUCTION**

1. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in this paragraph. All allegations are therefore denied.

2. Admitted in part, denied in part. Admitted only that Mr. Jung is deceased and that James and Jacob Jung are the administrators of Mr. Jung's estate. The remaining allegations contained in this paragraph constitute conclusions of law and/or the Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

3–8. The allegations in these paragraphs are the Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

**JURISDICTION AND VENUE**

1.(sic)  The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response.  To the extent a response is required, Answering Defendants admit that Plaintiffs purport to bring a claim against them pursuant to 42 U.S.C. § 1983, the Fourteenth Amendment to the United States Constitution, 42 U.S.C. § 12131, and 29 U.S.C. § 701, but deny that they are liable. Answering Defendants otherwise deny the allegations in this paragraph.

2. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response.  To the extent a response is required, Answering Defendants state that they are currently not objecting to the Court's subject-matter jurisdiction but reserve the right to raise any challenges to subject-matter jurisdiction as the need arises.

**PARTIES**

3. It is admitted that James and Jacob Jung are the administrators of Louis Jung's estate. For the rest of the averments contained in this paragraph, after reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and are therefore denied.

4. Denied as stated. It is admitted that the City of Philadelphia is a City of the First Class and the Philadelphia Department of Prisons, which includes Curran-Fromhold Correctional Facility, is a Department within the City.

5. Admitted.

6-9. The allegations in these paragraphs are directed to a party other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

**FACTS**

10-19. Denied, as these paragraphs contain information outside the scope required by F.R.Civ.P. 8.

20. The allegations in this paragraph are the Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

21. Admitted.

22-24. The allegations in these paragraphs are directed to a party other than Answering Defendants and/or the Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

25. The settlement agreement referred to in this paragraph is a matter of public record and speaks for itself. The allegations in this paragraph are the Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

26-44. Denied, as these paragraphs contain information outside the scope required by F.R.Civ.P. 8.

45. Denied.

46. Denied.

47. Denied, as this paragraph contains information outside the scope required by F.R.Civ.P. 8.

48. Denied.

49. Answering Defendants deny the allegations related to them in this paragraph. The remaining allegations in this paragraph are directed to a party other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

50-53. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments contained in these paragraphs. All allegations are therefore denied.

54. Denied.

55-59. The allegations in these paragraphs are the Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

60. The allegations in this paragraph are directed to a party other than Answering Defendants and/or the Plaintiff's statement of the case and, therefore, require no response. To the extent a response is required, denied.

61. Denied as to the allegations directed toward Answering Defendant. The allegations in this paragraph that are directed to a party other than Answering Defendants require no response. To the extent a response is required, denied.

62-64. The allegations in these paragraphs are directed to a party other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

65-67. The allegations in these paragraphs are the Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

68. Denied as to the allegations directed toward Answering Defendant. The allegations in this paragraph that are directed to a party other than Answering Defendants require no response. To the extent a response is required, denied.

69-71. The allegations in these paragraphs are the Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

72-77. The allegations in these paragraphs are directed to a party other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

78. Denied as to the allegations directed toward Answering Defendants. The allegations in this paragraph that are directed to a party other than Answering Defendants require no response. To the extent a response is required, denied.

79-86. The allegations in these paragraphs are directed to a party other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

87-90. Denied as to the allegations directed toward Answering Defendants. The allegations in these paragraphs that are directed to a party other than Answering Defendants require no response. To the extent a response is required, denied.

91-92. Denied.

93-99. The allegations in these paragraphs are the Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

100. The allegations in this paragraph are directed to a party other than Answering Defendants and/or the Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

101-107. Denied.

108. Answering Defendants admit that in April 2020, plaintiffs filed a putative federal class action entitled *Remick v. City of Philadelphia*. The filings in that lawsuit are a matter of public record and speak for themselves. Answering Defendants otherwise deny the allegations in this paragraph.

109. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the partial settlement agreement referred to is a matter of public record and speaks for itself. Answering Defendants otherwise deny the allegations in this paragraph.

110. The status report referred to in this paragraph is a matter of public record and speaks for itself. Answering Defendants otherwise deny the allegations in this paragraph.

111. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the partial settlement agreement referred to is a matter of public record and speaks for itself. Answering Defendants otherwise deny the allegations in this paragraph.

112. This paragraph states legal conclusions to which no response is required. To the extent a response is required, the Order speaks for itself. Answering Defendants otherwise deny the allegations in this paragraph.

113. The allegations in this paragraph are the Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

114-116. Denied as to the allegations directed toward Answering Defendants. The allegations in these paragraphs that are directed to a party other than Answering Defendants require no response. To the extent a response is required, denied.

