IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR., | : <br> : <br> : No. 2:24-cv-05618-TJS <br> : |
| Plaintiff, | : <br> : |
| v. | : **JURY TRIAL DEMANDED** <br> : |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; Correctional Officer John Does 1-10, | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

**Report of Rule 26(f) Meeting**

1. **Discussion of Claims, Defenses, Relevant Issues**

   a. **Claims**

The claims in this case arise from the incarceration of Louis Jung, Jr. within the Philadelphia Department of Prisons (PDP) and his death at the Curran-Fromhold Correctional Facility (CFCF) from diabetic ketoacidosis on November 6, 2023. Plaintiffs contend that systemic deficiencies in the provision of medical care, proper diabetes care, and emergency response resulted in Mr. Jung's death. The Plaintiffs further allege that the City of Philadelphia failed to provide Mr. Jung with proper accommodations for his Type I diabetes in violation of the Americans with Disabilities Act.

Mr. Jung was incarcerated in PDP in December 2021. Throughout his incarceration he had multiple hospitalizations. He also spent considerable time in Norristown State Hospital for psychiatric care pursuant to a court order. Upon his return from Norristown to PDP on October 28, 2023, he presented with a heightened glucose level of 542. Medical records reveal that Mr. Jung

1

was not provided with his full allotment of prescribed insulin and glucose checks for the remainder of October. Medical records do not show that he received any insulin or glucose checks from November 1 through November 6. On November 6, 2023, Mr. Jung died in PDP custody at CFCF from diabetic ketoacidosis.

Plaintiffs assert that the PDP was aware that the American Diabetes Association provided the applicable standards for providing care for diabetic patients, including Mr. Jung. The Complaint details allegations that the Defendants failed to adhere to those standards.

Plaintiffs further assert that the City of Philadelphia and Defendant Carney were aware of systemic failures in the provision of medical care within PDP facilities and failed to take necessary measures to ensure constitutionally adequate care was provided to Mr. Jung.

Plaintiffs alleged that YesCare and its employees, Defendants Trivikram and Gay, failed to provide constitutionally required care to Mr. Jung. They further allege that YesCare had policies, practices and/or customs of failing to provide proper diabetes care to patients within PDP. Plaintiffs also brought state law medical malpractice claims against defendants Trivikram and Gay.

Finally, Plaintiffs alleged that the City of Philadelphia discriminated against Mr. Jung on the basis of his having diabetes, in particular through the failure to make several reasonable accommodations that would have ensured his equal access to various services, programs, and activities in the prison.

    b. **Defenses**

**City of Philadelphia Defendants:**

The City of Philadelphia had a policy in place to provide inmates with appropriate medical care and any failures in that medical care were not as a result of any actions of a City employee nor a deliberate indifference to a pattern of constitutional violations. Plaintiffs'

decedent was provided reasonable accommodations and was not discriminated against in any way.

**YesCare Corporation Defendants**:

YesCare is the company which, by contract, provides medical services to the inmates of the Philadelphia Department of Prisons, which includes the Curran Fromhold Correctional Facility, where the plaintiffs' decedent was housed. The individually named defendants, Lalitha Trivikram and Maureen Gay, were – and are – direct employees of YesCare. The decedent was an insulin-dependent diabetic and his condition was known to the medical providers as a result of his long-standing and frequent incarcerations. At the time of his final readmission to the prison, on October 28, 2023, he was accurately medically assessed and when it was determined that he was experiencing high glucose measurements, he was appropriately dosed with the proper units of insulin. Over the ensuing several days, his blood sugars were appropriately intermittently checked, and he was provided insulin through the prison dispensary. On several occasions, the decedent refused treatment, as was his long-standing practice. Historically, his medical records are noteworthy for the inmate's persistent refusal to accept the administration of insulin, which, on several occasions, led to his hospitalization for insulin non-compliance. His non-compliance continued through the short term of his final incarceration, which unfortunately ended with his death on November 6, 2023. At no time were the medical defendants derelict in any duty owed to the decedent.

    c. **Issues**

The issues in this case include:

- the type, extent, and sufficiency of the care provided to Mr. Jung;

3

- whether defendants Carney, Trivikram, Gay, or the Doe defendants acted with deliberate indifference and/or were objectively reasonable;

- whether defendants Trivikram and Gay were negligent in the care provided to Mr. Jung;

- the identity of those individuals and officials responsible for providing Mr. Jung with care and/or establishing policies and practices to ensure the delivery of care within PDP institutions;

- the identities of correctional officer John Doe defendants alleged to have failed to respond to Mr. Jung's need for emergency care; the existence of any policy, practice, or custom resulting in injuries, including the death, of Mr. Jung;

- whether reasonable accommodations were provided to Mr. Jung

**2. Informal Disclosures**

Informal disclosures have been served by all parties in this matter in compliance with the Court's Case Management Order of January 9, 2025.

**3. Formal Discovery**

The Parties propose the following schedule for discovery:

- Completion of Fact Discovery: July 11, 2025

- Disclosure of Plaintiffs' expert witnesses and reports: September 9, 2025

- Disclosure of Defendants' expert witnesses and reports: October 9, 2025

- Disclosure of any reports in response by Plaintiffs' expert witnesses: October 30, 2025

- Depositions of expert witnesses: December 1, 2025

- Summary Judgment motions: December 21, 2025

### 4. Electronic Discovery

The Parties will conduct electronic discovery as part of formal fact discovery. E-discovery will mostly involve producing electronically stored records and identifying search terms for email and document review. Plaintiffs will submit proposed search terms to defendants for any email or other document request where such terms are necessary to facilitate identification of applicable documents. The parties will negotiate any disagreement in good faith in an attempt to resolve the search terms to be used. The parties do not believe any other agreement pertaining to electronic discovery is required in this case.

### 5. Expert Witness Disclosures

These will be completed in the accordance with the proposed schedule for Formal Discovery.

### 6. Early Settlement or Resolution

The Parties are willing to explore mediation or a settlement conference at the close of fact discovery.

### 7. Trial Date

The parties do not think a trial date should be set at this time in light of the early stage of the case and the uncertainty regarding how discovery, alternative resolution, and motions practice will unfold.

### 8. Other Matters

No other matters.

Respectfully submitted,

*/s/ Bret Grote*
Bret Grote (PA 317273)
*/s/ Nia Holston*
Nia Holston (PA 327384)
*/s/ Rupalee Rashatwar*

Rupalee Rashatwar (PA 331085)
*/s/ Margaret Hu* \*
Margaret Hu (PA 334438)
990 Spring Garden
Philadelphia, PA 19123
(412) 654-9070
bretgrote@abolitionistlawcenter.org
nia@alcenter.org
rupalee@alcenter.org
margo@alcenter.org

Plaintiffs' Counsel

*/s/ Michael Pestrak*
Michael Pestrak
Deputy City Solicitor
Pa. Attorney ID No. 208611
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5387 (phone)
215-683-5397 (fax)
michael.pestrak@phila.gov

Counsel for City of Philadelphia and Blanche Carney

*/s/ Thomas J. Gregory*
Thomas J. Gregory
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
215-564-0400
tgregory@okllp.com

Counsel for YesCare Corp., Lalitha Trivikram, M.D., and Maureen Gay, N.P.


DATE: January 31, 2025