## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| **JACOB AND JAMES JUNG, ADMINISTRATORS OF ESTATE OF LOUIS JUNG, JR,** | : : : | |
| **PLAINTIFFS,** | : : | **CIVIL ACTION:** |
| | : | **No. 24-cv-05618-TJS** |
| **v.** | : : | |
| **CITY OF PHILADELPHIA, ET AL.** | : | |
| **DEFENDANTS.** | : | |

## MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT MARIESHA APOLLON'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM

The four counts in Plaintiffs' First Amended Complaint against Defendant, Mariesha Apollon ("Apollon") fail to state a claim and should be dismissed under Rule 12(b)(6). A copy of the First Amended Complaint is attached hereto as Exhibit 1. The allegations mentioning Apollon fail to specify any misconduct that would give rise to any liability. General commentary on diabetes and diabetes care in prison—much of what is in the First Amended Complaint—is insufficient to connect Apollon those concerns. Exhibit 1 at ¶¶ 13-52.

In short, the pleading lacks concrete facts necessary to state a claim that meets the requirements for pleading a claim. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). Without more, the claims against Apollon cannot survive.

## I.    BACKGROUND

**The First Amended Complaint**

The First Amended Complaint devotes significant space to general concerns about diabetes and prison healthcare, rather than factual allegations specific to Apollon. *See generally* Exhibit 1. Beginning on page 5, Plaintiffs introduce a "FACTS" section, bolded and capitalized, that includes paragraphs 13 through 20 discussing diabetes generally. *See Id*. This is followed by paragraphs 21 through 29, which address standards of care for managing diabetes in correctional settings, but without tying those standards to any action or omission by Apollon. *Id*. The structure and tone of these allegations read more like a policy essay than a pleading grounded in legal and factual substance. *Id*.

From paragraphs 30 through 52, Plaintiffs present twenty-three paragraphs of narrative regarding systemic issues in correctional healthcare, offering personal opinions and generalized concerns without citation or connection to Apollon. *Id*. Only thereafter do Plaintiffs reintroduce the decedent, Louis Jung, Jr. ("Mr. Jung"), and outline a timeline suggesting he was hospitalized for an extended period before returning to custody on October 28, 2023, with a high glucose level of 542. *Id*. at ¶¶13–14. Plaintiffs allege that Apollon conducted the intake screening upon Mr. Jung's return and shared her findings. *Id*. at ¶ 15. They further claim that Mr. Jung received some insulin, but not the full dosage prescribed, and that his glucose levels were checked five times instead of eight. *Id*. at ¶ 16.

5

## II.    <u>LEGAL STANDARD</u>

To survive a motion to dismiss under Rule 12(b)(6), a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Court must accept well-pleaded factual allegations as true and construe them in the light most favorable to the plaintiff, and must disregard legal conclusions. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210–11 (3d Cir. 2009). A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Facial plausibility exists only where the facts alleged allow the court to reasonably infer that the defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Threadbare recitals, legal conclusions, and generalized assertions are insufficient. *Id.*; *Twombly*, 550 U.S. at 555.

## III.    <u>ARGUMENT</u>

### COUNT 1: The First Amended Complaint Fails to Plausibly allege a constitutional violation—for the § 1983/Eighth Amendment Claim

Plaintiffs' § 1983 ("Eighth Amendment") claim against Apollon rests entirely on her conducting an intake screening and communicating her findings of the screening to a co-defendant, Maureen Gay. Specifically, Plaintiffs allege that Apollon failed to indicate that Mr. Jung was returning from a hospital stay and that he was taking prescription medication for diabetes. However, these allegations, even if taken as true, do not rise to the level of a constitutional violation.

