# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PA

| | | |
|---|---|---|
| JACOB and JAMES JUNG as Administrators for the Estate of LOUIS JUNG, JR. | : | |
| | : | |
| | : | |
| v. | : | CASE NO. 24-CV-05618 |
| | : | |
| CITY OF PHILADELPHIA; YES CARE CORP., | : | |
| BLANCHE CARNEY, LALITHA TRIVIKRAM, | : | |
| MAUREEN GAY, MARIESHA APOLLON, | : | |
| BLAIR CABELLOS, GENA FRASIER, and | : | |
| WANDA BLOODSAW | : | |

### ANSWER OF DEFENDANTS, YESCARE CORP., LALITHA TRIVIKRAM, MD, MAUREEN GAY, NP, AND BLAIR CABELLOS, LPN, TO THE PLAINTIFF'S AMENDED COMPLAINT

**COME NOW**, the Answering Defendants, YesCare Corp., Lalitha Trivikram, MD, Maureen Gay, NP, and Blair Cabellos, LPN, by and through their counsel, O'Connor Kimball LLP, and as and for their Answer to the Plaintiff's Amended Complaint in the above-referenced matter state as follows:

### INTRODUCTION

1.     Denied. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Plaintiff's Amended Complaint.

2.     Denied. To the extent that the allegations contained in the corresponding paragraph contain conclusions of law, same are deemed denied and no response is required. To the extent that the allegations of the corresponding make assertions of fact, after reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to their truth or falsity. Strick proof thereof is demanded at the time of trial.

3.     Denied. The allegations contained in the corresponding paragraph of the Plaintiff's Amended Complaint contain conclusions of law which are deemed denied and to which no response is required.

4.     Denied. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Plaintiff's Amended Complaint.

5.     Denied. The allegations contained in the corresponding paragraph of the Plaintiff's Amended Complaint contain conclusions of law which are deemed denied and to which no response is required.

6-8.     Denied. To the extent that the allegations contained in the corresponding paragraph contain conclusions of law, same are deemed denied and no response is required. To the extent that the allegations of the corresponding make assertions of fact relative to healthcare provided to the inmates of the PDP, its is expressly and specifically denied that the Answering Defendants acted in a way that was substandard, unprofessional, or unskillful in any manner whatsoever. It is further expressly denied that the Answering Defendants were careless or negligent, grossly negligent, reckless, or deliberately indifferent to the needs of any inmates. With specific reference to the Plaintiff's Decedent, it is expressly and specifically denied that the Answering Defendants acted in a manner that was wrongful or tortious in any way.

### JURISDICTION AND VENUE

1-2.(sic).  Denied. The allegations contained in the corresponding paragraphs of the Plaintiff's Amended Complaint contain conclusions of law which are deemed denied and to which no response is required.

2

## PARTIES

3.     Denied. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Plaintiff's Amended Complaint.

4-5.    Denied.  The allegations contained in the corresponding paragraphs of the Plaintiff's Amended Complaint are directed to parties other than the Answering Defendants and no response is required.

6.     Admitted.

7.     Admitted in part. Denied in part. It is admitted that Defendant Lalitha Trivikram is a physician employed by YesCare. The remainder of the allegations of the corresponding paragraph are denied since they constitute conclusions of law.

8.     Admitted in part. Denied in part. It is admitted that Defendant Maureen Gay is a nurse practitioner employed by YesCare. The remainder of the allegations of the corresponding paragraph are denied since they constitute conclusions of law.

9.     Denied.  The allegations contained in the corresponding paragraph of the Plaintiff's Amended Complaint are directed to parties other than the Answering Defendants and no response is required.

10.     Admitted in part. Denied in part. It is admitted that Defendant Blair Cabellos is a nurse then employed by YesCare. The remainder of the allegations of the corresponding paragraph are denied since they constitute conclusions of law.

11-12.   Denied.  The allegations contained in the corresponding paragraph of the Plaintiff's Amended Complaint are directed to parties other than the Answering Defendants and no response is required.

