IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : | No. 2:24-cv-05618-TJS |
| Plaintiff, | : : | |
| v. | : : | JURY TRIAL DEMANDED |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : : : : : : : : | |
| Defendants. | | |

**CONFIDENTIALITY AGREEMENT**

To facilitate the production of discovery and because the contents of discovery include confidential information including identifying information related to persons other than Plaintiffs' decedent, Plaintiffs and Defendants agree as follows:

1. Any party to this litigation shall have the right to designate as "Attorneys' Eyes Only" and subject to this agreement any document containing personal identifying information of people other than Plaintiffs' decedent. Any party to this litigation who is covered by this agreement, who produces or discloses any document with Attorneys' Eyes Only information, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY AGREEMENT" (hereinafter "Attorneys' Eyes Only"). Any party designating documents as "Attorneys' Eyes

Only" shall also give notice to the receiving parties by email at the time of production that documents have been marked as "Attorneys' Eyes Only."

2. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party, counsel for the parties, their respective employees or agents including but not limited to outside experts or consultants retained by counsel for purposes of this action, including any personnel necessary to assist them, paralegals, administrative staff or vendors, legal interns, investigators, and legal fellows, and any interpreters utilized in litigating this case, any author(s) of the document, and to such other persons as counsel for the producing party agrees in advance, or to the Court, including associated personnel necessary to assist the Court in its functions. Notwithstanding this Order or any designations under it, any Party may disclose relevant information to any regulatory or law enforcement agency or government entity that has an interest in the subject matter of the underlying suit.

3. If the need arises during litigation, trial, or at any Hearing before the Court for any party to show a document marked as Attorneys' Eyes Only to someone other than those identified in paragraph 2, or to file a document marked as Attorneys' Eyes Only on the public docket, it may do so by redacting the confidential or personal identifying information.

4. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken

disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

5. This Discovery Confidentiality Agreement shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties. Nothing in this Order abridges the right of any person or party to seek its modification by the Court in the future, nor does anything in this Order affect the right of non-parties to this action to challenge this Order, any designations made pursuant to this Order, or the sealing of any court records in this case.

6. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns and neither party may assign or transfer this Agreement without the prior express written consent of the other party.

7. This Agreement may be signed in counterparts, each of which shall be an original, but all of which shall constitute one and the same instrument.

8. The court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

**IN WITNESS WHEREOF**, the parties hereto have caused this Agreement to be executed as of the day and year first above written.

*/s/   Bret Grote*                  */s/ Michael Pestrak* .
Bret Grote, Esq.                      Michael Pestrak, Esq.
Abolitionist Law Center             Philadelphia Law Dept.
Counsel for Plaintiffs               Counsel for City of Philadelphia and
                                             Blanche Carney
Date: June 2, 2025                  Date: June 3, 2025

*/s/Thomas J. Gregory*           */s/ Jonathan Kaminsky*
Thomas J. Gregory, Esq.          Jonathan M. Kaminsky, Esq
O'Connor Kimball LLP            Kiernan Trebach LLP
Counsel for YesCare Corp,         Counsel for Mariesha Apollon
Lalitha Trivikram, M.D., and       Date: June 3, 2025
Maureen Gay, N.P.

Date: June 3, 2025

**APPROVED BY THE COURT,**

Dated: _____                  _____
                                             Timothy J. Savage, U.S.D.J.