IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, :<br><br>Plaintiff, :<br><br>v. :<br><br>CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY;  MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, :<br><br>Defendants. | No. 2:24-cv-05618-TJS<br><br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION FOR ENTRY OF PROTECTIVE ORDER**

Plaintiffs, Jacob and James Jung as Administrators of the Estate of Louis Jung, Jr. respectfully move this Court for the entry of a Protective Order that will allow the Defendants to disclose confidential incarcerated persons' patient health and mental health information in a manner that ensures compliance with the Health Insurance Portability and Accountability Act of 1996 (HIPAA), and the Pennsylvania Mental Health Procedures Act (MHPA), 50 P.S. § 7111. In support of this request, Plaintiffs state the following:

1.  Pursuant to HIPAA, protected health information may be disclosed without an individual's written authorization pursuant to the regulations concerning the discoverability of patient medical records set forth at 45 C.F.R § 164.512(e) in response to a discovery request if the Defendant "receives satisfactory assurance . . . from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order" from a court that "Prohibits the parties from using or disclosing the protected health information for any purpose other than

1

the captioned litigation or proceeding for which such information was requested," and "[r]equires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

2. During the course of discovery, Defendants City of Philadelphia and Blanche Carney (collectively City Defendants) objected to certain discovery requests of Plaintiffs on the basis that requested documents or other information may implicate HIPAA-protected information. In response, on May 6, 2025 Plaintiffs sent a draft Protective Order substantially similar to the proposed Protective Order attached to this Motion to counsel for the City Defendants, as well as counsel for YesCare Corp., Lalitha Trivikram, and Maureen Gay (collectively "YesCare Defendants").

3. In a telephonic conference on May 15, counsel for the City Defendants stated that they were reviewing the proposed Protective Order and believed we would be able to come to an agreement.

4. During a follow-up call on May 28 counsel for the City Defendants shared proposed edits. These were transmitted via email that same day, and Plaintiffs' counsel promptly returned a proposed finalized version to counsel for City Defendants, which now includes Wanda Bloodsaw and Gena Frasier, as well as counsel for YesCare Defendants, which now includes Blair Cabellos, and counsel for newly-added Defendants Mariesha Apollon.

5. Counsel for City Defendants, Michael Pestrak, confirmed on May 28 that he is in agreement with the proposed Protective Order and accordingly does not object to this Motion. City Defendants are prepared to produce further discovery soon after the entry of a Protective Order.

6. Counsel for Defendant Apollon, Jonathan Kaminsky, confirmed that he is in agreement with the proposed Protective Order on May 29, and accordingly does not object to this Motion.

7. Counsel for YesCare, Thomas Gregory, advised on May 30 that upon instruction from YesCare General Counsel he was not authorized to agree to the entry of a Protective Order.

8. On Monday, June 2, Plaintiffs' counsel and YesCare counsel had a telephonic conference to discuss, *inter alia*, the proposed Protective Order. Counsel for YesCare advised that his clients would not release any HIPAA-protected material in discovery without a court-issued Protective Order, and he also advised that he would not consent to the issuance of a court-issued Protective Order. Plaintiffs' counsel informed him that a Motion for the Entry of a Protective Order would be forthcoming.

9. Plaintiffs respectfully ask this Court to enter the Protective Order attached to this Motion. All Defendants still retain their rights to object to any discovery request based on any other legitimate ground or privilege. This Protective Order ensures that they can comply with their requirements to produce discoverable material pursuant to the Federal Rules of Civil Procedure while ensuring the privacy of patient health information pursuant to HIPAA.

10. The Brief in support of this Motion provides examples of federal courts entering Protective Orders precisely of the type sought in this matter, including courts in the Eastern District of Pennsylvania, and including Protective Orders involving YesCare's predecessor company, Corizon, and incarcerated patients held in the Philadelphia Department of Prisons.

11. The Federal Rules of Civil Procedure allow for parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need

not be admissible in evidence to be discoverable." Fed. R. Civ. P. 26(b)(1). Plaintiffs have well-pled municipal and corporate liability claims predicated on assertions that Defendants, including YesCare Defendants, engaged in policies and customs of deficient medical care for diabetic patients that resulted in the death of Plaintiffs' father. Plaintiffs necessarily are seeking discovery that probes into Defendants' provision of care for diabetic patients. This will entail some discovery that implicates the health care of other individuals. Plaintiffs' ask this Court to enter the proposed Protective Order to ensure that the privacy of those individuals is maintained, and Plaintiffs are able to obtain evidence that is relevant to their claims and proportional to the needs of the case.

WHEREFORE, Plaintiffs move this Court for the entry of the Protective Order submitted with this Motion.

Respectfully submitted,

/s/ Bret Grote
Bret Grote (PA 317273)
/s/ Nia Holston
Nia Holston (PA 327384)
/s/ Rupalee Rashatwar*
Rupalee Rashatwar (PA 331085)
/s/ Margaret Hu
Margaret Hu (PA 334438)
990 Spring Garden
Philadelphia, PA 19123
(412) 654-9070
bretgrote@abolitionistlawcenter.org
nia@alcenter.org
rupalee@alcenter.org
margo@alcenter.org

*Attorneys for Plaintiff*

DATE: June 3, 2025

**CERTIFICATE OF SERVICE**

      I, Bret Grote, hereby certify that on June 3, 2025, I caused to be served a true and correct copy of the foregoing Motion for Entry of a Protective Order to the following via the Court's ECF system:

      Jonathan M. Kaminsky
      Sarah M. Baker

5

JKaminsky@KiernanTrebach.com
sbaker@kiernantrebach.com

Counsel for Mariesha Apollon

Michael Pestrak
Deputy City Solicitor
michael.pestrak@phila.gov

Counsel for City of Philadelphia and Blanche Carney

Thomas J. Gregory, Esquire
O'CONNOR KIMBALL, LLP
email:  tgregory@okllp.com

Counsel for YesCare Corp., Lalitha Trivkram, Maureen Gay

*/s/ Bret Grote*
Bret Grote (PA 317273)
990 Spring Garden
Philadelphia, PA 19123
(412) 654-9070
bretgrote@abolitionistlawcenter.org