IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as | : | |
| Administrators of the Estate of LOUIS | : | |
| JUNG, JR, | : | No. 2:24-cv-05618-TJS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | JURY TRIAL DEMANDED |
| | : | |
| CITY OF PHILADELPHIA; YesCare Corp.; | : | |
| BLANCHE CARNEY, Former | : | |
| Commissioner of Philadelphia Dept. of | : | |
| Prisons; LALITHA TRIVIKRAM; | : | |
| MAUREEN GAY;  MARIESHA | : | |
| APOLLON; BLAIR CABELLOS; GENA | : | |
| FRASIER; WANDA BLOODSAW, | : | |
| | | |
| Defendants. | | |

**PROTECTIVE ORDER**

This Protective Order is entered into on this _____ day of _____, 2025, for the

purpose of protecting the parties and their counsel from future liability relating to the Court-

ordered release of confidential incarcerated persons' patient health and mental health information

contained in documents, requested by plaintiffs' counsel from the defendants City of Philadelphia

and/or YesCare Corp. These documents are or may be in the possession of YesCare Corp. and/or

the City of Philadelphia, and/or counsel for the defendants, all of which are considered to be

"covered entities" as defined by the Health Insurance Portability and Accountability Act of 1996,

"HIPAA". This Protective Order is intended to cover all "protected health information" as that

term is defined by HIPAA that has been or will be requested by the parties to this litigation.

The incarcerated person patient medical records, mental health records, and other

documents containing information, described in HIPAA as "protected health information," from

the inmate patients' medical and other records, are protected from unauthorized disclosure by HIPAA. That act contains regulations at 45 C.F.R § 164.512, which allow for the production of patient medical information, under certain circumstances, without the patient's authorization of the release of the information.

Additionally, added protection for patient mental health medical records is set forth by the Pennsylvania statute known as the Mental Health Procedures Act ("MHPA"), 50 P.S. § 7111, which protects against unauthorized disclosure of mental health information. Under, the MHPA, medical records referring to mental health information may be released pursuant to a Court Order. 55 Pa. Code § 5100.35.

Pursuant to HIPAA, protected health information may be disclosed without an individual's written authorization pursuant to the regulations concerning the discoverability of patient medical records set forth at 45 C.F.R § 164.512(e), as follows:

A covered entity may use or disclose protected health information without the written authorization of the individual, as described in§ 164.508, or the opportunity for the individual to agree or object as described in§ 164.510, in the situations covered by this section, subject to the applicable requirements of this section.

(e) **Standard: Disclosures for judicial and administrative proceedings.**

(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

(ii) In response to a **subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court** or administrative tribunal, if:

(B) The covered entity receives satisfactory assurance, as described in paragraph **(e)(l)(iv)** of this section, from the party seeking the information that reasonable efforts

have been made by such party to secure a **qualified protective order** that meets the requirements of paragraph (e)(l)(v) of this section.

(v) For purposes of paragraph (e)(l) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(l)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

(A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the captioned litigation or proceeding for which such information was requested, and

(B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

**THEREFORE, THIS PROTECTIVE ORDER:**

(A) Prohibits the parties or their counsel from using or disclosing the protected health information for any purpose other than the captioned litigation or proceeding for which such information was requested; and distribution of the documents are limited to only those persons who need to handle or read the documents in the instant lawsuit and,

(B) Requires the return to the covered entities within fourteen days of the resolution of the above captioned lawsuit or notice of destruction, within the same time frame, of the protected health
information (including all copies made).

(C) Requires the defendants and their counsel to produce requested individual incarcerated person's protected health information that would otherwise require a specific individual to sign a HIPAA compliant authorization allowing for the release of his/her personal protected health

information.

(D) Requires the defendants and their counsel to produce information that would otherwise be protected from disclosure under the Mental Health Procedures Act, 50 P.S. § 7111, subject to the provisions in paragraphs (A) and (B).

**APPROVED BY THE COURT,**

Dated: _____

_____
Timothy J. Savage, U.S.D.J.