IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : <br> : <br> :   No. 2:24-cv-05618-TJS <br> : |
| Plaintiff, | : <br> : |
| v. | :   **JURY TRIAL DEMANDED** <br> : |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | |

## PLAINTIFFS' BRIEF IN SUPPORT OF MOTION FOR ENTRY OF PROTECTIVE ORDER

### I.   Introduction

Plaintiffs seek a Protective Order that will allow the production of discoverable information in such a manner that protects the privacy of patient health information. This type of order is expressly contemplated under federal law, and a routine feature of civil rights litigation implicating policies, practices, and customs pertaining to medical care in jails and prisons. This brief sets out to clarify what the Court is being asked to decide, which is simply the entry of a Protective Order, and what is not yet at issue, namely the scope and relevance of any specific discovery request.

### II.   Relevant Facts

Plaintiffs initiated this lawsuit regarding the death of their father, Louis Jung, Jr., while in the custody of the Philadelphia Department of Prisons (PDP) by filing a Complaint in October 2024

1

against the City of Philadelphia, YesCare Corporation, and officials and employees who respectively worked for them at the time giving rise to the claims in this matter. Dkt. 1. Plaintiffs alleged that the Defendants failed to provide proper medical care to their father, who had Type 1 diabetes, resulting in his death from diabetic ketoacidosis. *See generally, Am. Cplt.* Dkt. 27. Among the claims included in the Complaint were counts seeking municipal and corporate liability against the City of Philadelphia and YesCare Corporation for engaging in policies and/or customs that resulted in Mr. Jung's death. *Id.*

Defendant City of Philadelphia filed a motion to dismiss that was denied by this Court. Dkt. 17. After initial disclosures, Plaintiffs filed an Amended Complaint that added four additional Defendants. Dkt. 27.

During the course of discovery, Defendants City of Philadelphia, Blanche Carney Gena Frasier and Wanda Bloodsaw (collectively City Defendants) objected to certain discovery requests of Plaintiffs on the basis that requested documents or other information may implicate HIPAA-protected information. In response, on May 6, 2025 Plaintiffs sent a draft Protective Order substantially similar to the proposed Protective Order attached to this Motion to counsel for the City Defendants, as well as counsel for YesCare Corp., Lalitha Trivikram, Maureen Gay, and Blair Cabellos (collectively "YesCare Defendants").

In a telephonic conference on May 15, counsel for the City Defendants stated that they were reviewing the proposed Protective Order and believed we would be able to come to an agreement.

During a follow-up call on May 28, counsel for the City Defendants shared proposed edits. These were transmitted via email that same day, and Plaintiffs' counsel promptly returned a proposed finalized version to counsel for City Defendants, as well as counsel for YesCare Defendants, and counsel for newly-added Defendant Mariesha Apollon.

Counsel for City Defendants, Michael Pestrak, confirmed on May 28 that he is in agreement with the proposed Protective Order and accordingly does not object to this Motion. *See* Exhibit 1, Email from Attorney Pestrak (confirming acceptance of proposed terms of Protective Order). City Defendants are prepared to produce further discovery soon after the entry of a Protective Order.

Counsel for Defendant Apollon, Jonathan Kaminsky, confirmed that he is in agreement with the proposed Protective Order on May 29, and accordingly does not object to this Motion. *See* Exhibit 2, Email from Attorney Kaminsky (confirming acceptance of proposed terms of Protective Order).

Counsel for YesCare, Thomas Gregory, advised on May 30 that upon instruction from YesCare General Counsel he was not authorized to agree to the entry of a Protective Order.

On Monday, June 2, Plaintiffs' counsel and YesCare counsel had a telephonic conference to discuss, *inter alia*, the proposed Protective Order. Counsel for YesCare advised that his clients would not release any HIPAA-protected material in discovery without a court-issued Protective Order, and he also advised that he would not consent to the issuance of a court-issued Protective Order. Plaintiffs' counsel informed him that a Motion for the Entry of a Protective Order would be forthcoming.

### III.    Legal Standard

A Court may issue a protective order for good cause under Federal Rule of Civil Procedure 26(c) in order "to shield a party from annoyance, embarrassment, oppression, or undue burden or expense" in the discovery process. Fed. R. Civ. P. 26(c)(1); see also *Pansy v. Borough of Stroudsburg et al.*, 23 F.3d 772, 786 (3d Cir. 1994). A "party seeking a protective order over discovery material must demonstrate that good cause exists for the order." *In re Avandia Mktg. Sales Practices & Prods. Liab. Litig.*, 924 F.3d 662, 671 (3d Cir. 2019) (quotation marks omitted).

"Good cause means that disclosure will work a clearly defined and serious injury to the party seeking closure," and the injury "must be shown with specificity." *In re Avandia*, 924 F.3d at 671. In determining whether good cause exists, the Court considers: (1) whether the disclosure will violate any private interests; (2) whether disclosure of the information will cause a party embarrassment; (3) whether the information is being sought for a legitimate purpose or for an improper purpose; (4) whether the sharing of information among the litigants will promote fairness and efficiency; (5) whether confidentiality is being sought over information important to public health and safety; (6) whether a party benefitting from the order of confidentiality is a public entity or official; and (7) whether the case involves issues important to the public. Id. at 671–72.

