IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB AND JAMES JUNG, ADMINISTRATORS OF ESTATE OF LOUIS JUNG, JR, PLAINTIFFS, <br><br> v. <br><br> CITY OF PHILADELPHIA; BLANCHE CARNEY, FORMER COMMISSIONER OF PHILADELPHIA DEPT. OF PRISONS; LAITHA TRIVIKRAM; MAUREEN GAY; YESCARE CORP.; MARIESHA APOLLON; BLAIRE CABELLOS; GENA FRASIER; AND WANDA BLOODSAW DEFENDANTS. | CIVIL ACTION: <br><br> No. 24-cv-05618-TJS |

**DEFENDANT, MARIESHA APOLLON'S ANSWER TO PLAINTIFFS' FIRST AMANEDED COMPLAINT WITH AFFIRMATIVE DEFENSES**

Defendant, Mariesha Apollon (hereinafter, "Answering Defendant"), hereby files this Answer with Affirmative Defenses, to Plaintiffs' First Amended Complaint, and in support thereof, avers as follows:

**INTRODUCTION**

1. Answering Defendant is without information sufficient to admit or deny the allegations of this paragraph. To the extent an answer is required, denied. The medical records are documents which speak for themselves. Any allegation inconsistent with the contents of the medical records and supporting documentation are specifically denied. Strict proof is demanded at the time of trial.

2. The allegations in this paragraph are conclusions of law to which no response is required. To the extent a response is required, they are denied.

3. The allegations of this paragraph are directed to a party other than Answering Defendant.

Therefore, no response is required.

4. Answering Defendant is without information sufficient to admit or deny the allegations of this paragraph. To the extent an answer is required, denied. Strict proof is demanded at the time of trial.

5. – 8. Denied. The allegations of this paragraph are conclusions of law to which no responsive pleading is required. To the extent a response is deemed necessary, the allegations are denied. Answering Defendant specifically denies that she was aware of, or failed to discharge, any responsibility to provide adequate healthcare to her patients in custody and further denies that any act or omission by her caused or contributed in any way to the injuries and losses alleged. The remaining allegations are denied to the extent they are directed at Answering Defendant.

## JURISDICTION AND VENUE

1. [sic]. Denied as a conclusion of law to which no response is required.

2. Denied as a conclusion of law to which no response is required.

## PARTIES

3. Admitted in part, denied in part. Admitted only that James and Jacob Jung are administrators of Louis Jung's estate. However, Answering Defendant is without information sufficient to admit or deny the remaining allegations of this paragraph. To the extent an answer is required, denied. Strict proof is demanded at the time of trial.

4. – 8. The allegations of paragraphs 4 through 8 are directed to a party other than Answering Defendant. Therefore, no response is required.

9. Admitted in part, denied in part. Admitted only that Answering Defendant is a registered nurse (RN) and that, she worked within the Philadelphia Department of Prisons (PDP) through her employment. All remaining allegations of this paragraph are denied. Strict proof is demanded at the time of trial.

10. – 12. The allegations of paragraph 10 through 12 are directed to a party other than Answering Defendant. Therefore, no response is required.

## FACTS

**About Diabetes**

13. – 23. Denied. The allegations of paragraphs 13 through 23 consist of general statistical and medical information that are not directed at Answering Defendant and are not material to the claims alleged. To the extent the paragraphs imply any duty or responsibility on the part of Answering Defendant, or suggests any failure to act, the same is specifically denied.

24. – 27. The allegations of paragraphs 24 through 27 are directed to a party other than Answering Defendant. Therefore, no response is required.

28. – 47. Denied. The allegations in paragraphs 28 through 47 consist of generalized medical statements, third-party guidance, and recommendations that are not directed at any specific act or omission by Answering Defendant. To the extent these allegations imply that Answering Defendant owed or breached any duty, or that they are relevant to the claims set forth, the same are specifically denied.

48. Denied.

49. The allegations set forth in this paragraph are directed to a party other than Answering Defendant. Therefore, no response is required.

