IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : :  :  : No. 2:24-cv-05618-TJS |
| Plaintiff, | : : |
| v. | : : **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : : : : : : : : |
| Defendants. | |

## **ORDER**

**AND NOW**, this _____ day of _____, 2025, upon consideration of the Motion of Plaintiffs Jacob and James Jung to compel the deposition of Mariesha Apollon and enter and order ordering her to appear for a deposition on September 9, 2025, and any response thereto, it is hereby **ORDERED** and **DECREED** that the Plaintiffs' Motion is **GRANTED**. Mariesha Apollon is hereby **ORDERED** to appear for her in-person deposition at 10:00 a.m. on September 9, 2025, at the office of the Abolitionist Law Center at 990 Spring Garden, Philadelphia, PA 19123, in accordance with the deposition notice issued to Defendant Apollon's legal counsel. Ms. Apollon's failure to appear for her deposition in accordance with this Order may result in civil penalties for being in contempt of court.

1

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : <br> : <br> :    No. 2:24-cv-05618-TJS <br> : |
| Plaintiff, | : <br> : |
| v. | :    **JURY TRIAL DEMANDED** <br> : |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | |

## **PLAINTIFFS' MOTION TO COMPEL DEPOSITION OF MARIESHA APOLLON**

Now comes the Plaintiffs, Jacob and James Jung, as Administrator of the Estate of Louis Jung, by and through their undersigned counsel, hereby moves this Honorable Court for an order directing the Defendant, Mariesha Apollon, to appear for a deposition on September 9, 2025. The arguments and authorities in support of this motion are set forth in the accompanying Brief.

Respectfully submitted,

*/s/ Bret Grote*
Bret Grote (PA 317273)
*/s/ Nia Holston*
Nia Holston (PA 327384)
*/s/ Rupalee Rashatwar*
Rupalee Rashatwar (PA 331085)
*/s/ Margaret Hu*
Margaret Hu (PA 334438)
990 Spring Garden
Philadelphia, PA 19123
(412) 654-9070
bretgrote@abolitionistlawcenter.org

nia@alcenter.org
rupalee@alcenter.org
margo@alcenter.org

*Counsel for the Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, : : : : Plaintiff, : : v. : : CITY OF PHILADELPHIA; YesCare Corp.; : BLANCHE CARNEY, Former : Commissioner of Philadelphia Dept. of : Prisons; LALITHA TRIVIKRAM; : MAUREEN GAY;  MARIESHA : APOLLON; BLAIR CABELLOS; GENA : FRASIER; WANDA BLOODSAW, : : Defendants. | No. 2:24-cv-05618-TJS<br><br><br><br><br><br>**JURY TRIAL DEMANDED** |

### MEMORANDUM OF LAW OF PLAINTIFFS IN SUPPORT OF THEIR MOTION TO COMPEL THE DEPOSITION OF DEFENDANT MARIESHA APOLLON

**COMES NOW**, Plaintiffs Jacob and James Jung, by and through their undersigned counsel, for their Motion to Compel the Deposition of Defendant Mariesha Apollon and states as follows:

I.   **FACTUAL BACKGROUND**

1. The deposition of Defendant Mariesha Apollon was originally scheduled for June 30, 2025, pursuant to notice by the Plaintiffs to the Defendant on June 4, 2025. See Exhibit A.

2. The originally scheduled deposition was cancelled following Defendant YesCare's Motion to Join CareerStaffing Unlimited, LLC as a Third Party Defendant [ECF No. 57].

4

3. CareerStaffing Unlimited, LLC was the employer of the Defendant Mariesha Apollon.

4. This Court granted YesCare's motion on June 20, 2025 [ECF No. 58].

5. The Parties then jointly moved this court for an extension of time to complete discovery on July 7, 2025. [ECF No. 59].

6. This Honorable Court then issued a new discovery deadline of September 26, 2025.

7. On July 17, Plaintiffs issued a new deposition notice for Defendant Apollon with a date of August 20. See Exhibit B.

8. On August 12, 2025, nearly one month after the deposition notice was issued, counsel for Ms. Apollon indicated for the first time that the August 20th date did not work.

9. On August 20, 2025, counsel for the Plaintiffs emailed counsel for Defendant Apollon to assess their availability for a deposition on either September 5th or 9th. The Plaintiffs' did not receive a firm response, only indicating that they counsel for the Defendant was still "working on juggling [lead counsel Sarah Baker's] schedule due to her trial attachments." See Exhibit C. Defendant Apollon's counsel also indicated in a prior email that they were "hopeful to provide availability for mid-September soon." *Id*.

10. On September 1, 2025, counsel for the Plaintiffs noticed a deposition of Defendant Apollon for September 9th, the day before the scheduled mediation in this matter. [ECF No. 63]. Plaintiff previously made Defendants aware of their intention to conduct Defendant Apollon's deposition prior to the mediation date. See Exhibit D.

11. On September 3, 2025, counsel for Defendant Apollon emailed counsel for the Plaintiff and indicated for the first time that Defendant Apollon is unavailable on September 9th. See Exhibit E. Counsel proposed alternative dates for the deposition, all after the close of discovery on September 26, 2025. *Id*.

5

12. Counsel further claimed that Ms. Apollon was only recently added as a defendant. *Id*. However, Plaintiffs' amended their complaint to name her on March 14, 2025, nearly six months ago. [ECF No. 27].

