IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB AND JAMES JUNG, ADMINISTRATORS OF ESTATE OF LOUIS JUNG, JR, PLAINTIFFS, | CIVIL ACTION: No. 24-cv-05618-TJS |
| v. | |
| CITY OF PHILADELPHIA; BLANCHE CARNEY, FORMER COMMISSIONER OF PHILADELPHIA DEPT. OF PRISONS; LAITHA TRIVIKRAM; MAUREEN GAY; YESCARE CORP.; MARIESHA APOLLON; BLAIRE CABELLOS; GENA FRASIER; AND WANDA BLOODSAW DEFENDANTS. | |

**MEMORANDUM OF LAW OF MARIESHA APOLLON'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL DEPOSITION**

**COMES NOW**, Respondent, Marisha Apollon, by and through her undersigned counsel, for her opposition to Plaintiffs' Motion to Compel the Deposition of Defendant Mariesha Apollon and states as follows:

I. **FACTUAL BACKGROUND**

1. Denied as stated. Although Movants' counsel unilaterally noticed Respondent's deposition for June 30, 2025, that notice was subsequently withdrawn. The present dispute does not concern Respondent's availability, as her counsel never refused to produce her. Rather, the issue arises from Movants' repeated attempts to impose unilateral scheduling, including their demand to hold the deposition before the September 10, 2025, settlement conference. This demand is unreasonable and risks substantial prejudice to Respondent, who is entitled to adequate preparation in a case where the parties appear intent on casting her as a scapegoat.

2. Admitted in part and denied in part. The June 30, 2025, unilaterally scheduled date was

just 75 days from when Respondent was served the amended complaint, and just 24 days from when Respondent received its first set of documents. Movants canceled their unilaterally noticed June 30, 2025, deposition following the filing of Defendant YesCare's Motion to Join CareerStaffing Unlimited, LLC as a Third-Party Defendant [ECF No. 57]. However, it is denied that the deposition was "originally scheduled" through any mutual agreement. The June 30 date was selected by Movants' counsel without consultation or confirmation from defense counsel and therefore did not constitute a binding or properly scheduled deposition.

3. Denied. Respondent was employed by Tekaccel HealthCare, which, upon information and believe, maintained a contractual relationship with CareerStaffing Unlimited, LLC.

4. Admitted.

5. Admitted.

6. Admitted.

7. Denied as stated. Although Movants' counsel issued a deposition notice on July 17, 2025, unilaterally selecting August 20, 2025, that date was never agreed upon by Respondent's counsel. Movants have long been aware that lead counsel, Sarah M. Baker, was designated to defend Ms. Apollon's deposition, yet they continue to avoid coordinating with Respondent's counsel to identify mutually available dates. The August 20 notice reflects a unilateral decision, not a mutually scheduled proceeding as Movants repeatedly claim.

8. Movants' emphasis on when Respondent's counsel confirmed a conflict with August 20 is misplaced. That date was unilaterally selected by Movants' counsel without consultation or agreement and therefore did not constitute a mutually scheduled deposition. Respondent's counsel has never refused to produce Ms. Apollon but merely identified that the chosen date conflicted with lead counsel's existing obligations. Movants' attempt to assign significance to the timing of

that communication is irrelevant to the present dispute, which stems from their continued insistence on unilateral scheduling.

9. Denied as stated. Although Movants' counsel emailed defense counsel on August 20, 2025, proposing September 5 or 9 as possible deposition dates, those dates were again unilaterally selected without consultation and conflicted with lead counsel's existing commitments. Respondent's counsel advised that attorney Baker's trial schedule was being managed and that availability would be provided as soon as possible. During prior depositions of co-defendants, Respondent's counsel also verbally informed Movants' counsel that Ms. Apollon's deposition would need to be coordinated based on mutually available dates for attorney Baker. Respondent has never refused to appear. The issue remains Movants' continued insistence on unilateral scheduling rather than reasonable coordination, as evidenced by the filing of this motion.

10. Denied as stated. On September 1, 2025, Movants' counsel unilaterally noticed Ms. Apollon's deposition for September 9, the day before the court-ordered settlement conference. Movants' insistence on conducting the deposition prior to that conference does not entitle them to override lead counsel's availability. As previously communicated, Ms. Apollon will be produced for deposition on a mutually agreeable date that allows sufficient time for preparation and accommodates lead counsel's trial schedule. Movants' unilateral notice failed to meet that standard.

11. Admitted in part and denied in part. On September 3, 2025, Respondent's counsel advised Movants' counsel that Ms. Apollon was unavailable for deposition on September 9 and, in the same communication, proposed seven alternative dates: September 30, October 1, 2, 3, 7, 8, and 9. It is denied that this reflects any refusal to produce Ms. Apollon. Respondent's counsel fully intends to present her for deposition. Although the proposed dates fall shortly after the September 26 discovery deadline, Movants' own counsel previously raised the possibility of filing a joint

motion to extend discovery during the deposition of co-defendant Cabellos. No party expressed opposition to that suggestion, and the matter has not been revisited due to the proximity of the settlement conference. Under these circumstances, Respondent's proposal of reasonable alternative dates reflects cooperation, not obstruction.

12. Admitted in part and denied in part. Movants amended their complaint on March 14, 2025 to add Ms. Apollon as a defendant, and she was served on April 9, 2025 [ECF No. 31]. However, this fact has no bearing on the present scheduling dispute. Respondent's counsel did not enter appearances until May 1, 2025 [ECF Nos. 33, 34], and has acted diligently since that time. The two principal co-defendants, the City and YesCare, have been actively litigating this matter since October 2024. Movants' emphasis on the amendment and service dates serves only to cast Respondent in an unfavorable light. It does not alter the fact that Respondent's counsel has consistently sought to coordinate mutually agreeable dates for Ms. Apollon's deposition.

