**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACOB and JAMES YUNG as administrators for the estate of LOUIS JUNG, JR.*,* <br><br> Plaintiffs, <br><br>     vs. <br><br> YESCARE CORP., LALITHA TRIVIKRAM, MAUREEN GAY, BLAIR CABELLOS, et al., <br><br> Defendants, <br><br>     vs. <br><br> CAREERSTAFF UNLIMITED, LLC, <br><br> Additional Defendant. | Civil Action No.  24-CV-05618 |

**ADDITIONAL DEFENDANT CAREERSTAFF UNLIMITED, LLC'S**
**FED. R. CIV. P. 26(a)(1) INITIAL DISCLOSURES**

Additional Defendant CareerStaff Unlimited, LLC ("CSU" or "Additional Defendant"),

pursuant to FED. R. CIV. P. 26(a)(1), make the following initial disclosures:

**A.     The name and, if known, the address and telephone number of each individual likely to have discoverable information – along with the subjects of that information – that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following individuals are likely to have discoverable information that CSU may use to support its claims and/or defenses:

1. Jacob and James Jung, Plaintiffs, and Louis Jung, Jr.'s medical providers.  Plaintiffs presumably may be contacted through counsel of record in this action.  Plaintiffs and Louis Jung, Jr.'s medical providers are presumed to have information related to the damages purportedly suffered as set forth in Plaintiffs' Complaint.

2. Tekaccel, Inc. Tekaccel, Inc.'s address is 7800 Preston Road, Suite 153, Plano TX 75024. Tekaccel, Inc. may have knowledge regarding the employment of Mariesha Apollon, a defendant in this action. This includes any employees, agents, or corporate representatives for Tekaccel, Inc.

3.  Co-Defendants. Co-Defendants presumably may be contacted through counsel of record in this action.  Co-Defendants are presumed to have information related to the allegations of liability-producing conduct set forth in Plaintiffs' First Amended Complaint.

4.  Kristin Counts, VP of Managed Services of CSU, may have knowledge regarding the allegations set forth in YesCare Corp.'s Third Party Complaint, as well as CSU's defenses in this matter. Kristin Counts may be contacted through CSU's counsel, Danielle Pell of Gordon & Rees Scully Mansukhani, LLP, 1717 Arch St., Ste. 610, Philadelphia, PA 19103; Phone: (215) 717-4021; dpell@grsm.com.

5.  CHS Staffing, LLC, 351 Spook Rock Rd., Suffern, NY 10901. CHS Staffing, LLC may have knowledge regarding the service agreement(s) between CHS Staffing, LLC and CSU, as well as Mariesha Apollon's work at the Philadelphia Department of Prisons.

6.  Any person identified by Plaintiffs or any non-party in this matter.

7.  Any person necessary to produce, identify, or authenticate any document.

8.  Any person necessary for impeachment or rebuttal.

9.  This disclosure may be supplemented and updated as discovery progresses.

The above disclosures do not constitute a concession by CSU that the identified employee of CSU may be deposed individually, in lieu of, or in addition to, a properly noticed deposition of one or more officers, directors, managing agents, or other persons designated by CSU on particular topics as set forth in Rule 30(b)(6).  Nor does the identification of the individuals and/or entities set forth in this section constitute a concession of the relevance or discoverability of any information said people may possess, or constitute a limitation on the scope of discovery in this case in any way.

**B.      A copy – or a description by category and location – of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.**

The following is a description by category of documents, electronically stored information, and tangible things CSU or CSU's counsel has in its possession, custody, or control and may use to support its claims or defenses (excepting impeachment evidence):

1.  Documents concerning communications, services agreement(s), and payment-related materials between CSU and YesCare Corp., its predecessors, or any person on its behalf;

2.  Documents produced by Plaintiffs in connection with this litigation.  Such documents are unknown at this time as they are within the possession, custody or control of Plaintiffs.

3.  Documents produced by co-Defendants in connection with this litigation. The majority of these documents are unknown at this time.

4.  Documents, including staffing vendor agreements, payment-related materials, communications between CSU and Tekaccel, Inc. pertaining to Mariesha Apollon.

The foregoing disclosures of categories of documents are not intended to constitute and shall not

2

constitute any concession by CSU that any and all documents within said categories are ultimately relevant, discoverable or admissible at trial.  Moreover, the description of said documents is not intended to constitute and is not a waiver of any protection from production that may be afforded to said documents, including but not limited to the attorney-client privilege and/or the work product doctrine.  Because discovery is ongoing, CSU reserves its right to amend this disclosure as necessary to identify other documents Additional Defendant deems necessary to support its claims and/or defenses.

**C.      A computation of each category of damages claimed by the disclosing party – who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered.**

At this time, CSU does not seek to recover damages in this matter.  CSU reserves the right to seek any and all damages and relief, including attorneys' fees, costs, and expenses.

**D.      For inspection and copying under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.**

After reasonable investigation, CSU is aware of the following insurance policy that may be relevant to this matter: Sweet Insurance Agency, Policy No. 0100254067-0. Copies of this policy will be made available and produced electronically.

CSU expressly reserves the right to supplement any of these disclosures as additional information falling within the categories set forth above becomes available to it or which may be used by CSU to support its claims or defenses.


Respectfully submitted,

GORDON REES SCULLY MANSUKHANI, LLP


Dated: October 30, 2025                        By:*/s/ Danielle Pell*_____
                                                      Danielle Pell, PA Bar No. 332590
                                                      dpell@grsm.com
                                                      1717 Arch St., Ste. 610
                                                      Philadelphia, PA 19103
                                                      (215) 717-4021
                                                      *Counsel for Additional Defendant, CareerStaff Unlimited, LLC*