IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES YUNG as administrators for the estate of LOUIS JUNG, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> YESCARE CORP., LALITHA TRIVIKRAM, MAUREEN GAY, BLAIR CABELLOS, et al., <br><br> Defendants, <br><br> vs. <br><br> CAREERSTAFF UNLIMITED, LLC, <br><br> Additional Defendant. | Civil Action No. 24-CV-05618 |

**ANSWER AND AFFIRMATIVE DEFENSES OF ADDITIONAL DEFENDANT CAREERSTAFF UNLIMITED, LLC TO THIRD PARTY COMPLAINT**

AND NOW COMES, Additional Defendant, CareerStaff Unlimited, LLC ("Answering Defendant" or "CareerStaff"), by and through its undersigned attorneys, and hereby answers the Third Party Complaint ("Third Party Complaint") of Defendant/Third Party Plaintiff YesCare Corp. ("Third Party Plaintiff") and in support thereof, avers as follows:

1. Admitted upon information and belief.

2. The allegations in Paragraph 2 of the Third Party Complaint reference a written document that speaks for itself, and reference should be made thereto for the precise language thereof. To the extent Paragraph 2 of the Third Party Complaint contains an incomplete and/or inaccurate representation of the document, said averments are denied. By way of further answer, the allegations in Paragraph 2 of the Third Party Complaint are conclusions of law to which no response is required. To the extent a response is deemed to be required, said allegations are denied.

3. Admitted upon information and belief.

4. It is admitted that Plaintiffs' First Amended Complaint alleges that Mariesha Apollon was a nurse that was assigned to conduct an examination of the Plaintiffs' Decedent upon his admission to the Philadelphia Department of Prisons, and that she failed to do so in a skillfully appropriate manner.

5. Denied, as stated. Mariesha Apollon was employed by Tekaccel, Inc. at all times relevant to the allegations of Plaintiffs' First Amended Complaint. By way of further answer, the allegations in Paragraph 5 of the Third Party Complaint are conclusions of law to which no response is required. To the extent a response is deemed to be required, said allegations are specifically denied.

6. It is admitted that Plaintiffs' First Amended Complaint does not allege that Answering Defendant employed Mariesha Apollon.

7. Admitted upon information and belief.

8. Paragraph 8 of the Third Party Complaint is an incorporation paragraph to which no response is necessary. To the extent a response is deemed to be required, said averments are denied.

## COUNT I
## Medical Negligence

9. Paragraph 9 of the Third Party Complaint is an incorporation paragraph to which no response is necessary. To the extent a response is deemed to be required, said averments are denied.

10. The allegations in Paragraph 10 of the Third Party Complaint are conclusions of law to which no response is required. To the extent a response is deemed to be required, said allegations are denied.

11. Denied, as stated. Mariesha Apollon was employed by Tekaccel, Inc. at all times relevant to the allegations of Plaintiffs' First Amended Complaint. By way of further answer, the allegations in Paragraph 11 of the Third Party Complaint are conclusions of law to which no response is required. To the extent a response is deemed to be required, said allegations are specifically denied.

12. The allegations in Paragraph 12 of the Third Party Complaint are conclusions of law to which no response is required. To the extent a response is deemed to be required, said allegations are specifically denied.

13. The allegations in Paragraph 13 of the Third Party Complaint are conclusions of law to which no response is required. To the extent a response is deemed to be required, said allegations are denied.

WHEREFORE, Answering Defendant CareerStaff Unlimited, LLC respectfully demands judgment in its favor and against all other parties, together with recovery of its costs, interest, and attorney's fees, and such other and further relief as the Court deems just and proper.

## COUNT II
### Deliberate Indifference

14. Paragraph 14 of the Third Party Complaint is an incorporation paragraph to which no response is necessary. To the extent a response is deemed to be required, said averments are denied.

15. The allegations in Paragraph 15 of the Third Party Complaint are conclusions of law to which no response is required. To the extent a response is deemed to be required, said allegations are denied.

16. Denied, as stated. Mariesha Apollon was employed by Tekaccel, Inc. at all times relevant to the allegations of Plaintiffs' First Amended Complaint. By way of further answer, the

allegations in Paragraph 16 of the Third Party Complaint are conclusions of law to which no response is required. To the extent a response is deemed to be required, said allegations are specifically denied.

17. The allegations in Paragraph 17 of the Third Party Complaint are conclusions of law to which no response is required. To the extent a response is deemed to be required, said allegations are specifically denied.

18. The allegations in Paragraph 18 of the Third Party Complaint are conclusions of law to which no response is required. To the extent a response is deemed to be required, said allegations are denied.

