IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG as administrators for the estate of LOUIS JUNG, JR., <br><br> Plaintiffs, <br> vs. <br><br> YESCARE CORP., LALITHA TRIVIKRAM, MAUREEN GAY, BLAIR CABELLOS, et al., <br><br> Defendants, <br> vs. <br><br> CAREERSTAFF UNLIMITED, LLC, <br><br> Third Party Defendant, <br> vs. <br><br> TEKACCEL, INC., <br><br> Fourth Party Defendant. | Civil Action No. 2:24-cv-05618-TJS |

**FOURTH PARTY COMPLAINT
AGAINST TEKACCEL, INC.**

AND NOW COMES, Third Party Defendant/Fourth Party Plaintiff, CareerStaff Unlimited, LLC ("CareerStaff"), by and through its undersigned counsel and hereby files the within Fourth Party Complaint ("Fourth Party Complaint") against Tekaccel, Inc. ("Tekaccel") and in support thereof, avers as follows:

**THE PARTIES**

1. Upon information and belief, Jacob and James Jung, as Administrators of the Estate of Louis Jung, Jr. ("Plaintiffs") are the sons of Louis Jung, Jr. ("Decedent").

2. Upon information and belief, Jacob Jung is an adult individual residing in Pennsylvania, and James Jung is an adult individual residing in Delaware.

3. Third Party Defendant/Fourth Party Plaintiff, CareerStaff Unlimited, LLC ("CareerStaff") is a limited liability company organized under the laws of Delaware with a principal place of business located at 7925 Jones Branch Drive, Suite 1100, McLean, Virginia 22102.

4. Upon information and belief, Fourth Party Defendant Tekaccel, Inc. ("Tekaccel" or "Fourth Party Defendant") is a corporation with a principal place of business located at 7800 Preston Road, Suite 153, Plano, TX 75024.

5. At all times relevant hereto, Tekaccel was the employer of Defendant Mariesha Apollon.

## JURISDICTION AND VENUE

6. This action is brought under 42 U.S.C. § 1983 and the Fourteenth Amendment of the United States Constitution, Title II of the Americans with Disabilities Act, 42 U.S.C. § 12131, et seq. ("ADA"), and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 701, et seq. ("RA"). This Court has jurisdiction over the subject matter of this action under 28 U.S.C. §1331 and 28 U.S.C. § 1343(a)(3) and (4). This Court has supplemental jurisdiction of the state law claims under 28 U.S.C. § 1367.

7. Venue is properly in this Court for the claims against Fourth Party Defendant pursuant to 28 U.S.C. § 1391(b), as the judicial district where a substantial part of the events or omissions giving rise to the alleged claim occurred at issue in this litigation is situated.

## FACTUAL ALLEGATIONS

A. **Plaintiffs' Lawsuit**

8. The instant action was commenced on October 23, 2024, when Plaintiffs filed a Complaint in the US District Court for the Eastern District of Pennsylvania.

9. On or about March 14, 2025, Plaintiffs filed their First Amended Complaint which named Mariesha Apollon ("Apollon") as a Defendant, in addition to the City of Philadelphia, YesCare Corp., Blanche Carney, Lalitha Trivikram, Maureen Gay, Blair Cabellos, Gena Frasier, and Wanda Bloodsaw. A true and accurate copy of the Plaintiffs' First Amended Complaint is attached hereto as Exhibit 1.

10. In the First Amended Complaint, Plaintiffs allege that the Decedent, who was an inmate in Curran-Fromhold Correctional Facility ("CFCF") within the Philadelphia Department of Prisons ("PDP"), suffered various injuries and death as a result of, *inter alia*, alleged medical negligence and deliberate indifference of nurse Apollon. *See* Exhibit 1, generally.

11. Plaintiffs allege that the Decedent was arrested and incarcerated in the Philadelphia Department of Prisons ("PDP") on December 16, 2021. *Id*. at ¶ 58.

12. Plaintiffs allege that Decedent had pre-existing Type I diabetes. *Id*. at ¶ 54.

13. Plaintiffs allege that during his incarceration, Decedent was hospitalized on numerous occasions, including a hospitalization at Norristown Psychiatric Hospital from March 23, 2023 through October 28, 2023. *Id*. at ¶¶ 59, 61, 62, 69.

