IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, <br><br> Defendants. | CIVIL ACTION <br> No. 2:24-cv-05618-TJS <br><br><br><br><br><br> ELECTRONICALLY FILED |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION
TO COMPEL PRODUCTION OF FINANCIAL DOCUMENTS**

**I.    FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiffs Jacob and James Jung, as administrators of the estate of Louis Jung, Jr., initiated this civil action by filing a complaint on October 23, 2024, and a First Amended Complaint on March 14, 2025.

Plaintiffs asserted the following claims against Defendant YesCare: (COUNT I) deliberate indifference and objective unreasonableness as to plaintiff's serious need for medical care in violation of the Fourteenth Amendment; (COUNT II) medical malpractice; (COUNT V) failure to train or supervise staff to provide proper medical care or discipline staff who failed to provide proper medical care in violation of the Fourteenth Amendment; (COUNT VI) wrongful death; and (COUNT VII) a survival action.

1

Plaintiffs seek punitive damages from Defendant YesCare for each claim. First Amended Complaint (FAC), ECF No. 27 ¶ 187 and Prayer for Relief.

On October 10, 2025, Plaintiffs served the following discovery request on Defendant:

(1) Please produce any and all insurance coverages for YesCare, including umbrella coverage, from January 1, 2023 to present.

(2) Please produce all documents reflecting the financial condition at any time from January 1, 2023, to the present, of YesCare including but not limited to: annual financial reports, revenue statements, statements of income, balance sheets, profit and loss statements, shareholder reports, and cash flow statements.

(3) Please produce all YesCare entities' income tax returns (both federal and state) for the tax years 2020 to the present.[1]

(4) Please produce all documents provided by YesCare entities to any bank, financial institution, or lender with respect to any and all loans or lines of credit sought on behalf of YesCare, including but not limited to all loan applications, line of credit applications, financial statements, and/or statements of financial condition, income, revenue, value, net worth, solvency, and/or financial stability at any time from January 1, 2023, to the present.

Exhibit A at 5-6.

On November 7, 2025, Defendant YesCare served a response and produced an insurance policy responsive to RPD (1). YesCare failed to produce any documents responsive to RPDs (2)-(4), objecting as follows: "This Request seeks information regarding the financial wherewithal of the Answering Defendant. F.R.Civ.P. 26 does not permit discovery of information relative to the defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant and cannot lead to the discovery of admissible evidence." Exhibit B at 3.

As certified below, Plaintiffs attempted to confer in good faith with Defendant YesCare about this request. Plaintiffs e-mailed counsel for Defendant YesCare relevant caselaw demonstrating the discoverability of such information in light of Plaintiffs' claims for punitive

---

[1] While this request contained the date 2020, Plaintiffs intended to request income tax returns from 2022 to the present, and have modified the proposed order accordingly.

2

damages. Exhibit C. Defendants' counsel failed to respond to this letter or a follow up email. Exhibit D.

## II. PLAINTIFFS ARE ENTITLED TO PRETRIAL DISCOVERY INTO DEFENDANT YESCARE'S FINANCIAL CONDITION BECAUSE IT IS RELEVANT TO THEIR CLAIMS FOR PUNITIVE DAMAGES.

Defendant YesCare's only objection to Plaintiffs' request for financial documents is on the grounds of relevance. Defendant YesCare's vague relevance objection is unsustainable under the law of this circuit. Plaintiffs are clearly entitled to the above-requested financial information to pursue their punitive damages claims. Plaintiffs are entitled to this financial information at this stage of litigation, and they are entitled to the financial information as requested in full.

Pursuant to Rule 26(b)(1) of the Federal Rules of Civil Procedure, "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable."[2] Parties may serve requests for the production of documents "within the scope of Rule 26(b)." Fed. R. Civ. P. 34.

Information regarding the financial wherewithal of Defendant YesCare is directly relevant to Plaintiffs' claims for punitive damages and will be admissible at trial. "In Pennsylvania, a jury may consider a defendant's net worth in weighing an award for punitive damages." *E.J. Lavino &*

---

[2] While ultimately immaterial, Defendant YesCare's objection misstates the relevant standard. Fed. R. Civ. P. 26 has not been limited "to lead to the discovery of admissible evidence" since 2015. See Fed. R. Civ. P. 26, Committee Notes–2015 Amendment ("The former provision for discovery of relevant but inadmissible information that appears "reasonably calculated to lead to the discovery of admissible evidence" is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery").

