IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, <br><br> Plaintiff, <br><br> v. <br><br> CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, <br><br> Defendants. | No. 2:24-cv-05618-TJS <br><br><br> JURY TRIAL DEMANDED |

## PLAINTIFFS SECOND REQUEST FOR PRODUCTION OF DOCUMENTS TO DEFENDANT YESCARE CORP.

Pursuant to Rules 26 and 34 of the Federal Rules of Civil Procedure, Plaintiffs Jacob and James Jung as the Administrators of the Estate of Louis Jung, by their undersigned counsel, hereby request that Defendants YesCare Corp. produce all responsive documents to the following requests.

### INSTRUCTIONS

1. You are required in responding to these document requests to obtain and produce all responsive documents in your possession, custody, or control including your counsel.

2. Where specific documents are requested, such request shall be interpreted to include any other documents that contain information relevant or responsive to the request other than exact duplicate documents.

3. If a document described by the request was but no longer is in existence or subject to the control of you or your attorney, state: (a) the last known location of that document; (b) the names of all persons with knowledge of the contents of the document; and (c) why the document is no longer in existence or subject to such control.

4. If a document responsive to a request was previously provided to Plaintiff's counsel please state in your response: (a) the name or title of the document; (b) the name of the Plaintiff's counsel to whom the document was provided; and (c) the method by which the document was provided (e.g., email, etc.).

5. Each request represents a continuing and ongoing request for production. The fact that Defendants may have ongoing investigations or inquiries regarding the subjects covered by these Requests is no basis to withhold responsive documents that currently exist. If additional responsive documents are created or received after service of your responses to these Requests, you must promptly produce such documents without another or further request and revise and serve updated discovery responses consistent with the Federal Rules of Civil Procedure.

6. Any document request propounded in the disjunctive shall also be read as propounded in the conjunctive and vice versa. Any document request propounded in the singular shall also be read as propounded in the plural and vice versa. Any document request propounded in the present tense shall also be read as propounded in the past tense and vice versa. The word "each" shall be understood to include and encompass "every" and vice-versa. "All" and "any" should be understood to mean "any and all."

7. If a document request calls for a response as to which you claim any privilege, set forth each and every fact on which your claim of privilege is based with sufficient specificity to permit the court to make a determination as to whether your claim of privilege is valid, including, but not limited to: (a) the number and particular part of the document request to which the claimed privileged information is responsive; (b) a description of the information or communications; (c) the date and time of the information or communications; (d) the basis upon which the privilege is claimed; and (e) the identity of each person (other than the attorneys representing you in this action) to whom the information or contents of the communication have been disclosed, either orally or by document.

8. If you object to any document request on the ground that the request is overbroad, you are instructed to respond to the document request as narrowed to conform to your objection within the thirty-day period allowed for a response.

9. If you object to any document request in whole or in part on the ground that the request is unreasonably burdensome, identify the approximate number and nature of the documents needed to be searched, the location of the documents, and the number of person-hours and costs required to conduct the search. You are instructed to respond to the document request as narrowed to conform to your objection within the thirty-day period allowed for a response.

10. No document request should be left unanswered. If the answer to a request or subparagraph of a request is "none" or "unknown," the word "none" or "unknown" must be written in the answer. If the request is inapplicable, "n/a" must be written as the response.

11. Produce photographs, video, and audio recordings responsive to a document request in the format in which they were originally created. Where photographs were taken

digitally, produce an electronic copy. Where photographs exist only in hard copy, produce high resolution copies printed on standard photographic stock.

12. Unless otherwise stated in the individual Requests below, the time period applicable to each Request is from January 1, 2020 - present.

## DEFINITIONS

Unless specifically stated otherwise, these requests for the production of documents shall be read and interpreted in accordance with the definitions set forth below:

1. The terms "you," and "your" and "YesCare" mean the YesCare Corp, as well as all arms, branches, agencies, institutions, and departments of YesCare Corp., including all employees, agents, and others acting on behalf thereof.

2. The term "Defendant(s)" refers to Defendants in the above-captioned action.

3. The term mental health care includes, but is not limited to, care provided by a psychiatrist, psychologist, or social worker.

4. The term "person(s)" means any natural person and/or any corporation, association, government body or agency or other business enterprise or legal entity, and means both the singular and plural.

5. The terms "document(s)" and "record(s)" include all materials listed in Rule 34(a) of the Federal Rules of Civil Procedure (including, but not limited to, written, typewritten, printed, recorded, taped, graphic, magnetic, photographed, filmed, and computer-based materials) in the possession, custody, or control of you or your attorney, or known by you or your attorney, to exist. If a document has been prepared in several copies, or additional copies have been made

that are not identical (or no longer identical by reason of subsequent notation or other modification of any kind whatever, including without limitation notations on the backs of pages thereof) each non-identical copy is a separate document to be produced.

6. The term "correspondence" refers to letters, e-mails, texts, electronic communications, telexes, facsimiles, memoranda, and any other documents used to make or to record communications.

7. The terms "concern," "concerning," "relate," "relating," "refer," and "referring" mean concerning, relating to, referring to, recording, regarding, evidencing, containing, setting forth, constituting, establishing, compromising, reflecting, memorializing, showing, disclosing, describing, explaining, summarizing, substantiating, supporting or negating (whether directly or indirectly), identifying, or pertaining to.

8. The terms "policy" and "policies" refer to any rules, regulations, guidelines, customs, laws, procedures, directives, practices, or courses of conduct, whether formal or informal, written or unwritten, recorded, or unrecorded.

## REQUESTS FOR PRODUCTION

1. Please produce any and all insurance coverages for YesCare, including umbrella coverage, from January 1, 2023 to present.

2. Please produce all documents reflecting the financial condition at any time from January 1, 2023, to the present, of YesCare including but not limited to: annual financial reports, revenue statements, statements of income, balance sheets, profit and loss statements, shareholder reports, and cash flow statements.

3. Please produce all YesCare entities' income tax returns (both federal and state) for the tax years 2020 to the present.

4. Please produce all documents provided by YesCare entities to any bank, financial institution, or lender with respect to any and all loans or lines of credit sought on behalf of YesCare, including but not limited to all loan applications, line of credit applications, financial statements, and/or statements of financial condition, income, revenue, value, net worth, solvency, and/or financial stability at any time from January 1, 2023, to the present.

Respectfully submitted,

*/s/ Bret Grote*
Bret Grote (PA 317273)
*/s/ Nia Holston*
Nia Holston (PA 327384)
*/s/ Rupalee Rashatwar*
Rupalee Rashatwar (PA 331085)
*/s/ Margaret Hu* *
Margaret Hu (PA 334438)
990 Spring Garden
Philadelphia, PA 19123
(412) 654-9070
bretgrote@abolitionistlawcenter.org
nia@alcenter.org
rupalee@alcenter.org
margo@alcenter.org

DATE: October 10, 2025