IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PA

| | |
|---|---|
| JACOB and JAMES JUNG as Administrators for the Estate of LOUIS JUNG, JR.<br>v.<br>CITY OF PHILADELPHIA; YES CARE CORP., BLANCHE CARNEY, LALITHA TRIVIKRAM, MAUREEN GAY, and BLAIR CABELLOS, et al. | CASE NO. 24-CV-05618 |

## ANSWERS OF DEFENDANT YES CARE CORP. TO PLAINTIFFS' SECOND (SIC)[1] SET OF REQUEST FOR PRODUCTION OF DOCUMENTS

Pursuant to the applicable Rules of Civil Procedure, Answering Defendant YesCare Corp., hereby responds to the Plaintiffs' Third Request to Produce. Each response is subject to all objections as to competence, relevance, materiality, propriety, and admissibility, and to any and all other objections on any grounds that would require the exclusion of any statements or documents contained herein if such documents were asked of, or documents contained herein were made by, a witness presented and testifying in Court, all of which objections and grounds are expressly reserved and may be interposed at the time of Trial.

Answering Defendant responds to Plaintiffs' Third Request to Produce subject to the following objections and responses ("General Objections"), expressly preserving and without waiving such objections, the Answering Defendant does not waive any of these objections by making responses or by providing documents attached hereto.

### GENERAL OBJECTIONS

I.  Answering Defendant objects to Plaintiffs' Third Request to Produce to the extent that they seek information protected from disclosure by the attorney/client privilege, the work/product doctrine, or any other applicable privilege, rule of law or statute limiting discovery. To the extent

---

[1]  Although the present "Request" is the Third such set propounded by the plaintiffs, it has been erroneously titled "Second" set.

applicable, any waiver of such privilege will be set forth specifically in the response to the request for production of documents.

II.     Answering Defendant objects to Plaintiffs' Third Request to Produce to the extent that they are overly broad, unduly burdensome and/or seek information that is not relevant to the subject matter of this action and were reasonably calculated to the discovery of admissible evidence.

III.    Answering Defendant objects to Plaintiffs' Third Request to Produce to the extent that they seek information concerning activities, policies, practices or procedures of any other party or person not under Answering Defendant's control, because those parties or persons are best able to provide responses concerning their operations.

IV.     All objections and responses to Plaintiffs' Request to Produce are made by the Answering Defendant, subject to, and without in any way waiving or intending to waive, but on the contrary, intending to reserve and reserving the right to object to other discovery practices and procedures involving or relating to the subject matter of the interrogatories.

V.      Answering Defendant objects to Plaintiffs' Third Request to Produce subject to and without in any way waiving or intending to waive, and expressly reserving any objections as to competency, relevancy, materiality, privilege, and admissibility of any information and documents.

VI.     Answering Defendant reserves the right to produce additional information and documents and to assert additional objections.

VII.    Answering Defendant objects to Plaintiffs' request for production of documents to the extent that the requests are in violation of the Rules of Civil Procedure, specifically, that the requests fail to provide a description of the specific documents requested with reasonable particularity. By way of further objection, Answering Defendant specifically objects to the attempts by the Plaintiffs to obtain file material regarding matters of representation between Answering Defendant and its counsel. Answering Defendant asserts that the Plaintiffs' attempt to obtain such information is improper, and the production of such information is protected from disclosure by the attorney/client privilege and/or the work/product doctrine.

VIII.   The General Objections shall be applicable and included in Answering Defendant's responses to Plaintiffs' Third Request to Produce as if set forth in full therein.

## REQUESTS FOR PRODUCTION

1. Please produce any and all insurance coverages for YesCare, including umbrella coverage, from January 1, 2023 to present.

**ANSWER:** A policy of Medical Professional Liability Insurance issued by Applied Medico-Legal Solutions Risk Retention Group, Inc. is being provided herewith.

2. Please produce all documents reflecting the financial condition at any time from January 1, 2023, to the present, of YesCare including but not limited to: annual financial reports, revenue statements, statements of income, balance sheets, profit and loss statements, shareholder reports, and cash flow statements.

**ANSWER:** Objection. This Request seeks information regarding the financial wherewithal of the Answering Defendant. F.R.Civ.P. 26 does not permit discovery of information relative to the defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant and cannot lead to the discovery of admissible evidence.

3. Please produce all YesCare entities' income tax returns (both federal and state) for the tax years 2020 to the present.

**ANSWER:** Objection. This Request seeks information regarding the financial wherewithal of the Answering Defendant. F.R.Civ.P. 26 does not permit discovery of information relative to the defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant and cannot lead to the discovery of admissible evidence.

4. Please produce all documents provided by YesCare entities to any bank, financial institution, or lender with respect to any and all loans or lines of credit sought on behalf of YesCare, including but not limited to all loan applications, line of credit applications, financial statements, and/or statements of financial condition, income, revenue, value, net worth, solvency, and/or financial stability at any time from January 1, 2023, to the present.

**ANSWER:** Objection. This Request seeks information regarding the financial wherewithal of the Answering Defendant. F.R.Civ.P. 26 does not permit discovery of information relative to the defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant and cannot lead to the discovery of admissible evidence.

**O'CONNOR KIMBALL LLP**

By: /s/ Thomas J. Gregory
Thomas J. Gregory, Esquire
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard

11/7/25

Philadelphia, PA 19102
215-564-0400        Facsimile: 215-564-1973
Email: tgregory@okllp.com
*Attorney for Defendants, YesCare Corp., Lalitha
Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PA

JACOB and JAMES JUNG as Administrators :
for the Estate of LOUIS JUNG, JR. :
            v.                       :     CASE NO. 24-CV-05618
YES CARE CORP., LALITHA TRIVIKRAM, :
MAUREEN GAY, and BLAIR CABELLOS, et al. :

## CERTIFICATE OF SERVICE

I, Thomas J. Gregory, Esquire, hereby certify that I caused a true and correct copy of the foregoing Supplemental Answers to Plaintiffs' Third Set of Request for Production of Documents to be served on this this _7th_ day of _November_, 2025, via electronic mail upon:

Bret Grote, Esquire
Rupalee Rashatwar, Esquire
Margaret Hu, Esquire
Lolo Salsbury Serrano, Esquire
Abolitionist Law Center
990 Spring Garden Street
Philadelphia, PA 19123
bretgrote@abolitionistlawcenter.org
rupalee@alcenter.org
margo@alcenter.org
lolo@alcenter.org
Attorneys for Plaintiffs

Jonathan Kaminsky, Esquire
Kiernan Trebach, LLP
10 Penn Center
1801 Market Street, Suite 770
Philadelphia, PA 19103
jkaminsky@kiernantrebach.com
sbaker@kiernantrebach.com
*Attorney for Defendant, Mariesha Apollon*

Michael Pestrak, Esquire
Emily M. Hoff, Esquire
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
michael.pestrak@phila.gov
emily.hoff@phila.gov
*Attorneys for Defendants, City of Philadelphia, Blanche Carney, CO Gena Fraiser and Lt Wanda Bloodsaw*

Danielle Pell, Esquire
Gordon Rees Scully
1717 Arch Street, Suite 610
Philadelphia, PA 19103
dpell@grsm.com
*Additional Defendant, CareerStaff Unlimited*

O'CONNOR KIMBALL LLP

By: _____
Thomas J. Gregory, Esquire
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
215-564-0400    Facsimile: 215-564-1973
Email: tgregory@okllp.com
*Attorney for Defendants, YesCare Corp., Lalitha Trivikram, M.D., Maureen Gay, N.P., and Blair Cabellos*