

Abolitionist Law Center
990 Spring Garden
Philadelphia, PA 19123
abolitionistlawcenter.org

Thomas J. Gregory
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102

November 12, 2025

**Re: Plaintiffs' Second Request for Production of Documents**

Tom,

      Defendant YesCare's Answer to Plaintiff's Second Request for Production of Documents objects to requests for information related to YesCare's financial condition. Defendant YesCare claims that "F.R.Civ.P. 26 does not permit discovery of information relative to the defendant's financial status, or ability to satisfy a judgment, since such matters are not relevant and cannot lead to the discovery of admissible evidence." Answers to Request 2-4.
      As an initial matter, this objection misstates the law. Fed.R.Civ.P. 26 has not required discovery to be limited to information that can lead to the discovery of admissible evidence since 2016. *See* Fed.R.Civ.P. 26(b)(1) and Committee Notes– 2015 Amendment ("The former provision for discovery of relevant but inadmissible information that appears "reasonably calculated to lead to the discovery of admissible evidence" is also deleted. The phrase has been used by some, incorrectly, to define the scope of discovery").
      More substantively, information relative to YesCare's financial status is plainly relevant to plaintiffs' claims in this matter, and will be admissible at trial. Plaintiffs have properly pled claims for punitive damages against all defendants. See First Amendment Complaint ¶ 187 and Prayer for Relief.
      "In Pennsylvania, a jury may consider a defendant's net worth in weighing an award for punitive damages." *E.J. Lavino & Co. v. Universal Health Servs., Inc.*, No. CIV. A. 89-2717, 1991 WL 275767, at *1 (E.D. Pa. Dec. 20, 1991). *See* Restatement (Second) of Torts § 908(2); *Baker v. Pennsylvania Nat. Mut. Cas. Ins. Co*., 522 Pa. 80, 84, 559 A.2d 914, 916 (1989) ("evidence of the defendant's wealth is relevant to the jury's determination of the amount of punitive damages"); *Caranci v. Monsanto Co.*, 2025 PA Super 101, 338 A.3d 151, 172 (2025), *reargument denied* (July 15, 2025) ("In assessing punitive damages, the trier of fact can properly consider the character of the defendant's act, the nature and extent of the harm to the plaintiff that the defendant caused or intended to cause, and the wealth of the defendant" (cleaned up) (quoting *Bert Co. v. Turk*, 298 A.3d 44, 61-62 (Pa. 2023)); *Hirtle Callaghan Holdings v. Thompson*, No. CV 18-2322, 2021 WL 1163739, at *4 (E.D. Pa. Mar. 26, 2021) ("A defendant's wealth is relevant in calculating exemplary damages"); *Vivino v. Everlast Sporting Goods Mfg. Co.*, No. 87-1161, 1987 WL 17571 at *2 (E.D. Pa. Sept. 28, 1987) (citation omitted) (finding evidence of defendant's net worth "clearly relevant" to issue of punitive damages).



**Abolitionist Law Center**
**990 Spring Garden**
**Philadelphia, PA 19123**
**abolitionistlawcenter.org**

Therefore, discovery as to defendants' financial condition is permissible when a claim for punitive damages has been properly pled. *Long v. H.D.J. Co.*, No. 03-3054, 2004 WL 1427144, at *1 (E.D. Pa. June 14, 2004) ("Defendant's financial information is clearly discoverable in light of Plaintiff's punitive damages claim" (citing *Caruso v. Coleman Co.*, 157 F.R.D. 344, 348 (E.D. Pa. 1994)); *Renshaw v. Ravert*, 82 F.R.D. 361, 363 (E.D. Pa. 1979) ("when a plaintiff seeks punitive damages, the defendant's financial status becomes a relevant consideration"); *Stolar-Demharter v. Wexford Health Sources, Inc.*, No. CV 23-87, 2024 WL 198588, at *2 (W.D. Pa. Jan. 18, 2024) ("It is well-settled that "evidence of financial condition is 'relevant to the question of the level of punitive damages,' so long as a claim for punitive damages has been properly asserted" (citing *Blank River Servs., Inc. v. TowLine River Serv., Inc.*, No. 2:19-CV-418, 2020 WL 13443864, at *2 (W.D. Pa. Mar. 25, 2020), *Grosek v. Panther Transp.*, Inc., 251 F.R.D. 162, 165 (M.D. Pa. July 22, 2008)); *EOT Prod. Co. v. Terra Servs., LLC*, No. 14-1053, 2018 WL 4300554, at *2 (W.D. Pa. Aug. 13, 2018) ("While it is true that Rule 26 generally does not permit discovery into a party's ability to satisfy a judgment, such discovery is permissible when a claim for punitive damages has been made.").

      Accordingly, we are request full and complete responses to Plaintiffs' Second Set of Requests for Production of Documents. Please respond by the end of day Thursday with a timeframe on when these documents will be produced. If we do not come to an agreement on the content and timing of production by that time we will seek court intervention.

Sincerely,

*/s/ Bret Grote*
Legal Director
Abolitionist Law Center