**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACOB and JAMES JUNG as administrators for the estate of LOUIS JUNG, JR.*,* | Civil Action No.  2:24-CV-05618-TJS |
| Plaintiffs, | |
| vs. | |
| YESCARE CORP., LALITHA TRIVIKRAM, MAUREEN GAY, BLAIR CABELLOS, et al., | |
| Defendants, | |
| vs. | |
| CAREERSTAFF UNLIMITED, LLC, | |
| Third Party Defendant, | |
| TEKACCEL, INC., | |
| Fourth Party Defendant. | |

## DEFENDANT CAREERSTAFF UNLIMITED, LLC'S MOTION FOR SUMMARY JUDGMENT

Defendant, CareerStaff Unlimited, LLC ("CareerStaff" or "Defendant"), by and through its undersigned counsel hereby sets forth this Motion for Summary Judgment and in support thereof avers as follows:

1.      CareerStaff seeks summary judgment against YesCare Corporation ("YesCare") pursuant to Fed. R. Civ. P. 56.  There is no genuine dispute as to any material fact and CareerStaff is entitled to judgment as a matter of law.

2.      Concurrent with this Motion, CareerStaff has filed its Concise Statement of Undisputed Material Facts.

3.      YesCare has failed to produce any evidence that there is any material issue in dispute with respect to either of its counts.  Quite the opposite, the undisputed evidence disproves all of YesCare's claims.

4.      Specifically, YesCare cannot prove its deliberate indifference claim under the Fourteenth Amendment because (1) there is no evidence, or even an allegation that CareerStaff's policies or customs caused any of Plaintiffs' alleged injuries and damages, and CareerStaff is a private company;

5.      Further, (2) YesCare has failed to produce even a scintilla of evidence to establish its allegation that CareerStaff employed Mariesha Apollon, such that it cannot prevail on either claim under a theory of vicarious liability;

6.      Similarly, YesCare's failure to produce any evidence supporting an employment relationship between CareerStaff and Mariesha Apollon is fatal to its common law contribution and indemnity claims under a theory of vicarious liability;

7.      Finally, YesCare's contractual indemnification claim fails as there are no contractual bases to support an obligation of CareerStaff to indemnify YesCare.

8.      There is no dispute that Nurse Mariesha Appolon was not an employee of CareerStaff and as a result of this undisputed fact of record any and all claims against CareerStaff  fail as a matter of law.

WHEREFORE, for the reasons set forth above and more fully in its Memorandum in Support of Motion for Summary Judgment, CareerStaff Unlimited, LLC respectfully requests

that its Motion for Summary Judgment be granted and YesCare Corporation's Third Party

Complaint be dismissed with prejudice.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI LLP

Date:  December 5, 2025                          By: _____

Alexander B. Possino, Esquire
PA Bar No. 324659
apossino@grsm.com
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
*Counsel for Third Party Defendant/Fourth
Party Plaintiff, CareerStaff Unlimited, LLC*