# EXHIBIT "E"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, : : : : Plaintiff, : : v. : : CITY OF PHILADELPHIA; YesCare Corp.; : BLANCHE CARNEY, Former : Commissioner of Philadelphia Dept. of Prisons; : LALITHA TRIVIKRAM; MAUREEN GAY; : MARIESHA APOLLON; BLAIR CABELLOS; : GENA FRASIER; WANDA BLOODSAW, : : Defendants. | No. 2:24-cv-05618-TJS<br><br>**JURY TRIAL DEMANDED** |

## DEFENDANT MARIESHA APOLLON'S OBJECTIONS AND ANSWERS TO PLAINTIFFS FIRST SET OF INTEROGATORIES

Defendant, Mariesha Apollon (hereinafter "Answering Defendant"), by and through her counsel, Kiernan Trebach, LLP, hereby answers Plaintiff's Interrogatories, as follows:

**GENERAL OBJECTIONS**

1. Answering Defendant objects to Plaintiffs' Interrogatories to the extent that the information sought is protected from discovery for any reason including the attorney-client privilege, and/or the attorney work product doctrine, and/or the Federal Rules of Civil Procedure.

2. Answering Defendant objects to Plaintiffs' Interrogatories to the extent that the information sought may be ascertained from an examination of either party's records, those records that are publicly available to each party, the review of documents produced in this litigation and/or those documents in which the burden of obtaining the information is substantially the same for Answering Defendants as for Plaintiff.

3. Answering Defendant objects to Plaintiffs' Interrogatories to the extent that they are unreasonable, oppressive, unduly burdensome and require the making of unreasonable investigation in

contravention of the Federal Rules of Civil Procedure.

4. Discovery is ongoing and Answering Defendant may continue to investigate the facts and circumstances alleged in Plaintiffs' Complaint. To the extent that additional information is uncovered, Answering Defendant reserves the right to modify these answers as necessary.

5. Answering Defendant objects to time frames of these interrogatories that are overly broad and burdensome insofar as it does not specify a beginning date and may include time periods that far precede Answering Defendant's services allegedly at issue in this litigation.

## GENERAL CONDITIONS

Answering Defendant asserts the following conditions with respect to its Objections and Answers to Plaintiff's Interrogatories:

1. When responding to any and all requests, Answering Defendant expressly reserves the right

   i. to object to the admissibility at trial of any information supplied as a result of any such response and/or to the admissibility at trial of any documents referenced therewith; and

   ii. to modify any of the said answers objections at a later date if further factual development or analysis warrants such modification or if additional documents are located which are properly called for by Plaintiffs' discovery requests.

2. All terms in Plaintiffs' Interrogatories have been given their usual and customary meaning and these answers and objections have been prepared in accordance with the Federal Rules of Civil Procedure rather than in accordance with any definitions, instructions or purported instructions contained in Plaintiffs' Interrogatories.

## ANSWERS

**INTERROGATORY NO. 1:**

Identify all sustained instances where Defendant Apollon was found to have failed to respond to a need for emergency medical care between January 1, 2020 and December 31, 2023, including the nature of the medical emergency, any injury or injuries suffered by the patient, and any remedial or disciplinary action taken in response.

>**ANSWER:** *Answering Defendant has never failed to respond to a need for emergency medical care.*

**INTERROGATORY NO. 2:**

Identify all trainings, training materials, presentations, and educational materials that Ms. Apollon was provided regarding recognition of signs and symptoms of diabetes.

>**ANSWER:** *Answering Defendant objects to the instant Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it seeks information not limited in time or scope. Subject to and without waiving said objection, and in response to the interrogatory as reasonably interpreted, Answering Defendant received general diabetes related training during her nursing school education and through prior employment at a nursing home. Such training included instruction on insulin administration, including selection of appropriate needle gauge, proper injection angle, recognition of common signs and symptoms of diabetes, and assessment for potential complications such as dehydration. Discovery is continuing and Answering Defendant reserves the right to supplement this Interrogatory.*

**INTERROGATORY NO. 3:**

Identify all trainings, training materials, presentations, and educational materials that Ms. Apollon was provided regarding recognition of signs and symptoms of medical distress and the provision of emergency medical care.

>**ANSWER:** *Answering Defendant objects to the instant Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it seeks information not limited in time or scope. Subject to and without waiving said objection, and in response to the interrogatory as reasonably interpreted, Answering Defendant received general medical emergency care related training during her nursing school education. Discovery is*

*continuing and Answering Defendant reserves the right to supplement this Interrogatory.*

**INTERROGATORY NO. 4:**

Identify and describe the process for referring a patient for placement in the infirmary or to a hospital during intake screening during Ms. Apollon's employment at PDP as Ms. Apollon understood it.

