IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

|  |  |  |
|---|---|---|
| JACOB AND JAMES JUNG, ADMINISTRATORS OF ESTATE OF LOUIS JUNG, JR, PLAINTIFFS, | : : : : : | CIVIL ACTION: |
|  | : | No. 24-cv-05618-TJS |
| v. | : : | |
| CITY OF PHILADELPHIA, ET AL. DEFENDANTS. | : : | |

**MARIESHA APOLLON'S STATEMENT OF UNDISPUTED MATERIALS FACTS IN SUPPORT OF SUMMARY JUDGMENT**

Defendant, Mariesha Apollon (hereinafter referred to as "Ms. Apollon" or "Moving Defendant") by and through her attorneys, Kiernan Trebach LLP, hereby submit this Statement of Undisputed Material Facts in support of her Motion for Summary Judgment, and in support thereof, says as follows:

**STATEMENT OF UNDISPUTED MATERIAL FACTS**

1.    Plaintiff's decedent, Louis Jung, Jr. (hereinafter, "Mr. Jung"), was born on April 16, 1973, and was diagnosed Type 1 diabetes during adolescence.  *See* ECF No. 27 ¶¶53-54.

2.    On December 16, 2021, Mr. Jung, was arrested and incarcerated in the Philadelphia Department of Prisons ("PDP").  *Id.* ¶58.

3.    At all times relevant, Mr. Jung was known to the PDP and to the PDP's medical staff to be a Type 1 diabetic as far back as 2012.  *See* Exhibit A.

4

4. On March 23, 2023, Mr. Jung was sent to Norristown State Hospital for a competency evaluation to determine whether he could stand trial pursuant to a court order. *Id.* ¶69.

5. Defendant, Mariesha Apollon, R.N. was at all times material hereto a registered nurse. *See* Exhibit B, Apollon Dep. 16:3-5.

6. On August 1, 2023 Ms. Apollon began working at the Curran Fromhold Correctional Facility pursuant to a thirteen-week contract through a medical staffing agency, third party defendant, Tekkacel. *Id.* at 19:20-24

7. On October 28, 2023, pursuant to court order, Mr. Jung returned to the PDP, specifically to the Curran Fromhold Correctional Facility ("CFCF"). ECF 27 ¶70.

8. Nurse Apollon was assigned to intake duties at CFCF on October 28, 2023. Exhibit B, Apollon Dep. 29:5-6.

9. Ms. Apollon conducted the medical screening of Mr. Jung on October 28, 2023 at intake from Norristown State Hospital. ECF 27 ¶70.

10. Part of that medical screening included subjective questions posed to Mr. Jung. *See* Exhibit C; & Exhibit B, Apollon Dep. 92: 23-25 & 93:1-6.

11. The intake screening also included an assessment section, where information could be free-typed. *See* Exhibit D.

12. In part, several of the subjective questions were answered and recorded as follows:

1. Q. Have you ever been incarcerated before today?

A. No

2. Q. Do you have diabetes?

A. No

3. Q. Is the inmate a transfer back into custody from Norristown Hospital?

A. No

*See* Exhibit C & D.

13.     As part of her intake screening, Ms. Apollon reviewed Mr. Jung's blood sugar levels.  *See* Exhibit B, Apollon Dep. 102:6-11.

14.     At that time, Mr. Jung's blood sugar was 542. *See Id*. & Exhibit D.

15.      After receiving the blood sugar result, Ms. Apollon communicated with the on-duty provider, co-Defendant Maureen Gay, CRNP.  *See generally* ECF No. 27 ¶¶73, 77.

16.     Nurse Apollon communicated Mr. Jung's blood sugar levels to CRNP Gay, as well as his vital signs.  *See generally Id*.

17.     As a registered nurse, Ms. Apollon was unable to order insulin for Mr. Jung herself.  Exhibit B, Apollon Dep. 114:2-22.

18.     Ms. Apollon requested orders from Ms. Gay for insulin to reduce Mr. Jung's blood sugar. *Id*.

19.     CRNP Gay gave orders for administration of medication to reduce Mr. Jung's blood sugar, upon receipt of Nurse Apollon's request.  *See generally* ECF No. 27 ¶¶73, 77 & Exhibit D.

20.    Urine testing performed around the time of the medical intake revealed ketones in Mr. Jung's urine.  Exhibit B, Apollon Dep. 92:19-25.

21.    Ms. Apollon documented that she administered insulin to Mr. Jung and that she advised Mr. Jung to drink plenty of water after receiving the urine ketone and blood sugar results, to flush the ketones.  *See* Mariesha Apollon's Verified Answers to Interrogatories at Exhibit E.

22.    Nurse Apollon had no interaction with Mr. Jung after October 28, 2023. Exhibit B, Apollon Dep. 84:15-17.

23.    From October 29 through November 5, 2023, Mr. Jung's blood sugars and insulin administration were recorded as follows:

**Medication Administration**



**Insulin order:**
Novolin N 10 units SQ BID
Novolin R CRIC SQ BID
151-200 = 4 units, 201-250 = 6 units, 251-300 = 8 units, 301-400 = 10 units, > 400 = 12 units

|      | 10/29 | 10/30 | 10/31 | 11/1 | 11/2 | 11/3 | 11/4 | 11/5 |
|------|-------|-------|-------|------|------|------|------|------|
| AM   | BS 385 10 R 10 N | BS 268 8 R 10 N | BS 371 10 R 10 N | Refused (no form) | BS 290 8 R 10 N | No Show | BS 266 8 R 10 N | No Show |
| PM   | BS 585 12 R 10 N | Not Doc | BS 500 No CRIC doc 10 N | BS 411 0 R 10 N | BS 245 6 R 10 N | BS 394 10 R 10 N | Not Doc | Refused (no form) |

10/29 PM BS included a note in the EMAR: "Provider notified; urine obtained." No other documentation or lab located.

