#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG as administrators for the estate of LOUIS JUNG, JR., <br><br> Plaintiffs, <br><br> vs. <br><br> YESCARE CORP., LALITHA TRIVIKRAM, MAUREEN GAY, BLAIR CABELLOS, et al., <br><br> Defendants, <br><br> vs. <br><br> CAREERSTAFF UNLIMITED, LLC, <br><br> Third Party Defendant, <br><br> TEKACCEL, INC., <br><br> Fourth Party Defendant. | Civil Action No. 2:24-CV-05618-TJS |

### DEFENDANT CAREERSTAFF UNLIMITED, LLC'S MOTION TO EXTEND DEADLINES

Defendant, CareerStaff Unlimited, LLC ("CareerStaff" or Defendant"), by and through its undersigned counsel hereby sets forth this Motion to Extend Deadlines and in support thereof avers as follows:

1. Plaintiffs initiated the above-captioned matter by the filing of a Complaint on October 23, 2024 (Document 1).

2. The First Amended Complaint was filed on March 14, 2025 (Document 27).

3. On July 10, 2025, Defendant YesCare Corporation ("YesCare") filed a Third Party Complaint against CareerStaff. YesCare's claims are wholly based on the disproven allegation that Defendant Mariesha Apollon was an employee of CareerStaff (Document 60).

4.      On October 2, 2025, counsel for YesCare and counsel for CareerStaff entered into a Stipulation to Extend Time to Respond to a Third Party Complaint (Document 72).

5.      On October 30, 2025, CareerStaff filed its Answer and Affirmative Defenses to YesCare's Third Party Complaint, stating, *inter alia*, that Defendant Mariesha Apollon ("Apollon") was not employed by CareerStaff (Document 79).

6.      On November 10, 2025, CareerStaff filed a Fourth Party Complaint against Tekaccel, Inc., the employer of Apollon (Document 82).

7.      To date, service of original process has not yet been effectuated on Tekaccel, Inc., the employer of Apollon and therefore a critical party to the pending lawsuit.

## Scheduling and Prejudice

8.      On July 10, 2025, this Honorable Court issued an Amended Scheduling Order (Document 62) setting forth, *inter alia*, the following dates:

a. All fact discovery was to be completed no later than September 26, 2025.

b. Expert reports or answers to expert interrogatories were due no later than October 24, 2025. Rebuttal evidence on the same subject matter was due no later than November 7, 2025. Expert depositions were required to be conducted by November 21, 2025.

c. Concise details and/or documents covering the lay opinions of the Rule 701 witnesses were due by no later than October 24, 2025. Rebuttal evidence on the same subject matter was due no later than November 7, 2025. Depositions were required to be conducted by November 21, 2025.

d. A settlement conference before Judge Scott W. Reid was to be scheduled as soon as possible.

e. Motions for summary judgment were to be filed no later than December 5, 2025, and responses were due no later than December 19, 2025.

f. Daubert motions were to be filed by December 12, 2025, and responses are to be filed by December 26, 2025.

g. Each exhibit the parties intend to rely upon must be served on counsel for every other party no later than December 26, 2025.

      h. No later than January 2, 2026, each party must file with a pretrial memorandum.

      i. Motions *in limine* shall be filed no later than January 9, 2026, and responses to same must be filed by January 23, 2026.

      j. No later than January 9, 2026, the parties shall file any objections to designations of deposition testimony.

      k. No later than January 9, 2026, the parties shall file joint proposed jury instructions on substantive issues and proposed verdict forms or special interrogatories to the jury.

      l. A final pretrial conference will be held on January 27, 2026.

      m. The case will be listed for trial on Thursday, January 29, 2026.

      n. No further extensions will be granted.

      9.    On September 18, 2025, a Joint Motion for the Extension of Time to Extend Discovery was filed by Plaintiffs and denied (Documents 69 & 70).

      10.    On September 19, 2025, Plaintiff and co-Defendants entered into a Stipulation extending the deadline for fact discovery until November 19, 2025 and the deadline for expert discovery to December 3, 2025.

      11.    Prior to counsel for CareerStaff's involvement in the case, at least six depositions were conducted in which CareerStaff's interests were not represented.

      12.    Summarily, CareerStaff has been thrust into an extraordinarily unique and precarious situation in which its counsel must attempt to review thousands of pages of written discovery responses, document production, testimony, and retain experts, among other case-related activities, with trial scheduled to commence in less than two months.

      13.    Additionally, the sole basis for CareerStaff's involvement in this matter is Apollon's alleged employment with CareerStaff, an allegation that has been thoroughly refuted during the course of discovery, as set forth in CareerStaff's Motion for Summary Judgment that

3

was filed on December 5, 2025. See Third Party Complaint, Document 60; CareerStaff's Motion for Summary Judgment, Document 92.

14. As a result, CareerStaff filed a Fourth Party Complaint against Tekaccel, Inc., the employer of Apollon. To date, service of original process has not yet been effectuated on Tekaccel, Inc., the employer of Apollon and therefore a critical party to the pending litigation.

15. Following service of the Summons and Fourth Party Complaint, Tekkacel will likely enter the subject litigation with *one month or less* in order to prepare for trial, circumstances even more extreme than those of CareerStaff.

16. CareerStaff acknowledges that the last motion for an extension of case deadlines was denied, and that the operative Amended Scheduling Order states that no further extensions will be granted.

17. Respectfully, CareerStaff submits that another extension is warranted under these extraordinary circumstances.

18. This is a complex case involving, *inter alia*, allegations of constitutional violations and medical malpractice against an inmate within the Philadelphia Department of Prisons. More than a dozen of depositions have taken place, many of which CareerStaff was unable to participate in, and thousands of pages of discovery have been exchanged.

19. Additional time is therefore needed for CareerStaff to further conduct and review discovery, retain experts, and otherwise prepare for trial.

20. Pursuant to Fed. R. Civ. P. 16(b)(4) extensions of a deadline set forth in a Case Management Order are permitted with good cause and with the judge's consent.

21. The extenuating circumstances set forth herein, caused by no fault of CareerStaff, constitute good cause for the purpose of Fed. R. Civ. P. 16(b)(4).

4

22.  CareerStaff respectfully requests that the deadlines in this case be extended to provide additional time for discovery, retention of experts, the opportunity for further negotiation of an amicable resolution of the matter, and preparation for trial.

23.  Due to its joinder at the very end of discovery, CareerStaff will be severely prejudiced if the existing case management deadlines, including the date of the upcoming trial, are not extended. Accordingly, CareerStaff respectfully requests extension of all case related deadlines.

WHEREFORE, CareerStaff Unlimited, LLC respectfully requests that the Honorable Court grant this Motion to Extend Deadlines in its entirety and enter the attached Order extending the deadlines set forth in the July 10, 2025 Amended Scheduling Order by 60 days, including the discovery deadline, expert report deadlines, and trial date, as reflected in the attached proposed Order.

Respectfully submitted,

GORDON REES SCULLY MANSUKHANI LLP

Date: December 12, 2025

By: _____
Alexander B. Possino, Esquire
PA Bar No. 324659
apossino@grsm.com
707 Grant Street, Suite 3800
Pittsburgh, PA 15219
*Counsel for Third Party Defendant/Fourth Party Plaintiff, CareerStaff Unlimited, LLC*