IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG as administrators for the estate of LOUIS JUNG, JR., <br><br> Plaintiffs, <br><br>       vs. <br><br> YESCARE CORP., LALITHA TRIVIKRAM, MAUREEN GAY, BLAIR CABELLOS, et al., <br><br> Defendants, <br><br>       vs. <br><br> CAREERSTAFF UNLIMITED, LLC, <br><br> Third Party Defendant, <br><br> TEKACCEL, INC., <br><br> Fourth Party Defendant. | Civil Action No.  2:24-CV-05618-TJS |

### MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT CAREERSTAFF UNLIMITED, LLC'S MOTION TO EXTEND DEADLINES

Defendant, CareerStaff Unlimited, LLC ("CareerStaff" or "Defendant"), for its Memorandum in Support of its Motion to Extend Deadlines states as follows:

### PRELIMINARY STATEMENT AND FACTUAL BACKGROUND

Plaintiffs initiated the above-captioned matter by the filing of a Complaint on October 23, 2024 (Document 1). The First Amended Complaint naming Mariesha Apollon as a Defendant was filed on March 14, 2025 (Document 27).

The basis of Plaintiffs' claims stem from the death of Louis Jung, Jr. ("Decedent") while he was in custody at Curran-Fromhold Correctional Facility ("CFCF") in Philadelphia County. Plaintiffs sued The City of Philadelphia, YesCare Corporation, Blanche Carney, Lalitha Trivikram, Maureen Gay, Mariesha Apollon, Blair Cabellos, Gena Frasier, and Wanda Bloodsaw. Id.

CareerStaff was unaware of and uninvolved in the pending litigation until July 10, 2025, when Defendant YesCare Corporation ("YesCare") filed a Third Party Complaint against CareerStaff. In its Third Party Complaint (Document 60), Plaintiffs bring actions for Medical Negligence (Count I) and Deliberate Indifference (Count II) under the theories of vicarious liability, common law contribution and/or indemnification, and/or contractual indemnification. Id. YesCare's claims against CareerStaff are couched in the allegation that Defendant Mariesha Apollon ("Apollon") was employed by CareerStaff, an allegation that has been unequivocally disproven during discovery.

CareerStaff has only participated in the pending litigation since late September 2025, at which point the case deadlines had long since been established in an Amended Scheduling Order dated July 10, 2025 (Document 62). Pursuant to that Order, *inter alia*, all fact discovery had to be completed by September 26, 2025, expert discovery had to be completed by November 21, 2025, and motions for summary judgment were due by December 5, 2025. Id. Thereafter, on September 18, 2025, a Joint Motion for the Extension of Time to Extend Discovery was filed by Plaintiffs and denied (Documents 69 & 70). The following day, on September 19, 2025, Plaintiff and co-Defendants entered into a Stipulation extending the deadline for fact discovery until November 19, 2025 and the deadline for expert discovery to December 3, 2025 (Document 71).

At least six (6) depositions were completed before CareerStaff's entry into the case, and thousands of pages of written discovery had been exchanged. A multitude of depositions were

conducted shortly after counsel for CareerStaff entered an appearance. After investigating the allegations of the Third Party Complaint, CareerStaff determined that Apollon was employed by an entity known as Tekaccel, Inc. For that reason, a Fourth Party Complaint was filed by CareerStaff against Tekaccel on November 10, 2025. To date, original service of process has not been effectuated on Tekaccel and no counsel has entered an appearance on its behalf.

Due to its joinder at the tail end of discovery, CareerStaff will be severely prejudiced if the existing case management deadlines, including the date of the upcoming trial, are not extended. Accordingly, CareerStaff respectfully requests extension of all case related deadlines.

## **LEGAL ARGUMENT**

**I.    ALL CASE MANAGEMENT DEADLINES SHOULD BE EXTENDED**

Federal Rule of Civil Procedure 16(b)(4) provides that a schedule may be modified for "good cause and with the judge's consent." The Advisory Committee Note to Rule 16 explains that "the court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension." Thus, "'[g]ood cause' under Rule 16(b) focuses on the diligence of the party seeking the modification of the scheduling order." Reno v. AC & S, Inc., MDL 875, 2013 WL 5542032, at *1 (E.D. Pa. June 25, 2013).

CareerStaff respectfully submits that that good cause has been established for the modification of the deadlines set forth in the July 10, 2025 Amended Scheduling Order, as is required under Federal Rule of Civil Procedure 16(b)(4).

Again, at least six (6) depositions were completed and thousands of pages of written discovery had been exchanged before CareerStaff's entry into the case in late September 2025, nearly one year after this action was initiated. Expeditiously upon its joinder, CareerStaff proceeded to investigate the allegations of the Third Party Complaint and determined that the

premise upon which it was based, CareerStaff's alleged employment of Apollon, was demonstrably false. Rather, Apollon was employed by an entity known as Tekaccel, Inc. As a result, a Fourth Party Complaint was filed by CareerStaff against Tekaccel on November 10, 2025. To date, Tekaccel original service of process has not been effectuated on Tekaccel and no counsel has entered an appearance on its behalf.

Through no fault of its own, CareerStaff has found itself in an unavoidable, extraordinarily unique and precarious situation in which its counsel must attempt to review thousands of pages of written discovery responses, document production, testimony, and retain experts, among other case-related activities, with trial scheduled to commence in less than two months. Simply, this is not feasible under the current case deadlines. Further, Tekaccel, a critical party to the pending litigation due to its employment of Apollon, has not yet been served with original process.

CareerStaff acknowledges that the last motion for an extension of case deadlines was denied, and that the operative Amended Scheduling Order states that no further extensions will be granted. Respectfully, CareerStaff submits that another extension is warranted under these extraordinary circumstances. Additional time is therefore needed for CareerStaff to further conduct and review discovery, retain experts, and otherwise prepare for trial.

As set forth above, CareerStaff was unable to meet the deadlines imposed by the July 10, 2025 Order through no fault of its own. The Order was entered well before CareerStaff's participation in this lawsuit as a result of being joined nearly one year after this action was commenced and on the eve of the discovery deadline. Due to its late joinder, CareerStaff will be severely prejudiced if the existing case management deadlines, including the date of the upcoming trial, are not extended. Accordingly, CareerStaff respectfully requests extension of all case related deadlines, as set forth in CareerStaff's proposed Order.

## II. CONCLUSION

CareerStaff Unlimited, LLC respectfully requests that the Honorable Court grant its Motion to Extend Deadlines in its entirety and enter its proposed Order extending the deadlines set forth in the July 10, 2025 Amended Scheduling Order by 60 days, including the discovery deadline, expert report deadlines, and trial date, as reflected in the proposed Order.

                                              Respectfully submitted,

                                              GORDON REES SCULLY MANSUKHANI LLP

Date: December 12, 2025                By: *[signature]*
                                              Alexander B. Possino, Esquire
                                              PA Bar No. 324659
                                              apossino@grsm.com
                                              707 Grant Street, Suite 3800
                                              Pittsburgh, PA 15219
                                              *Counsel for Third Party Defendant/Fourth Party Plaintiff, CareerStaff Unlimited, LLC*