# Exhibit H



### Office of the Deputy Commissioner for Administration

| TO: | Michael R. Resnick Esquire, Commissioner |
|---|---|
| FROM: | Xavier Beaufort, Deputy Commissioner |
| DATE: | June 20th, 2024 |
| SUBJECT: | Correctional Officer Gena Frasier; Payroll #285093. Curran-Fromhold Correctional Facility |

Case # 0620-02

A formal disciplinary hearing was held on Thursday, June 20th, 2024, for Correctional Officer Gena Frasier. Present at the hearing were Deputy Commissioner Xavier Beaufort (Chairperson), Deputy Wardens Mary Williams and Robert Segal (Board Members), Correctional Officer Mary Nickson (Peer, Board Member), and Charles Lomaistro (Board Secretary). Representing Officer Frasier was Carlos Carmona; Business Agent for Local 159; DC 33.

Correctional Lieutenant Shawn Jay (Payroll #253480) charged Officer Frasier with the violation of the following General Order(s), Executive Order(s), and/or Policy(s):

| | |
|---|---|
| 01: | Working Knowledge |
| 03: | Efficient Performance |
| 05: | Maintaining Security |
| 20: | Original Entry |
| 37: | Proper Action |
| 67: | Incarcerated Person Welfare |
| 1.C.11.1 | Employee Code of Conduct |

Officer Frasier denied violating the above General Orders and Policy.

Lieutenant Jay read the accompanying Employee Violation Report and Officer of Professional Compliance (OPC) Investigation Report into the record.

In summary, on Monday, November 6, 2023, Incarcerated Person (IP) Louis Jung, PID# 718327, was found inside of Cell #21 on B1 Pod3, having trouble breathing by Correctional Officer Aaron Hester, PR# 295830, who was serving the morning meal on the unit. A stretcher was called, and medical staff arrived and while in route to medical triage with I/P Jung, he stopped breathing and was later pronounced deceased by Philadelphia Fire Department Medic Schroeder at 6:47am. This investigation was initiated to determine if Correctional Staff and Medical

personnel adhered to the policy standards set forth for the care of incarcerated persons by the Philadelphia Department of Prisons.

Video footage of this incident was reviewed and revealed that while you, C/O Gena Frasier, PR# 285093, were assigned to B1 Pod3, on Sunday, November 5, 2023, on the 7am to 7pm shift, at approximately 9:55am you were observed opening Cell #21, while escorting a nurse. I/P Jung appears to be lying on the ground in the doorway of the cell. You and the nurse then walk away and appear to have a discussion. The nurse then leaves the unit and I/P Jung is still observed lying on the floor. At approximately 10:05am, Lieutenant Wanda Bloodsaw, PR# 253488, arrives on the unit and by hand gesture, you appear to point toward the top tier at Cell #21. Lt. Bloodsaw proceeds to walk in that direction as you remain at the officer's desk. You are then observed handing gloves to two I/P's who then appear to go to Cell# 21. Once they arrive at the cell, they drag I/P Jung into the cell and the door is secured by Lt. Bloodsaw, who then walks off the housing unit.

A review of the electronic logbook (Lock & Track) revealed that you made a Medication Event entry at 16:35 for Insulin and Accu-check, in which one of the four (4) I/P's to receive insulin was IP Jung. At 16:49, you entered another logbook event acknowledging that I/P Jung had refused his Insulin and Accu-check. Further video review was conducted of B1 Pod3 for the relevant time periods related to your logbook entries of the said medication events. The video shows that I/P Jung was locked inside of Cell #19 and at no time exited the cell. In addition, at no time did you go to his cell to let him out for Insulin and Accu-check, nor did it appear that you received any indication of his refusal, as you were observed watching TV in the dayroom (Bottom tier area).

