IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG as Administrators for the Estate of LOUIS JUNG, JR.<br>v.<br>CITY OF PHILADELPHIA; YESCARE CORP., BLANCHE CARNEY, LALITHA TRIVIKRAM, MAUREEN GAY, MARIESHA APOLLON, BLAIR CABELLOS, GENA FRASIER, and WANDA BLOODSAW | : : : : : : : : : : | CASE NO. 24-CV-05618 |

**ORDER**

      **AND NOW** this _____ day of _____, 202__, upon consideration of the Motion *in Limine* of Defendants YesCare Corporation, Lalitha Trivikram, M.D., and Maureen Gay, N.P., to Preclude the Introduction or Use of Any Evidence, Including Testimony, Documents, or Reports of Plaintiffs' Untimely Experts in the above-captioned matter, and any response thereto, it is hereby **ORDERED** and **DECREED** that the Defendants' Motion is **GRANTED**. It is further **ORDERED** that Plaintiffs are precluded from introducing any evidence, including but not limited to any testimony, documents, or reports of Plaintiffs' experts Art Wallenstein, Homer Venters, Jonathan S. Williams, and Lori Roscoe at trial.

                                                    **BY THE COURT:**

                                                                                                         J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG as Administrators for the Estate of LOUIS JUNG, JR. <br> v. <br> CITY OF PHILADELPHIA; YESCARE CORP., BLANCHE CARNEY, LALITHA TRIVIKRAM, MAUREEN GAY, MARIESHA APOLLON, BLAIR CABELLOS, GENA FRASIER, and WANDA BLOODSAW | : <br> : <br> : CASE NO. 24-CV-05618 <br> : <br> : <br> : <br> : <br> : <br> : |

**DEFENDANTS YESCARE CORP., LALITHA TRIVIKRAM, M.D., MAUREEN GAY, N.P.'S MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OR USE OF ANY EVIDENCE, INCLUDING TESTIMONY, DOCUMENTS, OR REPORTS OF PLAINTIFFS' UNTIMELY EXPERTS**

**COME NOW,** Defendants, YesCare Corp., Lalitha Trivikram, M.D., and Maureen Gay, N.P., by and through their counsel, O'Connor Kimball, LLP, and hereby submit the following Motion *in Limine* to Preclude Plaintiffs from offering or introducing any testimony or evidence, including documents and reports of Plaintiffs' untimely experts Art Wallenstein, Homer Venters, Jonathan S. Williams, and Lori Roscoe at trial. The arguments and authorities in support of this Motion are set forth in the accompanying Brief. A proposed form of Order is attached.

Respectfully submitted,

O'CONNOR KIMBALL LLP

Dated: 12/18/25

By: _____
Thomas J. Gregory, Esquire
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
215-564-0400      Facsimile: 215-564-1973
Email: tgregory@okllp.com
*Attorney for Defendants, YesCare Corporation, Lalitha Trivikram, M.D., and Maureen Gay, N.P.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG as Administrators for the Estate of LOUIS JUNG, JR. <br> v. <br> CITY OF PHILADELPHIA; YESCARE CORP., BLANCHE CARNEY, LALITHA TRIVIKRAM, MAUREEN GAY, MARIESHA APOLLON, BLAIR CABELLOS, GENA FRASIER, and WANDA BLOODSAW | : <br> : <br> : CASE NO. 24-CV-05618 <br> : <br> : <br> : <br> : <br> : |

**DEFENDANTS YESCARE CORP., LALITHA TRIVIKRAM, M.D., MAUREEN GAY, N.P.'S MEMORANDUM OF LAW IN SUPPORT OF THEIR MOTION *IN LIMINE* TO PRECLUDE THE INTRODUCTION OR USE OF ANY EVIDENCE, INCLUDING TESTIMONY, DOCUMENTS, OR REPORTS OF PLAINTIFFS' UNTIMELY EXPERTS**

Moving Defendants, YesCare Corp., Lalitha Trivikram, M.D., and Maureen Gay, N.P. (collectively, "Moving Defendants" or "YesCare"), by and through their undersigned counsel, O'Connor Kimball LLP, hereby submit the following Memorandum of Law in support of their Motion *in Limine* to Preclude the Introduction or Use of Any Evidence, Including Testimony, Documents, or Reports, of Plaintiffs' Untimely Experts (the "Motion"), and in support thereof, aver as follows:

I.  **STATEMENT OF FACTS**

This matter was initiated on October 23, 2024 and involves the claims for the wrongful death of the Plaintiffs' Decedent, Louis Jung, Jr. (the "Decedent"). In 2023, the Decedent was an inmate in the Philadelphia Department of Prisons located on State Road, in Philadelphia, Pennsylvania. YesCare was the contracted-for provider of medical services to the inmate population of the Philadelphia Department of Prisons.

