IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : |
| Plaintiff, | : : |
| v. | : : |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : : : : : : : : |
| Defendants, | : : |
| v. | : |
| CAREERSTAFF UNLIMITED, LLC, | : : |
| Third Party Defendant, | : : |
| v. | : |
| TEKACCEL, INC., | : : |
| Fourth Party Defendant. | : |

No. 2:24-cv-05618-TJS

**JURY TRIAL DEMANDED**

**MEMORANDUM OF LAW IN OPPOSITION TO YESCARE'S MOTION IN LIMINE SEEKING TO EXCLUDE PLAINTIFFS' EXPERT TESTIMONY**

I.     RELEVANT PROCEDURAL BACKGROUND

Plaintiffs Jacob and James Jung brought this case as Administrators of the Estate of Louis Jung, Jr [hereafter "Mr. Jung"], their father, who died of diabetic ketoacidosis while incarcerated in the Curran-Fromhold Correctional Facility (CFCF) within the Philadelphia Department of Prisons. This lawsuit was initiated on October 23, 2024 by the filing of a civil rights action pursuant to 42 U.S.C. § 1983. Dkt. 1. Plaintiffs' claims were based on failures to provide proper medical care and disability accommodations to Mr. Jung.

1

On June 18, 2025, Plaintiffs notified Defendants of their intention to call Dr. Jonathan Williams, Dr. Homer Venters, and Dr. Lori Roscoe as expert witnesses in this matter. Ex. 1, Rule 26(a)(2) Disclosures. This notice also stated that "Plaintiffs reserve the right to supplement these disclosures, including by identifying any additional expert witnesses who will testify at trial." *Id*.

The operative case management order in this case was entered on July 10, 2025, Dkt. 62, after YesCare sought and was granted leave of Court to file a Third-Party Complaint and bring a new party into the case. Dkt. 57, 58. The extension was sought "to ensure fairness to the Defendant that will be added to the case. Depositions should not be scheduled until all parties are in the case who will have a right to participate." Dkt. 59 (Joint Motion for Extension of Time to Extend Discovery).

On September 18, 2025, the parties filed another Joint Motion for Extension of Time to Complete Discovery. Dkt. 69. This motion was denied by the Court, which stated in a footnote in the Order denying the motion, "Notwithstanding the denial of this motion, the parties may agree to continue discovery provided it does not affect any other deadlines in the Scheduling Order." Dkt. 70. The following day, the parties filed a Stipulation with the Court which read in its entirety: "PLEASE TAKE NOTICE that, consistent with the footnote in this Court's order of September 18, 2025 that stated "the parties may agree to continue discovery provided it does not affect any other deadlines in the Scheduling Order," the parties hereby agree to complete fact discovery by November, 19 2025, and expert discovery by December 3, 2025." Dkt. 71.

Fact discovery, which had a deadline in the July 10, 2025 case management order of September 26, 2025, continued through the stipulated date of November 19. Additional depositions were conducted on October 10, 16, 23, 24, and November 5, 12, 14, 17, and 18. Ex. 2, Deposition Cover Pages. Document production continued until the final day of the stipulated deadline for fact

2

discovery, as YesCare produced thousands of pages of documents on November 19. Ex. 3, Nov. emails regarding document production.

After the completion of fact discovery on November 19, the parties had until December 3, 2025 under the Stipulation to produce expert discovery. Plaintiffs submitted four expert reports on December 3, 2025. Defendants did not produce any expert reports.

On December 18, 2025, YesCare Defendants filed a motion in limine to exclude evidence from Plaintiffs' expert witnesses at trial.

## II.  QUESTIONS PRESENTED

1. Whether Plaintiffs' expert reports were timely submitted.

2. Whether the "extreme" and "draconian" sanction of exclusion is warranted in light of Defendants failure to demonstrate prejudice, and their failure to attempt to cure any potential prejudice.

## III.  ARGUMENT

Plaintiffs' expert reports were timely filed on the stipulated deadline for completion of expert discovery that was permitted by the court and agreed to by all parties, including YesCare Defendants, and YesCare Defendants were not prejudiced.

