IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, <br><br> Plaintiff, <br> v. <br><br> CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, <br><br> Defendants, <br> v. <br><br> CAREERSTAFF UNLIMITED, LLC, <br><br> Third Party Defendant, <br> v. <br><br> TEKACCEL, INC., <br><br> Fourth Party Defendant. | No. 2:24-cv-05618-TJS <br><br> **JURY TRIAL DEMANDED** |

**REPLY BRIEF IN SUPPORT OF PLAINTIFFS' MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANTS YESCARE AND CABELLOS**

Plaintiffs moved for partial summary judgment as to their state law medical malpractice claims against Defendants YesCare Corp. [hereafter "YesCare"] and Blair Cabellos on December 5, 2025. Defendants' responses were due on December 19, 2025. Dkt. 62, Amended Scheduling Order. Defendants did not file a response by the deadline. Instead, on December 23, 2025, Defendants YesCare and Cabellos filed an untimely brief that did not contain any record citations or exhibits. Defs. Brief, Dkt. 122. Defendants failed to file the required responsive statement of disputed facts as outlined in this Court's Amended Scheduling Order. Dkt. 62. Plaintiffs hereby

1

file this reply brief in conformity with this Court's Policies and Procedures in order to address Defendants' untimely and procedurally deficient response, which amounts to a failure to contest the factual bases for Plaintiffs' partial motion for summary judgment.

I.  **Plaintiffs' Statement of Material Facts is Uncontested**

This Court has previously outlined its task when a nonmoving party fails to specifically controvert facts in a summary judgment motion:

> By failing to file a response within the specified time, "the nonmoving party waives the right to respond to or to controvert the facts asserted in the summary judgment motion." *Reynolds v. Rick's Mushroom Serv.*, 246 F. Supp. 2d 449, 453 (E.D. Pa. 2003) (quoting *Reed v. Nellcor Puritan Bennett*, 312 F.3d 1190, 1195 (10th Cir. 2002); and citing *Anchorage Assocs. v. V.I. Bd. of Tax Review*, 922 F.2d 168, 175–76 (3d Cir. 1990)). The scheduling order in this case clearly warned the parties that "[a]ll material facts set forth in the Statement of Undisputed Facts served by the movant shall be deemed undisputed unless specifically controverted by the opposing party." Thus, our task is to determine whether, given these undisputed facts, De Lage is entitled to judgment as a matter of law.

*De Lage Landen Fin. Servs., Inc. v. Regan Techs. Corp.*, No. CV 16-4865, 2017 WL 714038, at *1 (E.D. Pa. Feb. 22, 2017) (J. Savage). This Court's task is to determine if Plaintiffs are entitled to judgment as a matter of law in light of Defendants' failure to specifically controvert Plaintiffs' Statement of Undisputed Material Facts.

Under Fed. R. Civ. P. 56(e), when a party "fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c)" this Court is empowered to "consider the fact undisputed for purposes of the motion" and to "grant summary judgment if the motion and supporting materials – including the facts considered undisputed – show that the movant is entitled to it[.]" This Court can recognize three distinct bases for finding that Defendants have not responded to Plaintiffs' Statement of Undisputed Material Facts.

First, Defendants' response to the summary judgment motion is untimely. Responses to summary judgment were due on December 19, 2025. Defendants offered no explanation for their

untimely filing, did not seek leave of Court for the filing, and are not entitled to the unfair advantage of receiving additional time to file a response to summary judgment that was not afforded to other parties in this case.[1] The Court is not obligated to consider their late-filed brief.

Second, even if the Court does consider the untimely brief, Defendants still did not file *any* responsive statement of facts. This Court's Amended Scheduling Order makes abundantly clear what is required in such a responsive statement:

> (b) The respondent shall file a separate Statement of Disputed Facts, responding to each numbered paragraph set forth in the Statement of Undisputed Facts, which the respondent contends presents a genuine disputed issue. The respondent shall also set forth, in separate numbered paragraphs, each additional fact which the respondent contends precludes summary judgment;
> (c) All material facts set forth in the Statement of Undisputed Facts served by the movant shall be deemed undisputed unless specifically controverted by the opposing party;
> (d) Statements of material facts in support of or in opposition to a motion for summary judgment shall include specific and not general references to the parts of the record which support each statement.

