## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACOB and JAMES JUNG as Administrators
for the Estate of LOUIS JUNG, JR.                    :
                 v.                                          :
CITY OF PHILADELPHIA; YESCARE CORP.,                  :
BLANCHE CARNEY, LALITHA TRIVIKRAM,                    :
MAUREEN GAY, MARIESHA APOLLON,                        :
BLAIR CABELLOS, GENA FRASIER, and                     :
WANDA BLOODSAW                                        :
                                       :

CASE NO. 24-CV-05618

## O R D E R

    **AND NOW** this _____ day of _____, 202__, upon consideration of the Motion of Defendants YesCare Corporation, Lalitha Trivikram, M.D., Maureen Gay, and Blair Cabellos, to Strike the Expert Report of Dr. Homer Venters, in the above-captioned matter, and any response thereto, it is hereby **ORDERED** and **DECREED** that the Defendants' Motion is **GRANTED**. It is further **ORDERED** that the Expert Report of Dr. Homer Venters is stricken, Dr. Homer Venters is precluded from testifying at trial, Plaintiffs are prohibited from using any opinions derived from the use of improperly disclosed protected health information.

                                    **BY THE COURT:**

                                    _____
                                                J.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACOB and JAMES JUNG as Administrators     :
for the Estate of LOUIS JUNG, JR.     :
                v.     :
CITY OF PHILADELPHIA; YESCARE CORP.,    :      CASE NO. 24-CV-05618
BLANCHE CARNEY, LALITHA TRIVIKRAM,    :
MAUREEN GAY, MARIESHA APOLLON,    :
BLAIR CABELLOS, GENA FRASIER, and    :
WANDA BLOODSAW    :
                          :

## MOTION OF DEFENDANTS YESCARE CORP., LALITHA TRIVIKRAM, M.D., MAUREEN GAY, N.P., and BLAIR CABELLOS, LPN, TO STRIKE EXPERT REPORT OF DR. HOMER VENTERS

**COME NOW,** Defendants, YesCare Corp., Lalitha Trivikram, M.D., Maureen Gay, N.P., and Blair Cabellos, LPN, by and through their counsel, O'Connor Kimball, LLP, and hereby submit the following Motion to Strike the Expert Report of Dr. Homer Venters. The arguments and authorities in support of this Motion are set forth in the accompanying Brief. A proposed form of Order is attached.

Respectfully submitted,

**O'CONNOR KIMBALL LLP**

Dated: _01/02/2026_        By:    _/s/ Thomas J. Gregory_
                                 Thomas J. Gregory, Esquire
                                 Two Penn Center Plaza, Suite 1100
                                 1500 John F. Kennedy Boulevard
                                 Philadelphia, PA 19102
                                 215-564-0400      Facsimile: 215-564-1973
                                 Email: tgregory@okllp.com
                                 *Attorney for Defendants, YesCare Corporation,*
                                 *Lalitha Trivikram, M.D., Maureen Gay, N.P. and*
                                 *Blair Cabellos, LPN*

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JACOB and JAMES JUNG as Administrators :
for the Estate of LOUIS JUNG, JR. :
               v. :       CASE NO. 24-CV-05618
CITY OF PHILADELPHIA; YESCARE CORP., :
BLANCHE CARNEY, LALITHA TRIVIKRAM, :
MAUREEN GAY, MARIESHA APOLLON, :
BLAIR CABELLOS, GENA FRASIER, and :
WANDA BLOODSAW :

## MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS YESCARE CORP., LALITHA TRIVIKRAM, M.D., MAUREEN GAY, and BLAIR CABELLOS, TO STRIKE THE EXPERT REPORT OF DR. HOMER VENTERS

Moving Defendants, YesCare Corp., Lalitha Trivikram, M.D., Maureen Gay, N.P. and

Blair Cabellos, LPN (collectively, "Moving Defendants" or "YesCare"), by and through their

undersigned counsel, O'Connor Kimball LLP, hereby submit the following Memorandum of

Law in support of their Motion to Strike the Expert Report of Dr. Herman Venters (the

