IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : | No. 2:24-cv-05618-TJS |
| Plaintiff, | : : | |
| v. | : : | **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : : : : : : : : | |
| Defendants. | | |

**PLAINTIFFS' MOTION TO REDACT**

Plaintiffs hereby move this Court to redact footnote 12 of the Expert Report of Dr. Homer Venters in the following filings on the docket, as the recent filing of Defendant YesCare has introduced general categories of medical information to the public docket that implicate the surnames mentioned in that report:

- Dkt. 95-1, Plaintiffs' Appendix in support of Summary Judgment, Ex. 14, p. 11, n. 12.
- Dkt. 97-13, Defendant Apollon's Motion for Summary Judgment, Ex. J, p. 11, n. 12.
- Dkt. 110-8, Defendant Apollon's Motion to Exclude Expert Testimony, Ex. E, p. 11, n, 12.

1. An expert report in this matter by Plaintiffs' correctional health care expert, Dr. Homer Venters, contained three surnames in a footnote of individuals whose medical records *he did not consider* in rendering his opinions in this matter. That footnote indicated those three were excluded from consideration due to their not being within a compound set of criteria

1

he was using, and thus the footnote did not disclose any confidential information pertaining to those three.

2. The Confidentiality Agreement in this matter provides that any party that files a document subject to confidentiality "may do so by redacting the confidential or personal identifying information." Dkt. 47 at ¶ 3.

3. Plaintiffs understand that this provision also by implication includes information that is contained within confidential documents, even if the documents themselves are not filed.

4. The footnote at issue and the sentence it modifies does not contain any confidential information. Plaintiffs and Defendant Apollon complied with the Confidentiality Agreement in this case when they respectively filed Dr. Venters report on the docket.

5. On January 2, 2026, approximately one-month after the report was disclosed to defendants' counsel and filed on the docket, YesCare filed a Motion to Strike the report. Dkt. 140. In that motion, YesCare asserted that these surnames should not have been included in the filings. YesCare also stated that it did not raise this issue sooner since it was attempting to exclude expert testimony via a Motion in Limine that it now did not think would be successful. Dkt. 140, p. 1, n. 1.

6. Additionally, YesCare provided information about the communications between counsel, the terms of the Addendum that supplemented the Confidentiality Agreement, and the categories of information that Plaintiffs were seeking that resulted in the production of records provided to Dr. Venters. This information had not previously been filed on the docket. Dkt. 140.

7. While Plaintiffs and Defendant Apollon's filings did not include any confidential information, YesCare has now disclosed categories of medical information that could allow

a reader who reviews both the expert report and YesCare's motion to infer that those surnames in the footnote may have experienced some of the medical circumstances contained in YesCare's filing.

8. In light of YesCare's filing, Plaintiffs believe there is good cause for an order to redact the surnames from footnote 12 in Dr. Venters' report.

9. This is being filed imminently after YesCare's filing in order to minimize any risk that has been created of the information contained in YesCare's filing being linked to the footnote in question.

10. No party will be prejudiced by this redaction. The footnote itself only addresses a minor methodological point and is not substantive.

11. Accordingly, Plaintiffs hereby respectfully ask this Court to order that the surnames in the footnote 12 of Dr. Venters' report be redacted. Plaintiffs are attaching redacted versions of Dr. Venters' report, and redacted version of Plaintiffs' appendix for the convenience of the Court.

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085
*/s/ Margaret Hu*
Staff Attorney
PA ID No. 334438
*/s/ Lolo Salsbury Serrano*
Legal Fellow
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

3

**CERTIFICATE OF SERVICE**

I, Bret Grote, Esq., hereby certify that I caused a true and correct copy of the foregoing Motion to Redact to be electronically filed on January 5, 2025, and thereby served upon all parties entered into the Court's ECF system.


*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123


*Counsel for Plaintiffs*