IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : <br> : <br> :    No. 2:24-cv-05618-TJS <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | |

# ORDER

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiffs' motion *in limine* to Exclude Evidence That Louis Jung Was Diagnosed As Malingering, it is hereby ORDERED as follows:

(1) All testimony and evidence concerning a malingering diagnosis given to Louis Jung at Norristown Hospital is hereby excluded.

**BY THE COURT:**

_____
**TIMOTHY SAVAGE, J.**

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, :<br>:<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, :<br>:<br>Defendants. | No. 2:24-cv-05618-TJS<br><br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE THAT LOUIS JUNG WAS DIAGNOSED AS MALINGERING**

For the reasons explained in the attached Memorandum, Plaintiffs Jacob and James Jung, as Administrators of the Estate of Louis Jung, Jr., respectfully moves the Court to bar Defendants from introducing evidence or argument Louis Jung was diagnosed as malingering at Norristown State Hospital.

Dated: January 9, 2026

                                                    Respectfully submitted,

                                                    */s/ Bret Grote*
                                                    Legal Director
                                                    PA ID No. 317273
                                                    bretgrote@alcenter.org
                                                   */s/ Rupalee Rashatwar*
                                                    Staff Attorney

                                                     PA ID No. 331085
                                                     */s/ Margaret Hu*
                                                     Staff Attorney
                                                     PA ID No. 334438
                                                     */s/ Lolo Salsbury Serrano*
                                                     Legal Fellow
                                                     PA ID No. 338184
                                                     Abolitionist Law Center
                                                     990 Spring Garden St., Ste 306
                                                     Philadelphia, PA 19123

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : | No. 2:24-cv-05618-TJS |
| Plaintiff, | : : | |
| v. | : : | **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : : : : : : : : | |
| Defendants. | | |

### **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE THAT LOUIS JUNG WAS ASSESSED AS MALINGERING**

**INTRODUCTION**

Plaintiffs bring this motion to exclude irrelevant and unduly prejudicial evidence or testimony that Louis Jung was assessed as malingering at Norristown State Hospital while being evaluated for competency to stand trial. The assessment was not made by any defendant or witness expected to testify at trial, is not related to the medical condition or care which is the subject of the claims and defenses at trial, and would only confuse the issues at trial and for the jury.

**I.      Legal Standard**

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice,

4

confusing the issues, or misleading the jury. Fed. R. Evid. 403. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Fed. R. Evid. 404(a)(1).

Courts often evaluate evidence of malingering in the context of expert testimony presenting opinions regarding testifying witnesses or living parties. Even in these instances, courts exclude expert opinions on malingering where they are irrelevant. *See King v. TJX Companies, Inc.*, No. CV 15-5642, 2017 WL 11552119 (E.D. Pa. Apr. 10, 2017) (excluding expert forensic psychiatric testimony on plaintiffs' psychiatric conditions and diagnoses including "malingering" in lawsuit about a physical injury). Courts exclude cross-examination into psychiatric conditions when their mention would confuse the jury or inject stigma without any countervailing probative value. *See United States v. Fattah*, 187 F. Supp. 3d 563, 569 (E.D. Pa. 2016).

**II.  Argument**

Mr. Jung was transferred to Norristown State Hospital for evaluation of his competency to stand trial from June 2, 2023 to October 27, 2023. Norristown psychologists specializing in trial competency evaluations ultimately evaluated Mr. Jung as competent to stand trial and malingering with respect to psychological conditions. City Defendants have made several references to this assessment of malingering, but have not expressed a clear argument as to how or whether it has any relevance to their claims or defenses. *See* Dkt. 141 (City Defendants' Pretrial Memorandum) at 2; Dkt. 100 (City Defendants' Statement of Facts) at 2, ¶ 4. No defendants have expressed an intent to call witnesses from Norristown who would have personal knowledge of this assessment. Dkt. 138, 139, 141 (Pretrial Memoranda of Defendant Apollon, YesCare Defendants, and City Defendants, respectively). No defendants have put forth experts to present an opinion that Mr. Jung was malingering while at the Philadelphia Department of Prisons, or that this assessment of

5

malingering has any bearing on claims or defenses in this case. Dkt. 138, 139, 141. Even if they had done so, such expert testimony would be irrelevant to the fundamentally physical conditions at issue in the case, as in *King*, 2017 WL 11552119.

Norristown's assessment of Mr. Jung as "malingering" in a specific, forensic psychological context has no bearing on facts of consequence in this action. The standard for competency to stand trial under Pennsylvania law is "whether a defendant has sufficient ability to consult with counsel with a reasonable degree of rational understanding and to have a rational as well as a factual understanding of the proceedings." *Commonwealth v. Watkins*, 108 A.3d 692, 703 (Pa. 2014). Mr. Jung's rational or factual understanding of criminal proceedings has no rational relation to his diabetes, his diabetic care, his physical condition, or his death. Conclusions drawn in the context of his competency evaluation have no bearing on Mr. Jung's serious medical needs related to his diabetes, the state of mind of any defendant, or the standard of care for a diabetic patient. Any reference to this "malingering" assessment related to competency to stand trial does not meet the standard for relevance. Fed. R. Evid. 401.

Neither City Defendants nor any other defendants have attempted a specific argument that Mr. Jung was malingering with respect to his diabetes. However, City Defendants' defenses to liability for Defendants Frasier and Bloodsaw involve arguments that Mr. Jung was not in genuine need of medical attention on the morning of November 5, 2023, during their interactions less than twenty-four hours before his death. To the extent Defendants Frasier or Bloodsaw's subjective knowledge of Mr. Jung's medical needs bears on their liability under the Fourteenth Amendment, there is no indication in the record that either defendant – or any individual defendant in this case – was subjectively aware of Mr. Jung's assessment as "malingering" at Norristown. Any reference to Mr. Jung's prior assessment as "malingering" would appear only to suggest that he acted in

6

accordance with this assessment on the particular occasion of his interaction with a defendant – an impermissible use of character evidence. Fed. R. Evid. 404. Even assuming *arguendo* that an assessment as "malingering" in a highly specific, forensic psychological context had any admissible bearing on facts of consequence in this suit, its admission would be substantially outweighed by the danger of unfair prejudice, confusing the issues, and misleading the jury. Fed. R. Evid. 403. Mr. Jung's constitutional and state-law claims relate to his diabetes. An unrelated, specialized psychological assessment "could only be designed to confuse the jury or to stigmatize him unfairly because of a 'mental problem' without any countervailing probative value." *Fattah*, 187 F. Supp. 3d at 569.

### III. Conclusion

For the foregoing reasons, plaintiffs respectfully request that the Court exclude any evidence of Mr. Louis Jung, Jr.'s assessment as "malingering" at Norristown Hospital.

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@abolitionistlawcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085
*/s/ Margaret Hu*
PA ID No. 334438
*/s/ Lolo Salsbury Serrano*
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Bret Grote, Esq., hereby certify that I caused a true and correct copy of the foregoing Motion in Limine to be electronically filed on January 9, 2025, and thereby served upon all parties entered into the Court's ECF system.


*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123


*Counsel for Plaintiffs*

8