IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, :<br><br>Plaintiff, :<br><br>v. :<br><br>CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY;  MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, :<br><br>Defendants. | No. 2:24-cv-05618-TJS |

**ORDER**

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiffs' motion *in limine* to Exclude Evidence Of Any Suicidality Attributed To Louis Jung, it is hereby ORDERED as follows:

(1) All testimony, evidence, and argument that Louis Jung was suicidal, expressed suicidal ideation, or wished to die is hereby excluded.

**BY THE COURT:**

_____
**TIMOTHY SAVAGE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : | No. 2:24-cv-05618-TJS |
| Plaintiff, | : : | |
| v. | : : | **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : : : : : : : : | |
| Defendants. | | |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ANY SUICIDALITY ATTRIBUTED TO LOUIS JUNG**

For the reasons explained in the attached Memorandum, Plaintiffs Jacob and James Jung, as Administrators of the Estate of Louis Jung, Jr., respectfully moves the Court to bar Defendants from introducing evidence or argument concerning any suicidality expressed by or attributed to Louis Jung.

Dated: January 9, 2026

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney

2

        PA ID No. 331085
        */s/ Margaret Hu*
        Staff Attorney
        PA ID No. 334438
        */s/ Lolo Salsbury Serrano*
        Legal Fellow
        PA ID No. 338184
        Abolitionist Law Center
        990 Spring Garden St., Ste 306
        Philadelphia, PA 19123

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, :<br>:<br>:<br>Plaintiff, :<br>:<br>v. :<br>:<br>CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, :<br>:<br>Defendants. | No. 2:24-cv-05618-TJS<br><br>**JURY TRIAL DEMANDED** |

### **PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ANY ALLEGED SUICIDALITY ATTRIBUTED TO LOUIS JUNG**

Plaintiffs submit this motion to exclude irrelevant and unduly prejudicial evidence related to any suicidality expressed or attributed to Louis Jung. This evidence is not relevant to claims focused on care for Mr. Jung's diabetes and is not probative of any facts materials to the claims and defenses. Introduction of this evidence would only serve to confuse and mislead the jury.

### I.   Legal Standard

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. The court may exclude relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice,

4

confusing the issues, or misleading the jury. Fed. R. Evid. 403. Evidence of a person's character or character trait is not admissible to prove that on a particular occasion the person acted in accordance with the character or trait. Fed. R. Evid. 404(a)(1).

Evidence referencing a decedent's alleged prior suicidal ideation or mental health history is subject to exclusion where it is not tied to the defendants' knowledge at the relevant time or to a material issue in dispute. Courts within the Third Circuit have recognized that such evidence, especially in the form of generalized references, is often minimally probative and carries a substantial risk of unfair prejudice, jury confusion, and improper character inferences, particularly in wrongful death and civil rights cases. See *Sonnier v. Field*, No. 2:05-CV-14, 2007 WL 2155576, at *3–4 (W.D. Pa. July 25, 2007). Accordingly, absent a showing that evidence of suicidality is both materially relevant and grounded in conduct observed during the incident itself, such evidence is irrelevant and inadmissible.

## II.     Argument

Any evidence, suggestion, or argument that Mr. Jung died by suicide or harbored suicidal ideation should be excluded because it is unsupported by the record, irrelevant to the issues to be tried, and highly prejudicial. There is no evidence that Mr. Jung died by suicide, no evidence that he expressed suicidal ideation at or near the time of his death, and no competent witness who could offer admissible testimony to that effect. Accordingly, any reference to suicidality fails to satisfy the threshold relevance requirement of Federal Rule of Evidence 401 and is inadmissible under Rule 402.

No defendant has attempted to specifically argue that Mr. Jung was suicidal. However, Defendants have at times suggested that Mr. Jung knowingly refused life-saving medical care, specifically insulin, implicitly advancing the improper inference that he may have had a "death

5

wish." Such insinuations mirror the type of speculative and prejudicial theories rejected in *Sonnier*, where the court emphasized that evidence of suicidality is admissible, if at all, only when narrowly grounded in conduct during the incident itself and supported by competent evidence. *Id*. Here, no such evidentiary foundation even exists. Evidence or argument suggesting suicidality does not bear on any defendant's state of mind, does not support any cognizable defense, and is not probative of any fact material to liability or damages. Even if characterized as marginally relevant, such evidence must be excluded under FRE 403 because it would mislead the jury by introducing an unsupported alternative cause of death, risk inviting jurors to devalue the Mr. Jung's life, and raise the very prejudices and biases associated with suicide that *Sonnier* cautioned against. Because the probative value of any reference to alleged suicidality is nonexistent and the danger of unfair prejudice and jury confusion is substantial, exclusion is warranted.

### III.   Conclusion

For the foregoing reasons, plaintiffs respectfully request that the Court exclude any evidence, implication, or argument related to any suicidality attributed to Mr. Louis Jung, Jr.

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@abolitionistlawcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085
*/s/ Margaret Hu*
PA ID No. 334438
*/s/ Lolo Salsbury Serrano*
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Bret Grote, Esq., hereby certify that I caused a true and correct copy of the foregoing Motion in Limine to be electronically filed on January 9, 2025, and thereby served upon all parties entered into the Court's ECF system.

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

*Counsel for Plaintiffs*