**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : | No. 2:24-cv-05618-TJS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY;  MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : : : : : : : | |
| Defendants. | | |

**ORDER**

AND NOW, this _____ day of _____, 2026, upon consideration

of Plaintiffs' motion *in limine* to Allow Argument and Jury Instructions Applying an Objective

Fourteenth Amendment Standard, it is hereby ORDERED as follows:

    (1) Plaintiff's Motion in Limine is granted, and

    (2) Plaintiff's proposed jury instruction III, Particular Rights – Fourteenth Amendment –

        Pretrial Detainee's Claim re Medical Care (Adapted from Ninth Circuit Model Jury

        Instruction 9.30) is adopted.

**BY THE COURT:**

_____

**TIMOTHY SAVAGE, J.**

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : | No. 2:24-cv-05618-TJS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY;  MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : : : : : : : | |
| Defendants. | | |

**<u>PLAINTIFFS' MOTION *IN LIMINE* TO ALLOW ARGUMENT AND JURY INSTRUCTIONS APPLYING AN OBJECTIVE FOURTEENTH AMENDMENT STANDARD</u>**

For the reasons explained in the attached Memorandum, Plaintiffs Jacob and James Jung, as Administrators of the Estate of Louis Jung, Jr., respectfully move the Court to allow argument and jury instructions applying an objective standard to Mr. Jung's Fourteenth Amendment claims for denial of medical care.

Dated: January 9, 2026

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085
*/s/ Margaret Hu*
Staff Attorney
PA ID No. 334438

*/s/ Lolo Salsbury Serrano*
Legal Fellow
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

JACOB and JAMES JUNG, as   :
Administrators of the Estate of LOUIS :
JUNG, JR,       : No. 2:24-cv-05618-TJS
           :
  Plaintiff,     :
           :
  v.        : **JURY TRIAL DEMANDED**
           :
CITY OF PHILADELPHIA; YesCare Corp.; :
BLANCHE CARNEY, Former   :
Commissioner of Philadelphia Dept. of :
Prisons; LALITHA TRIVIKRAM;  :
MAUREEN GAY;  MARIESHA   :
APOLLON; BLAIR CABELLOS; GENA :
FRASIER; WANDA BLOODSAW,  :

  Defendants.

**PLAINTIFFS' MEMORANDUM OF LAW TO ALLOW ARGUMENT AND JURY
INSTRUCTIONS APPLYING AN OBJECTIVE FOURTEENTH AMENDMENT
STANDARD**

**INTRODUCTION**

Plaintiffs respectfully submit this Motion in Limine requesting the Court to permit

argument and jury instructions applying an objective standard to their Fourteenth Amendment

claims.

**I. Factual and Procedural Background**

Plaintiffs Jacob and James Jung brought this case as Administrators of the Estate of Louis

Jung, Jr [hereafter "Mr. Jung"], their father, who died of diabetic ketoacidosis while incarcerated

pretrial in the Curran-Fromhold Correctional Facility (CFCF) within the Philadelphia Department

of Prisons. This case centers on catastrophic failures to provide proper medical care for Mr. Jung's

diabetes on the part of YesCare and individual medical defendants, and correctional officers'

1

abject disregard for Mr. Jung in a state of crisis. This lawsuit was initiated on October 23, 2024 by the filing of a civil rights action pursuant to 42 U.S.C. § 1983. Plaintiffs brought, *inter alia*, constitutional claims under the Fourteenth Amendment based on failures to proper medical care to Mr. Jung.

Plaintiffs advanced their argument that an objective analysis applies to Mr. Jung's constitutional claims in opposition to Defendants' motion to dismiss and motions for summary judgment. Dkt. 15 at 7 n.2, Dkt. 116 at 3-5, Dkt. 120 at 7-8. Plaintiffs now propose a jury instruction for the constitutional medical care claims from the Ninth Circuit, one of five circuits to have adopted the objective approach to Fourteenth Amendment medical care claims.

## II.    Argument

As a pretrial detainee, Mr. Jung's claims regarding the denial of adequate medical treatment fall under the Due Process Clause of the Fourteenth Amendment, rather than the Cruel and Unusual Punishment Clause of the Eighth Amendment. *City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244 (1983). "The language of the two Clauses differs, and the nature of the claims often differs. And, most importantly, pretrial detainees (unlike convicted prisoners) cannot be punished at all." *Kingsley v. Hendrickson*, 576 U.S. 389, 400 (2015) (internal citations omitted).

The Third Circuit has repeatedly acknowledged that the protections afforded to pretrial detainees under the Fourteenth Amendment are "at least as great as the Eighth Amendment protections available to a convicted prisoner." *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (*citing City of Revere v. Massachusetts Gen. Hosp.*, 463 U.S. 239, 244, 103 S. Ct. 2979); *see also Thomas v. City of Harrisburg*, 88 F.4th 275, 281 and n. 23 (3d Cir. 2023); *Hubbard v. Taylor*, 399 F.3d 150, 166 (3d Cir. 2005). In conditions of confinement cases, the Third Circuit has reversed as error an analysis that "pretrial detainees are afforded essentially

the same protection as convicted prisoners," because they are "entitled to greater constitutional protection." *Hubbard*, 399 F.3d at 166, 150. The *Hubbard* court remanded for application of a test derived from *Bell v. Wolfish*, 441 U.S. at 542 (1979): "first, whether any legitimate purposes are served by these conditions, and second, whether these conditions are rationally related to these purposes." *Id.* at 159. In medical cases, however, the Third Circuit has previously applied standards derived from the Eighth Amendment, because "[i]n previous cases, we have found no reason to apply a different standard than that set forth in *Estelle*… under the Eighth Amendment." *Natale*, 318 F.3d at 581. However, the Third Circuit has cautioned, albeit non-precedentially, that evaluating inadequate medical care claims by pretrial detainees under "*the same* standards as Eighth Amendment claims" is improper, and vacated district court opinions for analysis in light of *Hubbard*'s attentiveness to *Bell*. *Montgomery v. Ray*, 145 F. App'x 738, 740 (3d Cir. 2005).

