**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as | : | |
| Administrators of the Estate of LOUIS | : | |
| JUNG, JR, | : | No. 2:24-cv-05618-TJS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA; YesCare Corp.; | : | |
| BLANCHE CARNEY, Former | : | |
| Commissioner of Philadelphia Dept. of | : | |
| Prisons; LALITHA TRIVIKRAM; | : | |
| MAUREEN GAY;  MARIESHA | : | |
| APOLLON; BLAIR CABELLOS; GENA | : | |
| FRASIER; WANDA BLOODSAW, | : | |
| | | |
| Defendants. | | |

**ORDER**

AND NOW, this _____ day of _____, 2026, upon consideration

of Plaintiffs' motion *in limine* to Exclude Evidence Of Any Illegal Drug Use By Louis Jung, it is

hereby ORDERED as follows:

(1) Evidence of any illegal drug use by Louis Jung, Jr. is hereby excluded.


**BY THE COURT:**


_____
**TIMOTHY SAVAGE, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as | : | |
| Administrators of the Estate of LOUIS | : | |
| JUNG, JR, | : | No. 2:24-cv-05618-TJS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| CITY OF PHILADELPHIA; YesCare Corp.; | : | |
| BLANCHE CARNEY, Former | : | |
| Commissioner of Philadelphia Dept. of | : | |
| Prisons; LALITHA TRIVIKRAM; | : | |
| MAUREEN GAY;  MARIESHA | : | |
| APOLLON; BLAIR CABELLOS; GENA | : | |
| FRASIER; WANDA BLOODSAW, | : | |
| | | |
| Defendants. | | |

## PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ANY ILLEGAL DRUG USE BY LOUIS JUNG

For the reasons explained in the attached Memorandum, Plaintiffs Jacob and James Jung,

as Administrators of the Estate of Louis Jung, Jr., respectfully moves the Court to bar Defendants

from introducing evidence or argument concerning any illegal drug use by Louis Jung, Jr..

Dated: January 9, 2026

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085
*/s/ Margaret Hu*
Staff Attorney
PA ID No. 334438

2

_/s/ Lolo Salsbury Serrano_
Legal Fellow
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as | : | |
| Administrators of the Estate of LOUIS | : | |
| JUNG, JR, | : | No. 2:24-cv-05618-TJS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| | : | |
| CITY OF PHILADELPHIA; YesCare Corp.; | : | |
| BLANCHE CARNEY, Former | : | |
| Commissioner of Philadelphia Dept. of | : | |
| Prisons; LALITHA TRIVIKRAM; | : | |
| MAUREEN GAY;  MARIESHA | : | |
| APOLLON; BLAIR CABELLOS; GENA | : | |
| FRASIER; WANDA BLOODSAW, | : | |
| | | |
| Defendants. | | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ANY ILLEGAL DRUG USE BY LOUIS JUNG**

**INTRODUCTION**

Plaintiffs seek to exclude irrelevant and unduly prejudicial evidence regarding Louis Jung's alleged illegal drug use trial. This evidence is not relevant to whether Mr. Jung received proper medical care from Defendants and is not probative of any fact relevant to the claims or defenses. Allowing the jury to be exposed to this information would only lead to confusion and the possibility of bias. Thus, it should be excluded.

**I.      Legal Standard**

Irrelevant evidence is not admissible. Fed. R. Evid. 402. Evidence is relevant if (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action. Fed. R. Evid. 401. The court may exclude

relevant evidence if its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, or misleading the jury. Fed. R. Evid. 403.

Courts regularly exclude evidence of plaintiffs' illegal drug use prior to events at issue in a legal action as irrelevant or prejudicial. *See Sonnier v. Field*, No. 2:05-CV-14, 2007 WL 2155576, at *3–4 (W.D. Pa. July 25, 2007) (excluding references to decedent's prior drug use in wrongful death and § 1983 case as irrelevant and prejudicial where there was no evidence that defendants were aware of it and no argument presented that drugs were related to the death); *Bridges v. O'Hearn*, No. 3:10-cv-1065, 2012 WL 175408, at *5 (M.D. Pa. Jan. 20, 2012) (excluding references to civil rights plaintiff's prior drug use as "highly prejudicial" where defendants presented no valid reason for allowing it); *Morris v. Bland*, 666 F. App'x 233, 238 (4th Cir. 2016) (district court properly excluded evidence of prior drug use in wrongful death case as irrelevant and prejudicial where defendants provided "nothing but mere speculation when they argue that Woods's use of alcohol and drugs 'accelerat[ed]' the deterioration of his health such that 'no act or omission by Appellants proximately caused his death'").

## II.    Argument

There are scattered references in Mr. Jung's medical records from YesCare and PDP to a prior history of illegal drug use. None of these records indicate that his limited history of possible illegal drug use bore any relation to his diabetic condition or death. Defendants have made no indication that they intend to raise these facts within their defenses. No defendant has testified in depositions that Mr. Jung's possible drug use had any relation to his diabetic condition or death; none of the experts put forth by Defendants as of this time have asserted any opinion that Mr. Jung's possible drug use had an impact on his diabetic condition or death; and none of the briefing submitted by any Defendant has made reference to Mr. Jung's drug use.

No fact of consequence in this matter is rendered more or less probable in light of Mr. Jung's possible history of illegal drug use, so it should be excluded on the basis of relevance alone. Fed. R. Evid. 401. There are no records in evidence, deposition testimony, or proposed expert testimony suggesting that Mr. Jung's possible history of illegal drug use is related to his diabetic condition or death. To the extent any defendant would now raise an argument that Mr. Jung's remote history of illegal drug use had an impact on his medical conditions, it would be as unsupported and speculative as in *Morris*. 666 F. App'x 238. As in *Sonnier*, there is no evidence that defendants were aware of Mr. Jung's possible history of illegal drug use, so it has no potential bearing on any defendant's state of mind. 2007 WL 2155576 at *3–4. Defendants have proposed no valid reason for introducing evidence of Mr. Jung's history of illegal drug use into evidence or linked it to any fact of consequence. *Bridges*, 2012 WL 175408 at *5.

If Mr. Jung's remote history of illegal drug use did have any probative value for a fact of consequence to this suit, it would be substantially outweighed by the risk of prejudice and confusing the issues for the jury. Fed. R. Evid. 403. The weighty prejudicial impact of drug-use evidence is well-recognized by courts. *See Reppert v. Marino*, 259 F. App'x 481, 489 (3d Cir. 2007) (finding district court had abused discretion by allowing extensive cross-examination into plaintiff's history of drug use due to its "substantial tendency to confuse the issues, and to inflame passions of the jury by unfairly tilting the balance of sympathies in favor of defendants").

## III.    Conclusion

For the foregoing reasons, plaintiffs respectfully request that the Court exclude any evidence of Mr. Louis Jung, Jr.'s alleged history of prior illegal drug use.

Respectfully submitted,

*/s/ Bret Grote*
Legal Director

6

PA ID No. 317273
bretgrote@abolitionistlawcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085
*/s/ Margaret Hu*
PA ID No. 334438
*/s/ Lolo Salsbury Serrano*
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123


*Counsel for Plaintiffs*

## <u>CERTIFICATE OF SERVICE</u>

I, Bret Grote, Esq., hereby certify that I caused a true and correct copy of the foregoing

Motion in Limine to be electronically filed on January 9, 2025, and thereby served upon all parties

entered into the Court's ECF system.


<u>*/s/ Bret Grote*</u>
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123


*Counsel for Plaintiffs*