**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : | No. 2:24-cv-05618-TJS |
| Plaintiff, | : | |
| v. | : | |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : | |
| Defendants. | | |

**ORDER**

AND NOW, this ____________ day of _______________________, 2026, upon consideration of Plaintiffs' motion *in limine* to Exclude Evidence Of Any Criminal Charges, Arrests, Warrants, Convictions, And Incarceration Of Louis Jung, it is hereby ORDERED as follows:

(1) All testimony and evidence concerning Louis Jung's criminal charges that did not result in conviction is excluded.

(2) All testimony and evidence concerning Louis Jung's arrests is excluded.

(3) All testimony and evidence concerning warrants for Louis Jung's arrest are excluded.

(4) All testimony and evidence concerning criminal convictions of Louis Jung is excluded.

(5) All testimony and evidence concerning any periods of incarceration prior to December 2021 is excluded.

**BY THE COURT:**

______________________________
**TIMOTHY SAVAGE, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : | No. 2:24-cv-05618-TJS |
| Plaintiff, | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : | |
| Defendants. | | |

**PLAINTIFFS' MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ANY CRIMINAL CHARGES, ARRESTS, WARRANTS, CONVICTIONS, AND INCARCERATION OF LOUIS JUNG**

For the reasons explained in the attached Memorandum, Plaintiffs Jacob and James Jung, as Administrators of the Estate of Louis Jung, Jr., respectfully moves the Court to bar Defendants from introducing evidence or argument concerning any criminal charges, arrests, or warrants brought against Louis Jung or any criminal convictions and previous periods of incarceration of Louis Jung.

Dated: January 9, 2026

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
*/s/ Rupalee Rashatwar*

Staff Attorney
PA ID No. 331085
*/s/ Margaret Hu*
Staff Attorney
PA ID No. 334438
*/s/ Lolo Salsbury Serrano*
Legal Fellow
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : | No. 2:24-cv-05618-TJS |
| Plaintiff, | : | |
| v. | : | **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : | |
| Defendants. | | |

**PLAINTIFFS' MEMORANDUM OF LAW IN SUPPORT OF MOTION *IN LIMINE* TO EXCLUDE EVIDENCE OF ANY CRIMINAL CHARGES, ARRESTS, WARRANTS, CONVICTIONS, AND INCARCERATION OF LOUIS JUNG**

Plaintiffs bring this motion to prevent Defendants from introducing evidence regarding the criminal charges Louis Jung was facing at the time of his death as well as his past criminal convictions. This evidence is irrelevant to the claims and defenses of the parties and would only serve to unfairly prejudice Plaintiffs during trial.

## I. Legal Standard

The Federal Rules of Evidence (FRE) prohibit evidence that is not relevant as well as evidence where the probative value is substantially outweighed by the risk of undue prejudice. Fed. R. Evid. 403. Unfair prejudice may arise if evidence "influence[s] a jury to return a verdict based on a desire to punish for ... other wrongs." *Bhaya v. Westinghouse Elec. Corp*., 922 F.2d 184, 188 (3d Cir. 1990). "A trial court is afforded substantial discretion when striking a Rule 403

balance with respect to proffered evidence." *Mckenna v. City of Philadelphia*, 582 F.3d 447, 461 (3d Cir. 2009) (internal citation and quotation marks omitted); see also *Bhaya*, 922 F.2d at 188 ("[A] trial judge's decision to admit or exclude evidence under Fed. R. Evid. 403 may not be reversed unless it is arbitrary and irrational.") (internal citation and quotation marks omitted). Courts may exercise said discretion to exclude evidence because it could cloud a jury's impartial scrutiny and inhibit neutral application of principles of law to facts. *Ansell v. Green Acres Contracting Co., Inc.,* 347 F.3d 515, 525 (3d Cir. 2003).

      Moreover, FRE 404(b) limits the use of prior bad act evidence unless the party seeking to introduce the evidence can demonstrate that it is not being used to demonstrate a propensity for bad acts. Because evidence of prior bad acts is "generally more prejudicial than probative," Rule 404(b) requires exclusion of such evidence unless the proponent demonstrates that it is offered for a proper, non-propensity purpose. *United States v. Caldwell*, 760 F.3d 267, 276 (3d Cir. 2014). The burden of identifying and articulating that permissible purpose rests squarely with the proponent of the evidence. *Id,* (citing *United States v. Davis*, 726 F.3d 434, 442 (3d Cir. 2013) and *United States v. Sampson*, 980 F.2d 883, 886 (3d Cir. 1992)). To satisfy Rule 404(b), the Court must be able to articulate a logical chain of inference by which the prior-acts evidence tends to establish or refute a material fact at issue, and that reasoning must not include *any* inference that the person is disposed to commit bad acts. *United States v. Echeverri*, 854 F.2d 638, 644 (3d Cir. 1988). Once that chain of logic has been properly articulated, "its probative strength must be weighed under Rule 403 against any potential for unfair prejudice." *Id*.

## II. Argument

### A. Any evidence regarding criminal charges brought against Mr. Jung that did not result in a conviction, as well as warrants and arrests, should be precluded in entirety.

