IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : <br> : <br> : No. 2:24-cv-05618-TJS <br> : |
| Plaintiff, | : <br> : |
| v. | : <br> : **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

# ORDER

**AND NOW,** on this _____ day of _____, 2026, upon consideration of Plaintiff's Motion in Limine to Permit Plaintiffs to Seek Loss of Life Damages, it is hereby:

**ORDERED** that Plaintiff's Motion in Limine is **GRANTED**.

BY THE COURT:

_____
Timothy J. Savage
United States District Court Judge

1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, : : : : Plaintiff, : v. : : CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, : : : : : : : : : Defendants. : | No. 2:24-cv-05618-TJS<br><br>**JURY TRIAL DEMANDED** |

### **Plaintiff's Motion in Limine to Permit Plaintiffs to Seek Loss of Life Damages**

Plaintiffs, Jacob and James Jung, by and through their attorneys, respectfully submit this Motion in Limine requesting the Court to permit them to seek loss of life damages, on behalf of their father, the late Louis Jung, Jr., in the instant case.

**I.      Factual background**

On November 5, 2023, Louis Jung, Jr., died from diabetic ketoacidosis at age 50 while incarcerated in the Curran-Fromhold Correctional Facility within the Philadelphia Department of Prisons. His sons, Jacob and James Jung filed this action against the City of Philadelphia, YesCare (the private corporation that Philadelphia County hired to provide medical care to its detainees), and several correctional and medical staff for the constitutional and statutory violations and negligence that led to their father's death. Plaintiffs seeks all available damages under Pennsylvania's Wrongful Death and Survival Action statutes, 42 Pa. C.S. § 8301 and § 8302 respectively, as well as damages related to Mr. Jung Jr.'s, loss of enjoyment of life. The latter

2

category is sometimes referred to as "loss of life" or "loss of life's pleasures" damages, and it is intended to compensate an injured party for the deprivation of the activities they enjoyed prior to a defendant's actionable conduct. *Corcoran v. McNeal*, 400 Pa. 14, 26 (Pa. 1960).

## II.     Argument

Under Pennsylvania state law, death caused by tortious conduct gives rise to two causes of action: wrongful death and survival claims. A wrongful death action may be brought "to recover damages for the death of an individual caused by the wrongful act or neglect or unlawful violence or negligence of another." 42 Pa. C.S. § 8301. Special damages recoverable in wrongful death actions are listed in the Wrongful Death Act and include "reasonable hospital, nursing, medical, funeral expenses, and expenses of administration necessitated by reason of injuries causing death." 42 Pa. C.S. § 8301(1)(c). The statute does not set a limit on the recovery of general damages which have been interpreted to include "the value of the decedent's life to the family, as well as expenses caused to the family by reason of the death." *Slaseman v. Myers*, 455 A.2d 1213, 1218 (Pa. Super. 1983); *see also Linebaugh v. Lehr*, 505 A.2d 303, 305 (Pa. Super. 1986) (holding that "recovery in a wrongful death action includes damages for the loss of the decedent's society."). On the other hand, however, there is no recovery under Pennsylvania law for the decedent's loss of life's pleasures. *See Willinger v. Mercy Catholic Med. Ctr.*, 393 A.2d 1188, 1190 (Pa. 1978) ("The rule is well established in Pennsylvania, however, that compensation for the loss of life's amenities is recoverable only if the victim survives the accident giving rise to the cause of action.").

In a survival action, generally, the estate may recover for the damages for which the decedent would have been able to recover had they survived, including medical expense, past and future loss of earnings, and pain and suffering up to the moment of death. *See Skoda v. W. Penn Power Co.*, 191 A.2d 822, 828 (Pa. 1963) (medical expenses); *Smail v. Flock*, 180 A.2d 59, 61-62

3

(Pa. 1962) (past and future earnings); *Skoda v. W. Penn Power Co.*, 191 A.2d 822, 829 (Pa. 1963). Similar to wrongful death actions, the estate may not recover for the decedent's loss of life's pleasures. *Willinger,* 393 A.2d at 1190-91.

