IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : | |
| Plaintiffs, | : | Civil Action |
| v. | : : | No. 2:24-cv-05618 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2026, upon consideration of Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier's Motion *in Limine* to Bifurcate Trial, the Memorandum of Law in support thereof and any response thereto, it is hereby **ORDERED** and **DECREED** that this Motion is **GRANTED**.

It is **FURTHER ORDERED** that trial of this matter shall be bifurcated into two phases. Phase I will be limited to a trial of Plaintiffs' case against the individual defendants and the American with Disabilities Act claim. Phase II shall proceed to Plaintiffs' *Monell* claim against Defendant, City of Philadelphia. Both phases will proceed before the same jury.

BY THE COURT:

_____
**TIMOTHY J. SAVAGE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, : : : | |
| Plaintiffs, : | |
| v. : | |
| : | Civil Action |
| CITY OF PHILADELPHIA, et al., : | No. 2:24-cv-05618 |
| Defendants. : | |

**CITY OF PHILADELPHIA, BLANCHE CARNEY, WANDA BLOODSAW, AND GENA FRASIER'S MOTION *IN LIMINE* TO BIFURCATE *MONELL* TESTIMONY**

Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier (collectively, "Corrections Defendants"), by and through undersigned counsel, respectfully move *in limine* pursuant to Federal Rule of Civil Procedure 42(b) to bifurcate trial, requesting this Honorable Court enter the proposed Order for the reasons set forth in the attached Memorandum of Law, incorporated herein by reference.

Date: January 9, 2026

Respectfully submitted,

/s/ Michael Pestrak

**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
*Attorneys for Defendants City of Philadelphia, Carney, Frasier, and Bloodsaw*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, : : : | |
| Plaintiffs, : | |
| v. : : | Civil Action |
| CITY OF PHILADELPHIA, et al., : | No. 2:24-cv-05618 |
| Defendants. : | |

**CITY OF PHILADELPHIA, BLANCHE CARNEY, WANDA BLOODSAW, AND GENA FRASIER'S MOTION *IN LIMINE* TO BIFURCATE TRIAL**

Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier (collectively, "Corrections Defendants"), by and through undersigned counsel, hereby move to bifurcate trial pursuant to Federal Rule of Civil Procedure 42(b).

**I.   BACKGROUND**

In their Complaint, Plaintiffs Jacob and James Jung seek relief pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act against various members of the Philadelphia Department of Prisons corrections and medical staff, alleging violations of their father's constitutional rights on November 5, 2023 ("the underlying incident date"). *See* ECF Doc. No. 25-1. Plaintiffs additionally complain that the City had a custom of failing to train, supervise, and discipline staff for the alleged misconduct of the individually named Defendants, which was the moving force behind the alleged constitutional injuries suffered on the underlying incident date; and that the City of Philadelphia violated the Americans with Disability Act.

Per Plaintiffs' pretrial memo, Plaintiffs intend to call experts to opine on the standards within the Philadelphia Department of Prisons ("PDP"), fact witnesses to testify to the standards of training and care within the PDP unrelated to the underlying incident date, and introduce documentary evidence that, while possibly relevant to *Monell*-based arguments, are irrelevant to a


determination that the individual defendants violated Mr. Jung's rights on November 5, 2023. *See* ECF Doc. No. 142 at 10-23. These latter documents include, but are not limited to, disciplinary packets, special investigation death investigation, PDP and YesCare policies, training documents, and audits. *Id*. at 18-23. This evidence, if presented to the jury prior to a determination that the individual defendants caused the alleged constitutional violations, would do nothing more than prejudice the defendants and confuse the jury.

## II.     ARGUMENT

A district court possesses broad discretion to manage its dockets and "has inherent power to control cases before it, provided it exercises the power in a manner that is in harmony with the Federal Rules of Civil Procedure." *See Duquesne Light Co. v. Westinghouse Elec. Corp.,* 66 F.3d 604, 609 (3d Cir. 1995). Thus, a district court may separate issues and claims for trial as part of its wide discretion in trial management. Fed. R. Evid. 611(a)(1) ("The court should exercise reasonable control over the mode and order of examining witnesses and presenting evidence so as to make those procedures effective for determining the truth[.]") s*ee also Idzojtic v. Pennsylvania R. Co*., 456 F.2d 1228, 1230 (3d Cir. 1972) (internal citation omitted).

