IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR,** | : : : : | |
| Plaintiffs, | : | Civil Action |
| v. | : | No. 2:24-cv-05618 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2026, upon consideration of Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier's Motion *in Limine* to preclude Shawn Jay's testimony, and any response thereto, it is hereby **ORDERED** and **DECREED** that this Motion is **GRANTED**.

BY THE COURT:

_____
**TIMOTHY J. SAVAGE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACOB and JAMES JUNG, as** : | | |
| **Administrators of the Estate of LOUIS** : | | |
| **JUNG, JR,** : | | |
| Plaintiffs, : | | **Civil Action** |
| v. : | | **No. 2:24-cv-05618** |
| : | | |
| **CITY OF PHILADELPHIA, et al.,** : | | |
| Defendants. : | | |

## CITY OF PHILADELPHIA, BLANCHE CARNEY, WANDA BLOODSAW, AND GENA FRASIER'S MOTION *IN LIMINE* TO PRECLUDE SHAWN JAY'S TESTIMONY

Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier (collectively, "Corrections Defendants"), by and through undersigned counsel, respectfully move *in limine* to preclude Shawn Jay's testimony, requesting this Honorable Court enter the proposed Order for the reasons set forth in the attached Memorandum of Law, incorporated herein by reference.

Date: January 9, 2026

Respectfully submitted,

*/s/ Michael Pestrak*
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Carney, Frasier, and Bloodsaw*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, : : : | |
| Plaintiffs, : | Civil Action |
| v. : | No. 2:24-cv-05618 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
| Defendants. : | |

**DEFENDANTS CITY OF PHILADELPHIA, CARNEY, BLOODSAW, AND FRASIER'S MOTION *IN LIMINE* TO PRECLUDE SHAWN JAY'S TESTIMONY**

Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier (collectively, "Corrections Defendants"), by and through undersigned counsel, hereby move to preclude improper lay opinion testimony pursuant to the pursuant to Rules 401, 403, 601, and 702, and 802.

**I.      BACKGROUND**

In their Complaint, Plaintiffs Jacob and James Jung seek relief pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act against various members of the Philadelphia Department of Prisons corrections and medical staff, alleging violations of their father's constitutional rights. *See* ECF Doc. No. 25-1. Plaintiffs additionally complain that the City had a custom of failing to train, supervise, and discipline staff for the alleged misconduct of the individually named Defendants, which was the moving force behind the alleged constitutional injury suffered; and that the City of Philadelphia violated the Americans with Disability Act.

Plaintiffs have included Shawn Jay on their witness list. Shawn Jay's only involvement in this case was conducting an internal investigation into the actions of prison staff. In that investigation Shawn Jay forms his own opinions, which are not admissible.

II.     ARGUMENT

    A.    **Shawn Jay's Testimony Concerning the Acceptability or Reasonableness of Any Defendants' Actions, or What he Would Have Preferred Anyone Do, Are Impermissible Lay Opinion Testimony Not Helpful to the Jury**

Evidence is only admissible if it is relevant, see R. 401, 402, and even then the court "may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of . . . unfair prejudice, confusing the issues, [or] misleading the jury . . . ." R. 403. Further, Federal Rule of Evidence 701 permits a lay witness to offer an opinion if, and only if, his testimony is "(a) rationally based on the witness's perception; (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702." Fed. R. Evid. 701; *United States v. Fulton*, 837 F.3d 281, 291 (3d Cir. 2016).

A lay witness "is only permitted to give her opinion or interpretation of an event when she has some personal knowledge of that incident. The objective of such testimony is to put the trier of fact in possession of an accurate reproduction of the event." *Fulton*, 837 F.3d at 291 (internal quotation marks omitted). That is, lay opinion testimony should have the effect of describing a perception that the jurors couldn't otherwise experience. *Id*. Lay opinion testimony should not be permitted to "merely tell the jury what result to reach," or where the "primary value is to dictate a certain conclusion." *Id*. Such testimony that embraces an ultimate issue improperly usurps the fact-finding function of the jury. *Id*. at 292–93. An opinion is only helpful if it "aids or clarifies an issue that the jury would not otherwise be as competent to understand." *Id*. at 293 (internal quotation marks omitted). Clearly, Shawn Jay offered his opinion regarding what Corrections and Medical Staff should have done, or what actions would have been acceptable under certain circumstances. These opinions are inadmissible pursuant to Rule 701.

Under the first prong of Rule 701, the opinions are clearly not based on Mr. Jay's personal perceptions, as Mr. Jay was not present during any of the questioned conduct on either November 5th or November 6th. More importantly, under the second prong of Rule 701, the only people who should be second-guessing the Correctional Officers conduct is the jury. The testimony that "there was negligence on the part of Medical staff; [sic] and PDP staff," Exhibit A, Conclusions page of the OSI report, not only usurps the jury's role, but would also confuse the jury as negligence is a barred claim against any of the corrections defendants. Such opinion testimony would not serve to give the jury an accurate reproduction of the event based on the perceptions of Shawn Jay but would instead permit the jury to let Shawn Jay deliberate in their stead. At the same time, Shawn Jay's opinions would be based on disputed facts that should be left to the jury.

  **B.**   **Any Alleged Shortcomings of the Death Investigation Are Not Relevant to the Circumstances Faced by Corrections Officers or Medical Staff at the day before Mr. Jung's Unfortunate Death**

As highlighted above, evidence that is relevant is generally admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to prove or disprove a fact that is of consequence to the determination of the action. R. 401. Testimony which fails to prove or disprove any material fact at issue is irrelevant. *See, e.g.*, *Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992).

