IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : | |
| Plaintiffs, | : | Civil Action |
| v. | : : | No. 2:24-cv-05618 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2026, upon consideration of Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Fraiser's Motion *in Limine* to Preclude the Production of Blanche Carney for Trial, and any response thereto, it is hereby **ORDERED** and **DECREED** that this Motion is **GRANTED**.

BY THE COURT:

_____
**TIMOTHY J. SAVAGE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : | |
| Plaintiffs, | : | Civil Action |
| v. | : | No. 2:24-cv-05618 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**CITY OF PHILADELPHIA'S AND BLANCHE CARNEY'S MOTION *IN LIMINE* TO PRECLUDE THE PRODUCTION OF BLANCHE CARNEY FOR TRIAL**

Defendants City of Philadelphia and Blanche Carney, by and through undersigned counsel, respectfully move *in limine* to preclude production of Blanche Carney, requesting this Honorable Court enter the proposed Order for the reasons set forth in the attached Memorandum of Law, incorporated herein by reference.

Date: January 9, 2026

Respectfully submitted,

*/s/ Michael Petrak*
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Carney, Frasier, and Bloodsaw*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : | |
| Plaintiffs, | : | Civil Action |
| v. | : | No. 2:24-cv-05618 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

### DEFENDANTS CITY OF PHILADELPHIA, CARNEY, BLOODSAW, AND FRASIER'S MOTION *IN LIMINE* TO PRECLUDE IMPROPER HEARSAY TESTIMONY

Defendants' City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier (collectively, "Corrections Defendants"), by and through undersigned counsel, hereby move to preclude production of Blanche Carney or, in the alternative, permit Defendant Carney to appear only on the day she is called to testify.

**I.   BACKGROUND**

In their Complaint, Plaintiffs Jacob and James Jung seek relief pursuant to 42 U.S.C. § 1983 and the Americans with Disabilities Act against various members of the Philadelphia Department of Prisons corrections and medical staff, alleging violations of their father's constitutional rights. *See* ECF Doc. No. 25-1. Plaintiffs additionally complain that the City had a custom of failing to train, supervise, and discipline staff for the alleged misconduct of the individually named Defendants, which was the moving force behind the alleged constitutional injury suffered; and that the City of Philadelphia violated the Americans with Disability Act.

**II.   ARGUMENT**

As a high-ranking government official, Commissioner Carney should be protected from testifying because Plaintiff has not shown extraordinary circumstances that warrant her testimony.

"[T]he Supreme Court [has] indicated that the practice of calling high ranking government officials as witnesses should be discouraged." *Bogan v. City of Boston*, 489 F.3d 417, 423 (1st Cir. 2007) (citing *U.S. v. Morgan*, 313 U.S. 409, 422 (1941)). Absent extraordinary circumstances, top executive department officials should not be called to appear to testify. *Id.*; *Buono v. City of Newark*, 249 F.R.D. 469, 469 n.2 (D.N.J. 2008) (*citing Hankins v. City of Philadelphia*, Civ. No. 05–1499, 1996 WL 524334, *1 (E.D.Pa. Sept. 12, 1996) (internal citations omitted)). Extraordinary circumstances exist, among other factors, where Plaintiff has established the official's testimony is essential to his case *and* it is not available from other sources. *Bogan*, 489 F.3d at 423; *see also Robinson v. City of Philadelphia*, No. 04-3948, 2006 WL 1147250, at *2 & n.13 (E.D. Pa. April 26, 2006) (Rufe, J.). Although the Third Circuit has not spoken on the relevant issue in *Morgan*, other federal courts have similarly precluded the testimony of a high-ranking official at trial or depositions. *See*, *e.g.*, *In re United States (Kessler)*, 985 F.2d 510, 512 (11th Cir. 1993) (noting that the reasons for this protection are obvious *and* the cumulative effect of short depositions would place a considerable burden on officials); *In re United States (Holder)*, 197 F.3d 310, 313–14 (8th Cir. 1999); *In re Office of Inspector Gen., R.R. Ret. Bd.*, 933 F.2d 276, 278 (5th Cir. 1991); *Simplex Time Recorder Co. v. Sec'y of Labor*, 766 F.2d 575, 586 (D.C. Cir. 1985).

Recently, this district discussed whether such immunity applied to Defendant Carney as it related to taking a deposition. *See Simmons v. City of Philadelphia*, 22-cv-01644-JMG, ECF Doc. No. 94, 1-2, n.1. There, Judge Gallagher determined that Defendant Carney is protected by this *Morgan* immunity, unless the party intending to call the high official can enumerate extraordinary circumstances that require the high official to appear and testify. *Id*. To determine if extraordinary circumstances exist, the Court must consider whether or not the party seeking the testimony has shown: (1) the official's testimony is necessary to obtain relevant information not available from

another source; (2) the official has first-hand information that could not be reasonably obtained from other sources; (3) the testimony is essential to the party's case; (4) the testimony would not significantly interfere with the official's ability to perform his government duties, and (5) the evidence sought is not available through any alternative source or less burdensome means. *Bogan*, 489 F.3d at 423-24.

      The Court should preclude Defendant Carney from appearing during live witness testimony during trial. As to prong one, Plaintiffs have sued Ms. Carney in her individual capacity for Count I, the alleged Fourteenth Amendment violation. *See* ECF Doc. No. 25, at 30. However, at most, the record indicates that Defendant Carney became aware of Mr. Jung's medical status after his death. *See* Exhibit A ("Carney Dep.") at 123:3-17; 132:8-135:19; 150:2-23. Further, to the extent any knowledge was gleaned from Defendant Carney with regard to the *Monell* liability, Defendant Carney is, once again, being sued in her individual capacity—her testimony is solely from her own personal knowledge and not on behalf of the City of Philadelphia. Her testimony, at most, would be duplicative of the testimony of any of other City designees or other evidence in the records, and thus her preclusion would not be essential to the Plaintiffs case or be unavailable from other means.

      For these reasons, the Court should preclude Blanche Carney from testifying at trial. In the alternative, the Court should grant Defendant Carney leave to appear only on the day she will be testifying.

### III. CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court grant the instant Motion *in Limine*.

Date: January 9, 2026                                          Respectfully submitted,


                                                */s/ Michael Pestrak*
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Carney, Frasier, and Bloodsaw*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, : : : | |
| Plaintiffs, : : | Civil Action No. 2:24-cv-05618 |
| v. : : | |
| CITY OF PHILADELPHIA, et al., : | |
| Defendants. : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, Defendants' Motion *in Limine* to Preclude Inadmissible Hearsay was filed via the Court's electronic filing system and is available for downloading.

Date: January 9, 2026          Respectfully submitted,


                              */s/ Michael Pestrak*
                              **Michael Pestrak**
                              Senior Attorney
                              Attorney I.D. No. 208611
                              **Emily M. Hoff**
                              Deputy City Solicitor
                              Attorney I.D. No. 330859
                              City of Philadelphia Law Department
                              1515 Arch Street, 14th Floor
                              Philadelphia, PA  19102
                              *Attorneys for Defendants City of Philadelphia, Blanche Carney, Gena Fraiser, and Wanda Bloodshaw*