IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : <br> : <br> : <br> : No. 2:24-cv-05618-TJS |
| Plaintiff, | : <br> : |
| v. | : **JURY TRIAL DEMANDED** <br> : |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY;  MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : <br> : <br> : <br> : <br> : <br> : <br> : <br> : |
| Defendants. | : |

### PLAINTIFFS' MEMORANDUM OF LAW IN OPPOSITION TO CITY DEFENDANTS' MOTION *IN LIMINE* TO PRECLUDE IMPROPER HEARSAY TESTIMONY

City Defendants have moved to preclude references to an out-of-court interview of Mr. Jung's former cellmate, Mr. Anton Walker. Defendant Frasier was the housing officer on Mr. Walker and Mr. Jung's pod on November 5, 2023. She authorized Mr. Walker's move out of Mr. Jung's cell, noting in the jail's electronic logbook that "inmate moved within same unit – OBM Antoin Walker" from cell "#21 to #7" in between her entries reading "meds in progress Nurse Cabellos esc by CO Frasier" and "Lt Bloodsaw needed to #21 I/P Jung refuses to get up." Ex. 1, Frasier Deposition at 117:2-119:1; Ex. 2, Frasier Lock & Track Excerpts at Fraiser-000030-31.

Mr. Walker was interviewed by Correctional Lieutenant Shawn Jay in his investigation of Mr. Jung's death. Lieutenant Jay asked Mr. Walker "Why were you moved from cell 21 to cell 7?" Mr. Walker responded that "I asked the officer to move me because the man in the cell kept throwing up and pissing himself and not cleaning it up." Ex. 3, Walker-Jay Interview. Defendant

1

Frasier claims to have no recollection of her reasons for authorizing Mr. Walker's move, or of whether Mr. Walker complained to her of vomit or urine. Ex. 4, Frasier-Jay Interview; Ex. 1, Frasier Deposition at 156:24-157:2, 118:8-20.

## I.     Legal Standard

A "trial court should exclude evidence on a motion in limine only when the evidence in clearly inadmissible on all potential grounds." *United States v. Tartaglione*, 228 F. Supp. 3d 402, 406 (E.D. Pa. 2017); *see also Seawright v. Banning*, 677 F. Supp. 3d 310, 313 (E.D. Pa. 2023). A trial court "may reserve judgment until trial in order to place the motion in the appropriate factual context." *Tartaglione*, 228 F. Supp. 3d at 406.

Hearsay consists of a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801. Statements are not hearsay if they are offered "for the effect on the listener," because such statements are "not offered for their truth." *United States v. Edwards*, 792 F.3d 355, 357 n.2 (3d Cir. 2015).

An expert witness may rely on evidence that is otherwise inadmissible if "experts in the particular field would reasonably rely on those kinds of facts or data in forming an opinion about a subject." Fed. R. Evid. 703. "But if the facts or data would otherwise be inadmissible, the proponent of the opinion may disclose them to the jury only if their probative value in helping the jury evaluate the opinion substantially outweighs their prejudicial effect." *Id.*

Parties may use writings to refresh their recollection while testifying, provided that adverse parties are permitted to inspect such writings. Fed. R. Civ. P. 612. Such documents are not admitted into evidence, except as introduced by the opposing party to examine the credibility of the

2

witness's recollection. *See United States v. Hugh*, 236 F. App'x 796, 801 (3d Cir. 2007), as amended (July 18, 2007).

II.     **Argument**

At a minimum, Plaintiffs should be able to refresh Defendant Frasier's recollection of Mr. Walker's request to move out Cell #21 through use of his statement under Fed. R. Evid. 612. However, Mr. Walker's statement is also admissible nonhearsay if admitted for the limited purpose of establishing Defendant Frasier's subjective awareness of Mr. Jung's vomiting and the reason for her authorization of Mr. Walker's move. As expert Dr. Jonathan Williams also reviewed Mr. Walker's interview in preparation of his report, the interview may become admissible as his course of testimony develops and informs the balancing test of Fed. R. Evid. 703.

a. **Anton Walker's statement is admissible nonhearsay if offered for its effect on Defendant Frasier.**

Courts regularly admit statements for the nonhearsay purpose of "effect on the listener," even where the contents of such statements are of consequence in the underlying legal action. *See Larochelle v. Wilmac Corp.*, 769 F. App'x 57, 65 (3d Cir. 2019) (finding unverified handwritten notes including allegations of patient abuse in personnel file were admissible nonhearsay if offered "to explain why they terminated" plaintiff employee); *Tingley v. Sheetz, Inc.*, No. 3:23-CV-01698, 2025 WL 938627, at *10-11, n.20 (M.D. Pa. Mar. 27, 2025) (finding records of "hotline complaints" that terminated plaintiff employee "had made inappropriate racial and political comments" were admissible nonhearsay if offered to show what company considered in making decision); *Jane W. v. Thomas*, 560 F. Supp. 3d 855, 878 (E.D. Pa. 2021) (out-of-court statement by nonwitness identifying civil defendant to plaintiff was nonhearsay admissible for effect on the listener because it explained why plaintiff "committed [Defendant's] face to [her] memory"); *Ameritas Life Ins. Corp. v. Wilmington Sav. Fund Soc'y, FSB*, No. CV 23-236-GBW, 2025 WL

3

3158392, at *3 (D. Del. Nov. 12, 2025) (finding letters analyzing insurance policy could not be introduced to show insurance was lawful and valid, but "using the letters to show effect on the listener, reliance, or knowledge is admissible"); *Kreider v. Breault*, No. CIV.A. 10-3205, 2012 WL 118326, at *1 (E.D. Pa. Jan. 13, 2012) (statements contained within investigative report were nonhearsay if admitted for effect on listener).

