IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR,**<br><br>Plaintiffs,<br>v.<br><br>**CITY OF PHILADELPHIA, et al.,**<br><br>Defendants. | Civil Action<br>No. 2:24-cv-05618 |

## ORDER

AND NOW, on this _____ day of January 2026, upon consideration of Plaintiffs' Motion *in Limine* to Exclude Evidence That Louis Jung Was Diagnosed As Malingering (ECF No. 150), and the responses thereto, it is hereby **ORDERED** that the Motion is **DENIED.**


BY THE COURT:


_____
**Timothy J. Savage**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PHILADELPHIA, et al., <br><br> Defendants. | : <br> : <br> : <br> : <br> : Civil Action <br> : No. 2:24-cv-05618 <br> : <br> : <br> : <br> : <br> : <br> : |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION
*IN LIMINE* TO EXCLUDE CRIMINAL HISTORY**

Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier ("Responding Defendants") submits this Response in Opposition to Plaintiffs' Motion *in Limine* to Exclude Evidence That Louis Jung Was Diagnosed As Malingering (ECF No. 150). Plaintiffs are seeking to preclude any evidence of the reason that Mr. Jung was discharged from Norristown State Hospital, the fact that he was found to be competent and malingering.

Plaintiffs have made Mr. Jung's mental status related to his treatment relevant. Plaintiffs are contesting that Mr. Jung refused medical treatment. However, the only evidence of his medical status is his discharge from Norristown as competent and malingering. This status is therefore relevant to both his ability to decline treatment and the information his treatment providers had recording his mental state. Those treating him would know of this status as it is part of his medical history and information they would use when treating him.

Plaintiffs contend that being competent to stand trial is not a relevant status for his competency to be treated. However, competency to be treated is a relevant topic for this case. *See King v. Cnty. of Gloucester*, 302 F. App'x 92, 98, n. 4 (3d Cir. 2008) (quoting *White v. Napoleon,* 897 F.2d 103, 112, 113 (3d Cir.1990)); *Cruzan by Cruzan v. Dir., Missouri Dep't of Health*, 497

1

U.S. 261, 279 (1990). Plaintiffs contend, "Mr. Jung's rational or factual understanding of criminal proceedings has no rational relation to his diabetes, his diabetic care, his physical condition, or his death." ECF no. 150 at p. 6. They further cite to the competency law in Pennsylvania, "'whether a defendant has sufficient ability to consult with counsel with a reasonable degree of rational understanding and to have a rational as well as a factual understanding of the proceedings.'" *Id*. (quoting *Commonwealth v. Watkins*, 108 A.3d 692, 703 (Pa. 2014)). Clearly if someone is competent enough to discuss liberty interests by displaying sufficient ability to consult with counsel with a reasonable degree of rational understanding and to have a rational as well as a factual understanding of the proceedings, they are competent enough to discuss medical lifesaving decisions by possessing sufficient ability to consult with doctors and nurses with a reasonable degree of rational understanding and to have a rational as well as a factual understanding of the medications. Plaintiffs have shown no prejudice that this diagnosis would cause. Since there is obvious probative value, the evidence of the diagnosis should be allowed.

For the foregoing reasons, Defendants respectfully requests that the Court deny Plaintiffs' Motion *in Limine* to Exclude That Louis Jung Was Diagnosed As Malingering.

Date:  January 23, 2026                     Respectfully submitted,

*/s/ Michael Pestrak*
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Blanche Carney, Gena Fraiser, and Wanda Bloodshaw*

2

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR,** | : : : : | |
| Plaintiffs, | : : | Civil Action No. 2:24-cv-05618 |
| v. | : : | |
| **CITY OF PHILADELPHIA, et al.,** | : : | |
| Defendants. | : : | |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Response to Plaintiff's Motion *in Limine* to Exclude Evidence That Louis Jung Was Diagnosed As Malingering was filed via the Court's electronic filing system and is available for downloading.

Date: January 23, 2026            Respectfully submitted,

*/s/ Michael Pestrak*
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Blanche Carney, Gena Fraiser, and Wanda Bloodshaw*