IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : | |
| Plaintiffs, | : : | Civil Action |
| v. | : : | No. 2:24-cv-05618 |
| CITY OF PHILADELPHIA, et al., | : : : | |
| Defendants. | : | |

## ORDER

AND NOW, on this _____ day of January 2026, upon consideration of Plaintiffs' Motion *in Limine* to Exclude Evidence of Any Criminal Charges, Arrests, Warrants, Convictions, And Incarceration Of Louis Jung (ECF No. 154), and the responses thereto, it is hereby **ORDERED** that the Motion is **DENIED in PART.**

Evidence of the 2020 conviction of Louis Jung Jr. is admissible as is the fact of the bench warrant from that conviction holding him in custody along with the fact that Louis Jung, Jr. was incarcerated pursuant to a new arrest in 2021.

BY THE COURT:

_____
**Timothy J. Savage**
**United States District Court Judge**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : | |
|---|---|---|
| Plaintiffs, | : : | Civil Action |
| v. | : : | No. 2:24-cv-05618 |
| CITY OF PHILADELPHIA, et al., | : : | |
| Defendants. | : | |

### DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION *IN LIMINE* TO EXCLUDE CRIMINAL HISTORY

Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier ("Responding Defendants") submits this Response in Opposition to Plaintiffs' Motion *in Limine* to Exclude Evidence of Any Criminal Charges, Arrests, Warrants, Convictions, And Incarceration Of Louis Jung (ECF No. 154).

By way of background, Louis Jung Jr. ("Decedent") had the following previous convictions: (1) a conviction for simple assault for which sentence was imposed in 1992 in Philadelphia, (2) a conviction for three counts of recklessly endangering another for which sentence was imposed in 2014 in Philadelphia, (3) a conviction in Luzerne County for possession of narcotics with the intent to deliver ("PWID") with sentence imposed in 2020 and for which Decedent was on parole for at the time of his arrest in 2021. *See* Decedent's Criminal Extract, attached here as Exhibit A.

Responding Defendants would only be seeking to introduce the PWID as it is relevant to damages, relevant to why Decedent was incarcerated, and within the ten-year window of Federal Rule of Evidence 609. Additionally, Responding Defendants contend that introducing evidence that Decedent was incarcerated from 2021 until 2023 while awaiting trial plus any warrants

holding him in custody, even if the charges are not mentioned, would alleviate any Jury confusion and avoid prejudicing Responding Defendants. As argued more fully below, for each of those reasons, Responding Defendants request that the Plaintiffs' Motion in Limine to Exclude Evidence Of Any Criminal Charges, Arrests, Warrants, Convictions, And Incarceration Of Louis Jung be denied in part.

## ARGUMENT

While Federal Rule of Evidence 609(a) provides that, for the purposes of attacking the credibility of a witness, evidence of a felony conviction must be admitted in a civil case, this is a situation that does not involve the Decedent's testimony, but the convictions are still relevant for multiple reasons. Fed. R. Evid. 609(a). Rule 609 is still useful as Congress already decided that a recent conviction is going to be inherently more probative than a conviction older than 10 years. Fed. R. Evid. 609(b)(1); *see also*, Diggs *v. Lyons,* 741 F.2d 577, 582 (3d Cir. 1984).

**A. Decedent's 2020 PWID conviction is relevant for damages.**

Plaintiffs have proffered no economic expert or evidence of gainful employment by their Decedent. However, when deposed, both Plaintiffs have addressed economic support, including $30,000 in a bank account. *See* Deposition Transcripts of James Jung, attached hereto as Exhibit B, at 13:8-17; *see also* Deposition Transcript of Jacob Jung, attached hereto as Exhibit C, at 16:8-10. The source of those funds is relevant, especially considering the lack of evidence of employment. *Diaz v. Aberts*, No. 2013 WL 2322485, at *5–7 (E.D. Pa. May 28, 2013) (holding that criminal convictions that were inadmissible to impeach a witness's character for truthfulness may still be admissible for some other purpose, such as establishing relevant knowledge).

Additionally, Plaintiffs have both testified consistent with emotional damages for no longer having Decedent in their life. Exhibit B at 19:4-15 & Exhibit C at 20:1-17. Responding Defendants

2

submit that the 2020 conviction is relevant evidence that the Jury should be able to consider determining how active Decedent was in Plaintiffs' lives. First the conviction occurred in a county far outside of Philadelphia. Second it puts his incarceration time starting earlier than 2021. Plaintiffs testified to not visiting Decedent when he was incarcerated and Responding Defendants should be able to question if that extended to the 2020 conviction as well. Exhibit B at 19:9-20:17 & Exhibit C at 24:17-20.

Since it is relevant to damages, the 2020 PWID conviction is relevant and should not be precluded from evidence at trial.

**B. The 2020 conviction and the fact of Decedent being arrested in 2021 are further relevant to the *res geste* of the case.**

Decedent was on parole for the 2020 conviction at the time of his arrest in 2021. *See* Exhibit A. He was therefore incarcerated due to both those charges and also the active bench warrant from Luzerne County. The Jury is going to hear evidence of Decedent's incarceration starting in 2021 and continuing for two more years. Excluding the reasons why he was in custody, the fact of an arrest and a bench warrant from another county, would prejudice Responding Defendants as the Jury would speculate on the validity of his incarceration, which is not an aspect of Plaintiffs' claims. Admitting the fact of the arrest, without mentioning the charges, while awaiting trial, and being held on another detainer would allow the Jury to have the full story of the case without impermissibly prejudicing them. Since the charges for conviction are also relevant to damages, there would be no additional risk of prejudice from the fact of the detainer from that conviction.

For this additional reason, Responding Defendants request that the Plaintiffs' Motion in Limine to Exclude Evidence Of Any Criminal Charges, Arrests, Warrants, Convictions, And Incarceration Of Louis Jung be denied in part.

**CONCLUSION**

For the foregoing reasons, Defendant respectfully requests that the Court deny in part Plaintiffs' Motion in Limine to Exclude Evidence Of Any Criminal Charges, Arrests, Warrants, Convictions, And Incarceration Of Louis Jung be denied in part.

Date:  January 23, 2026                    Respectfully submitted,

*/s/ Michael Pestrak*
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Blanche Carney, Gena Fraiser, and Wanda Bloodshaw*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : | |
| Plaintiffs, | : | Civil Action |
| v. | : | No. 2:24-cv-05618 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : : | |
| Defendants. | : | |

### CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Response to Plaintiff's Motion *In Limine* to Exclude Evidence of Any Criminal Charges, Arrests, Warrants, Convictions, And Incarceration of Louis Jung was filed via the Court's electronic filing system and is available for downloading.

Date:  January 23, 2026                         Respectfully submitted,

*/s/ Michael Pestrak*
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Blanche Carney, Gena Fraiser, and Wanda Bloodshaw*

5