IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : | |
| Plaintiffs, | : | Civil Action |
| v. | : : | No. 2:24-cv-05618 |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2026, upon consideration of Plaintiffs' motion *in limine* to Allow Argument and Jury Instructions Applying an Objective Fourteenth Amendment Standard, Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier's Response in Opposition, and any response thereto, it is hereby **ORDERED** and **DECREED:**

- that Plaintiff's Motion is **DENIED**.

- that the Third Circuit's Model Instruction 4.11.1 shall be used.

BY THE COURT:

_____
**TIMOTHY J. SAVAGE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR,** | : : : : | |
| Plaintiffs, | : | Civil Action |
| v. | : : | No. 2:24-cv-05618 |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

### CITY OF PHILADELPHIA, BLANCHE CARNEY, WANDA BLOODSAW, AND GENA FRASIER'S RESPONSE IN OPPOSITION OF PLAINTIFFS' MOTION *IN LIMINE* TO APPLY AN OBJECTIVE FOURTEENTH AMENDMENT STANDARD

Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier (collectively, "Corrections Defendants"), by and through undersigned counsel, respectfully respond in opposition to Plaintiffs' motion *in limine* to allow argument and jury instructions applying an objective Fourteenth Amendment standard, requesting this Honorable Court enter the proposed Order for the reasons set forth in the attached Memorandum of Law, incorporated herein by reference.

Date: January 23, 2026

Respectfully submitted,

*/s/ Emily M. Hoff*
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Carney, Frasier, and Bloodsaw*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : | |
| Plaintiffs, | : | Civil Action |
| v. | : | No. 2:24-cv-05618 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**DEFENDANTS CITY OF PHILADELPHIA, CARNEY, BLOODSAW, AND FRASIER'S RESPONSE IN OPPOSITION TO PLAINTIFFS' MOTION *IN LIMINE* TO APPLY AN OBJECTIVE FOURTEENTH AMENDMENT STANDARD**

Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier (collectively, "Corrections Defendants"), by and through undersigned counsel, hereby respond in opposition to Plaintiffs' motion *in limine* to apply an objective fourteenth amendment standard.

**I.   BACKGROUND**

In their Complaint, Plaintiffs Jacob and James Jung seek relief pursuant to 42 U.S.C. § 1983 against members of the Philadelphia Department of Prisons corrections and medical staff, alleging violations of their father's constitutional rights. *See* ECF Doc. No. 25-1. Plaintiffs additionally allege that the City had a custom of failing to train, supervise, and discipline staff for the alleged misconduct of the individually named Defendants, which was the moving force behind the constitutional injury; and that the City violated the Americans with Disability Act.

Plaintiffs now move the Court to allow argument and jury instructions applying an objective Fourteenth Amendment standard as it relates to conditions of confinement, *see* ECF Doc. No. 152, rather than the Eighth Amendment standard that is more commonly used in the Third Circuit. The Court should deny Plaintiffs' motion and disallow such argument, because the Third Circuit continuously applies the Eight Amendment standard and provides a model instruction that appropriately outlines the Eighth Amendment's standard.

## II.     ARGUMENT

As highlighted in the Corrections Defendants' Motion for Summary Judgment, *Estelle v. Gamble* is the keystone case for a failure to provide adequate medical treatment claim in the corrections setting. 429 U.S. 97 (1976). *Estelle*'s review is an Eight Amendment analysis as the Plaintiff was a convicted inmate. *Id*. Plaintiffs are correct that "[p]retrial detainees are not within the ambit of the Eighth Amendment but are entitled to the protections of the Due Process clause." *Boring v. Kozakiewicz*, 833 F.2d 468, 471 (3d Cir. 1987). Further, the Third Circuit has specifically discussed this lack of guidance from the Supreme Court in the Comments to the corresponding jury instruction. Model Jury Instruction 4.11.1 provides an instruction for "Section 1983 - Conditions of Confinement - Convicted Prisoner - Denial of Adequate Medical Care." Model Civ. Jury Instr. 3rd Cir. 4.11.1 (2025). There, the Third Circuit highlighted that

> [a]lthough "the contours of a state's due process obligations to [pretrial] detainees with respect to medical care have not been defined by the Supreme Court. . . . , it is clear that detainees are entitled to no less protection than a convicted prisoner is entitled to under the Eighth Amendment." *A.M. v. Luzerne County Juvenile Detention Center*, 372 F.3d 572, 584 (3d Cir. 2004); *see City of Revere v. Massachusetts General Hosp.*, 463 U.S. 239, 244 (1983) (stating that the "due process rights of a person [injured while being apprehended by police] are at least as great as the Eighth Amendment protections available to a convicted prisoner"); *County of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998) ("Since it may suffice for Eighth Amendment liability that prison officials were deliberately indifferent to the medical needs of their prisoners . . . it follows that such deliberately indifferent conduct must also be enough to satisfy the fault requirement for due process claims based on the medical needs of someone jailed while awaiting trial.").