117. Denied.

118-120. Denied as to the allegations directed toward Answering Defendants. The allegations in these paragraphs that are directed to a party other than Answering Defendants require no response. To the extent a response is required, denied.

121-138. The allegations in these paragraphs are directed to a party other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

139-140. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and are therefore denied.

141. Admitted.

142. Denied.

143. Denied.

144. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

145. Denied.

146. Denied as to the allegations directed toward Answering Defendants. The allegations in this paragraph that are directed to a party other than Answering Defendants require no response. To the extent a response is required, denied.

147-150. Denied.

**COUNT I: Defendants' Deliberate Indifference and Objective Unreasonableness to Plaintiff's (*sic*) Serious Need for Medical Care Violates the Fourteenth Amendment to the U.S. Constitution – Against City of Philadelphia, YesCare Corp, and Against Defendants Carney, Trivikram, Gay, and John Does in their Individual Capacities**

151. Answering Defendants incorporate by reference their responses to the preceding paragraphs.

152-153. Denied as to the allegations directed toward Answering Defendants. The allegations in these paragraphs that are directed to a party other than Answering Defendants require no response. To the extent a response is required, denied.

154. The allegations in this paragraph are directed to a party other than Answering Defendants and, therefore, require no response. To the extent a response is required, denied.

**COUNT II: Medical Malpractice – Against Defendants City of Philadelphia, YesCare, Trivikram and Gay**

155. The Answering Defendants incorporate by reference their responses to the preceding paragraphs.

156-157. The allegations in these paragraphs were dismissed against Answering Defendants. *See* ECF No. 17. The allegations in these paragraphs that are directed to a party other than Answering Defendants require no response. To the extent a response is required, denied.

### COUNT III: Americans with Disabilities Act, 42 U.S.C. § 12132 – Against Defendant City of Philadelphia

158. The Answering Defendants incorporate by reference their responses to the preceding paragraphs.

159. Admitted.

160. After reasonable investigation, Answering Defendants are without knowledge or information sufficient to form a belief as to the truth of the averments and are therefore denied.

161-162. Denied.

163. The allegations contained in this paragraph constitute conclusions of law and/or the Plaintiffs' statement of the case and, therefore, require no response. To the extent a response is required, denied.

164-165. Denied.

### COUNT IV: Rehabilitation Act, Section 504 – Against City of Philadelphia

166. The Answering Defendants incorporate by reference their responses to the preceding paragraphs.

167. Admitted.

168. Denied.

### COUNT V: Failure to Train or Supervise Staff to provide Proper Medical Care or Discipline Staff who Failed to Provide Proper Medical Care in Violation of the Fourteenth Amendment – Against City of Philadelphia [and] YesCare

169. The Answering Defendants incorporate by reference their responses to the preceding paragraphs.

170. Denied as to the allegations directed toward Answering Defendants. The allegations in this paragraph that are directed to a party other than Answering Defendants require no response. To the extent a response is required, denied.

**COUNT VI: Wrongful Death – Against Defendants City of Philadelphia, YesCare, Carney, Trivikram, Gay, and John Does**

171. The Answering Defendants incorporate by reference their responses to the preceding paragraphs.

172-173. The allegations contained in these paragraphs constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

174. Denied.

175-178. The allegations contained in these paragraphs constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

**COUNT VII: Survival Action – Against Defendants City of Philadelphia, YesCare, Carney, Trivikram, Gay, and John Does**

179. The Answering Defendants incorporate by reference their responses to the preceding paragraphs.

180. The allegations contained in this paragraph constitute conclusions of law and, therefore, require no response. To the extent a response is required, denied.

181. Denied.

WHEREFORE, Answering Defendants deny that they are liable upon all causes of action declared and demand judgment in their favor, plus interest and costs.

**JURY DEMAND**

Answering Defendants demand a jury trial in this action.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff has failed to state a claim against the Answering Defendants upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Answering Defendants assert all the defenses, immunities, and limitations of damages available to them under the "Political Subdivision Tort Claims Act" and aver that Plaintiff's remedies are limited exclusively thereto. 42 Pa.C.S. § 8501, et seq.

### THIRD AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrine of qualified immunity because, at all times material hereto, the Answering Defendants were carrying out their duties in a proper and lawful manner, and in the exercise of good faith.

### FOURTH AFFIRMATIVE DEFENSE

No act or failure on the part of any Answering Defendant violated any constitutional rights of the Decedent.

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, insofar as Answering Defendants' purported actions or omissions were not the proximate cause of any alleged injury, loss, or damage incurred by Plaintiffs' Decedent.