To state a claim for deliberate indifference under the Eighth Amendment, a plaintiff must allege facts showing that the defendant: (1) actually knew of a substantial risk to the inmate's health or safety; and (2) failed to respond reasonably to that known risk. *Farmer v. Brennan*, 511 U.S. 825, 844 (1994). Even if prison officials were aware of a significant risk, they will not be held liable if their response to the risk was reasonable, even if harm ultimately occurred. *See Id*. The Eighth Amendment requires prison officials to ensure "reasonable safety," taking into account the challenges of maintaining safe custody under humane conditions. *See Id*. Ultimately, officials who act reasonably cannot be found liable for cruel and unusual punishment. *See Id*.

Here, a mistake in recordkeeping or a failure to accurately complete an intake form does not demonstrate deliberate indifference. Plaintiffs do not allege that Apollon intentionally denied or delayed treatment, nor that she ignored complaints of ongoing symptoms. *See generally* Exhibit 1. Plaintiffs do not allege that she made any medical decisions beyond the initial intake process or that she had ongoing involvement in his care. *See generally Id*. Plaintiffs admit that Apollon did not keep her intake findings of Mr. Jung to herself. *Id*. at ¶ 75. At most, Plaintiffs allegations suggest a clerical or documentation error, which is insufficient to state a claim under the Eighth Amendment. *See Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) ("[A] medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.").

Because Plaintiffs fail to allege facts showing that Apollon acted with deliberate indifference to a serious medical need, the claim against her should be dismissed under Rule 12(b)(6).

**COUNT II: Pennsylvania State Law Claim for Medical Malpractice**

Under Pennsylvania law, a plaintiff in a medical malpractice action bears the burden of establishing: (1) a duty owed by the medical professional; (2) a breach of that duty; (3) that the breach was the proximate cause of the harm suffered; and (4) resulting damages. *See generally Bowser v. Lee Hosp*. 582 A.2d 369 (Pa. Super. Ct. 1990). A plaintiff must also establish that the alleged conduct fell below the applicable standard of care, typically through expert testimony. *See Id.*

Here, Plaintiffs' allegations against Apollon—who is alleged to have conducted the intake screening when the decedent returned from the hospital—fall far short of meeting that burden. *See* Exhibit 1 at ¶¶ 74-81. Plaintiffs allege that Apollon failed to document Mr. Jung's transfer from the hospital and omitted his diabetes medication on the intake form. *Id.* However, they concede that Mr. Jung received some insulin and that his blood glucose was monitored, albeit not to the degree Plaintiffs would have preferred. *Id.* Plaintiffs also acknowledge that Apollon conveyed her intake findings to another co-defendant. *Id.* No additional conduct is attributed to Apollon beyond the initial intake. *See generally Id.*

Plaintiffs' limited and generalized allegations, absent any claim of a deviation from the standard of care or proximate causation of harm, are insufficient to state a

claim for medical malpractice under Pennsylvania law. Without more, the claim against Apollon cannot survive and should be dismissed under Rule 12(b)(6).

### COUNT VI: Wrongful Death

A wrongful death action under 42 Pa.C.S. § 8301 is intended to compensate certain surviving beneficiaries for the damages they suffer as a result of the decedent's death. To recover, plaintiffs must establish that a wrongful act or neglect or unlawful violence or negligence of another. *See* 42 Pa.C.S. § 8301.

Here, Plaintiffs rely on broad, conclusory language lumping together all defendants without identifying any specific conduct by Apollon that would give rise to liability. *See generally* Exhibit 1. Plaintiffs do not allege any breach of duty or wrongful act by Apollon that plausibly resulted in Mr. Jung's death. *See generally Id*. The only factual allegations against Apollon concern an intake screening and communication of her findings. *See generally Id*. Plaintiffs acknowledge that Mr. Jung received insulin and monitoring, even though not to the degree Plaintiffs would have preferred. *Id*. at ¶¶ 84-86. No additional conduct is attributed to Apollon beyond the initial intake. *See Id*. There is no factual basis from which to conclude that Apollon's conduct was at all a contributing factor in causing Jung's death. *See generally Id*.