3

## FACTS

### About Diabetes

13-20.  Denied. The corresponding paragraphs of the Plaintiff's Amended Complaint are repugnant to the requisites of F.R.Civ.P. 8 in that they constitute impertinent and superfluous and unnecessary information. As such, they are deemed denied without the need for formal response.

### Standards of Care for Management and Treatment of Diabetes in Jails

21-22.  Denied. The corresponding paragraphs of the Plaintiff's Amended Complaint are repugnant to the requisites of F.R.Civ.P. 8 in that they constitute impertinent and superfluous and unnecessary information. As such, they are deemed denied without the need for formal response.

23.       Denied.  The allegations contained in the corresponding paragraph of the Plaintiff's Amended Complaint are directed to parties other than the Answering Defendants and no response is required.

24.       Admitted.

25-27.  Denied. To the contrary, the contract documents referenced in the corresponding paragraphs of the Plaintiff's Amended Complaint constitute multiple volumes encompassing hundreds of pages, and the Answering Defendants expressly and specifically deny any attempt by the Plaintiff to characterize or define said provisions.

28.       Denied.  The allegations contained in the corresponding paragraph of the Plaintiff's Amended Complaint are directed to parties other than the Answering Defendants and no response is required.

29.       Denied. The corresponding paragraph is repugnant to the requisites of F.R.Civ.P. 8 to the extent that it fails to set forth facts pertinent to the subject matter involved in the Plaintiff's claims. By way of further response, to the extent that the Plaintiff's Amended

Complaint makes reference to documents that are voluminous in nature by excerpting minute selections therefrom, the allegations made are specifically and expressly denied.

**Screening and Diagnosis**

    30-33.  Denied. The corresponding paragraphs are repugnant to the requisites of F.R.Civ.P. 8 to the extent that they fail to set forth facts pertinent to the subject matter involved in the Plaintiff's claims. By way of further response, to the extent that the Plaintiff's Amended Complaint makes reference to documents that are voluminous in nature by excerpting minute selections therefrom, the allegations made are specifically and expressly denied.

**Glycemic Monitoring**

    34-38.  Denied. The corresponding paragraphs are repugnant to the requisites of F.R.Civ.P. 8 to the extent that they fail to set forth facts pertinent to the subject matter involved in the Plaintiff's claims. By way of further response, to the extent that the Plaintiff's Amended Complaint makes reference to documents that are voluminous in nature by excerpting minute selections therefrom, the allegations made are specifically and expressly denied.

**Access to Medications**

    39-41.  Denied. The corresponding paragraphs are repugnant to the requisites of F.R.Civ.P. 8 to the extent that they fail to set forth facts pertinent to the subject matter involved in the Plaintiff's claims. By way of further response, to the extent that the Plaintiff's Amended Complaint makes reference to documents that are voluminous in nature by excerpting minute selections therefrom, the allegations made are specifically and expressly denied.

**Hypoglycemia and Hyperglycemia Management**

    42-48.  Denied. The corresponding paragraphs are repugnant to the requisites of F.R.Civ.P. 8 to the extent that they fail to set forth facts pertinent to the subject matter involved in the Plaintiff's claims. By way of further response, to the extent that the Plaintiff's Amended

Complaint makes reference to documents that are voluminous in nature by excerpting minute selections therefrom, the allegations made are specifically and expressly denied.

49.    Denied.  The allegations contained in the corresponding paragraph of the Plaintiff's Amended Complaint are directed to parties other than the Answering Defendants and no response is required.

**Staff Education and Training**

50.    Denied. The corresponding paragraph is repugnant to the requisites of F.R.Civ.P. 8 to the extent that it fails to set forth facts pertinent to the subject matter involved in the Plaintiff's claims. By way of further response, to the extent that the Plaintiff's Amended Complaint makes reference to documents that are voluminous in nature by excerpting minute selections therefrom, the allegations made are specifically and expressly denied.

51.    Denied.  The allegations contained in the corresponding paragraph of the Plaintiff's Amended Complaint are directed to parties other than the Answering Defendants and no response is required.