### IV. Argument: Entry of a Protective Order Facilitates Discovery, Protects Privacy Interests, and Does Not Prejudice Any Party

Plaintiffs' request for a protective order is designed to ensure that discovery can be conducted in a manner that allows Defendants to produce material relevant to Plaintiffs' claims while also maintaining the privacy of patient health information. The type of Protective Order sought via this Motion is expressly contemplated under federal law to enable the production of otherwise HIPAA-protected information. *See* 45 C.F.R § 164.512(e). It meets the factors for establishing good cause in that it will protect private interests, prevent embarrassment, and allow for the sharing of information in a manner that promotes fairness and efficiency.

Such protective orders are so basic in litigation of this sort that Defendant YesCare's predecessor company, Corizon Health, Inc., has been known to seek them of their own accord in this very Court. *Remi Gerwtiz v. Corizon Health, Inc.*, 2020 WL 12688363 *2 (E.D.Pa. 2020) (uncontested motion by Defendant Corizon Health, Inc. allowing for confidentiality agreement "with respect to Plaintiff's and other's private personal or medical information"). Previously,

4

another Court in this district entered a protective order over objections from Corizon that required the production of HIPAA-protected information because it was relevant to the litigation and subject to a protective order. *Williams v. City of Philadelphia*, 2014 WL 5393988 *3 (E.D.Pa. 2014) (finding that disclosure of current and former incarcerated patients' medical records was warranted due to it being "clearly relevant and discoverable under Federal Rule of Civil Procedure 26.").

YesCare's objection to the entry of a Protected Order appears to be based on a conflation of the entry of the Protective Order with the scope of the discovery sought by Plaintiffs. Entry of this Protective Order in no way limits any Defendant from raising an otherwise valid objection to a discovery request, for instance objections based on relevance or attorney-client privilege. It simply means that otherwise discoverable evidence may not be withheld on the basis that the information is covered by HIPAA since Plaintiffs have sought the required Protective Order that allows Defendants to disclose the requested, relevant, discovery information in a manner that complies with federal law and maintains the privacy of the patient health records.

As to whether Plaintiffs are entitled to discovery that implicates or reveals HIPAA-protected health information of non-parties, that is a question that is circumscribed by the relevant legal standards for Plaintiffs' substantive claims. Municipal governments, such as the City of Philadelphia, may be held liable for violations of the U.S. constitution if such violations were the result of a policy or custom of the municipality. *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 690-691 (1978). Corporations are held to the same standard for establishing corporate liability in this context. *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003).

Under *Monell* and *Natale*, it is readily apparent that the allegations in Plaintiffs' Amended Complaint pertaining to policies and customs of deficient emergency care and deficient care for diabetic patients render it likely that certain documents and information that are otherwise subject

5

to HIPAA must be produced. These may include death investigation reports, as another judge in the E.D.Pa. federal court ordered disclosed in a comparable matter, *Chambers v. City of Philadelphia, et al.*, Civil No. 23-0137, Dkt. 72, as well as grievances showing complaints regarding diabetes care. Further medical records of patients who required hospitalization or other emergency interventions due to failure to provide proper diabetes care will also be relevant evidence as to any policies or customs involved in this case, and for showing the knowledge of supervisory officials of deficiencies in diabetes care.

These issues, however, address the relevance and scope of discovery, and must be addressed by the Parties during the ongoing discovery process. If there are disputes as to the relevance and scope of discovery sought by Plaintiffs, a motion to compel will be the means to address those disputes.

The Motion currently in front of the Court merely provides for the protection of confidential patient health information that the Parties agree is relevant and will be produced, or that this Court may order in the future in response to any motion to compel that may be filed in the event that further negotiations do not resolve outstanding discovery issues.

Accordingly, Plaintiffs ask the Court to enter the proposed Protective Order. City Defendants and counsel for Defendant Apollon are agreeable to this order. The City will be producing further discovery very soon after the entry of a Protective Order. YesCare will not be prejudiced by the Entry of a Protective Order, to the contrary, YesCare's interests in maintaining the privacy of patient health information will be *protected* by this order.

Respectfully submitted,

*/s/ Bret Grote*
Bret Grote (PA 317273)
*/s/ Nia Holston*
Nia Holston (PA 327384)

*/s/ Rupalee Rashatwar\**
Rupalee Rashatwar (PA 331085)
*/s/ Margaret Hu*
Margaret Hu (PA 334438)
990 Spring Garden
Philadelphia, PA 19123
(412) 654-9070
bretgrote@abolitionistlawcenter.org
nia@alcenter.org
rupalee@alcenter.org
margo@alcenter.org

*Attorneys for Plaintiff*


DATE: June 3, 2025

## CERTIFICATE OF SERVICE

  I, Bret Grote, hereby certify that on June 3, 2025, I caused to be served a true and correct copy of the foregoing Brief in Support of Plaintiffs' Motion for Entry of a Protective Order to the following via the Court's ECF system:

  Jonathan M. Kaminsky
  Sarah M. Baker
  JKaminsky@KiernanTrebach.com
  sbaker@kiernantrebach.com

  Counsel for Mariesha Apollon


  Michael Pestrak
  Deputy City Solicitor
  michael.pestrak@phila.gov

  Counsel for City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier

  Thomas J. Gregory, Esquire
  O'CONNOR KIMBALL, LLP
  email:  tgregory@okllp.com

  Counsel for YesCare Corp., Lalitha Trivkram, Maureen Gay, Blair Cabellos


*/s/ Bret Grote*
Bret Grote (PA 317273)
990 Spring Garden
Philadelphia, PA 19123
(412) 654-9070
bretgrote@abolitionistlawcenter.org