50. Denied. The allegations of this paragraph consists of generalized medical statements, third-party guidance, and recommendations not directed at any specific act or omission by Answering Defendant. To the extent these allegations imply that Answering Defendant owed or breached any duty, or that they are relevant to the claims set forth, the same are specifically denied.

51. – 52. The allegations set forth in paragraphs 51 through 52 are directed at a party other than Answering Defendant. Therefore, no response is required

53. – 56.  Answering Defendant is without information sufficient to admit or deny the allegations of paragraphs 53 through 56. To the extent an answer is required, denied. Additionally, medical records are documents which speak for themselves. Any allegations inconsistent with the contents of the medical records and supporting documentation are specifically denied. Strict proof is demanded at the time of trial.

57. The allegations set forth in this paragraph are directed at a party other than Answering Defendant. Therefore, no response is required. To the extent a response is required, medical records are documents which speak for themselves. Any allegations inconsistent with the contents of the medical records and supporting documentation are specifically denied.

58. – 62.  Answering Defendant is without information sufficient to admit or deny the allegations of paragraphs 58 through 62. To the extent an answer is required, denied. Additionally, medical records are documents which speak for themselves. Any allegations inconsistent with the contents of the medical records and supporting documentation are specifically denied. Strict proof is demanded at the time of trial.

63. – 67. The allegations set forth in paragraphs 58 through 67 are directed at a party other than Answering Defendant. To the extent an answer is required, denied. Additionally, medical records are documents which speak for themselves. Any allegations inconsistent with the contents of the medical records and supporting documentation are specifically denied. Strict proof is demanded at the time of trial.

68. – 89. Answering Defendant is without information sufficient to admit or deny the allegations of paragraphs 68 through 89. To the extent an answer is required, denied. Additionally, medical records are documents which speak for themselves. Any allegations

inconsistent with the contents of the medical records and supporting documentation are specifically denied. Strict proof is demanded at the time of trial.

90. – 97. The allegations set forth in paragraphs 90 through 97 are directed at parties other than Answering Defendant. Therefore, no response is required. To the extent a response is required, denied. Strict proof is demanded at the time of trial.

98. – 100. The allegations set forth in paragraphs 98 through 100 are directed at parties other than Answering Defendant. Therefore, no response is required. To the extent a response is required, denied. To the extent that said paragraphs generally refer to Defendants, Answering Defendant further denies. Strict proof is demanded at the time of trial

101. & 101(a) through (e)  The allegations set forth in paragraph 101 and 101(a) through (e) are directed at parties other than Answering Defendant, and/or contain conclusions of law. Therefore, no response is required. To the extent a response is required, denied. Strict proof is demanded at the time of trial.

102. – 128.  Denied. The allegations set forth in paragraphs 102 through 128 consist of anecdotal accounts, media excerpts, unrelated non-parties, and generalized allegations of conduct by individuals or entities other than Answering Defendant. These allegations are not directed at Answering Defendant and contain no well-pleaded facts specific to her. Answering Defendant denies any connection to, knowledge of, or responsibility for the incidents described and specifically denies any implication that she breached any duty or cause any harm as alleged. Answering Defendant further denies that the events described establish any pattern, policy, or practice applicable to her conduct or liability in this matter.

129. Denied. Strict proof is demanded at the time of trial.

130. Denied. Strict proof is demanded at the time of trial.

131. – 148.  The allegations set forth in paragraphs 131 through 148 are directed at parties other than Answering Defendant. Therefore, no response is required. To the extent a response is required, denied. Strict proof is demanded at the time of trial.

149. Denied as stated. The medical records are documents which speak for themselves. Any allegation inconsistent with the contents of the medical records and supporting documentation are specifically denied.

150. – 151. Denied as conclusions of law to which no response is required.

152. – 155. The allegations set forth in paragraphs 152 through 155 are directed at parties other than Answering Defendant. Therefore, no response is required. To the extent a response is required, denied. Strict proof is demanded at the time of trial.