13. The only reason counsel for Ms. Apollon has given for their unavailability is that lead counsel Sarah Baker is "required under the contract to attend and defend Ms. Apollon's deposition and that she is attached for trial in three separate matters in September". See Exhibit E.

14. However, counsel for Ms. Apollon gave no clear reasoning for why her deposition could not be conducted on August 20, and clearly there are other attorneys at the firm who could defend Ms. Apollon's deposition, as Ms. Baker has not yet once appeared at any of the prior deposition dates, or even personally responded to any emails regarding this matter, which to date has been handled exclusively by Mr. Kaminsky.

15. Fact discovery is currently set to close on September 26, 2025, the mediation in this case before Magistrate Judge Scott W. Reid is set for September 10, 2025, and thus Plaintiffs respectfully request that Ms. Apollon's deposition be scheduled for September 9, 2025 at 10 a.m.

16. Counsel for Defendants City of Philadelphia, Gena Frasier, and Wanda Bloodsaw, as well as counsel for Defendants YesCare, Lalaitha Trivikram and Maureen Gay do not oppose this request. Counsel for Ms. Apollon opposes this request.

II. **LEGAL ARGUMENT**

17. Parties may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action. Fed.R.Civ.P. 26 (b)(1). That includes depositions. Federal Rule of Civil Procedure 30 (a)(1) provides that "a party

may, by oral questions, depose any person, including a party, without leave of court except as provided in rule 30(a)(2)". Though Rule 30 does not say so expressly, a subpoena is not necessary if the person to be deposed is a party, therefore, notice is all that is necessary to require attendance of parties at their deposition. See Wright & Miller § 2107 (3d ed.); *Riff v. Police Chief Elmer Clawges*, 158 F.R.D. 357, 358 (E.D.Pa. 1994); *Trans Pacific Ins. Co. v. Trans-Pacific Ins. Co.*, 136 F.R.D. 385, 392 (E.D.Pa. 1991); *Community Federal Savings and Loan Ass'n. v. Federal Home Loan Bank Board*, 96 F.R.D. 619, 621 (D.D.C. 1983). Notice for the referenced deposition was properly submitted to Defendant Apollon's counsel within a reasonable timeframe.

18. Defendant Apollon is a party to this instant matter and was Mr. Louis Jung's intake nurse on October 28, 2023. Ms. Apollon saw that Mr. Jung's blood glucose level was 542, and did not seek emergent or urgent care commensurate with his medical needs. Ms. Apollon, therefore, has information relevant to the subject matter involved in the pending action and can clearly provide relevant information that will lead to admissible evidence. *McClain v. Mack Trucks, Inc.*, 85 F.R.D. 53, 57 (E.D.Pa. 1979).

19. A party is obligated to appear until some order of the court excuses attendance. *Stephen L. LaFrance Holdings, Inc. v. Sorensen*, 278 F.R.D. 429 (E.D. Ark 2011). Rule 26(c) authorizes a court to issue a protective order where justice so requires and upon good cause shown. If a party submits a protective order, that party must bear the burden of demonstrating 'good cause' required to support such an order. *Trans Pac. Ins. Co. v. Trans-Pac. Ins. Co.*, 136 F.R.D. 385, 391 (E.D.Pa. 1991).

20. Counsel for Defendant Apollon has not submitted a motion for a protective order. Further, for the reasons outlined in Plaintiffs' motion, the Defendant cannot demonstrate good cause, as Plaintiffs' counsel originally proposed dates in August, has not provided a reason for Ms. Apollon's unavailability, have not provided detailed updates to Plaintiffs' counsel on lead counsel Ms. Baker's September trial schedule and availability before fact discovery closes, and there are other qualified counsel who are available to defend her deposition.

III.   **CONCULSION**

For all the reasons stated herein, it is respectfully requested that this Honorable Court grant this motion and allow the Plaintiffs to take the deposition of Mariesha Apollon on September 9, 2025.


Respectfully submitted,

*/s/ Bret Grote*
Bret Grote (PA 317273)
*/s/ Nia Holston*
Nia Holston (PA 327384)
*/s/ Rupalee Rashatwar*
Rupalee Rashatwar (PA 331085)
*/s/ Margaret Hu*
Margaret Hu (PA 334438)
990 Spring Garden
Philadelphia, PA 19123
(412) 654-9070
bretgrote@abolitionistlawcenter.org
nia@alcenter.org
rupalee@alcenter.org
margo@alcenter.org

*Counsel for the Plaintiffs*

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : | No. 2:24-cv-05618-TJS |
| Plaintiff, | : : | |
| v. | : : | **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : : : : : : : : | |
| Defendants. | | |

## **CERTIFICATE OF SERVICE**

I, Bret Grote, Esq., hereby certify that I caused a true and correct copy of the foregoing Motion to Compel the Deposition of Mariesha Apollon to be electronically filed on September 4, 2024, and thereby served upon all parties entered into the Court's ECF system.

/s/ *Bret Grote*
_____
Bret Grote

9

### IN THE UNITED STATES DISTRICT COURT
### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, : : : : | No. 2:24-cv-05618-TJS |
| Plaintiff, : : : | |
| v.  : : : | **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, : : : : : : : : | |
| Defendants. | |

### **CERTIFICATE OF CONFERRAL**

    I, BRET GROTE, certify pursuant to FRCP 37(a)(1) that counsel for the Plaintiffs has sought in good faith to confer with Defendant Apollon's counsel regarding her appearance at the scheduled deposition on September 9, 2025 in an effort to confirm her appearance without court action.

/s/ *Bret Grote*
Bret Grote