13. Denied as stated. Movants' characterization of Respondent's counsel's explanation is incomplete and misleading. It has long been known to Movants' counsel that attorney Baker, designated by the insurer, will defend Ms. Apollon's deposition. Respondent's counsel promptly advised that attorney Baker is attached for multiple trials in September and October, and in good faith proposed seven alternative dates when she is available. Movants' attempt to portray attorney Baker's availability as an inadequate justification ignores the reality that Respondent is entitled to be defended by her designated counsel and to have reasonable time to prepare in this matter in which the current demand is $15,000,000.

14. Denied as stated. Counsel for Respondent was scheduled for a deposition in another matter which was noticed on May 21, 2025.

15. Denied as stated. Movants filed this motion to compel 5 (five) days prior to the date they

want to compel Respondent's deposition. Movants' request to compel Ms. Apollon's deposition on September 9, 2025, which is just one day before the court-ordered settlement conference. Movants motion to compel is unreasonable and prejudicial to Respondent, a woman who is currently out of work on medical leave and breastfeeding a young child. Additionally, Movants currently have noticed other depositions for them to occur AFTER the settlement conference. There is no requirement that a party's deposition must occur before a settlement conference for meaningful negotiations to proceed.

16. Respondent is without information to confirm or deny this paragraph.

## II. LEGAL ARGUMENT

17. Denied. Respondent does not dispute that Rules 26 and 30 permit relevant discovery, including depositions. However, the issue here is scheduling. Respondent has never refused to produce Ms. Apollon or demanded a subpoena. On September 1, 2025, Movants unilaterally noticed the deposition for September 9, allowing only nine days' lead time, which conflicted with defense counsel's previously scheduled obligations. Within two days, Respondent proposed seven alternative dates beginning September 30, when lead counsel, Sarah M. Baker, designated by the insurer is available. This prompt response reflects cooperation, not obstruction. Movants' claim of "reasonable notice" disregards both the inadequate lead time and unavoidable conflicts. Forcing the deposition on such short notice would severely prejudice Respondent, who is entitled to reasonable preparation in a case where the parties appear intent on casting her as a scapegoat.

18. Admitted in part and denied in part. It is admitted that Ms. Apollon is a party defendant and was involved in Mr. Jung's intake. It is denied to the extent Movants use this paragraph to argue the merits of their liability theory, which is not the issue before the Court. Respondent has never refused to present Ms. Apollon for deposition. The only dispute is selecting a mutually agreeable date that allows adequate time for preparation. Movants' attempt to compel a deposition

on a unilaterally noticed date, despite Respondent promptly offering seven alternative dates, creates unnecessary prejudice in a case involving claims for millions of dollars in damages. The Court need not resolve competing liability theories to decide this motion; it need only enforce the basic requirement that depositions be scheduled reasonably and fairly.

19. Denied. Movants' discussion of protective orders is misplaced. Respondent has never refused to appear for deposition, nor has counsel sought a protective order. Movants' counsel has known that lead counsel, Sarah M. Baker, would be defending Ms. Apollon's deposition. Respondent's counsel has actively worked to coordinate scheduling and, on September 3, proposed seven specific dates beginning September 30. The present dispute arises solely from Movants' insistence on compelling a deposition before the September 10 settlement conference, despite disclosed conflicts and the absence of any requirement that a deposition occur beforehand. Movants' position demands compliance with a unilateral schedule rather than a mutually agreed date. Compulsion is neither necessary nor justified.

20. Denied. Movants again assume Respondent has resisted discovery, which is incorrect. Respondent's counsel has never sought a protective order, nor is one required, as there has been no refusal to produce Ms. Apollon for deposition. The only dispute concerns Movants' insistence on a unilaterally selected date that conflicted with lead counsel's existing trial obligations. On September 3, Respondent's counsel provided seven alternative dates: September 30, October 1, 2, 3, 7, 8, and 9, when lead counsel designated by the insurer is available to defend the deposition. This reflects a reasonable and cooperative approach. Movants' criticism that Respondent failed to provide "detailed updates" on Ms. Baker's trial schedule is misplaced and irrelevant. What matters is that specific dates were promptly offered. Movants' suggestion that "other qualified counsel" could defend the deposition is improper. They are not entitled to dictate Respondent's representation. The insurer has designated Ms. Baker, and her availability governs. Movants' effort

to compel an earlier date solely to precede the September 10 settlement conference imposes undue burden and prejudice without any showing of necessity.

## III. CONCLUSION

21. Movants' last-minute motion is the result of their own delay. Ms. Apollon was added as a defendant in March, served in April, and undersigned counsel entered an appearance on May 1, 2025. If Movants believed her deposition was essential prior to the settlement conference, they had ample opportunity to seek relief earlier. Instead, they waited until September 4, just days before the conference, to file this motion, despite full awareness of lead counsel's scheduling constraints and the need for reasonable coordination. This delay underscores that the claimed urgency is manufactured, not genuine.

22. For all the reasons set forth above, Respondent respectfully requests that the Court deny Plaintiffs' motion

Respectfully submitted,
KIERNAN TREBACH LLP

By: /s/Jonathan Kaminsky
SARAH M. BAKER, ESQUIRE
JONATHAN M. KAMINSKY, ESQUIRE
Kiernan Trebach LLP
1801 Market Street, Suite 770
Philadelphia, PA 19103
215-569-4433
sbaker@kiernantrbach.com
jkaminsky@kiernantrebach.com
*Attorneys for Defendant, Mariesha Apollon*

Date: September 8, 2025