WHEREFORE, Answering Defendant CareerStaff Unlimited, LLC respectfully demands judgment in its favor and against all other parties, together with recovery of its costs, interest, and attorney's fees, and such other and further relief as the Court deems just and proper.

## AFFIRMATIVE DEFENSES DIRECTED TO THIRD PARTY PLAINTIFF, YESCARE CORP.

In addition to the defenses and denials set forth above, Answering Defendant asserts the following affirmative and other defenses. In pleading these defenses, Answering Defendant does not admit it bears the burden of proof, production, or persuasion of such defenses. These defenses are based on the claims as pled at this time and based on a limited investigation and limited discovery to date. Answering Defendant reserves the right to amend or add applicable defenses as their investigation and discovery continues in this matter, or to address any amendments to the pleadings by YesCare Corp. and Plaintiffs.

### FIRST AFFIRMATIVE DEFENSE

Third Party Plaintiff's Third Party Complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

Third Party Plaintiff's claims are, or may be, barred by the applicable statute of limitations.

### THIRD AFFIRMATIVE DEFENSE

Third Party Plaintiff's claims are, or may be, barred, in whole or in part, based on its misconduct and/or pursuant to the doctrines of unclean hands, estoppel, waiver, and/or laches.

### FOURTH AFFIRMATIVE DEFENSE

Third Party Plaintiff's own conduct, omissions, and non-performance bar any recovery.

### FIFTH AFFIRMATIVE DEFENSE

Third Party Plaintiff's claims are, or may be, barred by the Statute of Frauds.

### SIXTH AFFIRMATIVE DEFENSE

Third Party Plaintiff's claims are barred by lack of consideration, lack of a meeting of minds, and/or lack of mutual consent.

## SEVENTH AFFIRMATIVE DEFENSE

Third Party Plaintiff lacks standing to bring the instant claims against Answering Defendant.

## EIGTH AFFIRMATIVE DEFENSE

Answering Defendant has taken no actions and made no omissions that violated or sought to violate any actual or implied contract or implied covenant of good faith and fair dealing.

## NINTH AFFIRMATIVE DEFENSE

Third Party Plaintiff is not entitled to relief because it has not suffered any compensable damages.

## TENTH AFFIRMATIVE DEFENSE

Third Party Plaintiff's damages, if any, are barred or limited by failure to reasonably mitigate its damages.

## ELEVENTH AFFIRMATIVE DEFENSE

Third Party Plaintiff is not entitled to relief against Answering Defendant because it has not suffered any damages as a result of any actions or omissions taken by Answering Defendant.

## TWELVTH AFFIRMATIVE DEFENSE

Third Party Plaintiff's injuries or damages, if any, were caused by the acts or omissions of others, and Answering Defendant had no reason or duty to anticipate these acts or omissions.

## THIRTEENTH AFFIRMATIVE DEFENSE

Third Party Plaintiff's alleged claims, damages, and/or causes of action, if any, were caused in whole or in part by the conduct of individuals and/or entities over whom Answering Defendant has as no control or right to control and, therefore, Answering Defendant is not responsible.

### FOURTEENTH AFFIRMATIVE DEFENSE

Third Party Plaintiff's alleged claims are barred, in whole or in part, because Answering Defendant did not employ, control, or have a duty to control Mariesha Apollon or any other individuals that are the subject of Plaintiffs' First Amended Complaint at any time relevant to the allegations of Plaintiffs' First Amended Complaint.

### FIFTEENTH AFFIRMATIVE DEFENSE

Third Party Plaintiff's Third Party Complaint may fail to join necessary and indispensable parties.

### SIXTEENTH AFFIRMATIVE DEFENSE

There is no contractual or common law duty entitling Third Party Plaintiff to defense and/or indemnification from Answering Defendant.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Third Party Plaintiff failed to attach a copy of the alleged contract between Third Party Plaintiff and Answering Defendant.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Defendant Mariesha Apollon was employed by Tekaccel, Inc. at all times relevant to the allegations of Plaintiffs' First Amended Complaint.

### NINETEENTH AFFIRMATIVE DEFENSE

Answering Defendant's investigation is ongoing. Therefore, Answering Defendant gives notice that it intends to rely upon and invoke any other defense it may discover during these proceedings, and reserves the right to amend and/or supplement this Answer and Affirmative Defenses to include any such defense(s).

WHEREFORE, Answering Defendant CareerStaff Unlimited, LLC respectfully demands judgment in its favor and against all other parties, together with recovery of its costs, interest, and attorney's fees, and such other and further relief as the Court deems just and proper.

**AFFIRMATIVE DEFENSES DIRECTED TO PLAINTIFFS**

**FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' First Amended Complaint fails to state a claim upon which relief may be granted against Answering Defendant.

**SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' claims may be barred and/or limited as a result of *res judicata* and/or collateral estoppel.

**THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' First Amended Complaint may fail to join necessary and indispensable parties.

**FOURTH AFFIRMATIVE DEFENSE**

Any alleged injuries sustained by Plaintiffs were caused or contributed to, in whole or in part, by the negligence or fault of third parties over whom Answering Defendant had no control and for whose conduct Answering Defendant is not responsible, such negligence of other parties was the sole proximate cause of or an intervening, superseding or insulating cause of Plaintiffs' alleged injuries.

**FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' damages, as alleged in the First Amended Complaint, were caused, in whole or in part, by the superseding intervention of causes outside of the control of Answering Defendant.

**SIXTH AFFIRMATIVE DEFENSE**

The liability of Answering Defendant, if any, to Plaintiffs shall be limited to that proportion of the total dollar amount awarded as damages in the ratio of the amount of Answering Defendant's liability to the amount of liability attributed to all Defendants and other persons to whom liability is apportioned, including both named and unnamed parties.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, for failure to mitigate damages.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred and/or reduced by Plaintiffs' Decedent's contributory or comparative fault or negligence.

**NINTH AFFIRMATIVE DEFENSE**

Answering Defendant denies having taken any action in violation of the statutes, regulations or other laws of the Commonwealth of Pennsylvania and/or United States, assuming their applicability to Answering Defendant.

**TENTH AFFIRMATIVE DEFENSE**

At all times material hereto, Answering Defendant acted in a reasonable, careful, prudent and lawful manner.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' may be precluded as an Act of God and Answering Defendant raises an Act of God as a complete or partial bar to any liability.

**TWELVTH AFFIRMATIVE DEFENSE**

The injuries and damages allegedly sustained by Plaintiffs were directly caused or contributed to be caused by the negligent acts and omissions of others over whom Answering

Defendant has no control or right of control, which acts, negligence and/or fault comparatively reduces the percentage of any negligence, fault or liability attributable to Answering Defendant, and Answering Defendant prays that the relative degrees of fault of said others be apportioned among them.

## THIRTEENTH AFFIRMATIVE DEFENSE

If Plaintiffs obtain any judgment against Answering Defendant, Answering Defendant is entitled to a setoff based upon any amounts that Plaintiffs may have already collected or become entitled to collect from other sources in compensation for the injuries or damages alleged in Plaintiffs' First Amended Complaint.

## FOURTEENTH AFFIRMATIVE DEFENSE

Answering Defendant avers that Plaintiffs' Decedent assumed the risk of any danger, in both the primary and secondary senses, in that he had knowledge of the danger, an appreciation of that danger, and voluntarily exposed himself to that danger.

## FIFTEENTH AFFIRMATIVE DEFENSE

Any amount that may be awarded to Plaintiffs as against Answering Defendant should be reduced by the amount received from or indemnified by any collateral source.

## SIXTEENTH AFFIRMATIVE DEFENSE

Third Party Plaintiffs' alleged claims are barred, in whole or in part, because Answering Defendant did not employ, control, or have a duty to control Mariesha Apollon or any other individuals that are the subject of Plaintiffs' First Amended Complaint at any time relevant to the allegations of Plaintiffs' First Amended Complaint.

## SEVENTEENTH AFFIRMATIVE DEFENSE

While denying any liability, Answering Defendant asserts the terms and provisions of the Fair Share Act, 42 Pa. C.S.A. Section 7102(a) as an affirmative defense.

## EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, or may be, barred by the applicable statute of limitations.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are, or may be, barred by the Statute of Frauds.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to bring the instant claims against Answering Defendant.

## TWENTY-FIRST AFFIRMATIVE DEFENSE

Defendant Mariesha Apollon was employed by Tekaccel, Inc. at all times relevant to the allegations of Plaintiffs' First Amended Complaint.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

No action or inaction on behalf of Answering Defendant was the proximate cause of any injury allegedly sustained by Plaintiffs. Answering Defendant reserves the right to raise such further defenses as may be warranted by further investigation, discovery and/or through trial.

**TAKE NOTICE THAT THE DEFENDANT DEMANDS TRIAL BY JURY.**

WHEREFORE, Answering Defendant CareerStaff Unlimited, LLC respectfully demands judgment in its favor and against all other parties, together with recovery of its costs, interest, and attorney's fees, and such other and further relief as the Court deems just and proper.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI

By: */s/ Danielle Pell*
    Danielle Pell, PA Bar No. 332590
    dpell@grsm.com
    1717 Arch St., Ste. 610
    Philadelphia, PA 19103
    (215) 717-4021
    *Counsel for Additional Defendant*