14. Plaintiffs allege that Decedent returned to CFCF from Norristown State Psychiatric Hospital on October 28, 2023, at which time he underwent a medical screening by Apollon, which revealed a glucose level of 542. *Id*. at ¶¶ 71 – 73.

15. Plaintiffs allege that Decedent should have, but was not sent to the infirmary or and outside hospital for medical treatment. *Id*. at ¶ 76.

16. Plaintiffs allege the failure to send Decedent for emergency medical treatment resulted in a worsening of Decedent's condition, and he subsequently died from diabetic ketoacidosis on November 6, 2025. *Id*. at ¶ 88.

17. Plaintiffs allege that Decedent's injuries and death are the result of, *inter alia*, alleged deliberate indifference, objective unreasonableness, and negligence of Apollon. *Id*. at ¶¶ 161 – 164, 165 – 168.

### B. YesCare Corp.'s Third Party Complaint

18. On or around July 10, 2025, YesCare Corp. ("YesCare") filed a Third Party Complaint against CareerStaff alleging that Apollon was a direct employee of CareerStaff at the time of the events complained of in the First Amended Complaint. A true and accurate copy of the Third Party Complaint is attached hereto as Exhibit 2.

19. On October 30, 2025, CareerStaff filed its Answer and Affirmative Defenses to the Third Party Complaint.

### C. History Between CareerStaff Unlimited, LLC and Tekaccel, Inc.

20. On or around July 12, 2022, CareerStaff and Tekaccel entered into a Staffing Vendor Services Agreement (the "Vendor Agreement") pursuant to which CareerStaff agreed to provide Tekaccel access to its vendor management system ("VMS"), through which Tekaccel was to submit candidates for temporary workers directly to correctional centers operated by affiliates of CHS Staffing, LLC and its affiliated companies (the "Correctional Centers"). A true and accurate copy of the Vendor Agreement is attached hereto as Exhibit 3.

21. Pursuant to the Vendor Agreement, the Correctional Centers were to submit work orders for personnel through the VMS, and Tekaccel was to submit candidates to fill the work orders using the VMS. *Id.* at ¶¶ 1.2, 1.3.

22. Pursuant to the Vendor Agreement, all personnel submitted by Tekaccel "shall have the skills, experience, and qualifications specified in the Work Order." *Id.* at ¶ 1.4.

23. Pursuant to the Vendor Agreement, Defendant Mariesha Apollon was accepted by the Correctional Centers as a candidate to work at the CFCF, where she was working at all times relevant hereto.

24. The Vendor Agreement required, *inter alia*, all workers that were supplied to the Correctional Centers to be employees of Tekaccel. *Id.* at ¶ 5.1.1.

25. As the employer of workers supplied to the Correctional Centers, Tekaccel was required, *inter alia*, to maintain payroll records, calculate wages and withhold taxes, and pay fringe benefits, if any. *Id.* at ¶ 5.3.

26. The Vendor Agreement provides that "Each Party shall indemnify, defend and hold the other…harmless from any claim, demands and costs, including attorneys' fees, by any third party due to or arising out of…***Any act or omission by a Party or its agents, servants, or employees pursuant to this Agreement which results in a claim for bodily injury or death or property loss or damage by whomsoever***… *Id.* at ¶¶ 9, 9.1.3. (emphasis added).

27. In accordance with the Vendor Agreement, Tekaccel employed Defendant Mariesha Apollon while she worked at the CFCF at all times relevant hereto.

28. Solely for the purpose of this Fourth Party Complaint, without admitting the accuracy or truth of same, Third Party Defendant/Fourth Party Plaintiff, CareerStaff Unlimited,

5

LLC incorporates herein by reference the allegations contained in Plaintiff's First Amended Complaint and YesCare Corp.'s Third Party Complaint.

## COUNT I
## MEDICAL NEGLIGENCE

29. Third Party Defendant/Fourth Party Plaintiff, CareerStaff Unlimited, LLC, incorporates by reference the foregoing paragraphs of this Fourth Party Complaint as if fully set forth at length herein.

30. CareerStaff denies all allegations of liability with respect to the claims asserted by Plaintiffs and YesCare. With preservation of all denials of liability, CareerStaff avers that pursuant to the Vendor Agreement with Tekaccel and any amendments thereto, Tekaccel is contractually obligated to defend and indemnify CareerStaff with respect to Plaintiffs' and YesCare's claims and alleged damages.