*Co. v. Universal Health Servs., Inc.*, No. CIV. A. 89-2717, 1991 WL 275767, at *1 (E.D. Pa. Dec. 20, 1991). *See* Restatement (Second) of Torts § 908(2); *Caranci v. Monsanto Co.*, 338 A.3d 151, 172 (Pa. Super. 2025), *reargument denied* (July 15, 2025) ("In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause, and the wealth of the defendant" (cleaned up) (*quoting Bert Co. v. Turk*, 298 A.3d 44, 61-62 (Pa. 2023)).

A defendants' financial condition is relevant and discoverable under the federal rules when a claim for punitive damages has been properly pled. *Long v. H.D.J. Co.*, No. 03-3054, 2004 WL 1427144, at *1 (E.D. Pa. June 14, 2004) ("Defendant's financial information is clearly discoverable in light of Plaintiff's punitive damages claim") (citations omitted); *Stolar-Demharter v. Wexford Health Sources, Inc.*, No. CV 23-87, 2024 WL 198588, at *2 (W.D. Pa. Jan. 18, 2024) ("It is well-settled that evidence of financial condition is relevant to the question of the level of punitive damages") (citations omitted). Courts regularly grant motions to compel discovery of financial information in light of their relevance to punitive damages claims. *See Renshaw v. Ravert*, 82 F.R.D. 361, 363 (E.D. Pa. 1979) ("when a plaintiff seeks punitive damages, the defendant's financial status becomes a relevant consideration"); *Vivino v. Everlast Sporting Goods Mfg.* Co., No. 87-1161, 1987 WL 17571 at *2 (E.D. Pa. Sept. 28, 1987) ("Evidence of defendant's net worth is clearly relevant under Pennsylvania law to the issue of punitive damages"); *Hirtle Callaghan Holdings v. Thompson*, No. CV 18-2322, 2021 WL 1163739, at *4 (E.D. Pa. Mar. 26, 2021) ("A defendant's wealth is relevant in calculating exemplary damages").

The severity of Plaintiffs' allegations makes plain the "importance of the issues at stake in the action." Fed. R. Civ. P. 26(b)(1). Plaintiffs have properly pled that Defendant YesCare engaged in multiple patterns of acts and omissions that systematically denied individuals proper care for

4

diabetes, in direct contravention of their representations to the Philadelphia Department of Prisons; engaged in customs of understaffing, failure to train personnel, and failure to respond to emergency situations, despite actual knowledge of their frequent failures to respond appropriately; and that their policies, practices, and customs resulted in Louis Jung, Jr.'s months of suffering and painful death. *See* FAC ¶¶ 131-148. Plaintiffs intend to prove at trial that Defendant YesCare's conduct was willful, wanton, or recklessly indifferent to Louis Jung, Jr.'s rights.

In other words, plaintiffs have pled allegations sufficient to pursue punitive damages to the fullest extent of the law. These pleadings are all that is required for Plaintiffs to be entitled to pretrial discovery into Defendant YesCare's financial condition. The "weight of authority requires that a defendant disclose his financial condition in pretrial discovery without requiring a prima facie showing of punitive damages to justify the discovery." *Caruso v. Coleman Co.*, 157 F.R.D. 344, 348 (E.D. Pa. 1994) (citation omitted); *see also Angulo v. Tarapchak*, No. 18-736, 2018 WL 4096294, at *2 (M.D. Pa. Aug. 28, 2018) ("discovery of financial information is allowed before a court makes a finding regarding the award of punitive damages") (citation omitted); *Grosek v. Panther Transp., Inc.*, 251 F.R.D. 162, 166 (M.D. Pa. 2008) ("delaying discovery on these [financial] matters until after the discovery of evidence supporting punitive damages would be inefficient and delay conclusion of the case"); *Stolar-Demhart*, 2024 WL 198588 at *2 (requests to delay discovery of financial information until resolution of anticipated motion for summary judgment "would impose an evidentiary and procedural requirement that has been rejected on both substantive and efficiency grounds").

The parties' "relative access to relevant information" is entirely one-sided, establishing "the importance of the discovery in resolving" this issue. Fed. R. Civ. P. 26(b)(1). Defendant YesCare Corp. is a privately held corporation that does not file yearly or quarterly reports with the

Securities and Exchange Commission.[3] Defendant YesCare Corp. has specifically represented to nine Senators of the United States that the "total value of YesCare's assets is not information that is publicly available."[4] The discovery process is the only way for Plaintiffs to access Defendant YesCare's financial information.