**ANSWER:** *Answering Defendant objects to the instant Interrogatory on the grounds that it calls for a legal conclusion. Without waiving said objection, and in response to the interrogatory as reasonably interpreted, Answering Defendant followed protocol and, after reviewing Mr. Jung's test results and observations with Maureen Gay, administered insulin per her instructions, checked ketones, and advised Mr. Jung to drink plenty of water to flush them. Answering Defendant did document that she administered Mr. Jung with the insulin. Answering Defendant was not trained on any protocol for referring a patient to the infirmary or hospital. Discovery is continuing and Answering Defendant reserves the right to supplement this Interrogatory.*

**INTERROGATORY NO. 5:**

Identify and describe the practice at PDP for providing and documenting the administration of insulin and glucose checks, including specific details as to the type of information to be documented, including information on medication refusal, and how such documentation should be retained.

**ANSWER:** *Answering Defendant objects to the instant Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it seeks information not limited in time or scope. Subject to and without waiving said objection, and in response to the interrogatory as reasonably interpreted, Answering Defendant followed prompts on a computer screen with pop ups for where to enter blood glucose numbers. If not entered*

*then it was not possible to proceed without entering in that information. Answering Defendant spoke to a supervisor named Smith about wanting more training on insulin refusal and proper ways to pass medication and proper documenting in the PDP, but Smith and the people in the Director of Nursing office told Answering Defendant that there was no additional training and that as a registered nurse, it is expected of her to know how it works at the PDP. Discovery is continuing and Answering Defendant reserves the right to supplement this Interrogatory.*

**INTERROGATORY NO. 6:**

Identify your immediate supervisors between October 27, 2023 and November 6, 2023 while working in PDP facilities and describe how you were to communicate patient information to them.

**ANSWER:** *A person with the first name of Marsha who was referred to as the Director of Nursing, and another person with the last name Smith. Both Marsha and Smith were stationed in the Director of Nursing office. Discovery is continuing and Answering Defendant reserves the right to supplement this Interrogatory.*

**INTERROGATORY NO. 7:**

Describe the content of any conversations or communications, including via telephone or email, that you had with any other staff working in PDP facilities pertaining to Louis Jung, Jr., including conversations or communications with the other Defendants in this matter.

**ANSWER:** *Answering Defendant objects to the instant Interrogatory on the grounds that it is overly broad and unduly burdensome to the extent it seeks information not limited in time or scope. Subject to and without waiving said objection, and in response to the interrogatory as reasonably interpreted, Answering Defendant had conversation with Co-*

*Defendant, Maureen Gay. Answering Defendant over the phone informed Maureen Gay about Jung's high sugar reading. Answering Defendant then checked Jung's urine for ketones, injected Jung with insulin, and instructed Jung to drink water to flush out the ketones as discussed with Maureen Gay. Discovery is continuing and Answering Defendant reserves the right to supplement this Interrogatory.*

**INTERROGATORY NO. 8:**

Describe what is considered elevated glucose levels and the medical risks associated with elevated glucose levels as understood by Defendant Apollon.

**ANSWER:** *Answering defendant objects to this Interrogatory inasmuch it is: (1) excessively overbroad, vague and undefined; (2) calls for expert opinion testimony, and (3) contains a compound question of two distinct inquiries. Discovery is continuing and Answering Defendant reserves the right to supplement this Interrogatory.*

**INTERROGATORY NO. 9:**

Describe the risks associated with the presence of ketones in the blood a diabetic patient and the appropriate treatment for providing medical care when a patient has ketones in their blood as understood by Defendant Apollon.

**ANSWER:** *Answering defendant objects to this Interrogatory inasmuch it is: (1) excessively overbroad, vague and undefined; (2) calls for expert opinion testimony, and (3) contains a compound question of two distinct inquiries. Discovery is continuing and Answering Defendant reserves the right to supplement this Interrogatory.*

**INTERROGATORY NO. 10:**

State whether or not you tested Louis Jung, Jr. for the presence of ketones during his intake screening on October 28. 2023, and, if so, state whether you documented those results, everybody that you communicated those results to, and how you communicated those results.