11/6 AM Patient did not show up for his AM insulin.  The nurse was on his way to obtain a refusal form when the stretcher call was announced at 0604. All resuscitative efforts were attempted, and the patient was pronounced at 0647 after Fire Rescue arrived.

24.    Ms. Apollon was not involved in obtaining any of those blood sugars, or administering any of the insulin documented in Paragraph 23 above.  Exhibit B, Apollon Dep. 84:15-17.

25.    Mr. Jung passed away on November 6, 2023, 9 days after his single interaction with Ms. Apollon, and 894 days after his initial intake into the PDP.  ECF 27 ¶97.

26.    Plaintiffs are the administrators of the Estate of Louis Jung.  ECF 27 ¶1.

27.    Plaintiffs' Original Complaint is this matter was filed on or about October 23, 2024.  ECF 1.

28.    Ms. Apollon was not a named Defendant in the Original Complaint. ECF 27.

29.    On or about March 13, 2025, Plaintiffs filed an Amended Complaint, which added new Defendants, including Ms. Apollon.  ECF 27.

30.    Plaintiffs' Amended Complaint alleges that Mr. Jung died as a result of diabetic ketoacidosis (DKA).  ECF 27.

31.    Plaintiffs' Amended Complaint contains seven (7) counts with claims as follows: (1) Deliberate Indifference and Objective Indifference to Serious Medical Need, (2) Medical Malpractice, (3) Americans with Disabilities Act, (4) Rehabilitation Act, (5) Failure to Train or Supervise Staff, (6) Wrongful Death Claim pursuant to Pa.C.S.A. §8301, (7) Survival Action pursuant to 20 Pa.C.S.A. §3373 and 42 Pa.C.S. §8302.  *See generally* ECF 27.

32.    Counts 3 and 4 are brought against the City of Philadelphia alone.  *Id.*

33.    Count 5 is brought against the City of Philadelphia and YesCare only. *Id.*

34.    Only Counts 1, 2, 6 and 7 are brought against Ms. Apollon. *Id.*

35.    Third Party Complaints against CareerStaff Unlimited and Tekaccel have been filed since the Amended Complaint, but do not alter Plaintiffs' allegations against Ms. Apollon. *See* ECF 60 & ECF 82.

36.    On or about July 10, 2025, this Honorable Court entered an Order setting deadlines for the submission of Plaintiffs' expert reports, and the completion of discovery. *See* Exhibit F.

37.    Specifically, the Order directed that fact discovery be completed no later than September 26, 2025, Plaintiffs' expert reports were due no later than October 24, 2025, contradictory or rebuttal expert reports due not later than November 7, 2025, expert depositions to be conducted no later than November 21, 2025, and dispositive motions due no later than December 5, 2025. *Id.*

38.    Thereafter, Plaintiffs' counsel sought extension of the above deadlines, which was denied by Order of the Court dated September 18, 2025. *See* ECF 69 & Exhibit G.

39.    However, in the Court's September 18, 2025 Order, this Honorable Court indicated that the parties could agree to continue to discovery provided that other deadlines in the Scheduling Order were unaffected. *See* Exhibit G.

40.    On or about September 19, 2025, a stipulation of counsel was filed with the Court which stated, "PLEASE TAKE NOTICE that, consistent with the footnote in this Court's order of September 18, 2025 that stated 'the parties may agree to continue discovery provided it does not affect any other deadlines in the Scheduling

Order,' the parties hereby agree to complete fact discovery by November 19, 2025 and expert discovery by December 3, 2025." *See* Exhibit H.

41.     Plaintiffs did not produce expert reports by October 24, 2025. *See* Email Correspondence at Exhibit I.

42.     For the first time, Plaintiffs produced expert reports on December 3, 2025, via email timed at 4:00 p.m.  *Id.*

43.     Plaintiffs' expert reports were produced within forty-eight (48) hours of the Motion for Summary Judgment deadline in this matter.  *Id.*

44.     Plaintiffs have produced four (4) expert reports in this matter: Homer Venters, M.D., Lori Roscoe, DNP, Jonathan Williams, M.D. and Art Wallenstein. *Id.*

45.     The materials produced via the 4:00 p.m. email on December 3, 2025, total ninety-eight (98) pages.  *Id.*

46.     Dr. Venters is a physician and epidemiologist.  *See* a copy of Dr. Venters Report is at Exhibit J.

47.     Dr. Williams is a physician and endocrinologist.  *See* a copy of Dr. Williams' Report at Exhibit K.

48.     Nurse Roscoe is an Advanced Practice Registered Nurse and Adult Nurse Practitioner.  *See* a copy of Dr. Roscoe's Report at Exhibit L.

49.     Mr. Wallenstein's report indicates that he was asked to review the conduct of the correctional (non-medical) staff members for ensuring access to healthcare. *See* a copy of Dr. Wallenstein's Report at Exhibit M.

Respectfully submitted,

**KIERNAN TREBACH, LLP**

Date: December 5, 2025

_____
Sarah M. Baker, Esq.
Attorneys for Mariesha Apollon

Respectfully submitted,

**KIERNAN TREBACH, LLP**

Date: December 5, 2025

_____
Jonathan M. Kaminsky, Esq.
Attorneys for Mariesha Apollon

11