C/O Frasier, during your OPC interview you stated that you were assigned to B1 Pod3 on November 5, 2023, during the 7 am to 7 pm shift. You admitted that it is you in the video on B1 Pod 3 but denied recalling if I/P Jung said anything to you when you and the nurse encountered him on the floor when you opened Cell #21. You denied recalling why you and the nurse walked away from I/P Jung, further stating that it could not have been for medical purposes. You admitted that you did not call for a stretcher due to the nurse being on the unit and that she is the one who made the medical decisions. You admitted that your Lock and track username is Frasier_G and that you made the electronic logbook entries for B1 Pod 3 on November 5, 2023. You denied knowing how I/P Jung informed you that he refused insulin. You stated that you typically yell "insulin and Accu-check in progress" on the unit, and that is how you alert the I/P's who receive it, that it is in progress.

C/O Frasier, General Order #67 states (in part) that "It shall be the duty of any employee supervising incarcerated persons to look after the incarcerated persons' welfare and ensure that incarcerated persons' obtain proper and sufficient food, clothing, and medical attention. Therefore, due to the above, you are being charged with the aforementioned General Orders, Codes of Conduct and PDP Policies and Procedures.

At the hearing, Officer Frasier stated that she does not recall every detail that happened on November 5, 2023, when I worked on the 7am to 7pm on B1 Pod 3. I did see the video when I went for my interview with Lieutenant Shawn Jay. It is me on the video and I was assigned to

Fraiser-000006

Officer Gena Frasier; PYR #285093; C: ... r²                                                    Case # 0620-02

that Pod that day, I was seen working that Pod and escorting a nurse to IP Louis Jung, PID# 718327 cells. We must have gone to IP Jung's cell because the nurse needed to see IP Jung. I am assuming as I am seen taking her directly to IP Jung's cell, as I do not remember what happened. Officer Frasier then goes on to state the nurse and IP Jung had a conversation, but I do not recall what they talked about, even though I am standing right there I do not recall the conversation. But whatever the conversation was about, the nurse did not see any reason to have me call for a stretcher, as she did not see anything that arose to the level of a medical emergency. I am only assuming these things as I do not recall what happened that day. Officer Frasier then stated that she had been a Quarantine Officer for the last 4 or 5 years at CFCF (Curran-Fromhold Correctional Facility), and I have had several suicides, deaths, and homicides and I had not once neglected my duties as a Correctional Officer to render aide/help to an incarcerated person or anyone.

Deputy Commissioner Beaufort asked Officer Frasier what do you remember/recall when Lieutenant Wanda Bloodsaw came onto the B1 Pod 3? Officer Frasier answered, I do not remember how I might have contacted Lieutenant Bloodsaw, maybe by radio or by phone, or walked off to get her; but for her to come onto the Pod I had to have asked for assistance.

Deputy Warden Williams asked Officer Frasier when Lieutenant Bloodsaw came onto the Pod, you did not escort her to the IPs cell, she just went right to that cell? Office Frasier answered, no, I typically do not escort a Sergeant or Lieutenant around I offer but it is refused, and they move about as they want. Major Williams asked Officer Frasier the statement the nurse made about you refusing to call for a stretcher, what happened? Officer Frasier answered, with all due respect that was a lie I gain nothing from denying an IP a stretcher call or anybody for that matter. IF someone needs a stretcher called, I will make that call for medical to come assist. Major Williams asked Officer Frasier did the Lieutenant ask you to call for a stretcher? Officer Frasier answered, if she did I would have followed the order given to me.

After deliberations, the Board did not sustain the following violation of General Orders 01, 03, 05, 20, 37, 67, & Policy 1.C.11.1.

After a review of the employee's record, the Board is recommending this EVR be Discharged with the Philadelphia Department of Prisons.

All PDP staff are to have knowledge of and complies with the policies and procedures.

The union was informed that it had Twenty Days to appeal the Board's decision to the Commissioner in writing.

Fraiser-000007

Officer Gena Frasier; PYR #285093; Chief                                    Case # 0620-02

**DISCIPLINARY RECORD:**

None

APPROVED

~~DISAPPROVED~~

~~MODIFIED~~

Michael R. Respick Esquire
Commissioner

**Attachments:**
Notice of Intended Disciplinary Actions
Employee Violation Report
PDP Board Documents
Employee Profile
        CC:    Gregory J. Vrato, Esquire, Chief of Staff
              Sherell Maxwell, Human Resources Manager III

Fraiser-000008