On July 10, 2025, this Honorable Court entered an Amended Scheduling Order extending the deadlines for fact and expert discovery, summary judgment motions, *Daubert* motions, pretrial submissions, and scheduling trial for Thursday, January 26, 2026. (Doc. No. 62). With respect to expert discovery, the Amended Scheduling Order set a deadline of October 24, 2025 for the exchange of opening expert reports, November 7, 2025 for service of any rebuttal expert reports, and November 21, 2025 for the completion of expert depositions. (Doc. No. 62).

Thereafter, on September 18, 2025, the parties filed a Joint Motion for Extension of Time to Complete Discovery (Doc. No. 69), which the Court denied on the same day. (Doc. No. 70). In a footnote to the Order denying the Joint Motion for Extension of Time to Complete Discovery, the Court stated "[n]otwithstanding the denial of this motion, the parties may agree to continue discovery ***provided it does not affect any other deadlines in the Scheduling Order.***" (Doc. No. 70) (emphasis added). On September 19, 2025, the parties entered into a Stipulation extending the fact discovery deadline to November 19, 2025, and the expert discovery deadline to December 3, 2025. (Doc. No. 71). Notably, the deadlines to serve opening and rebuttal expert reports, October 24 and November 7, 2025, were not changed by this Stipulation. (Doc. Nos. 62, 71).

At 4:00 pm on December 3, 2025, the day of the expert discovery deadline, counsel for Plaintiffs served four (4) expert reports, namely, the reports of Art Wallenstein, Herman Venters, Jonathan S. Williams, M.D., MMSc., and Lori Roscoe. A true and correct copy of email correspondence from Plaintiffs' counsel Bret Grote dated December 3, 2025 is attached hereto as Exhibit "A" and incorporated herein. Plaintiffs had not previously provided any such reports, among which were the reports of three (3) experts opining on the medical treatment the Decedent received. When confronted with the fact that these expert reports were untimely, counsel for

Plaintiffs attempted to justify this late production by suggesting that the reports were not untimely, stating "[i]f there was any non-mandatory expert discovery you wanted to engage in, it was incumbent upon you to identify and raise that prior to signing the stipulation." A true and correct copy of email correspondence from Plaintiffs' counsel Bret Grote dated December 9, 2025 is attached hereto as Exhibit "B" and incorporated herein. This is a tacit admission by counsel that the service of these expert reports prejudiced the other parties but attempts to shift the blame for his gamesmanship to his adversaries, who apparently should have foreseen his tactics.

There is a reason that the Court, in its Case Management Orders, provides separate dates for (1) the ***production*** of expert reports and (2) subsequent expert ***discovery***. One necessarily precedes the other. Plaintiffs' service of these expert reports on the date of the close of expert discovery leaves the parties no meaningful opportunity to conduct rebuttal discovery, prepare rebuttal reports, or take the depositions of these expert witnesses. Plaintiffs have effectively ambushed the parties with these experts in violation of the Federal Rules of Civil Procedure and this Court's Amended Scheduling Order. As set forth further below, YesCare and the other defendants have been severely prejudiced by these untimely expert reports, served just two (2) days before the deadline for summary judgment motions, two (2) weeks before the deadline for *Daubert* motions, and less than sixty (60) days before trial. As the prejudice to YesCare and the other defendants cannot be cured without delaying pretrial submissions and trial itself, Plaintiffs should be precluded from offering these experts at trial, and the untimely expert reports should be stricken.

II.     ARGUMENT

    **A. Violations of Disclosure Rules May Warrant Exclusion of Evidence.**

In the Third Circuit, the courts look to a number of factors when determining whether to strike an untimely expert report, including the degree of prejudice to opposing parties and bad faith on the part of the offering party. First, it must be noted that Plaintiffs have violated Rule 26 of the Federal Rules of Civil Procedure, which mandates the timely disclosure of any witnesses who will offer expert opinion testimony pursuant to Federal Rules of Evidence 702, 703, or 706. Fed. R. Civ. P. 26(a)(2). In addition, Federal Rule of Civil Procedure 37(c)(1) provides as follows:

> A party that without substantial justification fails to disclose information required by Rule 26(a)…is not, unless such failure is harmless, permitted to use as evidence at a trial, at a hearing, or on a motion any witness or information not so disclosed.