### A.  Plaintiffs' Expert Reports Were Timely Filed.

YesCare Defendants' argument that Plaintiffs' expert reports should be excluded is meritless. "[T]he exclusion of critical evidence is an 'extreme' sanction, not normally to be imposed absent a showing of willful deception or 'flagrant disregard' of a court order by the proponent of the evidence." *In re Paoli R.R. Yard PCB Litig.*, 35 F.3d 717, 791-92 (3d Cir. 1994) (quoting *Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 905 (3d Cir. 1977)). "[S]triking an expert report is a draconian measure warranted only in extreme cases." *Brown v. Robert Packer Hosp.*, 341 F.R.D. 570, 574–75 (M.D. Pa. 2022). Defendants can neither show willful deception nor flagrant disregard of a court order, let alone any disregard of a court order.

3

Here, Defendants' argument relies upon a threshold fact that is not present in the case *sub judice*: an expert report submitted after the completion of expert discovery. That untimely reports are those submitted after the end of "expert discovery" deadlines is an axiomatic proposition. See also *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 721 (3d Cir. 1997) (excluding expert reports produced when the "cutoff for expert discovery had passed more than a year earlier"); *Fulton v. Soh*, No. 1:21-CV-01268, 2024 WL 4755444, at *3 (M.D. Pa. Nov. 12, 2024) (excluding expert reports submitted after "expert discovery [was to] be completed"; *Flickinger v. Toys R Us, Inc.*, No. 3:10-CV-305, 2011 WL 3359646, at *2 (M.D. Pa. Aug. 3, 2011) (excluding reports when party "submitted these reports in late June, months after the expert discovery deadline"). The fatal flaw in Defendants' argument is that this Court permitted extension of discovery by stipulation so long as other deadlines remained in place, and the parties – including YesCare Defendants – then stipulated that fact discovery be completed by November 19, 2025, and expert discovery be completed by December 3, 2025. Accordingly, the argument to exclude Plaintiffs' expert reports is nothing more than clutching at straws.

Defendants' argument is predicated upon the inaccurate premise that the reports were not timely submitted to Defendants, a premise that in turn rests upon material misrepresentations of the Stipulation, and the footnote in this Court's order expressly permitting continuance of discovery deadlines via stipulation.

First, all parties agreed by Stipulation that fact discovery would be completed by November 19 and expert discovery completed by December 3. Such a sequencing allowed for the completion of document production, which occurred up until November 19, when YesCare provided over 25,000 pages of medical records responsive to a motion to compel that was granted in June, Ex. 3, Nov. emails regarding document production, Dkt. 54, 56; and the completion of depositions,

4

which included depositions occurring immediately preceding and subsequent to October 24, the erstwhile deadline for production of expert reports prior to the Stipulation that expert discovery was due on December 3:

- October 16 – Deposition of Patricia Powers, 30(b)(6) designee of City of Philadelphia;
- October 23 – Deposition of Defendant Blanche Carney;
- October 24 – Deposition of Sandy Varghese, 30(b)(6) designee of City of Philadelphia;
- November 5 – Deposition of Defendant Mariesha Apollon;
- November 12 – Deposition of Lynda Witkowski, YesCare employee involved in creation of Patient Safety Event Report regarding the death of Louis Jung, Jr.;
- November 14 – Deposition of Xavier Beaufort, Philadelphia Department of Prisons employee responsible for revocation of security clearance of Defendant Blair Cabellos;
- November 17 – Deposition of Defendant Lalitha Trivikram, who was also the 30(b)(6) designee for YesCare;
- November 18 – Deposition of Marsha Jeoboham, Director of Nursing for YesCare.

Ex. 2. These eight depositions constitute more than half of the 15 taken in this case by November 19. That such substantial document production and conducting of depositions occurred between mid-October through November 19, the undisputed deadline for completion of fact discovery, reinforces the logic, efficiency, and reasonableness of construing December 3 as the deadline for submission of expert reports, as all parties relied on November 19 as the deadline to complete the fact discovery that would be the basis for any expert report produced by any party.