Dkt. 62. Defendants have not filed a Statement of Disputed Facts, thus all the facts contained in Plaintiffs' Statement of Undisputed Material Facts, Dkt. 95, "shall be deemed undisputed" as they have not been "specifically controverted by the opposing party." Dkt. 62. The Court's order regarding the form and content that parties must adhere to when disputing facts asserted in support of a summary judgment motion flows from Fed. R. Civ. P. 56(e) and serves multiple interests, including fairness to the parties and judicial economy, clarifying the basis upon which any party claims there is a factual dispute, and therefore allowing the Court to efficiently comprehend and evaluate whether the record supports granting or denying a summary judgment motion. Defendants' complete failure to conform to this Court's order has well-known and forewarned

---

[1] Plaintiffs filed responses to two summary judgment motions on December 19, 2025, two weeks after the motions were filed. Plaintiffs briefing, responsive statement of facts, and appendices amounted to more than 850 pages. *See* Dkt. 116-120.

3

consequences. Plaintiffs' Statement of Undisputed Facts in support of this motion "*shall* be deemed undisputed." Dkt. 62 (emphasis added).

Third, even if the Court were to review the brief filed by Defendants YesCare and Cabellos to attempt to discern factual disputes, there are still no citations to any record evidence. Defs. Brief, Dkt. 122. The brief was unaccompanied by exhibits or specific admissions or disputes. Additionally, the brief's recitation of purported facts entirely omits discussion of the factual basis for the claim against YesCare: namely, the multiple failures to follow protocol and ensure Mr. Jung was provided with insulin between October 28, 2023 and November 6, 2023, which YesCare itself recognized as deviations from generally accepted standards that reached the patient and resulted in his death. *See* Plaintiffs' Statement of Undisputed Material Facts at ¶¶ 73-74, 79-83. YesCare's 30(b)(6) designee, Defendant Dr. Lalitha Trivikram, testified that YesCare's assessment of Mr. Jung's death was accurate, that his death was preventable, and that his death could have been prevented had YesCare provided him with insulin. *Id*. at ¶¶ 84-87. YesCare does not even attempt to address these facts in its brief, nor any of the others that Plaintiffs rely upon in its motion against YesCare. Instead, YesCare argues that "glaringly absent from [Plaintiffs'] motion is a meritorious argument as to causation." Defs. Brief, p. 7. This is inaccurate: the argument for causation is based on YesCare's own assessment of how deviations from proper standards for medical care caused Mr. Jung's death, which was also affirmed by Defendant Dr. Trivikram and reaffirmed by Plaintiffs' experts, and which Defendants have failed to refute with any evidence. *Id*. at ¶¶ 73-74, 79-83.

YesCare claims there is one dispute in its brief, without any specific reference to Plaintiff's Statement of Undisputed Facts, that Mr. Jung refused care at various points throughout his incarceration, though YesCare is pointedly silent about the course of Mr. Jung's treatment between

4

October 27 and November 6, 2023. Plaintiffs do not dispute, however that Mr. Jung may have refused insulin on some occasions, *see Id*. at ¶ 50; rather, Plaintiffs argue that the protocol to confirm and document patient refusals was not followed on November 1 and 5, 2023, and medical staff were negligent in not following their red flag policy, escalating missed insulin doses (for whatever reason) to a provider, and ensuring that Mr. Jung received life-sustaining insulin for his very treatable diabetes. *Id*. at ¶¶ 18-21, 74. There is no dispute as to any material fact that medical professionals breached their well-established duty of care, and that this caused Mr. Jung's death.

In regard to Defendant Cabellos, all that YesCare argues in the brief is that her deposition testimony was that Mr. Jung was "walking, talking, and voluntarily moving his body from a standing position to a prone position on the floor." Defs. Brief, p. 6. But Defendants do not challenge – as they cannot – that Defendant Cabellos failed to check Mr. Jung's vitals or his blood glucose levels, did not review his medical chart, did not contact any other medical staff, and did not document her encounter with Mr. Jung after he *remained* on the floor. Plaintiffs' SUMF at ¶¶ 62-65. Thus, Defendants have not contested that Defendant Cabellos failed to perform even the slightest, most basic and routine measures of medical assessment or care for a patient who was seeking assistance, on the floor at some point during her encounter, and then was left on the ground where he remained for several minutes until he was dragged into his cell without having received any care. *Id*. at ¶ 67. This is a flagrant deviation from the most minimal standards of care. If Mr. Jung's chart were reviewed by Defendant Cabellos it would have been apparent that he needed to have his glucose checked, which would have resulted in a proper assessment and treatment of hyperglycemia and diabetic ketoacidosis. Defendant Cabellos failed to take *any* steps to assist Mr. Jung, she has offered no facts to refute this, and accordingly summary judgment is appropriate.