"Motion"), and in support thereof, aver as follows[1]:

## I.    STATEMENT OF FACTS

This matter was initiated on October 23, 2024 and involves the claims for the wrongful

death of the Plaintiffs' Decedent, Louis Jung, Jr. (the "Decedent"). In 2023, the Decedent was

an inmate in the Philadelphia Department of Prisons located on State Road, in Philadelphia,

Pennsylvania. YesCare was the contracted-for provider of medical services to the inmate

---

[1] The timeliness of this motion was affected by prior motions of most defendants, including the herein defendants, which sought to strike the plaintiffs' expert reports in their entirety as a result of the untimeliness of the plaintiffs' production of those reports, including the report of Dr. Venters. Should the Court have determined that the report of Dr. Venters be stricken as a result of the prior motions, this motion would have been unnecessary, since the issue raised herein would have been moot. Following a conference with the Court and Counsel on December 30, 2025, it would appear that the Court is disinclined to disallow the report of Dr. Venters despite its untimeliness; accordingly, this motion need be presented at this time.

population of the Philadelphia Department of Prisons.    As a healthcare provider, YesCare is considered a covered entity under the regulations of the Health Insurance Portability and Accountability Act of 1996 ("HIPAA") and cannot disclose the protected health information of patients without their consent, subject to certain enumerated exceptions.  45 C.F.R. § 160.103. Protected health information may be disclosed in a judicial proceeding provided a qualified protective order is in place.  45 C.F.R. § 164.512(e).  On June 3, 2025, counsel for the parties executed a Confidentiality Agreement governing the production and use of confidential information, including protected health information.  (Doc. No. 47).  Thereafter, on June 4, 2025, this Court entered a Protective Order governing the disclosure of protected health information in this litigation.  (Doc. No. 50).  The parties then engaged in written discovery, during which, the Plaintiffs requested that the moving defendants produce the medical charts and records of non-party inmates who had been diagnosed and treated by the answering defendants for diabetes. The answering defendants objected, citing HIPAA concerns.  As a compromise, YesCare produced a spreadsheet of "ER and Inpatient Logs" containing references to the care and treatment of diabetic inmates with the names and prisoner identification numbers of said patients redacted.  Plaintiffs were not satisfied with the redacted documents and insisted on the production of the medical records without redaction or deletion.  In an effort to resolve the discovery dispute and move the litigation forward without court intervention, in October 2025, counsel for YesCare agreed to produce unredacted medical records, provided the parties enter into an addendum to the Confidentiality Agreement protecting the medical records from disclosure in violation of HIPAA.  Counsel for the parties then executed an Addendum to the Confidentiality Agreement of June 3, 2025 which states, in pertinent part:

> 10. Counsel agree that HIPAA concerns and other privacy matters are important and relevant; therefore, the produced records must and will be kept in the strictest confidence, and *shared with no one other than counsel*.

A true and correct copy of the Addendum to the Confidentiality Agreement of June 3, 2025 (the "Addendum" is attached hereto as Exhibit "A" and incorporated herein. *See* Exhibit "A" at ¶ 10 (emphasis added).

Pursuant to the terms of the Addendum, YesCare produced unredacted medical records of dozens of inmates. At no time, either prior to or subsequent to this production, did counsel for the Plaintiffs seek any modification or amendment of the amended confidentiality agreement which is Exhibit "A."

On December 3, 2025, weeks after the Court's mandated date for the production of expert reports, counsel for Plaintiffs served four (4) expert reports, including the Expert Report of Dr. Herman Venters (the "Venters Report"). In his report, Dr. Venters admits and acknowledges that he reviewed the medical records of four (4) other non-party inmates, which were "anonymized" to protect confidentiality. Thereafter, Plaintiffs' counsel shared the identities of the third-party inmates with Defendants' counsel, acknowledging that he had provided the doctor with unredacted medical records on these non-party patients. By way of a footnote in his report, Dr. Venters states that he reviewed the medical records of three (3) additional inmates and *identifies the inmates by name*. Despite clear and unequivocal terms in the Addendum prohibiting disclosure of unredacted records, Plaintiffs' counsel willfully violated the express terms of the Addendum and shared the unredacted protected health information of other inmates with Dr. Venters, who then compounded the violation by identifying the other inmates in his report. Following service of the Venters Report, on December 12, 2025, counsel for Defendant Mariesha Apollon filed a *Daubert* motion seeking to disqualify all of Plaintiffs' medical experts,