Supreme Court precedent, the clear weight of sister circuit authority, and several more recent decisions from the Third Circuit indicate that *Kingsley v. Hendrickson* sets as the proper inquiry for a constitutional claim brought by a pretrial detainee whether the defendant's actions were "objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389 (2015). In *Kingsley*, the Supreme Court abandoned analysis of a defendant's subjective intent in a Fourteenth Amendment claim brought by a pretrial detainee. The *Kingsley* court applied the "rationally related to a legitimate nonpunitive governmental purpose" or "appear excessive in relation to that purpose" standard for determining what "amounts to punishment" from *Bell v. Wolfish* to an excessive-force claim. *Id.* at 398. It concluded that subjective inquiry into a defendant's "state of mind" was untenable. *Id.* at 396. *Kingsley*'s analysis, drawing from conditions-of-confinement precedent, was not limited to excessive force alone; rather, the opinion speaks broadly of "challenged governmental action." *Id.* at 398.

3

Five circuit courts have held that an objective analysis applies to pretrial detainees' claims of deliberate indifference to serious medical needs. *Charles v. Orange Cnty.*, 925 F.3d 73 (2d Cir. 2019); *Gordon v. Cnty. of Orange*, 888 F.3d 1118 (9th Cir. 2018); *Miranda v. Cty. of Lake*, 900 F.3d 335 (7th Cir. 2018); *Short v. Hartman*, 87 F.4th 593, 605–06 (4th Cir. 2023); *Brawner v. Scott Cnty., Tennessee*, 14 F.4th 585, 596 (6th Cir. 2021). These cases still require objective evidence of a "serious medical need." They reframe the standard for deliberate indifference as "something akin to reckless disregard," *Brawner*, 14 F.4th at 596, *Charles*, 925 F.3d at 33-34, *Miranda*, 900 F.3d at 354-53, *Gordon*, 888 F.3d at 1125; or "civil recklessness," *Short*, 87 F.4th at 611: that the defendant "knew, *or should have known*, that the conditions posed an excessive risk to [the plaintiff's] health or safety." *Charles*, 925 F.3d at 87. *See also Short*, 87 F.4th at 611 ("the plaintiff must show that the defendant should have known of that condition and that risk"); *Gordon*, 888 F.3d at 1124-25 ("the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved – making the consequences of the defendant's conduct obvious").

While this question has not been squarely addressed by the Third Circuit, it has repeatedly acknowledged that *Kingsley* requires reassessment of the deliberate indifference inquiry's subjective prong for cases brought by pretrial detainees. *Moore v. Luffey*, 767 F. App'x 335, 340 n.2 (3d Cir. 2019); *Moy v. DeParlos*, 2023 WL 3717517, at *1 (3d Cir. 2023); *see also Hightower v. City of Philadelphia*, 130 F.4th 352, 356 (3d Cir. 2025) (acknowledging that question of whether subjective prong is required for analysis of certain Fourteenth Amendment pretrial detainee cases is unsettled).

Even prior to the development of this sister-circuit majority position, district courts in the Third Circuit had applied the "amounts to punishment" test from *Bell v. Wolfish* to pretrial

4

detainees' claims of inadequate medical care. *See Davis v. City of Phila.*, 284 F. Supp. 3d 744, 751-52 (E.D. Pa. 2018) (McHugh, J.). More recently, even in a case that purportedly applies a subjective test derived from the Eighth Amendment, precedential authority from the Third Circuit summarizes prior "inadequate medical care cases" as ones where "we have specifically found deliberate indifference where objective evidence of a serious need for care is ignored." *Thomas*, 88 F.4th at 281.

*Kingsley* and sister-circuit applications provide a proper clarification of the Fourteenth Amendment standard for pretrial detainees' medical care claims. The need for a different standard is already plain from the Third Circuit's multiple admonitions that the Fourteenth and Eighth amendments are meaningfully distinct. *Bell v. Wolfish* is the basis for *Hubbard*; *Bell* and *Hubbard* are the basis for applications to the medical care context in *Montgomery* and *Davis*; and *Bell* is the basis for *Kingsley*. Sister circuits have established a workable framework and developed model instructions for jurors to apply the objective standard for what "amount to punishment" in a medical context. The *Kingsley* "objectively unreasonable" standard should apply in this case.

## III.    Conclusion

For the foregoing reasons, plaintiffs respectfully request that the Court allow argument and jury instructions applying an objective standard to Mr. Jung's Fourteenth Amendment claims.

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@abolitionistlawcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085
*/s/ Margaret Hu*
PA ID No. 334438
*/s/ Lolo Salsbury Serrano*

PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Bret Grote, Esq., hereby certify that I caused a true and correct copy of the foregoing

Motion in Limine to be electronically filed on January 9, 2025, and thereby served upon all

parties entered into the Court's ECF system.


*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123



*Counsel for Plaintiffs*

7