Mr. Jung was arrested on December 16, 2021 in relation to an alleged bank robbery incident and charged with eight criminal counts. These charges were the bases for the relevant period of Mr. Jung's incarceration. Mr. Jung was never convicted: he died from diabetic ketoacidosis while in PDP custody and care before any of these charges could be resolved.

Any evidence concerning criminal charges, arrests, warrants, or the underlying reasons for Mr. Jung's incarceration should be excluded. Said information is irrelevant to the claims and defenses in this case and poses an overwhelming risk of unfair prejudice. This action concerns the adequacy of medical care provided to Mr. Jung, not the propriety of his detention or the conduct that led to his incarceration. The reasons for Mr. Jung's confinement have no tendency to make any fact of consequence more or less probable and therefore fail to satisfy the threshold relevance requirements.

Even if such evidence were to be characterized as marginally relevant, FRE 403 should exclude its use. Evidence of criminal charges or arrests – particularly where no conviction resulted – carries a substantial risk of unfair prejudice by improperly impugning Mr. Jung's character, inviting the jury to draw impermissible inferences, and biasing the jury against the plaintiff on grounds wholly unrelated to the medical issues at the heart of this case. See *Ponzini v. PrimeCare Med., Inc.*, 269 F. Supp. 3d 444, 562 (M.D. Pa. 2017), *aff'd in part, punitive damages reinstated sub nom. Ponzini v. Monroe Cnty.*, 789 F. App'x 313 (3d Cir. 2019) (excluding evidence of criminal charges in wrongful death suit regarding pretrial detainee). Admission of such evidence would also risk misleading the jury and diverting its attention from the narrow factual questions it must resolve: namely, whether defendants met the applicable standards of medical care and how

their failures resulted in Mr. Jung's death. Defendants are fully able to present their theory of the case without details regarding the nature and extent of the criminal charges: charges for which Mr. Jung was presumed innocent under the law and never convicted of. *Ponzini*, 269 F. Supp. 3d at 564-65. Because Mr. Jung was not convicted of the charged conduct, the evidence is not probative of damages or any other material issue, and its prejudicial effect substantially outweighs any conceivable probative value. Exclusion is therefore warranted to ensure a fair and focused trial.

### B. Any evidence regarding Mr. Jung's past convictions and periods of incarceration are inadmissible.

Any evidence concerning the Mr. Jung's prior criminal convictions or past periods of incarceration should be excluded because it is irrelevant to the claims and defenses in this action and presents a substantial risk of unfair prejudice. The issues before the jury concern whether defendants provided constitutionally and statutorily adequate medical care and whether any failure caused the Mr. Jung's death. Prior convictions and periods of incarceration have no tendency to prove or disprove those issues and therefore fail to satisfy the relevance requirements of FRE 401 and 402.

FRE 609 does not provide a basis for admission either. While certain criminal convictions may be admissible for impeachment purposes, Rule 609 applies only when a witness testifies. Here, Mr. Jung is not a witness because he is deceased, and his credibility is not at issue for impeachment. Courts within the Third Circuit have repeatedly recognized that Rule 609 is subject to Rule 403 balancing and requires consideration of factors including the nature of the conviction, the time elapsed since the conviction, the importance of the witness's testimony, and the importance of the witness's credibility to the claim at issue. *Sharif v. Picone*, 740 F.3d 263, 272 (3d Cir. 2014) (citing *United States v. Greenidge*, 495 F.3d 85, 97 (3d Cir. 2007)); *Andrews v. Harper*, 576 F. Supp. 3d 305, 310 (W.D. Pa. 2021). Where, as here, the individual with the prior

conviction will not testify, those factors weigh decisively against admissibility, and impeachment is not a cognizable justification.

Admission is also improper under Federal Rule of Evidence 404(b), as the evidence serves no permissible non-propensity purpose and would invite precisely the type of character-based inference the Rule forbids. Even if the Court were to consider such evidence under Rule 403, exclusion would still be required. Courts in this Circuit have emphasized the high risk that criminal-history evidence will lead jurors to draw impermissible "predisposition" inferences and resolve a case on improper grounds. See *Robinson v. Clemons*, No. CIV. A. 96-405 MMS, 1998 WL 151285, at *4 (D. Del. Mar. 24, 1998) (excluding prior conviction where the risk of unfair prejudice substantially outweighed any probative value and noting the limited effectiveness of a limiting instruction). Particularly where convictions are remote in time or unrelated to the issues being tried, their probative value does not substantially outweigh their prejudicial effect, and exclusion is warranted. *Id*. Because Mr. Jung's prior convictions and incarceration history are not probative of any material fact and present a substantial risk of unfair prejudice, confusion of the issues, and jury bias, they should be precluded in their entirety to ensure a fair trial.

## III. Conclusion

For the foregoing reasons, plaintiffs respectfully request that the Court exclude any evidence of Mr. Louis Jung, Jr.'s history of prior criminal charges and convictions.

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@abolitionistlawcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085
*/s/ Margaret Hu*

PA ID No. 334438
*/s/ Lolo Salsbury Serrano*
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123


*Counsel for Plaintiffs*

**CERTIFICATE OF SERVICE**

I, Bret Grote, Esq., hereby certify that I caused a true and correct copy of the foregoing Motion in Limine to be electronically filed on January 9, 2025, and thereby served upon all parties entered into the Court's ECF system.

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

*Counsel for Plaintiffs*