Because § 1983 does not provide specific instruction on the law of damages to apply in actions brought under that statute, under 42 U.S.C. § 1988(a), the availability of damages is presumptively determined by the law of the state in which the action is brought. *See Carey v. Piphus*, 435 U.S. 247, 258 & 258 n.13 (1978). That presumption is rebutted, however, when the law of the state in question fails to recognize the "predominance of the federal interest" as "courts are to apply state law only if it is not 'inconsistent with the Constitution and laws of the United States.'" *Burnett v. Grattan*, 468 U.S. 42, 47-48 (1984) (quoting 42 U.S.C. § 1988). "In resolving questions of inconsistency between state and federal law raised under § 1988," courts should consider "whether application of state law would be inconsistent with the federal policy underlying the cause of action under consideration." *Robertson v. Wegmann*, 436 U.S. 584, 590 (1978) (internal citations omitted).

If the Pennsylvania law of damages were to apply to this case, the jury would not be able to award damages for the loss of Louis Jung, Jr.'s, life. As several Courts of Appeals and numerous federal district courts have held, this result is incompatible with § 1983's purpose of deterrence; it fails to sufficiently deter the very type of misconduct that most concerned Congress—where a state actor's violation of the Constitution causes death. *See Bell v. City of Milwaukee*, 746 F.2d 1205, 1239 (7th Cir. 1984) *overruled in part on other grounds by Russ v. Watts*, 414 F.3d 783 (7th Cir. 2005) ("The legislative history behind Section 1983 expresses an unequivocal concern for protecting life."); *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1103 (9th Cir. 2014) ("One of

4

Congress's primary goals in enacting § 1983 was to provide a remedy for killings unconstitutionally caused or acquiesced in by state governments.").

Although the Third Circuit has not specifically addressed whether state damages laws are inconsistent with § 1983 in a suit where unconstitutional conduct causes death, the overwhelming weight of authority confirms that application of such state laws restricting damages in death cases is inconsistent with § 1983. Thus, in *Bell*, the court ruled that a Wisconsin law like the law applicable to this case should not apply in a § 1983 action. 746 F.2d at 1236. The state law in question "creates a survival action in favor of the estate for pre-death injuries and a wrongful death action in favor of the victim's survivors, and neither type of action traditionally allows recovery of damages for loss of life itself." *Id.* at 1236. As the court found, such limitations fail to meet the main purpose of § 1983:

> [S]ince in the instant case the killing is the unconstitutional act, there would result more than a marginal loss of influence on potentially unconstitutional actors and therefore on the ability of Section 1983 to deter official lawlessness if the victim's estate could not bring suit to recover for loss of life. Moreover, if Section 1983 did not allow recovery for loss of life notwithstanding inhospitable state law, deterrence would be further subverted since it would be more advantageous to the unlawful actor to kill rather than injure.

*Id.* 1239 (emphasis added); *see also Graham v. Sauk Prairie Police Comm'n*, 915 F.2d 1085, 1104 (7th Cir. 1990) (reaffirming availability of loss of life damages in cases where unconstitutional conduct causes death); *Bass by Lewis v. Wallenstein*, 769 F.2d 1173, 1189 (7th Cir. 1985) (finding Illinois state law precluding recovery of loss of life damages inconsistent with § 1983 and holding that damages for loss of life were available in jail death case). The Second, Ninth, and Tenth Circuits have similarly found restrictions in state laws inconsistent with the deterrent purposes of § 1983 in cases where unconstitutional conduct caused death. *See McFadden v. Sanchez*, 710 F.2d 907, 911 (2d Cir. 1983) ("To whatever extent section 1988 makes state law applicable to section

1983 actions, it does not require deference to a survival statute that would bar or limit the remedies available under section 1983 for unconstitutional conduct that causes death."); *Chaudhry v. City of Los Angeles*, 751 F.3d 1096, 1104–05 (9th Cir. 2014) (finding state law inconsistent with Section 1983 where it "has the perverse effect of making it more economically advantageous for a defendant to kill rather than injure his victim"); *Berry v. City of Muskogee.*, 900 F.2d 1489, 1057 (10th Cir. 1990) (statute limiting damages to decedent's pre-death damages and loss of consortium and grief of spouse, children and parents was insufficient; § 1983 "must make available to plaintiffs sufficient damages to serve the deterrent function central to the purpose of § 1983").