A trial court may bifurcate a matter after considering convenience, prejudice, expedition, and resource economy. Fed. R. Civ. P. 42(b); *see also Emerick v. U.S. Suzuki Motor Corp.*, 750 F.2d 19, 22 (3d Cir. 1984). The decision to bifurcate lies with the trial court and is made on a case-by-case basis. *Lis v. Robert Packer Hosp.*, 579 F.2d 819, 824 (3d Cir. 1978). In exercising its discretion to bifurcate, a district court should consider "the convenience of the parties, avoidance of prejudice to either party, and promotion of the expeditious resolution of the litigation." *Eizen*, 319 F.R.D. at 211. However, when considering this issue, courts consider four factors to determine the propriety of bifurcation: (1) "whether the claims sought to be tried separately are significantly different from one another, (2) whether the claims require different evidentiary proof, (3) whether

4

the non-moving party will be prejudiced by severance, and (4) whether the moving will be prejudiced if it is not granted." *Bermudez v. Progressive Ins. Co.,* No. 19-CV-4085, 2021 WL 3033757, at *2 (E.D. Pa. July 19, 2021); *see also Official Comm. of Unsecured Creditors v. Shapiro, et al.*, No. 99-0526, 190 F.R.D. 352, 355 (E.D. Pa. Jan. 11, 2000). Where the separate and sequential litigation of claims can "improve comprehension of the issues and evidence[,]" bifurcation is proper. *In re Paoli R.R. Yard PCB Litig.*, 113 F.3d at 452 n.5. Finally, "bifurcation is appropriate where litigation of one issue . . . may eliminate the need to litigate a second issue." *In re Bayside Prison Litig.*, 157 F. App'x at 547; *see also ATD-Am. Co. v. Krueger Int'l, Inc.*, No. CIV.A. 12-00032, 2014 WL 3952848, at *16 (E.D. Pa. Aug. 12, 2014); *Plaza-Bonilla v. Cortazzo*, No. CIV.A.07-2045, 2009 WL 977297, at *2 (E.D. Pa. Apr. 9, 2009); *Adelman v. GMAC Mortg. Corp.*, No. CIV. A. 97-691, 1998 WL 51131, at *3 (E.D. Pa. Feb. 5, 1998).

Here bifurcation would be an appropriate remedy to Defendants' concerns while also allowing the evidence before the jury should Plaintiffs wish to present the evidence.

### A. Factors 1 and 2 Favor Bifurcation Because the Claims are Significantly Different From One Another and Require Different Evidentiary Proof.

Plaintiffs' claim against Corrections Officers Gena Frasier and Wanda Bloodsaw are significantly different from the *Monell* claim against the City because the elements of the former do not include proof of a custom, required for the latter. *See Corrections Defendants Summary Judgement Motion,* ECF Doc. No. 99, at 1. Currently, there are two claims against the Corrections Officers: these employees failed to render appropriate medical care in violation of § 1983 and (2) caused Mr. Jung's wrongful death in violation of 42 Pa.C.S.A. § 8301.[1] Plaintiffs also assert that the City of Philadelphia (1) violated the Americans with Disabilities Act ("ADA"), (2) violated

---

[1] Plaintiffs also bring survival actions pursuant to 20 Pa. C.S.A. § 3373 and 42 Pa.C.S. § 8302.

the Rehabilitation Act, § 504,[2] and (3) failed to train, supervise, or discipline staff causing employees to fail to provide proper medical care. Plaintiffs' denial of medical care claim against Defendants Bloodsaw and Fraiser and the ADA claim are significantly different than their *Monell* claims because the elements of the former do not include proof of a failure to train, supervise, or discipline, which is required for the latter.