The test to determine whether an inmate suffered a Fourteenth Amendment violation for failure to receive medical care requires the Plaintiff to demonstrate (1) he had a serious medical need, and (2) prison officials acted with deliberate indifference to that need to succeed on a failure to provide adequate medical treatment claim. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). The *Mines* court provides an analytical framework that assist the analysis here. There, the Court reasoned that

> Knowledge of facts and circumstances gained after the fact (that the suspect was unarmed) has no place in the trial court's or the jury's proper post-hoc analysis of the reasonableness of the actors [sic] judgment. Were the rule otherwise . . . the jury

>would possess more information than the officer possessed when he made the crucial decision. Thus, we are convinced that the objective reasonableness standard requires that an officer's liability be determined exclusively upon an examination of the information the officer possessed at the very moment he fired the fatal shot. The reception of evidence or any information beyond that which the Officer had and reasonably believed at the time he fired his revolver is improper, irrelevant, and prejudicial.

*Mines v. City of Philadelphia*, No. 93-3052, 1995 WL 82515, at *3 (E.D. Pa. Feb. 27, 1995) (quoting *Sherrod v. Berry*, 856 F.2d 802 (7th Cir. 1988)) (original alterations omitted) (granting new trial in officer-involved shooting case because admission of "evidence that decedent was unarmed was improper, irrelevant, and highly prejudicial").

In order to prove a *Monell* claim, "[t]he plaintiff must [] demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Robinson v. City of Philadelphia*, No. 15-1574, 2015 WL 5965003, at *11 (E.D. Pa. Oct. 13, 2015). This Court has held that an inadequate investigation post-dating the underlying event, "as a matter of law or logic, constitute evidence to establish that deficient training" caused the death. *Rudzik v. City of Philadelphia*, No. 07-1383, 2008 WL 5188792, at *6 (E.D. Pa. Dec. 10, 2008) (J. Rice). In *Rudzik*, the expert's opinion primarily focused on the post-hoc investigation flaws that had no bearing on the City's actual training. *Id*. Similarly, in *Quintana v. City of Philadelphia*, the Court determined that evidence that officers involved in the isolated shooting at hand were not properly investigated was not sufficient to overcome summary judgment on a claim for municipal liability allegedly arising out of failures to supervise, train, or control officers. No. 10-6088, 2011 WL 2937426, at *6 (E.D. Pa. July 21, 2011).

The same analysis applies here, whether or not Shawn Jay, or any other investigating person located witnesses, reviewed video or audio, or took any other investigative step after the shooting is entirely irrelevant to whether the corrections staff or medical staff erred in their in-the-moment decision making. The pertinent inquiry is whether Plaintiff had a serious medical need,

and prison officials acted with deliberate indifference to that need in that moment in time. *Rouse*, 182 F.3d at 197. The jury must judge Defendants Fraizer and Bloodsaw's actions based on what they knew at the time, not based on what later investigating personnel did or did not learn through their investigation, much less based on whether the investigating officers' conduct was appropriate.

Similarly, as is evident from *Rudzik* and *Quintana*, the after-the-fact investigation cannot be deemed relevant purely because Plaintiff has brought a claim for municipal liability. It simply does not follow, "as a matter of law or logic," that because there were alleged investigatory flaws, they evidence a municipal policy that was the moving force behind the shooting.

### C. Even if the Investigation is Relevant, the Relevance is Substantially Outweighed by Unfair Prejudice and the Likelihood of Jury Confusion.

If the probative value of relevant evidence is substantially outweighed by a danger of, *inter alia*, unfair prejudice, confusing the issues, and misleading the jury, the court may exclude such evidence. R. 403.

Defendants will be unfairly prejudiced by Plaintiff's attempts to cast aspersion on the post-hoc investigation because of the improper inferences previously referenced. That is, Plaintiff should not be permitted to suggest that facts unknown to either party favor Plaintiff. That will undoubtedly be the effect if Plaintiff is permitted to pursue this line of questioning because the Philadelphia Department of Prisons conducted administrative investigations into the death. Nonetheless, it is now Plaintiff's burden to prove their claims. To permit Plaintiffs to call into question aspects of the investigation will improperly suggest the burden should be shifted to Defendants. Finally, questions as to whether the investigation was properly conducted will cast aspersions on PDP investigators, which will improperly be associated with the Corrections Defendants. The question before the jury should be whether the Defendants reacted appropriately

to the information available to them in the moment, not whether investigators could have or should have identified more facts about what happened upon a review after the fact.

### III.     CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court preclude any reference to the reasons for why Mr. Jung's cellmate wished to be moved to a different cell.

Date: January 9, 2026                              Respectfully submitted,


                                                   */s/ Micael Pestrak*
                                                   **Michael Pestrak**
                                                   Senior Attorney
                                                   Attorney I.D. No. 208611
                                                   **Emily M. Hoff**
                                                   Deputy City Solicitor
                                                   Attorney I.D. No. 330859
                                                   City of Philadelphia Law Department
                                                   1515 Arch Street, 14th Floor
                                                   Philadelphia, PA  19102
                                                   *Attorneys for Defendants City of Philadelphia, Carney, Frasier, and Bloodsaw*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, : : : | |
| Plaintiffs, : : | Civil Action No. 2:24-cv-05618 |
| v. : : | |
| CITY OF PHILADELPHIA, et al., : Defendants. : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, Defendants' Motion *in Limine* to Preclude Shawn Jay's Testimony was filed via the Court's electronic filing system and is available for downloading.

Date: January 9, 2026

Respectfully submitted,

*/s/ Michael Pestrak*
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Blanche Carney, Gena Fraiser, and Wanda Bloodshaw*