Mr. Walker's statement will not be introduced as direct evidence that Mr. Jung was vomiting around the time that Mr. Walker was moved out of his cell. However, Mr. Walker's statement is admissible for the limited purpose of the effect it had on Defendant Frasier – to explain why she authorized Mr. Walker to move out of the shared cell, which Defendant Frasier claims not to remember. The information communicated to Defendant Fraiser and the actions she chose to take in response are highly probative of deliberate indifference. Like the out-of-court statements in the personnel files of *Larochelle*, 769 F. App'x at 65, and *Tingley*, 2025 WL 938627 at *10-11, the statement describes consequential details relating to Plaintiff but is primarily relevant for explaining the reasoning and motivations of a Defendant. With appropriate limitations on the scope of its use and how the jury may consider it, Mr. Walker's statement can be admissible for the nonhearsay purpose of effect on Defendant Frasier as a listener.

> **b. Anton Walker's statement may be admissible to explain the basis for Dr. Jonathan Williams' opinion given the balancing test of Fed. R. Evid. 703.**

Dr. Jonathan Williams, Plaintiffs' diabetes expert, examined a wide array of facts and data to form his opinion in his expert report and trial testimony. *Inter alia*, Dr. Williams evaluated Mr. Jung's medical records from his time at the Philadelphia Department of Prisons, including medication administration and laboratory reports; depositions; and reports produced by YesCare and PDP after Mr. Jung's death. Ex. 5, Williams Report at 2. Dr. Williams' extensive experience in studying diabetes and treating patients with diabetes equips him with the general knowledge

4

that vomiting and mental status changes are components of the clinical presentation of diabetic ketoacidosis. Ex. 5, Williams Report at 3. Mr. Jung's medical record for his final days is extraordinarily thin; there are no progress notes in his electronic medical record between October 31, 2023 and his death on November 6, 2023. Ex. 6, Jung Medical Records October 28, 2023-November 6, 2023.

In the absence of medical documentation, Dr. Williams reviewed records of lay witnesses' accounts, including defendants' depositions and statements and the statement of Mr. Walker. Lay witness statements are the kinds of facts or data that doctors rely upon in forming medical opinions, particularly in the absence of medical records covering the relevant time period. *See McHugh v. Jackson*, No. CIV07-2970(JBS), 2010 WL 744125, at *7 n.13 (D.N.J. Mar. 2, 2010) ("Defendant makes no argument that a doctor may not rely on lay witnesses' general observations of a patient's symptoms under Rule 703. Indeed, it is not uncommon for a physician to elicit and rely upon the lay observations of a patient's relative or friends concerning the patient's symptoms and demeanor in considering a diagnosis"); Fed. R. Civ. P. 703 Advisory Committee Notes (discussing "statements by patients and relatives" among sources on which medical experts traditionally rely).

Under Fed. R. Evid. 703, Dr. Williams may disclose Mr. Walker's statement as a basis for his opinion "only if [its] probative value in helping the jury evaluate the opinion substantially outweighs [its] prejudicial effect." *Id.* This is a balancing test that cannot fully be evaluated until the time of trial. Preliminarily, however, evidence that Mr. Jung was experiencing symptoms of diabetic ketoacidosis on the day before his death is highly probative in helping the jury evaluate Dr. Williams' opinion. This evidence provided an important indication for Dr. Williams that Mr. Jung was experiencing worsening metabolic decompensation consistent with his "profound under-insulization" over an extended period of time, which in turn is highly probative of Mr. Jung's death

5

being extremely painful and protracted, consistent with Dr. Williams' description of an expected clinical presentation. Dr. Williams also noted that "the available record is scant on actual description of Mr. Jung's condition." Ex. 5, Williams Opinion at 7. It is probative for the jury to know that Dr. Williams formed his opinion based off extensive background knowledge of diabetic ketoacidosis and witness accounts, but that no actual medical progress notes were available for his review. The prejudicial effect of the statement will have to be evaluated at trial in light of additional evidence then presented, including after Defendant Frasier is given an opportunity to recall her discussion with Mr. Walker in light of a refreshed recollection. It is not yet clear that this ground for admission of Mr. Walker's statement would be barred. As the statement has not yet been demonstrated to be "clearly inadmissible on all potential grounds," the court should "reserve judgment until trial in order to place the motion in the appropriate factual context." *Tartaglione*, 228 F. Supp. 3d at 406.

### III.    Conclusion

For the foregoing reasons, Plaintiffs respectfully contend that Defendants' Motion *in Limine* to preclude introduction of Anton Walker's statement as hearsay at this stage should be denied.

Dated: January 23, 2026

                                                    Respectfully submitted,

                                                    */s/ Bret Grote*
                                                    Legal Director
                                                    PA ID No. 317273
                                                    bretgrote@alcenter.org
                                                    */s/ Rupalee Rashatwar*
                                                    Staff Attorney
                                                    PA ID No. 331085
                                                    */s/ Margaret Hu*
                                                    Staff Attorney

PA ID No. 334438
*/s/ Lolo Salsbury Serrano*
Legal Fellow
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

## **CERTIFICATE OF SERVICE**

I, Bret Grote, Esq., hereby certify that I caused a true and correct copy of the foregoing Plaintiffs' Memorandum in Opposition to Defendants' Motion in Limine to be electronically filed on January 23, 2025, and thereby served upon all parties entered into the Court's ECF system.

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123


*Counsel for Plaintiffs*