*id*., comment. Additionally, the Third Circuit has employed the same analysis when reviewing pre-trial detainees bringing suit under the Fourteenth Amendment. *See, e.g.*, *Boring v. Kozakiewicz*, 833 F.2d 468, 472 (3d Cir. 1987); *Natale v. Camden County Correctional Facility*, 318 F.3d 575 (3d Cir. 2003) (discussing an insulin-dependent diabetic inmate and applying *Estelle*'s standard).[1]

---

[1] *See also Aboulouh v. Lehigh Cnty. Prison*, 2025 WL 2654904, at *5 (E.D. Pa. Sept. 15, 2025) (Marston, J.) (relying on *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (outlining the Eighth Amendment standard)); *Balas v. Stanish*, 2021

2

*Boring*'s analysis is applicable to the question presented before the Court. In *Boring*, three plaintiffs—two pre-trial detainees, and one pre-trial then later post-conviction inmate—sued for failure to provide medical care. *Id*. at 469. Upon appeal, the Third Circuit reviewed how *Estelle*, *Bell v. Wolfish*, and *City of Revere v. Mass. Gen. Hosp.* interact and the bourgeoning circuit split regarding what legal standard applies when reviewing a pretrial detainee's Fourteenth Amendment denial of medical treatment claim. *Id*. at 471-474. (citing, in relevant part, *Estelle*, 429 U.S. 97; *Bell*, 441 U.S. 520 (1979); and *City of Revere*, 463 U.S. 239 (1983)) (all other citations omitted). Ultimately, after review of the jurisprudence, the Third Circuit held that applying the Eighth Amendment standard was appropriate in that case, because "[t]he fact that this institution houses convicted prisoners as well as pretrial detainees would pose a practical administrative problem if different standards were to be applied to each group." *Id*. (citing *Bell v. Wolfish*, 441 U.S. at 546–47). The same application of law is appropriate here. Mr. Jung was not housed in a facility available only to pre-trial inmates, where applying different standards of care would be more feasible. Rather, Mr. Jung was housed in the intake unit, which serves the entire Philadelphia Department of Prison System and houses both pre-trial and post-trial inmates. To apply a different standard would pose the exact "practical administrative problem" that the higher courts caution against.

Plaintiffs highlight a litany of cases which apply a different standard for Fourteenth Amendment Claims; however, many of these cases are distinguishable to what is currently before the Court. First, Plaintiffs hinge their argument on *Kingsley v. Hendrickson*, 576 U.S. 389, but the Supreme Court was not reviewing a denial of medical care claim in this case. In *Kingsley*, the plaintiff brought suit on a theory of Fourteenth Amendment under a theory of excessive use of

---

WL 601095, at *2 (E.D. Pa. Feb. 16, 2021) (Robreno, J.) (citing *Brown v. Deparlos*, 492 F. App'x 211, 214 (3d Cir. 2012) (per curiam); *Duran v. Merline*, 923 F. Supp. 2d 702, 729 (D.N.J. 2013); *King v. Cty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008)).

3

force when he was tased by corrections staff. *Id*. At the outset of the analysis, the Court was explicit that the question and the analysis stemming related to "the defendant's state of mind with respect to the proper *interpretation* of the force (a series of events in the world) that the defendant deliberately (not accidentally or negligently) used. In deciding whether the force deliberately used is, constitutionally speaking, 'excessive,' should courts use an objective standard only, or instead a subjective standard that takes into account a defendant's state of mind? It is with respect to this question that we hold that courts must use an objective standard." *Id*. at 396-97 (emphasis in original). This case is completely irrelevant to the question before the Court, because the analysis and holding applies to a claim that is not currently pending against the Defendants.