### SIXTH AFFIRMATIVE DEFENSE

At all times material herein, the Decedent was afforded all the rights, privileges, and immunities granted pursuant to the Constitution and the laws of the United States and the Commonwealth of Pennsylvania.

## SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs' alleged damages are speculative and, in certain instances, are unavailable as a matter of law, including but not limited to under the Wrongful Death Act.

## EIGHTH AFFIRMATIVE DEFENSE

The incidents alleged in the Plaintiff's' Complaint were legally or proximately caused, in whole or in part, by other parties or entities for whom Answering Defendants are not legally responsible, such that their liability to Plaintiffs must be eliminated or proportionally reduced.

## NINTH AFFIRMATIVE DEFENSE

The decedent's own negligence and/or wrongful conduct caused or contributed to his alleged injuries, sufferings, and/or damages.

## TENTH AFFIRMATIVE DEFENSE

Punitive damages against the City of Philadelphia are barred by applicable case law.

**WHEREFORE**, the Answering Defendants deny that they are liable to Plaintiffs, either jointly or severally, and demand judgment in their favor, together with reasonable attorney's fees and the costs of defending this action.

## CROSS-CLAIMS VS. YESCARE CORP

1. Answering Defendants incorporate herein by reference the allegations of Plaintiffs' Complaint without adoption thereof, but solely for the purposes of these cross-claims, as though set forth at length.

2. At all times relevant to this civil action, YesCare Corp., through their medical, provided medical services and treatment to persons incarcerated or detained in the PDP pursuant to a contract for services with the City of Philadelphia.

3. At all times relevant to this civil action, all the named individual YesCare Corp. defendants acted within the course and scope of his or her employment as an employee of YesCare Corp.

4. Pursuant to the contract for services, YesCare Corp. are under a duty to hold harmless and indemnify the City of Philadelphia, its officials, agents, servants, and/or employees for any claim arising from the provision of services thereunder by YesCare Corp., their agents, servants, workmen and/or employees.

5. If the damages alleged in Plaintiffs' Complaint were sustained as a result of any negligence, carelessness or other liability-producing conduct of the City, either as alleged in the Complaint or in any other manner of which Plaintiffs are entitled to any recovery, which is specifically denied, then the damages of Plaintiffs are due solely to the negligence, carelessness and/or breach of contractual or other duties and obligations and other liability-producing conduct of the defendant YesCare Corp, their agents, servants, workmen, and employees, and said parties are solely liable to Plaintiffs for any injuries or damages sustained.

6. The said parties are liable to the City by way of contribution, indemnity and/or apportionment, or otherwise, for the full amount of or a part of the amount of any sums that may be adjudged against the City in this action, any liability of the City to Plaintiffs or any other persons or parties being expressly denied.

WHEREFORE, the City of Philadelphia denies liability to any and all parties and demands judgment in its favor, together with costs. Further, the City alleges that the defendant, YesCare Corp., and the named individual employees of YesCare Corp., may be solely liable to the Plaintiffs for any damages sustained, or jointly and severally liable with the City. Further, if the City is found at time of trial to be liable to Plaintiffs, then the City alleges that the defendant, YesCare Corp.,

and the named individual employees of YesCare Corp., are jointly and severally liable with the City and/or may be liable to the City for contribution, indemnification and/or apportionment.

Date: January 23, 2025                                   Respectfully submitted,

                                                         /s/ Michael Pestrak
                                                         Michael Pestrak
                                                         Deputy City Solicitor
                                                         Pa. Attorney ID No. 208611
                                                         City of Philadelphia Law Department
                                                         1515 Arch Street, 14th Floor
                                                         Philadelphia, PA 19102
                                                         215-683-5387 (phone)
                                                         michael.pestrak@phila.gov
                                                         *Attorney for City of Philadelphia
                                                         and Blanche Carney*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR,** : : : : : | |
| Plaintiffs, : : | Civil Action No. 2:24-cv-05618 |
| v. : : | |
| **CITY OF PHILADELPHIA, et al.,** : : | |
| Defendants. : | |

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on the date below, Defendants' Answer with Affirmative Defenses to Plaintiffs' Complaint and Cross-Claims Against YesCare Corp. was filed via the Court's electronic filing system and is available for downloading.

Date: January 23, 2025

Respectfully submitted,

*/s/ Michael Pestrak*
Michael Pestrak
Deputy City Solicitor
Pa. Attorney ID No. 208611
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5387 (phone)
michael.pestrak@phila.gov
*Attorney for City of Philadelphia and Blanche Carney*