In the absence of specific, well-pleaded facts linking Apollon's conduct to Mr. Jung's death, the wrongful death claim fails and should be dismissed.

### COUNT VII: Survival Action

Under 42 Pa.C.S. § 8302, a survival action permits recovery of damages the decedent could have claimed had he survived, including pain and suffering, lost

9

earnings, and other personal losses. *See also* 20 Pa.C.S. § 3373. To succeed on a survival claim, Plaintiffs must plead facts showing that a defendant's negligence or misconduct caused compensable harm to the decedent during his lifetime. *See generally Yacoub v. Lehigh Valley Med. Assocs.*, P.C., 805 A.2d 579, 589 (Pa. Super. Ct. 2002).

As with the wrongful death claim, Plaintiffs rely on broad, conclusory language that lumps all defendants together without identifying any specific conduct by Apollon that would give rise to liability. *See generally* Exhibit 1. The only conduct attributed to Apollon is that she performed an intake screening, incorrectly filled out a form, and relayed her observations to another co-defendant. *Id.* at ¶¶ 75-79. Plaintiffs do not allege that Apollon made treatment decisions, withheld care, or otherwise engaged in conduct that would have caused pain, suffering, or economic loss to Mr. Jung. *See generally Id*.

Without factual allegations establishing a breach of duty by Apollon or a causal connection between her actions and any of the injuries listed in the survival count, Plaintiffs' claim fails as a matter of law. Allegations that merely incorporate earlier averments and assert collective liability are insufficient under federal pleading standards. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009).

### PARAGRAPHS 13-52 Should be Stricken as Immaterial and Impertinent under Rule 12(f)

Federal Rule of Civil Procedure 12(f) permits a court to strike from a pleading any immaterial or impertinent matter. A statement is immaterial if it has no

10

essential relationship to the claims asserted, and impertinent if it does not pertain to the issues in the case. *See Donnelly v. Commonwealth Fin. Sys., Inc.*, No. 3:07-CV-1881, 2008 (M.D. Pa. Mar.20, 2008). The purpose of Rule 12(f) is to eliminate allegations that are irrelevant, confusing, or prejudicial. *See Kokinda v. Penn. Dep't of Corrections*, No. 16-1303, 2017 (W.D. Pa. Nov. 24, 2017).

Plaintiffs' First Amended Complaint contains an extended discussions in paragraphs 13 through 52 about diabetes, standards of care in correctional institutions, diagnostic protocols, insulin access, glycemic control, and staff training. *See* Exhibit 1. These allegations resemble a public health policy report more than a legal pleading. *Id*. They are not tied to any specific act or omission by Apollon, who is alleged only to have performed an intake screening and reported her findings. *Id*. None of paragraphs 13 through 52's generalized commentary supports a plausible claim against her. *Id*.

Moreover, allowing these paragraphs to remain in the First Amended Complaint unfairly prejudices Apollon by implying a scope of responsibility and liability far beyond what is alleged. Plaintiffs appear to conflate systemic criticisms with individual fault, creating confusion and risking undue inference by the Court or jury. As such, these paragraphs should be stricken under Rule 12(f).

IV.    **<u>CONCLUSION</u>**

Defendant Apollon respectfully requests that this Honorable Court grant its Motion to Dismiss Plaintiffs' First Amended Complaint pursuant to F.R.C.P. 12(b)(6)

and F.R.C.P. 12(f), for failure to state a claim upon which relief can be granted, and for the inclusion of impertinent and immaterial matter.

Respectfully submitted,

**KIERNAN TREBACH, LLP**

By:    _/s/ Jonathan Kaminsky_

Date:    5/1/2025

Jonathan M. Kaminsky (PA 325607)
Sarah M. Baker (PA 206536)
*Attorneys for Mariesha Apollon*
10 Penn Center
1801 Market Street, Suite 770
Philadelphia, Pa 19103
215-576-4502
JKaminsky@KiernanTrebach.com