52.    Denied. To the extent that the allegations of the corresponding paragraph contain conclusions of law, same are deemed denied and no response is required. By way of further response, it is expressly and specifically denied that Defendant Lalitha Trivikram acted in any matter that was careless, negligent, below the standard of care, reckless, grossly negligent, or deliberately indifferent to the needs of the Plaintiff's Decedent at any time or in any way.

**Incarceration of Louis Jung, Jr.**

53-56. Denied. After reasonable investigation, the Answering Defendants are without knowledge or information sufficient to form a belief as to the truth or falsity of the allegations contained in the corresponding paragraph of the Plaintiff's Amended Complaint

57.     Denied. It is expressly and specifically denied that the Answering Defendants or any other professionals employed by Defendant YesCare Corp. acted in any manner that was negligent, careless, below the standard of care, grossly negligent, deliberately indifferent, wrongful, or tortious in any manner whatsoever.

58.     Admitted.

59.     Admitted in part. Denied in part. It is admitted that the Plaintiff's Decedent was admitted to the hospital. It is expressly and specifically denied that his hospitalization was due to any degree to the lack of skillful and appropriate medical care.

60.     Denied as factually inaccurate.

61-62.  Admitted in part. Denied in part. It is admitted that the Plaintiff's Decedent was hospitalized from time to time during his incarceration. The remainder of the allegations of the corresponding paragraph are denied, since the reasons for said hospitalizations, and the treatment received for the conditions diagnosed, are found in the medical charts and records generated during that treatment and the Answering Defendants expressly and specifically deny any attempt by the Plaintiff to characterize that content.

63-67.  Denied. It is denied that the Answering Defendants failed to provide professional and skillful medical care to the Plaintiff's Decedent or acted in any manner that was careless or negligent.

68.     Admitted.

69.     Admitted.

70.     Admitted.

**Return to CFCD and Death of Louis Jung, Jr.**

71.    Admitted in part. Denied in part. It is admitted that the Plaintiff's Decedent returned to CFCF from Norristown State Hospital on or about October 28, 2023, and passed away on November 6, 2023. The remainder of the allegations of the corresponding paragraph are denied to the extent they contain conclusions of law. Moreover, it is expressly and specifically denied that the conduct of the Answering Defendants was negligent, careless, grossly negligent, or deliberately indifferent to the needs or rights of the Plaintiff's Decedent.

72-74.  Denied. To the contrary, the status of the Plaintiff's Decedent was documented in extensive medical records and charts maintained by the Answering Defendants, who expressly and specifically deny the mischaracterizations of the Plaintiff of the written records which speak for themselves.

75-79.  Denied. To the contrary, Defendant Gay did not participate in the Plaintiff Decedent's intake screening on October 28, 2023. By way of further response, it is expressly and specifically denied that the Plaintiff's Decedent was not provided appropriate medical care.

80.    Denied. To the contrary, the Decedent's medical records reveal otherwise.

81-87.  Denied. To the extent that the Plaintiff's Decedent's medical care was documented in writing, the corresponding allegations represent mischaracterizations and inaccuracies, given that the medical records contain information that speaks for itself.

88-90.  Denied.  To the extent that the corresponding paragraphs contain conclusions of law, no response is required.  To the extent that the corresponding paragraphs make reference to the decedent's significant medical records without specific citation, the Answering Defendants expressly and specifically deny the accuracy of such representations.  By way of further response, it is expressly and specifically denied that the Answering Defendants had deficient policies and procedures or that there was a deviation from their policies and procedures or that

there was a deviation from the standard of care, or that the Answering Defendants acted in any manner that was careless, negligent, grossly negligent, reckless, deliberately indifferent, tortious or wrongful in any manner. Strict proof thereof is demanded at the time of trial.

91.    Denied. To the contrary, answering defendant Cabellos was unaware of the plaintiff's decedent's medical condition, but, as instructed by the attending Correction's Officer, was prevented from entering the inmate's cell or rendering direct aid. Instead, the answering defendant ordered that an emergency call be made to attend to the inmate.

92.    Denied. To the extent that the allegations in the corresponding paragraphs are directed to parties other than the Answering Defendants, no response is required. To the extent that a response is required, the Answering Defendants incorporate their response to paragraph 88, above, as if said response were herein set forth at length.