156. – 160. Denied as conclusions of law to which no response is required. To the extent a response is deemed necessary, the allegations are denied. Answering Defendant further denies that these allegations are directed to or appliable to her.

## Causes of Action

**COUNT I: Defendants' Deliberate Indifference and Objective Unreasonableness to Plaintiff's Serious Need for Medical Care Violates the Fourteenth Amendment to the U.S. Constitution – Against City of Philadelphia, YesCare Corp, and Against Defendants Carney, Trivikram, Gay, Apollon, Cabellos, Frasier, and Bloodsaw in their Individual Capacities**

161. Paragraphs 1-160 above are incorporated by reference as if fully set forth herein.

162. Denied. The allegations that Answering Defendant acted with deliberate indifference and objective unreasonableness in violation of the Fourteenth Amendment are legal conclusions to which no response is required. To the extent a response is deemed necessary, such allegations are expressly denied. Answering Defendant further denies that she violated any constitutional right of Mr. Jung.

163. – 164. The allegations set forth in paragraphs 163 through 164 are directed at parties other than Answering Defendant. Therefore, no response is required. To the extent a response is required, denied. Strict proof is demanded at the time of trial.

**COUNT II: Medical Malpractice – Against Defendants YesCare, Trivikram, Gay, Apollon, Cabellos**

165. Paragraphs 1-164 above are incorporated by reference as if fully set forth herein.

166. – 167. Denied. Any and all allegations of negligence and/or medical negligence against Answering Defendant are specifically denied. The remaining allegations are conclusions of law to which no responsive pleading is required.

168. The allegations of this paragraph are directed to a party other than Answering Defendant. Therefore, no response is required.

**COUNT III Americans with Disabilities Act, 42 U.S.C. §12132 – Against Defendant City of Philadelphia**

169. Paragraphs 1-168 above are incorporated by reference as if fully set forth herein.

170. – 176. The allegations of paragraphs 170 through 176 are directed to a party other than Answering Defendant. Therefore, no response is required. To the extent an answer is required, denied.

**COUNT IV: Rehabilitation Act, Section 504 – Against City of Philadelphia**

177. Paragraphs 1-176 above are incorporated by reference as if fully set forth herein.

178. – 179. The allegations of paragraphs 178 through 179 are directed to a party other than Answering Defendant. Therefore, no response is required. To the extent an answer is required, denied.

**COUNT V: Failure to Train or Supervise Staff to Provide Proper Medical Care or Discipline Staff who Failed to Provide Proper Medical Care in Violation of the Fourteenth Amendment – Against City of Philadelphia YesCare**

180. Paragraphs 1-179 above are incorporated by reference as if fully set forth herein.

181. & 181 (a) through (e). The allegations of paragraphs 181 through 181 (a) through (e) are directed to a party other than Answering Defendant. Therefore, no response is required. To the extent an answer is required, denied.

**COUNT VI: Wrongful Death – Against Defendants City of Philadelphia, YesCare, Carney, Trivikram, Gay, Apollon, Cabellos, Frasier and Bloodsaw**

182. Paragraphs 1-181 above are incorporated by reference as if fully set forth herein.

183. Denied as stated. Admitted only that Plaintiffs purport to bring a Wrongful Death action, the merits of which are disputed and denied.

184. Denied. Answering Defendant is without information sufficient to admit or deny the allegations of this paragraph. The same are therefore denied.

185. Denied. Any and all allegations of willful misconduct and reckless indifference, carelessness, and negligence is specifically denied. It is further specifically denied that any action or failure to act on the part of Answering Defendant caused or contributed in any manner, or to any degree, to the claimed injuries and losses. The remaining allegations are conclusions of law to which no responsive pleading is required.

186. – 187. Denied as stated. Admitted only that Plaintiffs seek damages, the merits of which claims are disputed and denied.