31. To the extent that Plaintiffs and/or YesCare are awarded damages based upon the allegations of negligence and other liability producing conduct contained in Plaintiffs' First Amended Complaint and YesCare's Third Party Complaint, such allegations being incorporated herein and specifically denied, then such damages were caused by the negligence and other liability producing conduct of Defendant Mariesha Apollon.

32. At all times material to the events described in the Plaintiffs' First Amended Complaint and YesCare's Third Party Complaint, Mariesha Apollon was a direct employee of Tekaccel, which is liable, as her employer, for the negligence or other liability-producing conduct of Mariesha Apollon.

33. If CareerStaff is found liable, then any such liability is the direct result of the services provided by Mariesha Apollon, acting by and through its employee, Mariesha Apollon.

34. Pursuant to the Vendor Agreement and any amendments thereto, Tekaccel is contractually obligated to defend and indemnify CareerStaff, and is liable over to CareerStaff for all attorney's fees and costs.

35. To the extent that CareerStaff is held to be liable to the Plaintiffs, YesCare, or to any party for damages, with said liability being herein expressly denied, such damages were caused by the acts and/or omissions of Fourth Party Defendant Tekaccel, which is or may be solely liable to the Plaintiffs and/or YesCare, and/or jointly and/or severally liable with Fourth Party Plaintiff CareerStaff, and/or liable over to the Fourth Party Plaintiff CareerStaff by way of contribution and/or indemnification, contractually or otherwise, with all liability on the part of Third Party Defendant/Fourth Party Plaintiff CareerStaff Unlimited, LLC being herein expressly denied.

Wherefore, Third Party Defendant/Fourth Party Plaintiff CareerStaff Unlimited, LLC demands judgment in its favor, together with costs, attorney's fees, interest, and any additional relief deemed just and appropriate.

## COUNT II
## DELIBERATE INDIFFERENCE

36. Third Party Defendant/Fourth Party Plaintiff, CareerStaff Unlimited, LLC, incorporates by reference the foregoing paragraphs of this Fourth Party Complaint as if fully set forth at length herein.

37. CareerStaff denies all allegations of liability with respect to the claims asserted by Plaintiffs and YesCare. With preservation of all denials of liability, CareerStaff avers that pursuant to the Vendor Agreement with Tekaccel and any amendments thereto, Tekaccel is contractually obligated to defend and indemnify CareerStaff with respect to Plaintiffs' and YesCare's claims and alleged damages.

38. To the extent that Plaintiffs and/or YesCare are awarded damages based upon the allegations of deliberate indifference and other liability producing conduct contained in Plaintiffs' First Amended Complaint and YesCare's Third Party Complaint, such allegations being incorporated herein and specifically denied, then such damages were caused by the deliberate indifference and other liability producing conduct of Defendant Mariesha Apollon.

39. At all times material to the events described in the Plaintiffs' First Amended Complaint and YesCare's Third Party Complaint, Mariesha Apollon was a direct employee of Tekaccel, which is liable, as her employer, for the deliberate indifference or other liability-producing conduct of Mariesha Apollon.

40. If CareerStaff is found liable, then any such liability is the direct result of the services provided by Mariesha Apollon, acting by and through its employee, Mariesha Apollon.

41. Pursuant to the Vendor Agreement and any amendments thereto, Tekaccel is contractually obligated to defend and indemnify CareerStaff, and is liable over to CareerStaff for all attorney's fees and costs.

42. To the extent that CareerStaff is held to be liable to the Plaintiffs, YesCare, or to any party for damages, with said liability being herein expressly denied, such damages were caused by the acts and/or omissions of Fourth Party Defendant Tekaccel, which is or may be solely liable to the Plaintiffs and/or YesCare, and/or jointly and/or severally liable with Fourth Party Plaintiff CareerStaff, and/or liable over to the Fourth Party Plaintiff CareerStaff by way of contribution and/or indemnification, contractually or otherwise, with all liability on the part of Third Party Defendant/Fourth Party Plaintiff CareerStaff Unlimited, LLC being herein expressly denied.

Wherefore, Third Party Defendant/Fourth Party Plaintiff CareerStaff Unlimited, LLC demands judgment in its favor, together with costs, attorney's fees, interest, and any additional relief deemed just and appropriate.