Defendant YesCare has made no argument that the request for information is unduly burdensome. Indeed, courts regularly grant motions to compel financial information similar in scope to the requests made here. *See Stolar-Demharter v. Wexford*, No. CV 23-87, 2024 WL 198588, at *3 (W.D. Pa. Jan. 18, 2024) (granting motion to compel); *Stolar-Demharter v. Wexford*, No. CV 23-87, ECF No. 43 (Motion to Compel seeking "All financial information showing Defendant's financial condition for the last five (5) years, including, but not limited to, the following: a. Annual gross revenue, b. Annual gross income, c. Balance sheets, d. Income statements, e. Cash flow statements, and f. Lines of credit"); *Long v. H.D.J. Co.*, No. CIV.A.03-3054, 2004 WL 1427144, at *2 (E.D. Pa. June 14, 2004) (granting motion to compel two years of "tax returns and financial statements"); *Caruso,* 157 F.R.D. at 348 (granting motion to compel six years' worth of "information concerning defendant's total sales revenue" and three years' worth of financial statements).

---

[3] The only yearly filings available (for a fee) from the Secretary of State for the State of Texas, where Defendant YesCare Corp. incorporated in 2022, are Texas Franchise Tax Public Information Reports that contain no description of assets, net worth, or financial condition. https://direct.sos.state.tx.us/. A search for YesCare on the SEC website yields no results. See https://www.sec.gov/edgar/search/#/entityName=YesCare (last accessed Nov. 12, 2025).

[4] Letter to Senators Warren, Durbin, Hirono, Merkley, Blumenthal, Wyden, Sanders, Welch and Booker "Re: October 24, 2023 Letter to YesCare Corp. and Tehum Care Services, Inc.," Raphael A. Prober, Counsel for YesCare (Nov. 15, 2023) at 8, available at https://www.warren.senate.gov/imo/media/doc/2023.11.15%20YesCare%20Response%20to%20Senate%20Letter%20[Redacted].pdf

### III. CONCLUSION

For the foregoing reasons, Plaintiffs respectfully request this Honorable Court to enter the proposed Order submitted herewith.

Respectfully submitted,

*/s/ Bret Grote*
Bret Grote (PA 317273)
*/s/ Rupalee Rashatwar*
Rupalee Rashatwar (PA 331085)
*/s/ Margaret Hu*
Margaret Hu (PA 334438)
*/s/ Lolo Salsbury Serrano*
Lolo Salsbury Serrano (PA 338184)
990 Spring Garden
Philadelphia, PA 19123
(412) 654-9070
bretgrote@abolitionistlawcenter.org
rupalee@alcenter.org
margo@alcenter.org
lolo@alcenter.org

**CERTIFICATION PURSUANT TO RULE 37 AND LOCAL RULE 26.1(f)**

I, Bret Grote, certify that on November 12, 2025 I sent an email to Thomas Gregory, Esq., counsel for Defendant YesCare Corp., about YesCare's failure to respond fully to Plaintiffs' Second Request for Production of Documents. The email was sent prior to a deposition in the case that Attorney Gregory attended. Attorney Gregory did not respond to the letter sent on November 12, so Plaintiff's counsel sent a follow up email on November 14, which also received no response. Plaintiffs' Second Request was served on October 10, 2025, and Defendant YesCare served a partial response on November 7, 2025.

*/s/ Bret Grote*
PA I.D. No. 317273
Abolitionist Law Center
990 Spring Garden, Suite 306
Philadelphia, PA 19123
(412) 654-9070
bretgrote@alcenter.org

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : | **CIVIL ACTION NO.** **2:24-cv-05618-TJS** |
| Plaintiff, | : : | |
| v. | : : : | **ELECTRONICALLY FILED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : : : : : : : : | |
| Defendants. | : | |

## CERTIFICATE OF SERVICE

I, Lolo Salsbury Serrano, hereby certify that a true and correct copy of the foregoing Brief in Support of Plaintiffs' Motion to Compel Production of Financial Documents, with accompanying exhibits, has been electronically filed on this date of November 14, 2025 and served upon Defendants' counsel via the Court's ECF system.

*/s/ Lolo Salsbury Serrano*
PA I.D. No. 338184
Abolitionist Law Center
990 Spring Garden, Suite 306
Philadelphia, PA 19123
lolo@alcenter.org