**ANSWER:** *Answering Defendant tested Mr. Jung for the presence of ketones during the intake screening on October 28, 2023. Answering Defendant communicated the result to Maureen Gay, who advised that the inmate should be instructed to drink water to flush out the ketones. Answering Defendant documented the result in the intake section of the electronic medical record, in a comments or notes section intended for physician review. Discovery is continuing and Answering Defendant reserves the right to supplement this Interrogatory.*

**INTERROGATORY NO. 11:**

Describe what medical care you provided and/or recommended be provided to Louis Jung, Jr. during his intake screening of October 28, 2023.

**ANSWER:** *Answering Defendant gave Mr. Jung insulin and instructed him to drink a lot of fluids after testing for ketones. Discovery is continuing and Answering Defendant reserves the right to supplement this Interrogatory.*

**INTERROGATORY NO. 12:**

Describe every other instance in which you saw, observed, interacted with, or encountered Louis Jung, Jr. after you conducted his intake screening of October 28, 2023.

**ANSWER:** *Answering Defendant does not recall seeing Mr. Jung again after intake. Discovery is continuing and Answering Defendant reserves the right to supplement this Interrogatory.*

**INTERROGATORY NO. 13:**

Describe the training you have received regarding the importance of correct and/or complete medical documentation.

**ANSWER**: *Answering defendant objects to this Interrogatory inasmuch it is excessively overbroad, vague and undefined. Discovery is continuing and Answering Defendant reserves the right to supplement this Interrogatory.*

**INTERROGATORY NO. 14:**

Identify all professional organizations, affiliations, or memberships you have related to your nursing career.

**ANSWER**: *None.*

                                    Respectfully submitted,
                                    KIERNAN TREBACH LLP

By:_____
        SARAH M. BAKER, ESQUIRE
        JONATHAN M. KAMINSKY, ESQUIRE
        Kiernan Trebach LLP
        1801 Market Street, Suite 770
        Philadelphia, PA 19103
        215-569-4433
        sbaker@kiernantrbach.com
        jkaminsky@kiernantrebach.com
        *Attorneys for Defendant, Mariesha Apollon*

Date: September 9, 2025

## VERIFICATION

  The undersigned, having read the foregoing Answers of Defendant, Mariesha Apollon, to Plaintiffs' Interrogatories verifies that the responses are based on information furnished to counsel, which information has been gathered by counsel in the course of this lawsuit. The language of the responses is that of counsel and not of signer. Signer verifies that the foregoing Answers of Defendant, Mariesha Apollon, to Plaintiffs' Interrogatories have been read and that they are true and correct to the best of the signer's knowledge, information and belief.

  This verification is made subject to the penalties of 18 Pa. C.S. §4904 relating to unsworn falsification to authorities.

BY: _____
     MARIESHA APOLLON

Dated: 9/9/2025

## CERTIFICATE OF SERVICE

I, Jonathan M. Kaminsky, Esquire, attorney for Mariesha Apollon, hereby certify that a true and correct copy of the foregoing Mariesha Apollon's Answers to Plaintiff's Interrogatories have been served upon counsel listed below via electronic mail:

**COUNSEL FOR PLAINTIFF**
Bret Grote, Esquire
Nia Holston, Esquire
Rupalee Rashatwar, Esquire
Margaret Hu, Esquire
ABOLITIONIST LAW CENTER
990 Spring Garden
Philadelphia, PA  19123
*bretgrote@abolitionistlawcenter.org*
*nia@alcenter.org*
*rupalee@alcenter.org*
*margo@alcenter.org*

**COUNSEL FOR YESCARE CORP., LALITHA TRIVIKRAM, MD AND MAUREEN GAY, N.P.**
Thomas J. Gregory, Esquire
O'CONNOR KIMBALL LLP
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
*Tgregory@okllp.com*

**COUNSEL FOR CITY OF PHILADELPHIA AND BLANCHE CARNEY**
Michael Pestrak, Deputy City Solicitor
CITY OF PHILADELPHIA LAW DEPARTMENT
1500 Arch Street, 14th Floor
Philadelphia, PA  19102
*Michael.pestrak@phila.gov*

KIERNAN TREBACH LLP

By: _____
SARAH M. BAKER, ESQUIRE
JONATHAN M. KAMINSKY, ESQUIRE
Kiernan Trebach LLP
1801 Market Street, Suite 770
Philadelphia, PA 19103
215-569-4433
*sbaker@kiernantrbach.com*
*jkaminsky@kiernantrebach.com*
*Attorneys for Defendant, Mariesha Apollon*

Date: September 9, 2025