Fed. R. Civ. P. 37(c)(1).

This Court has previously held that the failure to timely disclose expert reports can support preclusion in *Nippo Corp./Int'l Bridge Corp. v. Amec Earth Env'tl.,* Civil Action No.: 09-cv-0956, 2011 U.S. Dist. LEXIS 34994 (E.D. Pa. March 30, 2011) (Rufe, J.), reasoning as follows:

> Under Rule 37(c)(1) of the Federal Rules of Civil Procedure, any party that "fails to provide information . . . as required by Rule 26(a) or 26(e)(1) . . . is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or harmless." The party that failed to make the required disclosure bears the burden of establishing substantial justification and harmlessness. This rule is "designed to provide a strong inducement for disclosure of Rule 26(a) material."

*Id.* at *15-*16 (quoting *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Co., Inc.*, No. 97-1568, 2007 U.S. Dist. LEXIS 23636, *12 (D.N.J. Mar. 30, 2007); *Newman v. GHS Osteopathic, Inc., Parkview Hosp. Div.*, 60 F.3d 153, 156 (3d Cir. 1995).

When determining whether to exclude evidence or testimony due to failure to comply with Fed. R. Civ. P. 26, courts look to the *Pennypack* factors set forth by the Third Circuit in *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977):

> (1) The prejudice or surprise in fact of the party against whom the evidence would have been presented, (2) the ability of that party to cure the prejudice, (3) the extent to which the presentation of the evidence would disrupt the orderly and efficient trial of the case or other cases in the court, (4) bad faith or willfulness in failing to comply with the court's order, and (5) the importance of the excluded evidence.

*LabMD Inc. v. Boback,* 47 F.4th 164, 189 (3d Cir. 2022) (*citing Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997)). Here, application of the *Pennypack* factors weighs in favor of excluding the untimely expert reports and barring the underlying experts from testifying at trial.

### B. Plaintiffs' Blatant Violation of This Court's Amended Scheduling Order and the Resulting Harm to Opposing Parties Support Exclusion of Expert Reports and Testimony.

Plaintiffs' four (4) untimely expert reports, served on the very date of the ***termination*** of expert discovery and in contravention of clear deadlines set by this Court in the Amended Scheduling Order, have irreparably prejudiced YesCare and other defendants, and counsel's deliberate exploitation of the expert discovery deadline in doing so requires preclusion of the introduction or use of the testimony and reports of these experts at trial. As noted above, this Court set deadlines in the Amended Scheduling Order (and previous scheduling orders) with a clear purpose of providing the parties with sufficient time to complete fact discovery, exchange expert reports, and engage in expert discovery before proceeding to summary judgment motions, *Daubert* motions, other pretrial submissions, and trial itself. The Amended Scheduling Order expressly set interim deadlines for the exchange of opening expert reports, rebuttal expert reports, and the taking of expert depositions and any other expert discovery.

In denying the parties' Joint Motion to Extend Time for Completion of Discovery, the Court specifically noted that the parties could extend discovery by agreement, provided the extension did not affect any other deadlines in the Amended Scheduling Order. By stipulation, the parties extended the ultimate expert discovery deadline, but none of the other interim expert deadlines were extended, leaving those deadlines as is. Plaintiffs' counsel's 11th hour service of opening expert reports adopts an illegitimate interpretation of the Amended Scheduling Order and Stipulation with the intent to leave the other parties barely able to even analyze the reports before summary judgment and *Daubert* motions were due. This Court has previously stricken expert reports where the proffering party justifies its conduct by claiming that the late report was served before the expert discovery deadline, despite clear deadlines for the exchange of expert reports prior to the expert discovery deadline. *Apotex, Inc. v. Cephalon, Inc.*, No. 2:06-cv-2768, 2014 U.S. Dist. LEXIS 140076 (E.D. Pa. Oct. 1, 2014). More importantly, counsel's gamesmanship has left YesCare and the other defendants unable to prepare and serve rebuttal expert reports, leaving Plaintiffs' expert opinions, which include opinions on the sufficiency of the medical care provided to the Decedent, virtually unanswered if allowed at trial. The importance of Plaintiffs' expert reports pales in comparison to this prejudice to YesCare and the other defendants. Preclusion of the introduction or use of Plaintiffs' untimely expert testimony, documents, and reports is appropriate.

**CONCLUSION:**

For the foregoing reasons, Defendants YesCare Corporation, Lalitha Trivikram, M.D., and Maureen Gay, N.P. respectfully request that this Honorable Court grant their Motion *in Limine* and Preclude Plaintiffs from offering or introducing any testimony or evidence, including

reports, of their experts Art Wallenstein, Homer Venters, Jonathan S. Winters, and Lori Roscoe at trial.