5

YesCare attempts some semantic arguments that amount to the same argument proffered by Defendant Apollon that the Stipulation merely extended the deadline for expert depositions. That "expert discovery," which was to be completed by December 3, includes expert reports is evident from Fed. R. Civ. P. 26(a)(2), which clearly delineates mandatory expert witness disclosures such as reports. Defendants now argue that the Stipulation to complete "expert discovery" by December 3 actually contained a *sub silentio* meaning of "expert depositions." This is untenable. If the parties merely consented to extend the deadline for completing expert depositions then the more specific term would have been used. Similarly, if the parties agreed to maintain multiple deadlines for expert discovery, then those would have also been identified in the Stipulation. To read the Stipulation in the way Defendants now argue would require substituting "depositions" for "discovery," transforming the meaning and the understanding of the Stipulation drastically. This interpretation would also be illogical, as it would have fact and expert discovery overlapping with each other, which is contrary to common practice in federal civil rights litigation, and would have generated gross inefficiencies in the production and supplementation of expert reports. It is telling that YesCare Defendants do not attempt to explain why the parties would agree to produce expert reports prior to the close of fact discovery, because that would not have permitted expert review of critical testimony, and that is not what the parties agreed to.

Second, Defendants argue that this Court's footnote in its Order of September 18, 2025 denying the parties' Joint Motion to Extend Discovery required maintaining discrete sequencing and the actual deadlines for expert discovery. This is simply not what the text says. In full, it reads, "Notwithstanding the denial of this motion, the parties may agree to continue discovery provided it does not affect any other deadlines in the Scheduling Order." "Any other deadlines" is counterposed to "continu[ing] discovery," thus meaning that discovery deadlines may be continued

6

as long as other [i.e. non-discovery] deadlines are not affected. Since the parties had just sought to extend the case management order, the Court's meaning here could not be clearer: discovery deadlines may be altered by stipulation, but other deadlines will remain in place. That is precisely what the Stipulation subsequently filed with the Court did. The Court did not require any stipulation entered into by the parties to maintain discrete deadlines for potential rebuttal reports, nor did it mandate a timeframe for depositions. In fact, in the operative case management order the Court said that "Expert depositions, *if any*, shall be concluded no later than November 21, 2025." The Court's phrasing recognizes what is clear from Fed. R. Civ. P. 26, namely, that expert depositions are discretionary and the parties may elect not to conduct them. The Stipulation did not expressly or impliedly incorporate any other discovery deadlines. The Court expressly permitted the parties to stipulate to a continuation of discovery deadlines without any other strictures on how that stipulation was to be structured, beyond that it not alter any other deadlines. That is precisely what the parties did.

YesCare Defendants also argue that they were deprived of the opportunity to submit rebuttal reports due to Plaintiffs' submitting expert reports on the stipulated December 3 deadline. They appear to imply that but for the December 3 submission date, they would have been able to produce expert reports to counter Plaintiffs' reports. This argument overlooks, however, that the date for production of expert reports ordered by this Court in the Amended Case Management Order had the *same date* for *all* parties to submit expert reports and rebuttal reports, and Defendants could have produced expert reports in support of their defenses on the same date as Plaintiffs:

> Counsel for *each* party shall serve upon counsel for every other party the information referred to in Federal Rule of Civil Procedure 26(a)(2)(B) by expert report or answer to expert interrogatory no later than October 24, 2025. If the evidence is intended solely to contradict or rebut evidence on the same subject matter identified by another party, counsel shall serve the information on counsel

7

>for every other party no later than November 7, 2025. Expert depositions, *if any*, shall be concluded no later than November 21, 2025.

Dkt. 62, Amended Scheduling Order (emphases added). It has always been the case in this litigation that the parties had the same deadline for expert reports. That the Stipulation agreed to by the parties set a singular date for completion of all expert discovery was both permitted by this Court's authorization to continue discovery via stipulation, and consistent with the contemplated sequencing of discovery in this matter that fact discovery be completed prior to expert discovery, and that the parties have contemporaneous deadlines for expert discovery.

If Defendants merely want two weeks to produce rebuttal reports, then they should ask for that. None of the Defendants have indicated that they have retained experts and had them on the ready to submit rebuttal reports, and it is difficult to conceive how any expert could properly review the record in this case and respond to expert reports with a two-week window if they were not already retained and working on the case. Defendants elected not to retain experts, they did not produce reports on December 3 or any of the other dates suggested as alternative deadlines such as October 24 or November 21.[1] Nobody, especially not the Plaintiffs, prevented YesCare or any of the other Defendants from retaining expert witnesses to support their defenses in this case. In light of the foregoing inaccurate characterizations of the Stipulation, this Court's authorization to extend discovery by Stipulation, and all parties having the same amount of time and deadlines to retain experts and produce reports, it is apparent that Plaintiffs' expert reports were timely submitted upon the date agreed upon via Stipulation by the parties for completing expert discovery required under Fed. R. Civ. 26(a)(2).