The vast majority of Defendants' factual recitation, provided without any citations, are to events occurring prior to October 2023. Defs. Brief, p. 1-6. Plaintiffs' partial motion for summary judgment, however, centers on the facts between October 27, 2023 and November 6, 2023. Plaintiffs put forward two distinct theories of liability against YesCare, vicarious and corporate liability, and only under the corporate liability theory are facts prior to October 2023 potentially relevant.[2] Under that standard, and as argued in Plaintiffs' principal brief in support of summary judgment, Plaintiffs must establish that a corporate medical defendant had constructive notice of the patient's condition, which "requires evidence that the [medical corporation] knew or should have known about the breach of duty that is harming its patient." *Edwards v. Brandywine Hosp.*, 652 A.2d 1382, 1386 (Pa. Super. Ct. 1995). Plaintiffs have argued that constructive notice "must be imposed" in this case because of an "absence of supervision." *Whittington v. Episcopal Hosp.*, 768 A.2d 1144, 1154 (Pa. Super. Ct. 2001). This absence of supervision is apparent from the facts occurring between October 28 and November 5, 2023, and those still-undisputed facts are sufficient to entitle Plaintiffs to judgment against YesCare as a matter of law on the corporate liability theory. Additional facts pertaining to prior hospitalizations of Mr. Jung and other diabetic patients, however, should also have resulted in record reviews of those patients. This would have revealed that YesCare's patients were routinely hospitalized for diabetic complications from CFCF after patterns of deficient administration or documentation of insulin and blood sugar checks strikingly similar to the failures that caused Mr. Jung's diabetic ketoacidosis. Defendants have not refuted this evidence, and therefore it must be recognized as undisputed.

Defendants have put forth no evidence to contest Plaintiffs' claim of vicarious liability for its employees' actions from October 27 through November 5, 2023. Defendant YesCare is subject

---

[2] This Court can simply grant summary judgment against YesCare on the vicarious liability theory and therefore not need to reach the corporate liability analysis.

6

to liability on the basis of *respondeat superior* if any one, or several, of its employees' acts or omissions met all the elements of medical malpractice: duty, breach, causation, and damages. *Thompson v. Nason Hosp.*, 591 A.2d 703, 707 (Pa. 1991); *Ponzini v. PrimeCare Med., Inc.*, 269 F. Supp. 3d 444, 582 (M.D. Pa. 2017); *Mitzelfelt v. Kamrin*, 584 A.2d 888, 891 (Pa. 1990). Defendant YesCare does not contest that its employees, both nurses and medical providers, were responsible for Mr. Jung's diabetes care in his final days. YesCare does not specifically contest any of the multiple acts and omissions that breached the life-saving duty of providing Type I diabetics with insulin regularly and in response to marked hyperglycemia, as detailed in Plaintiffs' opening brief. YesCare does not contest that the cause of Mr. Jung's death was diabetic ketoacidosis, which occurs in the absence of insulin. In the absence of any genuine dispute, Plaintiffs are entitled to judgment on a theory of vicarious liability.

## II. Conclusion

Defendants' response to Plaintiffs' Partial Motion for Summary Judgment against Defendants YesCare and Cabellos is untimely, procedurally deficient, lacking a Statement of Disputed Facts, missing citations to *any* record sources in its brief, and the brief itself does not address, let alone refute, the factual bases for Plaintiffs' motion. Plaintiffs have put forward detailed, uncontroverted evidence that Mr. Jung's death from diabetic ketoacidosis was caused by YesCare's and YesCare employees' self-recognized deviations from the standard of care that resulted in him being deprived of life-sustaining insulin. Plaintiffs have put forward detailed, uncontroverted evidence that Defendant Cabellos failed to provide any medical care to Mr. Jung on November 5, 2023, and, if she had done so, then Mr. Jung's need for diabetes treatment would have been recognized and responded to.

Plaintiffs are entitled to summary judgment against Defendants YesCare and Cabellos on their state medical malpractice claims with an amount in damages to be determined by a jury at trial.

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085
*/s/ Margaret Hu*
PA ID No. 334438
*/s/ Lolo Salsbury Serrano*
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123


*Counsel for Plaintiffs*

8

## **CERTIFICATE OF SERVICE**

I, Bret Grote, Esq., hereby certify that I caused a true and correct copy of the foregoing Reply Brief in Support of Plaintiffs' Motion for Partial Summary Judgment to be electronically filed on December 26, 2025, and thereby served upon all parties entered into the Court's ECF system.

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123


*Counsel for Plaintiffs*