and the *Daubert* motion has the unredacted Venters Report attached as an exhibit, thus inadvertently disclosing the identities of the three (3) additional inmates to the public. (Doc. No. 110 at Exhibit "E").  Had Plaintiffs' counsel complied with the terms of the Addendum, Dr. Venters would not have been in possession of personal identifiers and avoided naming them in his report.

As set forth further below, the appropriate sanction for the willful and deliberate violation of the Addendum is to strike the Venters Report, preclude Dr. Venters from testifying at trial, and award YesCare reasonable attorney's fees and costs incurred to present the instant Motion.

## II.    ARGUMENT

Rule 37 of the Federal Rules of Civil Procedure grants this Court broad authority to enforce protective orders and enter appropriate sanctions for violations thereof, including the exclusion of expert testimony.  *See* Fed. R. Civ. P. 37(b), 37(c).  [E]xclusion is an appropriate sanction where a party fails to comply with limits on confidential materials, and the Third Circuit has emphasized that exclusion for such violations is an "extreme sanction" but justified where prejudice results and the violating party offers no substantial justification."  *See Nicholas v. Pa. State Univ.*, 227 F.3d 133, 148 (3d Cir. 2000) (affirming exclusion based on discovery order violations); *In re TMI Litig.*, 193 F.3d 613, 621 (3d Cir. 1999) (exclusion of evidence for violation of a discovery order is an extreme sanction).  Where the sanction is based on a protective order violation rather than a pure scheduling rule, courts have mandated significant remedies, including disqualification of experts and other sanctions, to uphold confidentiality obligations.  *See TRUSTID, Inc. v. Next Caller, Inc.*, 2021 U.S. Dist. LEXIS 269078, *4 (D. Del. July 12, 2021 (protective orders are worthless if violations are not sanctioned severely) (citation omitted).

In determining whether the exclusion of evidence is an appropriate sanction for violation of a discovery order, the Third Circuit looks to the *Pennypack* factors: (1) the prejudice to the party against whom the excluded evidence would have been admitted; (2) the ability to cure the prejudice; (3) the extent to which allowing the evidence would disrupt trial; and (4) bad faith or willfulness of the violating party. *Konstantopoulos v. Westvaco Corp.*, 112 F.3d 710, 719 (3d Cir. 1997) (*citing Meyers v. Pennypack Woods Home Ownership Ass'n*, 559 F.2d 894, 904-05 (3d Cir. 1977)). Here, it is evident from the timing of the Addendum less than two months prior to service of the Venters Report that counsel for Plaintiffs completely disregarded the provisions of the Addendum by acknowledging the importance of HIPAA concerns and immediately providing the unredacted medical records to Dr. Venters without any justification whatsoever. The Addendum has no mechanism for Dr. Venters to adhere to the parties' Confidentiality Agreement and the Court's Protective Order because the Addendum expressly prohibits the disclosure of the unredacted medical records to anyone other than counsel. Identifying information was clearly not needed to perform Dr. Venters' analysis, therefore there is no excusing this violation of HIPAA's prohibition on the disclosure of protected health information. The only appropriate sanction for such a violation is to strike the expert report and exclude Dr. Venters from testifying at trial. Counsel cannot repeatedly violate orders governing discovery without an appropriate sanction. *See* YesCare's Motion in Limine to Preclude Plaintiff's Experts, Doc. No. 114.

## III.    CONCLUSION

For the foregoing reasons, YesCare respectfully requests that this Honorable Court grant its Motion to Strike the Expert Report of Dr. Homer Venters and enter an Order striking the Venters Report, precluding Dr. Venters from testifying at trial.