District courts have reached the same result after conducting similar analyses. For example, in *Banks ex rel. Banks v. Yokemick*, the district court upheld an award for loss of life damages, finding New York state law, which like Pennsylvania permits an award of only predeath pain and suffering and post-death damages on behalf of surviving beneficiaries, was inconsistent with the goals of § 1983. 177 F. Supp. 2d 239, 252 (S.D.N.Y. 2001). The same ruling has been reached by numerous other courts. *See Guyton v. Phillips*, 532 F. Supp. 1154, 1167–68 (N.D. Cal. 1981), *disapproved of on other grounds by Peraza v. Delameter*, 722 F.2d 1455 (9th Cir. 1984) (finding state law inconsistent with § 1983, holding that "[t]he decedent's loss of life, which is the deprivation here, is a compensable injury that survives and is recoverable by his estate. . . . [T]he only just remedy that carries out the purposes of the Civil Rights Act of 1871 is an award of damages for the actual deprivation of right to life"); *Gilbaugh ex rel. Gilbaugh v. Balzer*, No. CIV. 99-1576-AS, 2001 WL 34041889, at *6–7 (D. Or. June 7, 2001) (finding state statute that limited damages to a survival claim for pre-death pain and suffering and a wrongful death claim on behalf of certain heirs to be inconsistent, and awarding "general damages" for death); *T.D.W. v. Riverside Cty.*, No. EDCV 08-232CAS(JWJX), 2009 WL 2252072, at *5–7 (C.D. Cal. July 27, 2009)

(finding state law limitations on damages inconsistent with § 1983 and denying motion *in limine* to exclude damages for pain and suffering and loss of life).

The principles adopted in the above authorities require the same result in this case. Limiting Mr. Jung's estate to the damages available under only Pennsylvania's Wrongful Death Act and Survival Act would fail to deter the constitutional violations that § 1983 was most concerned about—preventing misconduct that causes death. *See Brazier*, 293 F.2d at 405; *Chaudhry*, 751 F.3d at 1103. As the Seventh Circuit noted in *Bell*, limiting the damages incurred by the decedent to pre-death pain and suffering would make it "more advantageous to the unlawful actor to kill rather than injure." 746 F.2d at 1239. Straight application of Pennsylvania law in this case would endorse these same perverse incentives, as, in Pennsylvania, damages for loss of life's pleasures are available in non-death injury cases. *See Lebesco v. Se. Pa. Transp. Auth.*, 380 A.2d 848, 852 (Pa. Super. 1977). In these circumstances, vindication of Mr. Jung's constitutional rights under § 1983 requires damages for the loss of his life.

### III. Conclusion

For the foregoing reasons, Plaintiffs Jacob and James Jung., respectfully request that the Court instruct the jury that it may award damages for the loss of decedent Louis Jung, Jr.'s life notwithstanding any limitations on such damages in Pennsylvania law.

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085
*/s/ Margaret Hu*
Staff Attorney
PA ID No. 334438

7

*/s/ Lolo Salsbury Serrano*
Legal Fellow
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

*Counsel for Plaintiff*

## CERTIFICATE OF SERVICE

I, Bret Grote, Esq., hereby certify that I caused a true and correct copy of the foregoing Motion in Limine to Permit Loss of Life Damages to be electronically filed on January 9, 2025, and thereby served upon all parties entered into the Court's ECF system.

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

*Counsel for Plaintiffs*