Success on a § 1983 failure to provide adequate medical treatment claim requires a plaintiff to demonstrate that (1) he had a serious medical need, and (2) prison officials acted with deliberate indifference to that need to succeed on a failure to provide adequate medical treatment claim. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Additionally, to succeed on an ADA violation claim, a plaintiff must demonstrate that "(1) he is a qualified individual, (2) with a disability, (3) he was excluded from participation in, or denied the benefits of, the services, programs, or activities of a public entity, or was subjected to discrimination by any such entity (4) by reason of his disability." *Wood v. City of Lancaster*, 2009 WL 80306, at *21 (E.D. Pa. Jan. 13, 2009) (Dalzell, J.), aff'd, 352 F. App'x 641 (3d Cir. 2009) (citing *Bowers v. Nat'l Collegiate Athletics Ass'n*, 475 F.2d 524, 553 n. 32 (3d Cir. 2007)).

In contrast, recovery under *Monell* for an alleged failure to train, supervise, or discipline is limited to those circumstances where the record demonstrates a "deliberate indifference to the rights of persons with whom the [municipality] come[s] into contact." *Est. of Roman*, 914 F.3d, at 798 (quoting *City of Canton*, 489 U.S. at 388). Deliberate indifference must be proven by evidence establishing: (1) "municipal policy makers know that employees will confront a particular situation[;]" (2) "the situation involves a difficult choice or a history of employees mishandling[;]"

---

[2] The standard for the ADA claim and the Rehabilitation Act are substantially similar. *See MacFarlan v. Ivy Hill SNF, LLC*, 675 F.3d 266, 274 (3d Cir. 2012); *CG v. Pa. Dep't of Educ.*, 734 F.3d 229, 235 & n.10 (3d Cir. 2013). For purposes of this motion, reference to the ADA claim is intended to refer to both claims.

and (3) "the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Id.* at 798 (quoting *Doe v. Luzerne County*, 660 F.3d 169, 180 (3d Cir. 2011)).

While "deliberate indifference" is the standard in both *Monell* and individual failure to provide medical treatment claims, these are distinctly separate standards, which require different evidence to support each. *Compare Sylvester v. City of Newark*, 120 F. App'x 419, 423–24 (3d Cir. 2005) (outlining the deliberate indifference standard for individual failure to provide adequate medical care); *with Est. of Roman*, 914 F.3d. As the Supreme Court noted, "while deliberate indifference serves under the Eighth Amendment to ensure that only inflictions of punishment carry liability, the term was used in the *Canton* case for **the quite different purpose** of identifying the threshold for holding a city responsible for the constitutional torts committed by its inadequately trained agents. . . ." *Farmer v. Brennan*, 511 U.S. 825, 841 (1994) (internal citations omitted) (emphasis added).

The triable issues of fact for the failure to provide medical care asserted against the Corrections Officers and the ADA claim are "significantly different" from the municipal lability claim against the City of Philadelphia. *See Shapiro*, 190 F.R.D. at 355. The central issue of the individual claims, whether asserted under federal or state law, is whether Defendants Frasier and Bloodsaw were deliberately indifferent to Mr. Jung's serious medical need at a specific moment in time. Additionally, the central issue for the ADA claim is whether Mr. Jung was "excluded from a program or service on account of or because of his disability as required." *Kokinda v. Pennsylvania Dep't of Corr.*, 779 F. App'x 944, 950 (3d Cir. 2019).

In contrast, Plaintiffs' *Monell* claim necessarily depends on their ability to prove Mr. Jung suffered a constitutional violation from the City's failure to train, supervise, or discipline its employees as demonstrated by the City's "deliberate indifference to the rights of persons with

7

whom [its employees] come into contact." *See Est. of Roman*, 914 F.3d, at 798 (citations omitted). Even if Plaintiffs rely on the individual Corrections Officers' alleged conduct in support of a failure to train theory of liability, their burden there is to identify a pattern of similar constitutional violations outside of the conduct of the particular Corrections Officers involved in this case. By way of example, for "[w]ithout notice that a course of training is deficient, decisionmakers can hardly be said to have deliberately chosen a training program that will cause violations of constitutional rights." *Connick v. Thompson*, 563 U.S. 51, 62 (2011). Accordingly, the issues of fact involved in the present case are "significantly different[,]" such that bifurcation of the individual claims from the *Monell* claim should be granted. *See Shapiro*, 190 F.R.D. at 355.