It is worth highlighting that various cases in the Eastern District of Pennsylvania have not applied *Kingsley* to conditions of confinement claims, even when also reviewing *Kingsley* in coterminous excessive use of force claims. *See*, *e.g.*, *Abouloh*, 2025 WL 2654904, at *5 (reviewing both excessive force and failure to provide medical care claims, but only relying on *Kingsley* in the excessive force analysis); *Johnson v. Kelly*, 2025 WL 1074792, at *3 (E.D. Pa. Apr. 9, 2025) (Gallagher, J.) (same); *Antonuccio v. Smith*, No. CV 24-4730, 2025 WL 300602, at *7 (E.D. Pa. Jan. 24, 2025) (Murphy, J.) (same); *Diggs v. Bucks Cnty.*, No. 24-CV-4827, 2025 WL 540013, at *5 (E.D. Pa. Feb. 18, 2025) (Schmehl, J.) (applying both subjective and objective components to the non-medical condition of confinement claim). Rather, each of these cited cases still applied the Eighth Amendment analysis to their review of the conditions of confinement claim.

Plaintiffs further rely on *Bell v. Wolfish*, in *Bell* the Supreme Court was reviewing a class action regarding housing conditions "at the Metropolitan Correctional Center (MCC), a federally operated short-term custodial facility in New York City <u>designed primarily to house pretrial detainees</u>." *Bell v. Wolfish*, 441 U.S. 520, 523 (1979) (emphasis added). *Bell* acknowledged that

4

"[t]he Government also has legitimate interests that stem from its need to manage the facility in which the individual is detained. These legitimate operational concerns may require administrative measures that go beyond those that are, strictly speaking, necessary to ensure that the detainee shows up at trial." *Id*. at 540. Likewise, Plaintiffs cite to *City of Revere* in support of their position. There, the Supreme Court was reviewing whether or not a police department provided adequate medical care after a police officer shot the plaintiff when he was actively fleeing from police apprehension. *City of Revere*, 463 U.S. at 240-41. There, the police took the plaintiff directly to the hospital prior to arraignment, where he was treated, then arraigned and released on his own recognizance. *Id*. at 241. In reviewing the appropriate standard, the Court agreed with *Bell*, that the Fourteenth Amendment controlled, but declined to "define, in this case, Revere's due process obligation to pretrial detainees or to other persons in its care who require medical attention." *Id*. at 244 (internal citations omitted).

  *Bell* and *City of Revere* are each explicitly distinguishable from the instant matter, because, as previously mentioned, Mr. Jung was not in a pre-trial-only detention center. And, to *City of Revere* specifically, "[r]ules of due process are not, however, subject to mechanical application in unfamiliar territory. . . . attention to the markedly different circumstances of normal pretrial custody and high-speed law enforcement chases shows why the deliberate indifference that shocks in the one case is less egregious in the other . . . ." *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 850 (1998) (post-dating *City of Revere*). The Third Circuit, when reviewing such a situation when inmates that are both pre-trial and convicted status are house together, has acknowledges that the "fact that this institution houses convicted prisoners as well as pretrial detainees would pose a practical administrative problem if different standards were to be applied to each group" and applied the Eighth Amendment standard. *Boring*, 833 F.2d at 472.

5

Plaintiffs also rely on *Hubbard v. Taylor*; yet *Hubbard* was <u>a nonmedical conditions-of-confinement case</u>. *Hubbard*, 399 F.3d 150 (3d Cir. 2005). When discussing the application of *Hubbard* to medical conditions-of-confinement cases, the Third Circuit indicated that *Hubbard*, in a footnote, merely "<u>suggested</u> that its analysis would apply to all conditions-of-confinement cases, including those claiming denial of adequate medical care." Model Civ. Jury Instr. 3rd Cir. 4.11.1 (2025), comments (citing *Hubbard*, 399 F.3d at 166 n.22).

It is clear that the Third Circuit and the Eastern District of Pennsylvania applies an Eighth Amendment analysis requiring both a subjective and objective element to find liability when an inmate brings a Fourteenth Amendment Denial of Medical Care claim against prison officials. The Court should do the same here.

### III.   CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court use the Eighth Amendment Standard and the corresponding jury instruction outlined by the Third Circuit.

Date: January 23, 2026                                Respectfully submitted,

                                                       */s/ Emily M. Hoff*
                                            **Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Carney, Frasier, and Bloodsaw*

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF PHILADELPHIA, et al., <br> Defendants. | Civil Action <br> No. 2:24-cv-05618 |

## CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Response in Opposition to Plaintiffs' Motion *in Limine* to Allow Argument and Jury Instructions Applying an Objective Fourteenth Amendment Standard was filed via the Court's electronic filing system and is available for downloading.

Date: January 23, 2026                     Respectfully submitted,

*/s/ Emily M. Hoff*
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Blanche Carney, Gena Fraiser, and Wanda Bloodshaw*