93.    Denied. The allegations in the corresponding paragraphs are directed to parties other than the Answering Defendants, no response is required.

94.    Denied. To the extent that the allegations in the corresponding paragraphs are directed to parties other than the Answering Defendants, no response is required. To the extent that a response is required, the Answering Defendants incorporate their response to paragraph 88, above, as if said response were herein set forth at length.

95.    Denied. The allegations in the corresponding paragraphs are directed to parties other than the Answering Defendants, no response is required.

96-100.    Denied. To the extent that the allegations in the corresponding paragraphs are directed to parties other than the Answering Defendants, no response is required. To the extent that a response is required, the Answering Defendants incorporate their response to paragraph 88, above, as if said response were herein set forth at length.

**Policies and Practices of the Philadelphia Department of Prisons Resulted in Mr. Jung's Death**

101-102.    Denied.  To the extent that the corresponding paragraphs contain conclusions of law, no response is required.  To the extent that the corresponding paragraphs make reference to the decedent's significant medical records without specific citation, the Answering Defendants expressly and specifically deny the accuracy of such representations.  By way of further response, it is expressly and specifically denied that the Answering Defendants had deficient policies and procedures or that there was a deviation from their policies and procedures or that there was a deviation from the standard of care, or that the Answering Defendants acted in any manner that was careless, negligent, grossly negligent, reckless, deliberately indifferent, tortious or wrongful in any manner. Strict proof thereof is demanded at the time of trial.

103-110.    Denied. The corresponding paragraphs are repugnant to the requisites of F.R.Civ.P. 8 to the extent that they fail to set forth facts pertinent to the subject matter involved in the Plaintiff's claims. By way of further response, the Answering Defendants incorporate their response to paragraph 85, above, as if said response were herein set forth at length.

111-130.    Denied.  To the extent that the allegations in the corresponding paragraphs are directed to parties other than the Answering Defendants, no response is required. To the extent that a response is required, the Answering Defendants incorporate their response to paragraph 88, above, as if said response were herein set forth at length.

**YesCare Corporation's Policies and Practices Resulted in Mr. Jung's Death**

131.    Admitted.

122-148.    Denied.  To the extent that the corresponding paragraphs contain conclusions of law, no response is required.  To the extent that the corresponding paragraphs

make reference to the decedent's significant medical records without specific citation, the

Answering Defendants expressly and specifically deny the accuracy of such representations. By

way of further response, it is expressly and specifically denied that the Answering Defendants

had deficient policies and procedures or that there was deviation from said policies or procedures

or that there was a deviation from the standard of care, or that the Answering Defendants acted in

any manner that was careless, negligent, grossly negligent, reckless, deliberately indifferent,

tortious or wrongful in any manner. Strict proof thereof is demanded at the time of trial.

**Americans with Disabilities Act Violations**

149-160.    Denied.  To the extent that the corresponding paragraphs contain

conclusions of law, no response is required.  To the extent that the corresponding paragraphs

make reference to the decedent's significant medical records without specific citation, the

Answering Defendants expressly and specifically deny the accuracy of such representations.  By

way of further response, it is expressly and specifically denied that the Answering Defendants

had deficient policies and procedures or that there was deviation from said policies or procedures

or that there was a deviation from the standard of care, or that the Answering Defendants acted in

any manner that was careless, negligent, grossly negligent, reckless, deliberately indifferent,

tortious or wrongful in any manner. Strict proof thereof is demanded at the time of trial.

**CAUSES OF ACTION**

**COUNT I**
**Defendants' Deliberate Indifference and Objective Unreasonableness to Plaintiff's Serious Need for Medical Care Violates the Fourteenth Amendment to the U.S. Constitution Against City of Philadelphia, YesCare Corp, and Against Defendants Carney, Trivikram, Gay, and John Does in Their Individual Capacities**

161.  The Answering Defendants incorporate their responses to the previous paragraphs

as fully as if said responses were herein set forth at length.

.