188. – 189. Denied as conclusion of law to which no response is required. To the extent a response is deemed necessary, the allegations are denied. Answering Defendant further denies that these allegations are directed to or appliable to her.

**COUNT VII: Survival Action – Against Defendants City of Philadelphia, YesCare, Carney, Trivikram, Gay, Apollon, Cabellos, Frasier and Bloodsaw**

190. Paragraphs 1-189 above are incorporated by reference as if fully set forth herein.

191. Denied as stated. Admitted only that Plaintiffs purport to bring a Survival Action, the merits of which are disputed and denied.

192. – 192 (a) – (e). Denied as stated. Answering Defendant admits only that Plaintiffs seek damages, the merits of which claims are disputed and denied.

**Prayer for Relief**

WHEREFORE, Answering Defendants demand judgment in her favor, and against Plaintiffs, together with interest, fees and costs as the Court deems just and appropriate.

**JURY DEMAND**

Answering Defendant demands a jury trial in this action.

# AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

Plaintiffs Complaint fails to state a cause of action upon which relief can be granted against Answering Defendant.

## SECOND AFFIRMATIVE DEFENSE

Answering Defendant lacked personal involvement in any alleged constitutional deprivation, and liability under 42 U.S.C. § 1983.

## THIRD AFFIRMATIVE DEFENSE

Answering Defendant acted in good faith at all times relevant within the scope of her professional duties, and she did not violate any established constitutional or statutory rights of which a reasonable person would have known.

**FOURTH AFFIRMATIVE DEFENSE**

Any acts or omissions of Answering Defendant were done in good faith and in accordance with applicable professional and legal standards.

**FIFTH AFFIRMATIVE DEFENSE**

Answering Defendant exercised reasonable medical judgment in the care and treatment of decedent, and disagreement over the course of treatment does not constitute a constitutional violation.

**SIXTH AFFIRMATIVE DEFENSE**

Any alleged injury, harm, or damages suffered by Plaintiffs' decedent were not proximately caused by any act or omission of Answering Defendant.

**SEVENTH AFFIRMATIVE DEFENSE**

Any injury or harm was the result of superseding or intervening causes, including the acts or omissions of other parties over which Answering Defendant had no control.

**EIGHTH AFFIRMATIVE DEFENSE**

At no point did Answering Defendant act with deliberate indifference or objective unreasonableness toward Plaintiffs' decedent's medical needs.

**NINTH AFFIRMATIVE DEFENSE**

Answering Defendant acted at all times within the scope of her employment under the direction of her employer, and any liability, if it exists, rests with that entity.

**TENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs seek relief on behalf of third parties or asserts rights no personally held, Plaintiffs lack standing.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred, in whole or in part, by applicable statute of limitations.

**TWELTH AFFIRMATIVE DEFENSE**

Depending on the results of discovery, the alleged injuries complained of are or may have been caused, in whole or in part by the conduct of Plaintiffs decedent or others, not Answering Defendant

**THIRTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs assert systemic liability, Answering Defendant is not responsible for the policies, customs, or practices of any entity or government actor.

**FOURTEENTH AFFIRMATIVE DEFENSE**

To the extent Plaintiffs assert claims under the ADA or Rehabilitation Act, Answering Defendant is not a public entity and had no authority to make disability related accommodations or programmatic decisions.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs may be barred for failing to exhaust applicable administrative remedies prior to bringing the action.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Neither Plaintiffs nor their decedent have suffered any injury caused by Answering Defendant that would entitle them to damages.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Answering Defendant is not liable for any negligence, wrongful acts, malpractice or deliberate indifference.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs may have failed to comply with the requirements of Pa Rule of Civil Procedure 1042.3, requiring a Certificate of Merit.

### NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendant is not subject to punitive damages given the facts of this case, and the law.