## COUNT III
## BREACH OF CONTRACT (CONTRACTUAL INDEMNIFICATION)

43. Third Party Defendant/Fourth Party Plaintiff, CareerStaff Unlimited, LLC, incorporates by reference the foregoing paragraphs of this Fourth Party Complaint as if fully set forth at length herein.

44. CareerStaff denies all allegations of liability with respect to the claims asserted by Plaintiffs and YesCare. With preservation of all denials of liability, CareerStaff avers that pursuant to the Vendor Agreement with Tekaccel and any amendments thereto, Tekaccel is contractually obligated to defend and indemnify CareerStaff with respect to Plaintiffs' and YesCare's claims and alleged damages.

45. On or around July 12, 2022, CareerStaff and Tekaccel entered into the Vendor Agreement, pursuant to which CareerStaff agreed to provide Tekaccel access to the VMS, through which Tekaccel was to submit candidates for temporary workers directly to the Correctional Centers. *See* Exhibit 3, generally.

46. Pursuant to the Vendor Agreement, the Correctional Centers were to submit work orders for personnel through the VMS, and Tekaccel would submit candidates to fill the work orders using the VMS. *Id*. at ¶¶ 1.2, 1.3.

47. Pursuant to the Vendor Agreement, all personnel submitted by Tekaccel "shall have the skills, experience, and qualifications specified in the Work Order." *Id*. at ¶ 1.4.

48. Pursuant to the Vendor Agreement, Defendant Mariesha Apollon was accepted by the Correctional Centers as a candidate to work at the CFCF, where she was working at all times relevant hereto.

49. With respect to liability, the Vendor Agreement provides that "Each Party shall indemnify, defend and hold the other…harmless from any claim, demands and costs, including attorneys' fees, by any third party due to or arising out of…***Any act or omission by a Party or its agents, servants, or employees pursuant to this Agreement which results in a claim for bodily injury or death or property loss or damage by whomsoever***… *Id*. at ¶¶ 9.1, 9.1.3. (emphasis added).

50. Neither CareerStaff nor Tekaccel modified the aforementioned terms, which were in full force and effect at all times relevant hereto, including on October 28, 2023.

51. The Vendor Agreement was in full force and effect at all times relevant hereto.

52. The Vendor Agreement is a valid and enforceable contract.

53. CareerStaff performed all of its material obligations under the Vendor Agreement.

54. According to Plaintiffs' First Amended Complaint, Decedent's injuries and death are the result of, *inter alia*, alleged deliberate indifference, objective unreasonableness, and negligence of Apollon. *Id*. at ¶¶ 161 – 164, 165 – 168.

55. In light of the claims asserted against CareerStaff in this matter, and pursuant to the Vendor Agreement, Tekaccel owes CareerStaff a contractual duty of indemnification.

56. Despite its obligation to do so, and assuming for the purposes of this claim that Plaintiffs' averments are true, Tekaccel has failed to defend and indemnify CareerStaff in connection with the averments of Plaintiffs' First Amended Complaint and YesCare's Third Party Complaint, which constitutes a substantial and material breach of the Vendor Agreement.

57. As a direct and proximate result of Tekaccel's breach of the Vendor Agreement, CareerStaff has suffered and will continue to suffer damages in excess of this Court's jurisdictional limits.

58. To the extent that CareerStaff is held to be liable to the Plaintiffs, YesCare, or to any party for damages, with said liability being herein expressly denied, such damages were caused by the acts and/or omissions of Fourth Party Defendant Tekaccel, which is or may be solely liable to the Plaintiffs and/or YesCare, and/or jointly and/or severally liable with Fourth Party Plaintiff CareerStaff, and/or liable over to the Fourth Party Plaintiff CareerStaff by way of contribution and/or indemnification, contractually or otherwise, with all liability on the part of Third Party Defendant/Fourth Party Plaintiff CareerStaff Unlimited, LLC being herein expressly denied.

Wherefore, Third Party Defendant/Fourth Party Plaintiff CareerStaff Unlimited, LLC demands judgment in its favor, together with costs, attorney's fees, interest, and any additional relief deemed just and appropriate.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI

By: */s/ Danielle Pell*
    Danielle Pell, PA Bar No. 332590
    dpell@grsm.com
    1717 Arch St., Ste. 610
    Philadelphia, PA 19103
    (215) 717-4021
    *Counsel for Third Party Defendant/Fourth Party Plaintiff*