Dated: 12/18/25

Respectfully submitted,
**O'CONNOR KIMBALL LLP**

By: _____
Thomas J. Gregory, Esquire
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
215-564-0400    Facsimile: 215-564-1973
Email: tgregory@okllp.com
*Attorney for Defendants, YesCare Corporation, Lalitha Trivikram, M.D., and Maureen Gay, N.P.*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG as Administrators for the Estate of LOUIS JUNG, JR.<br>v.<br>CITY OF PHILADELPHIA; YESCARE CORP., BLANCHE CARNEY, LALITHA TRIVIKRAM, MAUREEN GAY, MARIESHA APOLLON, BLAIR CABELLOS, GENA FRASIER, and WANDA BLOODSAW | :<br>:<br>:<br>: CASE NO. 24-CV-05618<br>:<br>:<br>:<br>:<br>: |

## CERTIFICATE OF SERVICE

I, Thomas J. Gregory, Esquire, hereby certify that I caused a true and correct copy of the foregoing Motion in Limine to Preclude the Introduction or Use of Testimony or Evidence of Plaintiff's Untimely Experts to be electronically filed on this this ____day of December, 2025, and thereby served via the Court's Electronic ECF Filing System upon:

bretgrote@abolitionistlawcenter.org
nia@alcenter.org
rupalee@alcenter.org
margo@alcenter.org
Bret Grote, Esquire
Nia Holston, Esquire
Rupalee Rashatwar, Esquire
Margaret Hu, Esquire
Abolitionist Law Center
990 Spring Garden Street
Philadelphia, PA 19123
*Attorneys for Plaintiffs*

jkaminsky@kiernantrebach.com
Jonathan Kaminsky, Esquire
Kiernan Trebach, LLP
10 Penn Center
1801 Market Street, Suite 770
Philadelphia, PA 19103
*Attorney for Defendant, Mariesha Apollon*

michael.pestrak@phila.gov
Michael Pestrak, Esquire
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
*Attorney for Defendants, City of Philadelphia and Blanche Carney*

O'CONNOR KIMBALL LLP

By: _____
Thomas J. Gregory, Esquire
*Attorney for Defendants, YesCare Corporation, Lalitha Trivikram, M.D., and Maureen Gay, N.P.*

# EXHIBIT "A"

 Outlook

## Jung v. City of Philadelphia - Plaintiffs' Expert Reports

**From** Bret Grote <bretgrote@alcenter.org>
**Date** Wed 12/3/2025 4:00 PM
**To** Sarah Baker <sbaker@kiernantrebach.com>; Marc Thirkell <mthirkell@grsm.com>; Danielle Cole <dcole@grsm.com>; emily.hoff@phila.gov <emily.hoff@phila.gov>; Thomas Gregory <tgregory@okllp.com>; Michael Pestrak <michael.pestrak@phila.gov>; Jonathan Kaminsky <jkaminsky@kiernantrebach.com>; Alex Possino <apossino@grsm.com>; Summer Thomas <scthomas@grsm.com>
**Cc** Rupalee Rashatwar <rupalee@alcenter.org>; Margaret Hu <margo@alcenter.org>; Corinne Austen <corinne@alcenter.org>; Lolo Serrano <lolo@alcenter.org>

📎 4 attachments (3 MB)
Jung v. City of Philadelphia - Expert Report of Art Wallenstein.pdf; Jung v. City of Philadelphia - Expert Opinion J Williams.pdf; Jung v. City of Philadelphia - Expert Report of Lori Roscoe.pdf; Jung v. City of Philadelphia - Expert Report of Dr. Homer Venters-.pdf;

Counsel,

Attached find the following Plaintiffs' expert reports:

- Expert report of Dr. Jonathan Williams
- Expert report of Dr. Homer Venters
- Expert Report of Lori Roscoe, DNP, PhD, APRN, ANP-C, CCHP-RN
- Expert Report of Art Wallenstein