---

[1] That November 21 was the *sub silentio* deadline for expert reports was argued by one of the attorneys for Defendant Apollon in an email. *See* Plaintiffs' Responsive Statement of Concise Facts to Def. Apollon, ¶ 41, Dkt. 119.

8

### B. Even if Plaintiffs' Expert Reports are Deemed Late, Exclusion is Extreme and Inappropriate.

Even under YesCare's inaccurate assumption that Plaintiffs tardily submitted expert discovery, Third Circuit jurisprudence weighs in favor of not excluding Plaintiffs' expert reports. Excluding evidence due to a failure to comply with discovery duties is only warranted when the *Nicholas* factors justify such a severe sanction. *See Nicholas v. Pa. State Univ.,* 227 F.3d 133, 148 (3d Cir. 2000). The analysis considers 1) The prejudice or surprise of the party against whom the excluded evidence would have been admitted; 2) The ability of the party to cure that prejudice; 3) The extent to which allowing the evidence would disrupt the orderly and efficient trial of the case or other cases in the court; and 4) Bad faith or willfulness in failing to comply with a court order or discovery obligation. *Id*. Additionally, courts must examine the importance of the evidence sought to be excluded. *Konstantopoulos,* 112 F.3d at 719. Each one of these factors militates in Plaintiffs' favor.

To begin with, YesCare has not met its burden. Of the cases they cite supporting their argument for exclusion, one resulted in a portion of an expert report being excluded without prejudice to the filing of a motion that would permit that portion to be submitted in a proper supplemental report, and then allow time for the other side to conduct further discovery. *NippoCorp./Intern Bridge Corp. v. AMEC Earth & Enviornmental, Inc.*, 2011 WL 1211314 (E.D. Pa. March 30, 2011). Other cases cited by YesCare as examples of court's excluding evidence are readily distinguishable. *M. Eagles Tool Warehouse, Inc. v. Fisher Tooling Company*, *Inc*., 2007 WL 979854, *12, n. 12 (D.N.J. March 30, 2007) (excluding supplemental expert report submitted five and one-half years after the close of discovery); *Apotex Inc. v. Cephalon, Inc.*, 2014 WL 4933009, *2 (E.D.Pa. Oct. 1, 2014) (excluding supplemental expert report submitted after deadline for expert reports without leave of court and without court authorization to continue discovery).

9

YesCare does not point to any case where expert reports were produced 14 days after the close of fact discovery, nor any cases involving a court-authorized Stipulation to continue discovery deadlines.

As to the first factor that must be considered, there was no prejudice or surprise to YesCare Defendants. Plaintiffs' disclosed the identities of the medical experts in June 2025. Ex. 1. Their reports were not late. See *supra*. Courts assess prejudice or surprise from untimely expert disclosures along a "spectrum," with the likelihood of prejudice increasing as the disclosure occurs closer to trial. *Cochran v. Jackson*, No. 14-2165, 2015 WL 3555291, at *2 (E.D. Pa. June 8, 2015). Where an expert report is disclosed with sufficient time for a party to prepare cross-examination, courts routinely find minimal prejudice. *Id*. *3-5 (finding minimal prejudice where report was produced seven months late but more than two months before trial and adequate time to depose expert); *Bauder v. Phila., Bethlehem & N.E. R.R. Co.*, No. 96-7188, 1998 WL 633651, at *4–5 (E.D. Pa. Aug. 28, 1998) (no prejudice where Plaintiff had identified expert witness well ahead of production of report and two months before trial was a sufficient amount of time to prepare cross examination). Importantly, the mere fact of lateness does not itself establish prejudice; rather, prejudice turns on whether the delay confers a tactical advantage or meaningfully impairs the opposing party's litigation preparation. *Cochran*, 2015 WL 3555291, at *2.