Respectfully submitted,

**O'CONNOR KIMBALL LLP**

Dated: 01/02/2026

By:    /s/ *Thomas J. Gregory*

Thomas J. Gregory, Esquire
Two Penn Center Plaza, Suite 1100
1500 John F. Kennedy Boulevard
Philadelphia, PA 19102
215-564-0400        Facsimile: 215-564-1973
Email: tgregory@okllp.com
*Attorney for Defendants, YesCare*
*Corporation, Lalitha Trivikram, M.D.,*
*Maureen Gay, N.P. and  Blair Cabellos, LPN*

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACOB and JAMES JUNG as Administrators    :
for the Estate of LOUIS JUNG, JR.    :
                  v.    :     CASE NO. 24-CV-05618
CITY OF PHILADELPHIA; YESCARE CORP.,    :
BLANCHE CARNEY, LALITHA TRIVIKRAM,    :
MAUREEN GAY, MARIESHA APOLLON,    :
BLAIR CABELLOS, GENA FRASIER, and    :
WANDA BLOODSAW    :

## CERTIFICATE OF SERVICE

    I, Thomas J. Gregory, Esquire, hereby certify that I caused a true and correct copy of the foregoing Motion to Strike Expert Report of Dr. Homer Venters to be electronically filed on this this 2nd day of January, 2026, and thereby served via the Court's Electronic ECF Filing System upon:

bretgrote@abolitionistlawcenter.org
nia@alcenter.org
rupalee@alcenter.org
margo@alcenter.org
Bret Grote, Esquire
Nia Holston, Esquire
Rupalee Rashatwar, Esquire
Margaret Hu, Esquire
Abolitionist Law Center
990 Spring Garden Street
Philadelphia, PA 19123
*Attorneys for Plaintiffs*

jkaminsky@kiernantrebach.com
Jonathan Kaminsky, Esquire
Kiernan Trebach, LLP
10 Penn Center
1801 Market Street, Suite 770
Philadelphia, PA 19103
*Attorney for Defendant, Mariesha Apollon*

michael.pestrak@phila.gov
Michael Pestrak, Esquire
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
*Attorney for Defendants, City of Philadelphia and Blanche Carney*

## O'CONNOR KIMBALL LLP

By:     /s/ *Thomas J. Gregory*
           Thomas J. Gregory, Esquire
           *Attorney for Defendants, YesCare*
           *Corporation, Lalitha Trivikram, M.D.,*
           *Maureen Gay, N.P. and Blair Cabellos, LPN*

Exhibit "A"

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PA

JACOB and JAMES JUNG as Administrators　　　:
for the Estate of LOUIS JUNG, JR.　　　　　　:
　　　　　　　　　v.　　　　　　　　　　　:　　　CASE NO. 24-CV-05618
CITY OF PHILADELPHIA; YES CARE CORP.,　　:
BLANCHE CARNEY, LALITHA TRIVIKRAM,　　:
MAUREEN GAY, MARIESHA APOLLON,　　　　:
BLAIR CABELLOS, GENA FRASIER, and　　　　:
WANDA BLOODSAW　　　　　　　　　　　:

## ADDENDUM TO CONFIDENTIALITY AGREEMENT OF JUNE 3, 2025

It is hereby agreed by and among counsel that the Confidentiality Agreement executed by all counsel on or about June 3, 2025 be, and is hereby, supplemented as follows:

1.　At the outset of paper discovery, the parties, through counsel, executed a Confidentiality Agreement on or about June 3, 2025, a true and correct copy of which is attached hereto as Exhibit "A" and made part hereof.

2.　In the written discovery propounded by the Plaintiffs, the Plaintiffs have requested that defendant YesCare produce medical records on any inmate who received a referral resulting in transport from the Philadelphia Department of Prisons to an outside hospital or medical facility for treatment or care for diabetes-related conditions during a time purported to be relevant to the Plaintiffs' case.

3.　In response, YesCare produced, *inter alia*, "ER and Inpatient Logs," which contained references to the care and treatment of other inmates who received emergency room or other off-site care related to various illnesses, including, but not limited to, diabetes.

4.　In the produced logs, identifiers of the individual inmates, including names and prison identification numbers, were redacted.