Furthermore, the evidence required to prove each claim is different. The elements required for success on Plaintiffs' individual and ADA claims are materially distinct from those required for success on the *Monell* claim. Thus, the relevance of the evidence will also differ under the substantive law governing each cause of action. *See Spain v. Gallegos*, 26 F.3d 439, 452 (3d Cir. 1994) ("Under Fed. R. Evid. 401, evidence is relevant if it has any tendency to make the existence of any fact *that is of consequence* to the determination of the action more probable or less probable than it would be without the evidence."); *see also Stanton by Brooks v. Astra Pharm. Prod., Inc.*, 718 F.2d 553, 579-80 (3d Cir. 1983) (holding facts "of consequence" are those satisfying the material elements of a claim[…]'").

As discussed above, the central issues between these non-*Monell* and the *Monell* claims are distinct. Therefore, the evidence establishing facts "of consequence" in support of these claims. Accordingly, the issues and evidence here are separable such that Plaintiffs have proffered "the testimony of different witnesses and different documentary proof . . ." in support of their respective claims. *See Shapiro*, 190 F.R.D. at 355. Therefore, factors 1 and 2 weigh in favor of bifurcation

such that Plaintiffs' claims against the individual Corrections Officers and the ADA claim should be tried separately from Plaintiffs' *Monell* claim.

> **B. Factors 3 and 4 Favor Bifurcation Because Plaintiffs Will Not Be Prejudiced by Bifurcation, while Corrections Defendants Will Be Significantly Prejudiced By Evidence Presented in Furtherance of the Municipal Liability Claim if Bifurcation is Denied.**

Plaintiffs will suffer no prejudice from bifurcation, while Defendants will be unduly prejudiced if bifurcation is not granted. *See Shapiro*, 190 F.R.D. at 355. Inclusion of Plaintiffs' *Monell* evidence during litigation of the Corrections Officers' individual liability would unduly broaden the range of evidence the jury must consider in determining whether Defendants are liable for failure to provide adequate medical treatment.

The temptation for the jury to consider the evidence against the City when considering the actions of the Corrections Officers will be too great to overcome, particularly since the claims at issue involve matters of corrections, which are hot topics in recent news and media. For these reasons, fairness demands the issues be presented in such a way that Plaintiffs' *Monell* evidence does not "appeal[] to the jury's sympathies, arouses its sense of horror, provoke[] its instinct to punish, or otherwise . . . cause [the] jury to base its decision on something other than the established propositions in the case." *See Carter v. Hewitt*, 617 F.2d 961, 972 (3d Cir. 1980). Therefore, factors 3 and 4 weigh in favor of bifurcation because the danger of prejudice to the individual officers significantly outweighs any concerns that bifurcation may raise. As such that the claims should be tried separately.

> **C. Bifurcation Will Serve Convenience and Judicial Economy for the Court and Counsel by Saving Time and Money.**

Finally, bifurcation will be convenient and efficient when it comes to the logistics of trying these claims. First, judicial economy is served because proof of an underlying constitutional

violation is a prerequisite to the determination of the *Monell* claim. In order to prove their *Monell* claim, Plaintiffs must prove (1) Mr. Jung was harmed by a constitutional violation, and (2) that City is responsible for that violation. *See Collins v. City of Harken Heights, Texas*, 503 U.S. 115, 120 (1992). The inquiry into these two issues is separate and distinct. *Id* at 122.

Unless Plaintiffs can first prove a constitutional claim against the individual officers, the City's policies, customs or practices are irrelevant. The Supreme Court has stated:

> [N]either *Monell* nor any other of our cases authorizes the award of damages against a municipal corporation based on the actions of one of its officers when in fact the jury has concluded that the officer inflicted no constitutional harm.