162-164.    Denied.  To the extent that the corresponding paragraphs contain conclusions of law, no response is required.  To the extent that the corresponding paragraphs make reference to the decedent's significant medical records without specific citation, the Answering Defendants expressly and specifically deny the accuracy of such representations.  By way of further response, it is expressly and specifically denied that the Answering Defendants had deficient policies and procedures or that there was a deviation from said policies or procedures or that there was a deviation from the standard of care, or that the Answering Defendants acted in any manner that was careless, negligent, grossly negligent, reckless, deliberately indifferent, tortious or wrongful in any manner. Strict proof thereof is demanded at the time of trial.

### COUNT II
### Medical Malpractice
### Against Defendants City of Philadelphia, YesCare, Trivikram and Gay

165.  The Answering Defendants incorporate their responses to the previous paragraphs as fully as if said responses were herein set forth at length.

166-168.    Denied.  To the extent that the corresponding paragraphs contain conclusions of law, no response is required.  To the extent that the corresponding paragraphs make reference to the decedent's significant medical records without specific citation, the Answering Defendants expressly and specifically deny the accuracy of such representations.  By way of further response, it is expressly and specifically denied that the Answering Defendants had deficient policies and procedures or that there was a deviation from said policies or procedures or that there was a deviation from the standard of care, or that the Answering Defendants acted in any manner that was careless, negligent, grossly negligent, reckless,

12

deliberately indifferent, tortious or wrongful in any manner. Strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants respectfully request that judgement be entered in their favor and against the Plaintiff

## COUNT III
### Americans with Disabilities Act, 42 U.S.C. § 12132
### Against City of Philadelphia

169.    Answering Defendants incorporate by reference the foregoing paragraphs as fully as if set forth herein at length.

170-176.    Denied.  The allegations contained in the corresponding paragraphs of the Plaintiff's Amended Complaint are directed to parties other than the Answering Defendants and no response is required.

**WHEREFORE**, Answering Defendants respectfully request that judgement be entered in their favor and against the Plaintiff.

## COUNT IV
### Rehabilitation Act, Section 504
### Against City of Philadelphia

177.    Answering Defendants incorporate by reference the foregoing paragraphs as fully as if set forth herein at length.

178-179.    Denied.  The allegations contained in the corresponding paragraphs of the Plaintiff's Amended Complaint are directed to parties other than the Answering Defendants and no response is required.

**WHEREFORE**, Answering Defendants respectfully request that judgement be entered in their favor and against the Plaintiff.

## COUNT V
### Failure to Train or Supervise Staff to Provide Proper Medical Care or discipline Staff who Failed to Provide Proper Medical Care in Violation of the Fourteenth Amendment Against City of Philadelphia and YesCare

180.    Answering Defendants incorporate by reference the foregoing paragraphs as fully as if set forth herein at length.

181.    Denied.  To the extent that the corresponding paragraphs contain conclusions of law, no response is required. By way of further answer, it is expressly and specifically denied that the Answering Defendants had deficient policies and procedures or that there was a deviation from said policies or procedures or that there was a deviation from the standard of care, or that the Answering Defendants acted in any manner that was careless, negligent, grossly negligent, reckless, deliberately indifferent, tortious or wrongful in any manner. Strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants respectfully request that judgement be entered in their favor and against the Plaintiff.

## COUNT VI
### Wrongful Death
### Against City of Philadelphia, YesCare, Carney, Trivikram, Gay, and John Does

182.    Answering Defendants incorporate by reference the foregoing paragraphs as fully as if set forth herein at length.

183-189.    Denied.  To the extent that the corresponding paragraphs contain conclusions of law, no response is required.  By way of further answer, it is expressly and specifically denied that the Answering Defendants had deficient policies and procedures or that there was a deviation from said policies or procedures or that there was a deviation from the standard of care, or that the Answering Defendants acted in any manner that was careless,

14

negligent, grossly negligent, reckless, deliberately indifferent, tortious or wrongful in any manner. Strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants respectfully request that judgement be entered in their favor and against the Plaintiff.

### COUNT VII
### Survival Action
### Against City of Philadelphia, YesCare, Carney, Trivikram, Gay, and John Does

190.    Answering Defendants incorporate by reference the foregoing paragraphs as fully as if set forth herein at length.