### TWENTIETH AFFIRMATIVE DEFENSE

The Plaintiffs claim for relief may be barred and or limited by the applicable provisions of the Healthcare Services Malpractice Act and/or Medical Care Availability and Reduction of Error Act ("MCARE"). The Answering Defendant raises each and every applicable provision of the Act as an affirmative defense.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Depending on the results of discovery, Plaintiffs' claims may be or are barred, in whole or in part, by the doctrine of avoidable consequences.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Any acts or omissions of Answering Defendant alleged to constitute negligence were not substantial causes or factors in Plaintiffs' losses and/or damages and/or did not result in or cause said losses or damages as alleged.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any acts or omissions of Answering Defendant alleged to constitute negligence or breach of duty did not increase the risk of harm to Plaintiffs.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

At all times pertinent hereto, medical care and treatment provided by Answering Defendant to Plaintiffs, was within or exceeded all applicable standards of medical care at the time and place.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' claims may be barred by the doctrine of assumption of risk.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

At all times material hereto, Answering Defendant met or exceeded the applicable standard(s) of care.

          Respectfully submitted,
          KIERNAN TREBACH LLP

By: _____
      JONATHAN M. KAMINSKY, ESQUIRE
      SARAH M. BAKER, ESQUIRE
      Kiernan Trebach LLP
      1801 Market Street, Suite 770
      Philadelphia, PA 19103
      215-569-4433
      jkaminsky@kiernantrebach.com
      sbaker@kiernantrbach.com
      *Attorneys for Defendant, Mariesha Apollon*

Date: June 5, 2025

## **VERIFICATION**

I, JONATHAN M. KAMINSKY, ESQUIRE, hereby state that I am the attorney for Defendant, Mariesha Apollon in the foregoing matter, and as such am authorized to and do make this Verification on his behalf. I verify that statements made in the foregoing Answer with Affirmative Defenses are true and correct to the best of my knowledge, information and belief. The undersigned understands that the statements made therein are subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.



_____
JONATHAN M. KAMINSKY, ESQUIRE

Date: 6/5/2025

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB AND JAMES JUNG, ADMINISTRATORS OF ESTATE OF LOUIS JUNG, JR,        PLAINTIFFS, <br><br> v. <br><br> CITY OF PHILADELPHIA; BLANCHE CARNEY, FORMER COMMISSIONER OF PHILADELPHIA DEPT. OF PRISONS; LAITHA TRIVIKRAM; MAUREEN GAY; YESCARE CORP.; MARIESHA APOLLON; BLAIRE CABELLOS; GENA FRASIER; AND WANDA BLOODSAW        DEFENDANTS. | CIVIL ACTION: <br><br> No. 24-cv-05618-TJS |

## CERTIFICATE OF SERVICE

I, Jonathan M. Kaminsky, Esquire, hereby certify that a true and correct copy of the foregoing Answer with Affirmative Defenses to Plaintiffs' Amended Complaint was forwarded via the Court's Electronic Filing System upon the following:

**COUNSEL FOR PLAINTIFF**
Bret Grote, Esquire
Nia Holston, Esquire
Rupalee Rashatwar, Esquire
Margaret Hu, Esquire
ABOLITIONIST LAW CENTER
990 Spring Garden
Philadelphia, PA 19123
*bretgrote@abolitionistlawcenter.org*
*nia@alcenter.org*
*rupalee@alcenter.org*
*margo@alcenter.org*

**COUNSEL FOR YESCARE CORP., LALITHA TRIVIKRAM, MD AND MAUREEN GAY, N.P.**
Thomas J. Gregory, Esquire
O'CONNOR KIMBALL LLP
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
*Tgregory@okllp.com*

**COUNSEL FOR CITY OF PHILADELPHIA AND BLANCHE CARNEY**
Michael Pestrak, Deputy City Solicitor
CITY OF PHILADELPHIA LAW DEPARTMENT
1500 Arch Street, 14th Floor
Philadelphia, PA  19102
Michael.pestrak@phila.gov

By: _____
JONATHAN M. KAMINSKY, ESQUIRE

Date: 6/5/2025