Sincerely,

Bret Grote
Legal Director
Abolitionist Law Center

# EXHIBIT "B"

 Outlook

### Re: Jung v. City of Philadelphia - Expert Deposition Scheduling

**From** Bret Grote <bretgrote@alcenter.org>
**Date** Tue 12/9/2025 3:30 PM
**To** Sarah Baker <sbaker@kiernantrebach.com>
**Cc** Michael Pestrak <Michael.Pestrak@phila.gov>; Marc Thirkell <mthirkell@grsm.com>; Danielle Cole <dcole@grsm.com>; Emily Hoff <emily.hoff@phila.gov>; Jonathan Kaminsky <jkaminsky@kiernantrebach.com>; Thomas Gregory <tgregory@okllp.com>; Summer Thomas <scthomas@grsm.com>; Alex Possino <apossino@grsm.com>; ajayman@grsm.com <ajayman@grsm.com>; kover@grsm.com <kover@grsm.com>; Danielle Walsh <danielle.walsh@phila.gov>; Rupalee Rashatwar <rupalee@alcenter.org>; Margaret Hu <margo@alcenter.org>; Corinne Austen <corinne@alcenter.org>; Lolo Serrano <lolo@alcenter.org>; Lora Crossley <lcrossley@kiernantrebach.com>

Sarah,

We have read your brief and will address your position in our response. We will note here that we do not find it meritorious.

The reports were timely submitted on the deadline stipulated to by all parties for completion of expert discovery required by Rule 26(a)(2). The stipulated continuance of fact and expert discovery accommodated all parties in completing discovery, and it resulted in deadline pressure for all parties, plaintiffs included. If there was any non-mandatory expert discovery you wanted to engage in, it was incumbent upon you to identify and raise that prior to signing the stipulation.

We will also note that your own client was not produced for a deposition until November 5th, after we accommodated you for approximately four months following our initial requests for deposition dates in June. Further depositions were conducted throughout November to accommodate trial schedules for other defense counsel. All counsel in this matter have extensive caseloads and many other commitments, and all deadlines, including the stipulated deadlines for fact and expert discovery, have been the same for all parties.

As noted by Judge Savage in his chamber rules, the Federal Rules require discovery be conducted in a voluntary, cooperative manner. If you or your co-counsel identify what additional discovery, if any, that you still seek prior to trial, Plaintiffs' counsel are still willing to work with you, and to meet and confer about this at any time.

Sincerely,

Bret Grote
Legal Director
Abolitionist Law Center

On Mon, Dec 8, 2025 at 9:26 PM Sarah Baker <sbaker@kiernantrebach.com> wrote:

> Good evening Bret,
>
> As was indicated in our MSJ filed Friday, we object to the late production of the reports. I am booked with trials and/or time scheduled with family for the holidays starting Monday until our trial date in this case. The late production left us with extremely limited time to modify our already prepared MSJ, let alone conduct meaningful expert discovery. Most respectfully, it is not reasonable to expect counsel to spend what would otherwise be holiday or trial preparation time conducting expert discovery for reports that were due more than 6 weeks ago.
>
> Sarah

*Sarah M. Baker*

Partner



Ten Penn Center, Suite 770

1801 Market Street

Philadelphia, PA 19103-1606

T 215-569-4433

F 215-569-4434

Towne Place at Garden State Park

923 Haddonfield Road, Suite 300

Cherry Hill, NJ  08002

T 856-705-2600

F 856-705-2601

www.KiernanTrebach.com

Our office is a paperless environment. We would appreciate you sending all communications to our office electronically by email, rather than in paper form by regular mail or fax. We thank you for your consideration and courtesties.

**From:** Bret Grote <bretgrote@alcenter.org>
**Sent:** Monday, December 8, 2025 8:35 AM
**To:** Michael Pestrak <Michael.Pestrak@phila.gov>; Marc Thirkell <mthirkell@grsm.com>; Sarah Baker <sbaker@kiernantrebach.com>; Danielle Cole <dcole@grsm.com>; Emily Hoff <emily.hoff@phila.gov>; Jonathan Kaminsky <jkaminsky@kiernantrebach.com>; Thomas Gregory <tgregory@okllp.com>; Summer Thomas

<scthomas@grsm.com>; Alex Possino <apossino@grsm.com>; ajayman@grsm.com; kover@grsm.com; Danielle Walsh <danielle.walsh@phila.gov>
**Cc:** Rupalee Rashatwar <rupalee@alcenter.org>; Margaret Hu <margo@alcenter.org>; Corinne Austen <corinne@alcenter.org>; Lolo Serrano <lolo@alcenter.org>
**Subject:** Jung v. City of Philadelphia - Expert Deposition Scheduling

Counsel,

Please advise as promptly as possible if any party intends to depose any of Plaintiffs' experts in addition to the deposition of Art Wallenstein that is scheduled for December 10, 2025 at 10:00 a.m. so that we can coordinate with our experts to determine a date and time amenable to all that they can be made available for depositions.

Sincerely,

Bret Grote
Legal Director
Abolitionist Law Center