Here, Defendants knew that Plaintiffs intended to use three medical experts in June 2025 and therefore were on notice that expert reports were to be expected after the completion of fact discovery. YesCare Defendants were not prejudiced here, as each of the medical expert reports are based on core facts that have long been known by all parties, the cause of death of Mr. Jung is not in dispute, and the allegations in Plaintiffs' Amended Complaint clearly lay out the factual basis for liability against each Defendant. In fact, Plaintiffs' expert findings substantially agree with

10

YesCare's own assessment of the causes of Mr. Jung's death as outlined in their Patient Safety Event report. *See* Plaintiffs' Brief in Support of Motion for Partial Summary Judgment Against YesCare and Defendant Cabellos, Dkt. 96. This is evident in Plaintiffs' uncontested motion[2] for partial summary judgment against YesCare and Defendant Cabellos, where each citation to a section of Plaintiffs' expert report in Plaintiffs' Concise Statement of Undisputed Material Facts also cites to corresponding evidence taken from YesCare documents and policies, depositions of YesCare defendants and witnesses, or is entirely reliant on YesCare documents. Dkt. 95. Not only was it not a surprise that the experts Plaintiffs identified in June actually produced expert reports, but their conclusions were also not surprising given Plaintiffs' Amended Complaint and the record in the case they are based upon.

Second, Defendants have had ample opportunity to cure any alleged prejudice, but have opted not to seek any further discovery. Even where some prejudice exists, courts strongly favor curative measures over exclusion, particularly when the prejudice can be remedied through additional discovery. The Third Circuit has repeatedly emphasized that exclusion of critical evidence is an "extreme sanction" that should be imposed only where lesser sanctions are inadequate. *Meyers*, 559 F.2d at 905; *Konstantopoulos*, 112 F.3d at 719; *Quinn v. Consol. Freightways Corp. of Delaware*, 283 F.3d 572, 576 (3d Cir. 2002); *Montgomery v. Mitsubishi Motors Corp.*, 448 F. Supp. 2d 619, 633 (E.D. Pa. 2006). Consistent with this principle, courts regularly cure prejudice by permitting depositions of the expert witness at issue. *Cochran*, 2015 WL 3555291, at *3 (allowing deposition of expert to cure prejudice); *Pansini v. Trane Co.*, No. 17-3948, 2019 WL 1299036, at *5–6 (E.D. Pa. Mar. 21, 2019) (granting defendants time to depose expert). This remains the case at the summary judgment stage: exclusion of late expert discovery

---

[2] Responses to summary judgment motions were due on December 19, and YesCare failed to respond to Plaintiffs' Motion for Partial Summary Judgment.

is disfavored where less drastic sanctions and other remedies exist. See generally *Id.* (allowing consideration of late expert reports at summary judgment stage given critical weight of evidence and curability of prejudice); *Ciocca v. BJ's Wholesale Club, Inc.*, Civ. No. 04-5605, 2011 WL 3563560 (E.D. Pa. Aug. 12, 2011); *Soufflas v. Zimmer, Inc.*, 474 F.Supp.2d 737, 745 (E.D. Pa. Feb. 21, 2007). In contrast, where the prejudice arises from structural unfairness—such as one party receiving substantially more time to prepare expert opinions than the other—courts have found that additional extensions cannot fully cure the harm. *Gibson by Gibson v. Nat'l R.R. Passenger Corp.*, 176 F.R.D. 190, 194–95 (E.D. Pa. 1997) (finding incurable prejudice where defendants' dilatory conduct resulted in 141 days to prepare expert reports compared to plaintiffs' 77 days).

This factor also turns in Plaintiffs' favor. Although expert discovery was to be completed on December 3, 2025 pursuant to Stipulation, Plaintiffs have remained amenable to responding to Defendant discovery requests pertaining to Plaintiffs' experts. City of Philadelphia's counsel inquired about deposing Plaintiffs' corrections expert on Friday, December 5, and submitted a Request for Production of Documents (RPD) pertaining to that same expert on the same day. Plaintiffs' counsel responded to the RPD with document production in two business days, and produced their corrections expert for a deposition on the third business day from the request. Ex. 4, Emails regarding City's Deposition Notice and RPD . Counsel for YesCare Defendants attended the December 10 deposition of Plaintiffs' corrections expert. On Monday, December 8, Plaintiffs' counsel asked all Defendants' counsel to please advise if they were seeking to depose any of Plaintiffs' other experts so Plaintiffs could facilitate any further depositions. Ex. 5, Emails regarding expert deposition scheduling. Counsel for YesCare Defendants have not identified any further expert discovery they desire. Whether to take an expert's deposition is a strategic question,