5.　The Plaintiffs have continued to request the production of such records, without redaction or deletion.

6.　Counsel for the Plaintiffs and counsel for YesCare have arrived at a resolution of this discovery dispute, the result of which is the purpose of this Addendum to the Confidentiality Agreement.

7.　Counsel for the Plaintiffs has created an excel spreadsheet which constitutes a list of cases on the "ER and Inpatient Logs" involving, specifically,

diabetes care. A true and correct copy of the spreadsheet is attached hereto as Exhibit "B."

8.  Of the matters listed on the spreadsheet, (which are numbered "1" through "63,") YesCare will produce the unredacted eCW Medical records of the inmates whose cases correspond with the matters numbered 36 through 63 on the list, *i.e.*, inmates whose care occurred in 2022 and 2023.

9.  Due to the voluminousness of these inmate medical records, Counsel recognize that the time consumption of the production of such a large quantity of documents will require the diversion of energy and focus of YesCare's records custodians away from the daily work involved in the care of present inmates, as a result of which, Counsel agree that YesCare will produce the identified records on a "rolling basis," likely in batches of 4 or 5 at a time.

10.  Counsel agree that HIPAA concerns and other privacy matters are important and relevant; therefore, the produced records must and will be kept in the strictest confidence, and shared with no one other than counsel.

11.  In recognition of the concerns of the defense, it is agreed that at no time may any counsel representing the Plaintiffs, nor any of their agents or representatives, contact the inmates or former inmates identified in the produced records; nor may they contact any suspected family members, relatives, agents, or friends of any identified inmate or former inmate.

12.  In recognition of the concerns of the defense, it is agreed that at no time in the future will any counsel representing the Plaintiffs offer to represent, undertake to represent, or advertise the ability to represent, any inmate or former inmate identified in this process pertaining to any facts or potential claims contained within the produced records.

13.  As is required in the attached Confidentiality Agreement, at the conclusion of the litigation, any and all records involved in this production will be returned to counsel for YesCare or appropriately destroyed.

**ABOLITIONIST LAW CENTER**                    **CITY OF PHILADELPHIA**

By: _____                     By: _*Michael Pestrak*_____
Bret Grote, Esquire                            Michael Pestrak, Esquire
Nia Holston, Esquire                           *Attorney for Defendants, City of*
Rupalee Rashatwar, Esquire                     *Philadelphia, Blanche Carney, CO*
Margaret Hu, Esquire                           *Gena  Fraiser and Lt Wanda*
*Attorneys for Plaintiff*                       *Bloodsaw*

**KIERNAN TREBACH, LLP**

By:  *John Kaminsky*
     Jonathan Kaminsky, Esquire
     *Attorney for Defendant, Mariesha*
     *Apollon*

**O'CONNOR KIMBALL LLP**

By:  *Thomas J. Gregory*
     Thomas J. Gregory, Esquire
     *Attorney for Defendants, YesCare*
     *Corporation, Lalitha  Trivikram,*
     *M.D., Maureen Gay, N.P., and*
     *Blair Cabellos, LPN*

**GORDON REES SCULLY**

By:  *Danielle Pell*
     Danielle Pell, Esquire
     *Additional Defendant, CareerStaff*
     *Unlimited*

# EXHIBIT "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACOB and JAMES JUNG, as
Administrators of the Estate of LOUIS
JUNG, JR,

             Plaintiff,

      v.

CITY OF PHILADELPHIA; YesCare Corp.;
BLANCHE CARNEY, Former
Commissioner of Philadelphia Dept. of
Prisons; LALITHA TRIVIKRAM;
MAUREEN GAY; MARIESHA
APOLLON; BLAIR CABELLOS; GENA
FRASIER; WANDA BLOODSAW,

           Defendants.