*City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986); *See also Mark v. Borough of Hatboro,* 51 F.3d 1137, 1153 (3d Cir. 1995), *cert. denied*, 116 S.Ct. 165; *Williams v. Borough of West Chester*, 891 F.2d 458, 467 (3d Cir. 1987).

If Plaintiffs cannot prove their individual failure to provide medical care claim, a significant expenditure of time, money and resources will be avoided, including substantial trial time. *See, e.g., Myatt v. City of Chicago*, 816 F. Supp. 1259, 1264 (N.D. Ill. 1992) ("The goals of convenience, expedition and economy are furthered where a separate trial 'disposes of one charge or establishes a necessary element of a second charge.'") (citation omitted). A trial on the underlying individual claims requires several days due to the number of witnesses and claims for the jury's consideration. The confusion, prejudice, and time which will result from the admission of evidence going to the City's alleged failure to train, supervise, or discipline will be avoided should the jury determine that corrections staff did commit a constitutional violation.

For example, in their case against the City, Plaintiffs will likely attempt to introduce numerous death investigations and reports. Each of these documents are voluminous. In addition, these investigations will need to be examined and analyzed by the parties during trial, which will

require a substantial amount of time. To preserve these interests, the individual liability claims should be bifurcated from the *Monell* claim.

Second, empaneling the same jury in bifurcated hearings and trials has been an option widely used that both balances the need to limit prejudicial evidence while also limiting any strain on the court system, the jury pool, and the parties. *See, e.g.*, *Fetzer v. Wal-Mart Stores, Inc.*, No. 13-CV-9312, 2016 WL 6833912, at *1 (N.D. Ill. Nov. 21, 2016) ("Here, a trial bifurcated between liability and damage phases that proceeds before the same jury maximizes the potential for judicial economy and removes undue prejudice towards Defendant, but does not unfairly impair Plaintiffs or implicate Seventh Amendment concerns."); *Witherbee v. Honeywell*, Inc., 151 F.R.D. 27, 30 (N.D.N.Y. 1993) ("By separating the issues of liability and damages, the court will minimize the risk that the defendants and third-party defendants will be unfairly prejudiced by testimony relating to the damages."); *McKeen v. USAA Cas. Ins. Co.*, No. 2:14-CV-396-DN-PMW, 2016 WL 4256948, at *5 (D. Utah Aug. 11, 2016) ("a bifurcated trial can be expedited and economized by having the same jury hear both phases of the case.").

Much like in the cases above, bifurcation before the same jury would be an appropriate remedy to preserve judicial economy. Empaneling the same jurors for both portions of the trial would promote judicial economy and limit any additional time or resources used beyond what has already been allotted to this trial. Plaintiffs and Defendants would be able to narrowly tailor opening statements and closing arguments appropriately and many of the witnesses would not need to be recalled. Bifurcation before the same jury would be an appropriate alternate remedy.

### III.    CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court bifurcate the trial of this matter with regard to the issues of (1) whether a constitutional violation was committed

by the individual Defendants and, if necessary, (2) whether the City is responsible for the constitutional violation. If the jury decides that Mr. Jung was subjected to a constitutional violation, the City will be bound by that determination. If the jury finds no such violation of Plaintiff's constitutional rights, the case should then be dismissed because the City cannot be liable in the absence of an underlying constitutional violation. *Heller*, 475 U.S. 796; *Mark*, 51 F.3d at 1153; *Williams*, 891 F.2d at 467.

WHEREFORE, Defendants respectfully request that this Honorable Court grant the Motion for Bifurcation.

Date: January 9, 2026                                Respectfully submitted,

*/s/ Michael Pestrak*
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Carney, Frasier, and Bloodsaw*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, :<br><br>Plaintiffs, :<br>v. :<br>:<br>CITY OF PHILADELPHIA, et al., :<br>Defendants. : | Civil Action<br>No. 2:24-cv-05618 |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Motion for Bifurcation was filed via the Court's electronic filing system and is available for downloading.

Date: January 9, 2026                               Respectfully submitted,

/s/ Michael Pestrak
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Blanche Carney, Gena Fraiser, and Wanda Bloodshaw*

13