191-192.       Denied. The allegations contained in the corresponding paragraphs of the Plaintiff's Amended Complaint contain conclusions of law which are deemed denied and to which no response is required. Strict proof thereof is demanded at the time of trial.

**WHEREFORE**, Answering Defendants respectfully request that judgement be entered in their favor and against the Plaintiff.

### PRAYER FOR RELIEF

Denied. It is expressly and specifically denied that the Plaintiff is entitled to any damages whatsoever. Strict proof thereof is demanded at the time of trial.

### SEPARATE AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Plaintiff's Amended Complaint fails to state a cause of action against Answering Defendants upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

Answering Defendants are not liable for any negligence, wrongful acts, malpractice or deliberate indifference.

## THIRD AFFIRMATIVE DEFENSE

Answering Defendants provided services under the applicable contract, and is not liable for any negligence, wrongful acts, malpractice or deliberate indifference to the Plaintiff's Decedent.

## FOURTH AFFIRMATIVE DEFENSE

Answering Defendants performed each and every obligation owed to the Plaintiff's Decedent.

## FIFTH AFFIRMATIVE DEFENSE

The underlying injuries to the Plaintiff's Decedent were the result of negligence of other parties over whom the Answering Defendants exercised no right of control.

## SIXTH AFFIRMATIVE DEFENSE

Some or all of the Plaintiff's Amended Complaint may be barred by the reason of the applicable statute of limitations, and therefore, the Answering Defendants would not be liable to the Plaintiff for any of those claims.

## SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff may have failed to comply with the requirements of PA Rule of Civil Procedure 1042.3, requiring a Certificate of Merit.

## EIGHTH AFFIRMATIVE DEFENSE

The lawsuit is barred by the entire controversy doctrine.

## NINTH AFFIRMATIVE DEFENSE

The Plaintiff has failed to exhaust administrative remedies, therefore, the claims against the Answering Defendants should be barred.

## TENTH AFFIRMATIVE DEFENSE

The Plaintiff's Decedent was exceedingly comparatively negligent, and, therefore, any recovery to which Plaintiff would otherwise be entitled against the Answering Defendants must be reduced by the application of the doctrine of comparative negligence.

## ELEVENTH AFFIRMATIVE DEFENSE

This action is barred by reason of the Eleventh Amendment.

## TWELFTH AFFIRMATIVE DEFENSE

The conduct engaged in by the Answering Defendants with respect to the Plaintiff's Decedent's medical treatment was proper, based on the accepted standard of medical care and based on Constitutionally accepted grounds.

## THIRTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Decedent received all of the substantive and procedural due process due him.

## FOURTEENTH AFFIRMATIVE DEFENSE

The Answering Defendants have not violated any articles of the United States Constitution or of the Commonwealth of Pennsylvania Constitution.

## FIFTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's claims may be barred by the provisions of the Political Subdivision Tort Claims Act, P.L., 693, 42 Pa. C.S.A. 8541, et seq., or, in the alternative, is subject to all

limitations and defenses established therein.  The Answering Defendants are entitled to rely on those defenses.

## SIXTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Decedent was negligent, and therefore, any recovery to which Plaintiff would otherwise be entitled against the Answering Defendants must be proportionately reduced.

## SEVENTEENTH AFFIRMATIVE DEFENSE

The Plaintiff's Decedent may have failed to comply with the requirements of the Prison Litigation Reform Act of 1995, specifically, but not excluding 42 U.S.C. §1997(e)(a) regarding the applicability of administrative remedies.

## EIGHTEENTH AFFIRMATIVE DEFENSE

The Answering Defendants acted within its scope of authority and, therefore, have governmental and official immunity.

## NINETEENTH AFFIRMATIVE DEFENSE

The Answering Defendants acted within the scope of its authority and, therefore, have absolute immunity.

## TWENTIETH AFFIRMATIVE DEFENSE

The Answering Defendants acted within the scope of its authority and, therefore, have qualified immunity.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

The Answering Defendants acted in good faith and within reasonable and probable cause based on then existing circumstances.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

The Answering Defendants are not subject to punitive damages given the facts of this case, the law, and statutory immunity.