and many counsel opt not to take expert depositions so as not to provide insight into cross-examination strategies, something implicit in this Court's case management order, which used the term "if any" to refer to any expert depositions that may be taken. Dkt. 62. Accordingly, although they have not identified any specific expert discovery they wish to conduct, YesCare Defendants have had ample opportunity to cure any alleged prejudice, and their counsel have demonstrated an ability to participate in further expert discovery. That option remains open.

Third, the potential for disruption weighs against exclusion where trial is not imminent. Courts permit late expert disclosures where sufficient time remains to incorporate the discovery without impacting trial scheduling or the court's docket. *Cochran*, 2015 WL 3555291, at *3 (no disruption where trial was more than two months away); *Bauder v. Phila., Bethlehem & N.E. R. Co.,* No. 96–7188, 1998 WL 633651, at *4–5 (E.D. Pa. Aug.28, 1998). Thus, disruption is closely tied to timing and procedural posture, with exclusion typically reserved for circumstances where the late disclosure would meaningfully interfere with the court's ability to manage its docket efficiently. As already argued, Defendants Apollon and the City of Philadelphia Defendants have already demonstrated an ability to assess and meaningfully respond to Plaintiffs' experts in multiple briefs, and ample time remains for further preparation of cross-examination. There is no need to extend the trial schedule for this issue, and the inclusion of the expert reports will not disrupt the case management schedule.

Fourth, there is no evidence of bad faith. While Defendants baselessly accuse Plaintiffs' counsel of "gamesmanship," there is no evidence in the record of anything other than Plaintiffs' good-faith reliance on the Stipulation as setting a deadline of December 3 for the production of mandatory expert discovery disclosures. The presence or absence of bad faith or willfulness is often the most significant factor in determining whether exclusion is appropriate. Courts reserve

13

findings of willfulness for "repeated" or "flagrant" disregard of court orders, not isolated or negligent failures to comply. *Holbrook v. Woodham*, No. 05-304, 2008 WL 544719, at *3 (W.D. Pa. Feb. 28, 2008) (stating that an "egregious" showing of bad faith is necessary for a judicial finding of willfulness). Where a party acts promptly to correct an error and lacks a pattern of violations, courts routinely decline to find bad faith. *Cochran*, 2015 WL 3555291, at *4 (finding good faith where defendant acted quickly to remedy a "good faith, albeit incorrect" interpretation of the scheduling order); *Pansini*, 2019 WL 1299036, at *6 (no bad faith where delay reflected a "slip-up" rather than a tactical ploy). By contrast, exclusion is warranted where the record demonstrates a conscious disregard of discovery obligations, repeated violations of court orders, or deceptive conduct. *Gibson*, 176 F.R.D. at 195 (finding "flagrant disregard" where defendants repeatedly ignored deadlines and required court intervention); *In re TMI Litig.*, 193 F.3d 613, 722 (3d Cir. 1999) (finding bad faith where plaintiffs repeatedly violated orders and covertly filed untimely reports); *Klatch-Maynard*, 2011 WL 2006424, at *5 (three-and-a-half-year delay without justification constituted willful noncompliance); *SuperMedia*, 2014 WL 5023386, at *10–11 (suspected backdating and withholding of underlying materials). Plaintiffs complied with a Stipulation to continue discovery that was authorized by this Court, so there is no disregard of any court order, let alone a flagrant one or one made in bad faith.

Additionally, the importance of the evidence weighs heavily in favor of the Plaintiffs. This case involves state medical malpractice claims, federal constitutional medical care claims, and Americans with Disabilities Act and Rehabilitation Act Claims against 11 defendants, and the expert reports are critical for each claim. Diabetes care, correctional health care, correctional nursing, and corrections are distinct areas of specialized knowledge that courts and juries routinely rely on when assessing evidence pertaining to medical care and jail practices and operations. That

14

Plaintiffs' expert reports are unfavorable to Defendants does not amount to prejudice or discount the importance of the evidence for the case; instead, that only reinforces that Plaintiffs' expert testimony is of vital importance and that factor weighs against the draconian remedy of exclusion.