:
:
:
:
:
:
:
:
:
:
:
:
:
:
:
:

No. 2:24-cv-05618-TJS

**JURY TRIAL DEMANDED**

## CONFIDENTIALITY AGREEMENT

To facilitate the production of discovery and because the contents of discovery include confidential information including identifying information related to persons other than Plaintiffs' decedent, Plaintiffs and Defendants agree as follows:

1. Any party to this litigation shall have the right to designate as "Attorneys' Eyes Only" and subject to this agreement any document containing personal identifying information of people other than Plaintiffs' decedent. Any party to this litigation who is covered by this agreement, who produces or discloses any document with Attorneys' Eyes Only information, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO DISCOVERY CONFIDENTIALITY AGREEMENT" (hereinafter "Attorneys' Eyes Only"). Any party designating documents as "Attorneys' Eyes

Only" shall also give notice to the receiving parties by email at the time of production that documents have been marked as "Attorneys' Eyes Only."

2. Material produced and marked as Attorneys' Eyes Only may be disclosed only to outside counsel for the receiving party, counsel for the parties, their respective employees or agents including but not limited to outside experts or consultants retained by counsel for purposes of this action, including any personnel necessary to assist them, paralegals, administrative staff or vendors, legal interns, investigators, and legal fellows, and any interpreters utilized in litigating this case, any author(s) of the document, and to such other persons as counsel for the producing party agrees in advance, or to the Court, including associated personnel necessary to assist the Court in its functions. Notwithstanding this Order or any designations under it, any Party may disclose relevant information to any regulatory or law enforcement agency or government entity that has an interest in the subject matter of the underlying suit.

3. If the need arises during litigation, trial, or at any Hearing before the Court for any party to show a document marked as Attorneys' Eyes Only to someone other than those identified in paragraph 2, or to file a document marked as Attorneys' Eyes Only on the public docket, it may do so by redacting the confidential or personal identifying information.

4. When the inadvertent or mistaken disclosure of any information, document or thing protected by privilege or work-product immunity is discovered by the producing party and brought to the attention of the receiving party, the receiving party's treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). Such inadvertent or mistaken

disclosure of such information, document or thing shall not by itself constitute a waiver by the producing party of any claims of privilege or work-product immunity. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of privilege if appropriate within a reasonable time after receiving notice of the inadvertent or mistaken disclosure.

5. This Discovery Confidentiality Agreement shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court or by the written stipulation of the parties. Nothing in this Order abridges the right of any person or party to seek its modification by the Court in the future, nor does anything in this Order affect the right of non-parties to this action to challenge this Order, any designations made pursuant to this Order, or the sealing of any court records in this case.

6. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns and neither party may assign or transfer this Agreement without the prior express written consent of the other party.

7. This Agreement may be signed in counterparts, each of which shall be an original, but all of which shall constitute one and the same instrument.

8. The court reserves its inherent power to modify the terms of this agreement and permit the disclosure of information where the interest of justice so requires.

**IN WITNESS WHEREOF,** the parties hereto have caused this Agreement to be executed as of the day and year first above written.

/s/  Bret Grote
Bret Grote, Esq.
Abolitionist Law Center
Counsel for Plaintiffs

Date: June 2, 2025

/s/ Michael Pestrak    .
Michael Pestrak, Esq.
Philadelphia Law Dept.
Counsel for City of Philadelphia and
Blanche Carney
Date: June 3, 2025

/s/Thomas J. Gregory
Thomas J. Gregory, Esq.
O'Connor Kimball LLP
Counsel for YesCare Corp,
Lalitha Trivikram, M.D., and
Maureen Gay, N.P.

/s/ Jonathan Kaminsky
Jonathan M. Kaminsky, Esq
Kiernan Trebach LLP
Counsel for Mariesha Apollon
Date: June 3, 2025