## TWENTY-THIRD AFFIRMATIVE DEFENSE

Any award given to the Plaintiff shall be offset by any public collateral source of compensation or benefits pursuant to Section 602 of the Health Care Services Malpractice Act.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

The Plaintiff's claim for relief may be barred and or limited by the applicable provisions of the Healthcare Services Malpractice Act and/or Medical Care Availability and Reduction of Error Act ("MCARE"). The Answering Defendants raise each and every applicable provision of the Act as an affirmative defense.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

The lawsuit is barred by the entire controversy doctrine.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

The Plaintiff's Decedent was negligent, and, therefore, any recovery to which Plaintiff would otherwise be entitled against the Answering Defendants must be reduced by the application of the doctrine of avoidable consequences.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

This action is barred by reason of the Eleventh Amendment.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

Whatever Answering Defendants did or did not do with reference to the Plaintiff's Decedent's medical treatment was proper, based on the accepted standard of medical care and based on Constitutionally accepted grounds.

19

## TWENTY-NINETH AFFIRMATIVE DEFENSE

The Plaintiff's Decedent received all of the substantive and procedural due process due to him by the Answering Defendants.

## THIRTITH AFFIRMATIVE DEFENSE

The Answering Defendants have not violated any articles of the United States Constitution or of the Commonwealth of Pennsylvania Constitution.

## ANSWER TO ALL CROSSCLAIMS

The Answering Defendants deny any negligence, improper conduct or any other act asserted against it by any Crossclaims filed by any Co-Defendant in this matter.

**WHEREFORE**, the Answering Defendant demands dismissal of all Crossclaims together with costs and fees in this action

## DESIGNATION OF TRIAL COUNSEL

The Court is hereby advised that Thomas J. Gregory, Esquire, is hereby designated as trial counsel for Defendant YesCare Corporation and Defendants Lalitha Trivikram and Maureen Gay.

## TAKE NOTICE THAT THE DEFENDANT DEMANDS TRIAL BY JURY

**WHEREFORE**, Answering Defendants request that judgment be entered in their favor and against the Plaintiff.

Respectfully submitted,

**O'CONNOR KIMBALL LLP**

By: _____

Thomas J. Gregory, Esquire
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
215-564-0400          Facsimile: 215-564-1973
Email: tgregory@okllp.com
*Attorney for Defendants, YesCare Corp., Lalitha Trivikram, M.D., and Maureen Gay, N.P.*

Dated: 5/22/25

21

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PA

JACOB and JAMES JUNG as Administrators :
for the Estate of LOUIS JUNG, JR. :
            v.          :       CASE NO. 24-CV-05618
YES CARE CORP., LALITHA TRIVIKRAM, :
MAUREEN GAY, and BLAIR CABELLOS, et al. :

### CERTIFICATE OF SERVICE

I, Thomas J. Gregory, Esquire, hereby certify that I caused a true and correct copy of the foregoing Answer to Plaintiff's Amended Complaint to be electronically filed on this this *22nd* day of _____, 2025, and thereby served via the Court's Electronic ECF Filing System upon:

bretgrote@abolitionistlawcenter.org
nia@alcenter.org
rupalee@alcenter.org
margo@alcenter.org
Bret Grote, Esquire
Nia Holston, Esquire
Rupalee Rashatwar, Esquire
Margaret Hu, Esquire
Abolitionist Law Center
990 Spring Garden Street
Philadelphia, PA 19123
*Attorneys for Plaintiff*

jkaminsky@kiernantrebach.com
Jonathan Kaminsky, Esquire
Kiernan Trebach, LLP
10 Penn Center
1801 Market Street, Suite 770
Philadelphia, PA 19103
*Attorney for Defendant, Mariesha Apollon*

michael.pestrak@phila.gov
Michael Pestrak, Esquire
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
*Attorney for Defendants, City of Philadelphia and Blanche Carney*

O'CONNOR KIMBALL LLP

By: _____
Thomas J. Gregory, Esquire
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
215-564-0400    Facsimile: 215-564-1973
Email: tgregory@okllp.com
*Attorney for Defendants, YesCare Corp., Lalitha Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos, LPN*