There are equitable considerations that support Plaintiffs' position as well. If YesCare wanted to include time in the stipulated extension for optional rebuttal reports and depositions, then the time to raise that was prior to signing the Stipulation. It also bears emphasizing that the December 3 deadline for completion of expert discovery applied to all parties. Defendants could have produced expert reports by this date or sooner, but none of them chose to do so. Plaintiffs' counsel entered into the Stipulation well aware that it meant foregoing rebuttal reports, and that it would likely not seek any depositions of Defendants' experts. These expectations were apparent from the timeline included in the Stipulation in light of the rest of the case scheduling order, and Defendants cannot claim they were surprised by receiving expert disclosures on the deadline for completion of expert discovery, especially since Plaintiffs had already provided the names and CVs of their three medical experts in June prior to any deadline for them to do so, and prior to the Stipulation, and especially since fact discovery was ongoing through November 19.[3]

It is also important to note that throughout the entire conduct of discovery in this case Plaintiffs' counsel have taken its obligations under this Court's Chamber Rules and the Federal Rules of Civil Procedure to approach discovery in a cooperative manner seriously. *See* Judge Savage Policies and Procedures at III ("The Federal Rules of Civil Procedure call for voluntary, cooperative discovery in a timely manner."). Accordingly, although Plaintiffs first noticed depositions in June and intended to conduct them through late June and then throughout July, these were postponed in light of YesCare seeking leave to file a Third-Party Complaint. Dkt. 57.

---

[3] Plaintiffs' corrections expert was not retained until later, and his report was produced on the deadline for expert discovery.

Plaintiffs did not wish to begin depositions with an entire party not in the case yet, and so waited to begin these in order to prevent a situation where one party was not able to participate in depositions. Dkt. 59. After it became necessary to begin depositions, Plaintiffs frequently accommodated requests for different dates due to the trial schedules of Defendants' counsel. These accommodations included not taking Defendant Apollon's deposition until November 5, Ex. 6, Email from Apollon's Counsel regarding Scheduling Apollon's Deposition (further postponing Apollon's deposition and offering alternative dates *after* the stipulated deadline for the completion of fact discovery), accommodating YesCare's counsel who had a trial in early November that required rescheduling the deposition of Defendant Trivikram until November 17, and only receiving final production of documents from YesCare on November 19. Ex. 3. These examples show that Plaintiffs' counsel have worked cooperatively with Defendants' counsel throughout the discovery process, further demonstrating the absence of any bad faith on the part of Plaintiffs' counsel.

These accommodations in completing fact discovery created considerable time pressure on Plaintiffs in obtaining and providing fact discovery materials to experts, and preparing a summary judgment motion. Plaintiffs understood that the Stipulation in this case meant there was limited time between the completion of fact discovery and production of expert reports, and that this in turn was on the eve of summary judgment filings. Plaintiffs' counsel also presumed Defendants were going to serve expert reports on Plaintiffs on December 3. Defendants have not been prejudiced at all, and any time pressure they are under in light of the case management order and the Stipulation is a pressure borne by all parties, Plaintiffs included.

## IV. CONCLUSION

Plaintiffs' expert reports were submitted timely on the stipulated deadline agreed to by all parties, including YesCare Defendants. The "draconian", *Brown,* 341 F.R.D. at 574–75, and "extreme" sanction of exclusion from trial is not warranted here, as there has not been an untimely submission of any expert report let alone "willful deception" or "flagrant disregard of a court order," *In re Paoli R.R. Yard PCB Litig*., 35 F.3d at 791-92, and the Defendants have not suffered any prejudice. The motion to exclude Plaintiffs' expert evidence should be denied.

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085
*/s/ Margaret Hu*
Staff Attorney
PA ID No. 334438
*/s/ Lolo Salsbury Serrano*
Legal Fellow
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123


*Counsel for Plaintiffs*

## CERTIFICATE OF SERVICE

I, Bret Grote, Esq., hereby certify that I caused a true and correct copy of the foregoing Brief in Opposition to YesCare Defendants' Motion in Limine to be electronically filed on December 22, 2025, and thereby served upon all parties entered into the Court's ECF system.

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

*Counsel for Plaintiffs*