Date: June 3, 2025

**APPROVED BY THE COURT,**

Dated: _____

_____
Timothy J. Savage, U.S.D.J.

# EXHIBIT "B"

| | | |
|---|---|---|
| 2020 | hypoglycemia initial blood sugar 26. patient unresponsive | 3766 |
| 2020 | poorly controlled BG greater than 500 | 3709 |
| 2020 | decreased BS increased HR | 3708 or 3808 |
| 2020 | Ketones, glycosuria, labile blood sugars | 3836 |
| 2020 | hypoglycemic episode | 3862 |
| 2020 | New onset diabetes BS 452 with ketones | 3866 |
| 2021 | hyperglycemia, tachycardia | 3874 |
| 2021 | Hyperglycymia | 3877 |
| 2021 | serere W/D and hyperglycemia | 3833 |
| 2021 | serere W/D and hyperglycemia | 3833 |
| 2021 | admitted for further | 3886 |
| 2021 | history of DM or treatment | 3891 |
| 2021 | hyperglycemia positive gross ketones | 3896 |
| 2021 | r/o DKA | 3897 |
| 2021 | uncontrolled hyperglycemia, possible DKA | 3907 |
| 2021 | change in mental status bloof sugar was in the 100's | 3910 |
| 2021 | eleated BG he has a resolving DKA | 3914 |
| 2021 | admitted for DKA, patient in an IDDM and has been refusing meds off on b/c BG sof 503 | 3917 |
| 2021 | hyperglycemia | 3921 |
| 2021 | hyperglycemia, nausea, weakness | 3921 |
| 2021 | hyperglycemia and infected RUE wound | 3926 |
| 2021 | r/o DKA | 3941 |
| 2021 | r/o DKA | 3942 |
| 2021 | blood sugar elevated | 3945 |
| 2021 | R/O DKA | 3946 |
| 2021 | R/O DKA | 3948 |
| 2021 | hyperglycemia | 3962 |
| 2021 | Blood sugar 302, Large ketones Denies fx of Biabetes | 3966 |
| 2021 | hyperglycemia and unresponsive | 3974 |
| 2021 | Large Ketones | 3979 |
| 2021 | DKA | 3982 |
| 2021 | Hyperglycemia with ketones | 3987 |
| 2021 | Hyperglycemia | 3988 |
| 2021 | DKA | 3989 |
| 2022 | Large Ketones, vomitting, body pain | 3992 |
| 2022 | hypoglycemia, opiate withdrawal, trauma | 3995 |
| 2022 | pt found nonresponsive in the receiving room Type 2 DM | 3997 |
| 2022 | Pt BG was 31. Was given Glucogon and repeat BG was 28. Seizures, MRI of the brown shows moderate diffuse cerebral dysfunction | 3999 |
| 2022 | hyperglycmia | 4007 |
| 2022 | eval and treatment for low blood sugar | 4016 |

| | | |
|---|---|---|
| 2022 | dka | 4029 |
| 2022 | Uncontrolled Diabetes r/o DKA | 4031 |
| 2022 | hyperglycemia | 4033 |
| 2022 | dka | 4037 |
| 2022 | Hyperglycemia, report loss of consciousness, head trauma with laceration to scalp | 4044 |
| 2022 | Dropping GFR and Na 129 with hyperglycemia | 4046 |
| 2022 | Hyperglycemia with change in mental status | 4062 |
| 2022 | Drug overdose, hypoglycemia | 4062 |
| 2022 | BS 375, 396, 367, urine dip has ketones and protein | 4064 |
| 2022 | Hyperglycemia | 4064 |
| 2022 | hypoglyceic | 4075 |
| 2022 | Elevated blood sugar 582 with letones in urine HR 124 and vomiting. Dry mouth, body ache | 4095 |
| 2022 | blood sugar 95 and b/p 90/80 | 4109 |
| 2023 | Expected DKA, change in mental status | 4119, 4122 |
| 2023 | BS was 537, found DKA and admitted to ICU | 4124 |
| 2023 | Elevated BS, noncompliant with insulin at the jail. Admitted with severe DKA, HHS lactic acidosis | 4125 |
| 2023 | large amount of ketones in urin and accu check red H | 4130 |
| 2023 | BG 465, Ketones 1.025, N&V, N/V H/A abd, Pain dizziness, high ACCU check, high ketones on dipstick-2 different ER trips in the same week | 4141 |
| 2023 | was found to be in DKA | 4148 |
| 2023 | hyperglycemia with ketones and new onset IDDM | 4153 |
| 2023 | elevated blood sugar with positive ketones | 4164 |
| 2023 | elevated | 4171 |