## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG as Administrators for the Estate of LOUIS JUNG, JR. :     v. : CITY OF PHILADELPHIA; YESCARE CORP., : BLANCHE CARNEY, LALITHA TRIVIKRAM, : MAUREEN GAY, MARIESHA APOLLON, : BLAIR CABELLOS, GENA FRASIER, and : WANDA BLOODSAW : | CASE NO. 24-CV-05618 |

## PROPOSED JURY INSTRUCTIONS
## OF DEFENDANTS, YESCARE CORPORATION,
## LALITHA TRIVIKRAM, M.D., MAUREEN GAY, N.P.
## AND BLAIR CABELLOS

**TABLE OF CONTENTS**

| NO. | INSTRUCTION | PAGE NO. |
|---|---|---|
| 1. | Directed Verdict | 1 |
| 2. | Preliminary Instruction – Preponderance of Evidence | 2-3 |
| 3. | Section 1983 Introductory Instruction | 4 |
| 4. | Section 1983 Elements of Claim | 5 |
| 5. | Section 1983 – Action Under the Color of State Law | 6 |
| 6. | Section 1983 – Deprivation of a Federal Right | 7 |
| 7. | Section 1983 – Conditions of Confinement – Denial of Adequate Medical Care | 8-10 |
| 8. | Section 1983 – Damages – Compensatory Damages | 11-12 |
| 9. | Section 1983 – Damages – Nominal Damages | 13 |
| 10. | Medical Professional Negligence | 14 |
| 11. | Medical Malpractice – Standard of Care | 15 |
| 12. | Medical Malpractice – Factual Cause | 16 |
| 13. | Medical Malpractice – Substantial Factor | 17 |
| 14. | Medical Malpractice – Burden of Proof | 18-19 |
| 15. | Irrelevant Considerations | 20 |
| 16. | Damages – Generally | 21 |
| 17. | Medical Malpractice | 22-23 |
| 18. | Plaintiff has the Burden to Prove Damages | 24 |
| 19. | Jurors not Permitted to Speculate or Guess about Damages | 25 |
| 20. | Mere Fact of Injury | 26 |

i

21. Contributory Negligence ---------------------------------------------------------------- 27

22. Substantial Factor Test and Causation ---------------------------------------------- 28

23. Healthcare Provider not a Guarantor of the Result of Treatment ----------------------- 29

24. Duty to Mitigate ---------------------------------------------------------------------- 30-31

25. Liability of Contracted Medical Provider ---------------------------------------------- 32-33

26. Corporate Negligence of Health Care Provider --------------------------------------- 34

1.    **Directed Verdict**

Upon consideration of all the evidence and the law applicable to this case, I hereby direct you to return a verdict in favor of Defendants YesCare Corporation, Lalitha Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos.

2.      **Preliminary Instruction—Preponderance of Evidence**

This is a civil case. The Plaintiffs in this matter are Jacob and James Jung who brought this lawsuit on behalf of the Estate of Louis Jung, Jr., their deceased father. Defendants are the parties against whom the lawsuit was filed. Jacob and James Jung have the burden of proving their case by what is called the preponderance of the evidence. That means the Plaintiffs have to prove to you, in light of all the evidence, that what they claim is more likely so than not so. To say it differently: if you were to put the evidence favorable to the Plaintiffs and the evidence favorable to Defendants on opposite sides of the scales, the Plaintiffs would have to make the scales tip somewhat on his side. If the Plaintiffs fail to meet this burden, the verdict must be for the Defendants. If you find after considering all the evidence that a claim or fact is more likely so than not so, then the claim or fact has been proved by a preponderance of the evidence.

In determining whether any fact has been proved by a preponderance of the evidence in this case, you may, unless otherwise instructed, consider the testimony of all witnesses, regardless of who may have called them, and all exhibits received in evidence, regardless of who may have produced them.

On certain issues, called affirmative defenses, the Defendants have the burden of proofing the elements of the defense by a preponderance of the evidence. I will instruct you on the facts that will be necessary for you to find on this affirmative defense. An affirmative defense is proven if you find, after considering all of the evidence in the case, that the Defendants have succeeded in proving that the required facts are more likely so than not so.

You may have heard of the term "proof beyond a reasonable doubt." That is a stricter standard of proof and it applies only to criminal cases. It does not apply to civil cases such as this. So you should put it out of your mind.

2

Model Civil Jury Instructions for the District Court, 1.10.

3.    **Section 1983 Introductory Instruction**

Jacob Jung and James Jung are suing [some of the Defendants] under 42 U.S.C. section 1983, a civil rights law passed by Congress that provides a remedy to persons who have been deprived of their federal constitutional rights under color of state law.

Model Civil Jury Instructions for the District Court, 4.1.

**4.    Section 1983 Elements of Claim**

As to YesCare Corporation, Lalitha Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos, the Plaintiffs must prove both of the following elements by a preponderance of the evidence:

First: YesCare Corporation, Lalitha Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos each acted under color of state law; and

Second: While acting under the color of state law YesCare Corporation, Lalitha Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos deprived Louis Jung, Jr. of a federal constitutional right.

I will now give you more details on action under color of state law, after which I will tell you the elements a plaintiff must prove to establish the violation of his federal constitutional right.

Model Civil Jury Instructions for the District Court, 4.3.

**5.      Section 1983 – Action Under Color of State Law**

Because Lalitha Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos were employees of YesCare Corporation, at the relevant time, I instruct you that they were acting under color of state law. In other words, this element of the Plaintiffs' claim is not in dispute, and you must find that this element has been established.

Model Civil Jury Instructions for the District Court, 4.4.1

6.      **Section 1983 – Deprivation of a Federal Right**

I have already instructed you on the first element of the Plaintiffs' claim, which requires Jacob and James Jung to prove that Lalitha Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos,  acted under color of state law.

The second element of Plaintiffs' claim is that YesCare Corporation, Lalitha Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos, deprived their father, Louis Jung, Jr., of a federal constitutional right.

Model Civil Jury Instructions for the District Court, 4.5.

7

7.     **Section 1983 – Conditions of Confinement—Denial of Adequate Medical Care**

Because inmates must rely on prison authorities to treat their serious medical needs, the government has an obligation to provide necessary medical care to them. In this case, the Plaintiffs claim that YesCare Corporation, Lalitha Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos, violated their father's Eighth Amendment to the United States Constitution by showing deliberate indifference to a serious medical need. Specifically, the Plaintiffs claim that their father was denied medical treatment for his diabetes.

In order to establish his claim for violation of the 14th Amendment, the Plaintiffs must prove each of the following three things by a preponderance of the evidence:

First:   That Louis Jung, Jr. had a serious medical need;

Second: That  were deliberately indifferent to that serious medical need; and

Third:  That YesCare Corporation, Lalitha Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos's deliberate indifference caused harm or physical injury to Louis Jung, Jr.

I will now proceed to give you more details on the first and second of these requirements.

First, the Plaintiffs must show that their father, Louis Jung, Jr. had a serious medical need. A medical need is serious for example, when:

- A doctor has decided that the condition needs treatment; or
- The problem is so obvious that non-doctors would easily recognize the need for medical attention; or
- Denying or delaying medical care creates a risk of permanent physical injury; or

8

- Denying or delaying medical care causes needless pain.

Second, the Plaintiffs must show that YesCare Corporation, Lalitha Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos, knew of an excessive risk to Louis Jung, Jr.'s health, and disregarded that risk by failing to take reasonable measures to address it.

The Plaintiffs must show that YesCare Corporation, Lalitha Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos actually knew of the risk. If the Plaintiffs prove that there was a risk of serious harm to him and that risk was obvious, you are entitled to infer from the obviousness of the risk that each of the individual health care providers knew of the risk. However, each of the individual health care providers claims that even if there was an obvious risk, they were unaware of that risk. If you find that the medical defendants were unaware of the risk, then you must find that they was not deliberately indifferent.

There are a number of ways in which a plaintiff can show that a defendant was deliberately indifferent, including the following. Deliberate indifference occurs when:

- A prison official denies a reasonable request for medical treatment, and the official knows that the denial exposes the inmate to a substantial risk of pain or permanent injury;

- A prison official knows that an inmate needs medical treatment, and intentionally refuses to provide that treatment;

- A prison official knows that an inmate needs medical treatment, and delays medical treatment for non-medical reasons;

- A prison official refuses to let an inmate see a doctor capable of evaluating the need for treatment of an inmate's serious medical need; and

9

- A prison official persists in a particular course of treatment even though the official knows that the treatment is causing pain and creating a risk of permanent injury.

Model Civil Jury Instructions for the District Court, 4.11.1

An individual being sued for an alleged constitutional violation cannot be sued for the acts of others but, instead, must have been personally involved with the alleged medical mistreatment.  Gamble v. Estelle, 554 F.2d 653, 654 (5th Cir. 1977).

As long as a medical provider exercises his professional judgment, and does not act for a non-medical reason, his/her behavior will not violate a prisoner's constitutional rights.  Thus, where plaintiff has received some care, the inadequacy or impropriety of that care generally will not support an Eighth [or 14th ]Amendment claim.  Pearson v. Prison Health Serv., 850 F.3d 526, 535-538 (3d Cir. 2017); Ponzini v. Primecare Med., Inc., 269 F. Supp. 3d 444, 504 (M.D. Pa. 2017); Brinton v. Gaffney, 554 F.Supp. 388, 389 (E.D. Pa. 1983).

> **It is obduracy and wantonness, not inadvertence or error in good faith, that characterizes the conduct prohibited by the Cruel and Unusual punishment Clause, whether that conduct occurs in connection with establishing conditions of confinement [or] supplying medical needs.**

Whitley v. Albers, 475 U.S. 312 (1986).

A finding of deliberate indifference against a defendant requires a finding of subjective evidence of deliberately cruel and harmful behavior on the part of defendant.  Farmer v. Brennan, 511 U.S. 825 (1994).

8.    **Section 1983—Damages—Compensatory Damages**

I am now going to instruct you on damages. Just because I am instructing you on how to award damages does not mean that I have any opinion on whether or not the defendants should be held liable.

If you find the defendants liable, then you must consider the issue of compensatory damages. You must award the plaintiffs an amount that fairly compensates them for any injury actually sustained by their father as a result of the defendants' conduct.

The Plaintiffs must show that Louis Jung Jr.'s death would not have occurred without defendants' act or omission. The Plaintiff must also show that defendants' acts or omissions played a substantial part in bringing about Louis Jung, Jr.'s death, and that his death was either a direct result of a reasonably probable consequence of defendants' acts or omissions.

Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only that evidence. The Plaintiffs have the burden of proving compensatory damages by a preponderance of evidence.

In this case, Decedent Louis Jung, Jr. had a duty under the law to "mitigate" his damages—that means that he must take advantage of any reasonable opportunity that may have existed under the circumstances to reduce or minimize the loss or damage caused by the defendants. The medical defendants have claimed that Louis Jung Jr. willfully refused medical treatment on numerous occasions.  Such refusal would be considered a failure to mitigate.  It is defendants' burden to prove that Louis Jung, Jr., failed to mitigate. So, if the defendants persuade you by a preponderance of evidence that Louis Jung, Jr., failed to take advantage of an opportunity that was reasonably available to him, than you must reduce the amount of the

Plaintiffs' damages by the amount that could have reasonably been realized if he had taken advantage of such an opportunity.

In assessing damages, you must not consider attorney's fees or the costs of litigation this case. Attorney's fees and costs, if relevant at all, are for the court and not the jury to determine. Therefore, attorney fees and costs should play no part in your calculation of damages.

Model Civil Jury Instructions for the District Court, 4.8.1.

12

9.    **Section 1983—Damages—Nominal Damages**

If you return a verdict for the Plaintiffs, but they have failed to prove compensatory damages, than you must award nominal damages of $1.00.

A person whose federal rights were violated is entitled to a recognition of that violation, even if he suffered no actual injury. Nominal damages of $1.00 are designed to acknowledge the deprivation of a federal right, even where no actual injury occurred.

However, if you find an actual injury, you must award compensatory damages as I instructed you, rather than nominal damages.

Model Civil Jury Instructions for the District Court, 4.8.2.

13

**10.    Medical Professional Negligence**

Professional negligence consists of the negligent, careless, or unskilled performance by a [medical provider] of the duties imposed on him or her by the professional relationship with the patient. It is also negligence when a physician shows a lack of proper care and skill in the performance of a professional act.  [On the other hand, if the medical provider performs the duties imposed on him or her in a way that does not deviate from accepted standards of medical care applicable to such medical providers, the provider cannot be found negligent.]
Pa. SSJI (Civ.) §14.00.

The term negligence, otherwise known as carelessness, is the absence of ordinary care which a reasonably prudent person would exercise under the same circumstances.  Negligent conduct may consist either of an act or an omission to act when there is a duty to do so.  In other words, negligence is the failure to do something which a reasonably prudent person would do, or the doing of something which a reasonably careful person would not do, in light of the surrounding circumstances established by the evidence presented in the case.  It is for you, the jury, to determine how a reasonably careful person would have acted under the circumstances. Lambert v. Soltis, 422 Pa. 304, 221 A.2d 173 (1966).  See also Pennsylvania Suggested Standard Civil Jury Instruction 13.10.

You cannot conclude that a defendant is liable in negligence based upon your own personal concept of what defendant should or should not have done under the circumstances. Powell v. Risser, 375 Pa. 60, 99 A.2d 454 (1953).  Theories regarding what might have occurred cannot be employed as a substitute for the evidence presented.  Churilla v. Barner, 409 A.2d 83, 85 (Pa. Super. 1979).

14

**11.    Medical Malpractice—Standard of Care**

A medical provider must have the same knowledge and skill and use the same care normally used by such a provider in the medical profession. A provider whose conduct falls below this standard of care is negligent.

A provider must also keep informed of the contemporary developments in the medical profession and must use current skills and knowledge. In other words, a physician must have up-to-date medical skills and knowledge, and if he or she fails to keep current or fails to use current knowledge in the medical treatment of the patient, the physician is negligent.

You must decide whether each individual provider was negligent. If you decide that she was negligent, then you must decide whether each individual provider's negligence was a factual cause of Louis Jung's death. If you so decide, you must decide the amount of damages the plaintiffs sustained as a result of that negligence.

Pa. SSJI (Civ.) §14.10

A course of treatment which culminates in a bad result is not evidence of negligence in a malpractice case. There can be no inference of negligence due to a bad result which might have occurred despite the use of reasonable care. See Collins v. Hand, 246 A.2d 398 (Pa. 1968); King v. Stefenelli, 862 A.2d 666 (Pa. Super. 2004).

Further, you are instructed that a healthcare provider is not a warrantor of a cure or a guarantor of a successful result or outcome for a patient. Orozco by Orozco v. Children's Hospital of Philadelphia, 638 F. Supp. 280 (E.D. Pa. 1986), aff'd, 813 F.2d 398 (3d Cir. 1987); Edwards v. GHMC, 736 A. 2d 612 (Pa. Super.1999), Grabowski v. Quigley, 454 Pa. Super. 27, 684 A. 2d 610 (1996).

**12.    Medical Malpractice—Factual Cause**

        **Causation**

In order for a plaintiff to recover in this case, a defendant's negligent conduct must have been a factual cause in bringing about harm. Conduct is a factual cause of harm when the harm would not have occurred absent the conduct. To be a factual cause, the conduct must have been an actual, real factor in causing the harm, even if the result is unusual or unexpected. A factual cause cannot be an imaginary or fanciful factor having no connection or only an insignificant connection with the harm.

Pa. SSJI (Civ.) §14.20

**13.    Medical Malpractice—Substantial Factor**

To be a factual cause of the injuries sustained, the increased risk must constitute a substantial factor in bringing about the harm to a plaintiff.

*Mitzelfelt v. Kamrin*, 584 A. 2d 888, 892 (Pa. 1990); *Jones v. Montefiore Hospital*, 431 A.2d 920, 924 (Pa. 1981).

**14.    Medical Malpractice—Burden of Proof**

In civil cases a plaintiff has the burden of proving his or her claims.

The plaintiff must prove his or her claims by a legal standard called "a preponderance of the evidence." Preponderance of the evidence means the claim is more likely true than not.

If, after considering all the evidence, you find that plaintiff's claims are more likely true than not, you must find for the plaintiff.

Think about an ordinary balance scale with a pan on each side to hold objects. Imagine using the scale as you deliberate in the jury room. Place all of the evidence favorable to the plaintiff in one pan. Place all of the evidence favorable to the defendant in the other. If the scales tip, even slightly, to the plaintiff's side, then you must find for the plaintiff. If, however, the scales tip even slightly on the defendant's side, or if the two sides of the scale balance, then you must find for the defendant.

In this case, the plaintiff has the burden of proving the following claims:

1.  The defendant was negligent;

2.  The defendant's negligence was a factual cause in bringing about the harm/damages; and

3.  Extent of the damages caused by the defendant's negligence.

Pa. SSJI (Civ.) §14.30

You are instructed that the defendants cannot be found negligent based upon "Monday morning quarter-backing." In that regard, a defendant may not be held liable in tort based upon hindsight or retrospective observation of the course of events. Rather, the law requires that healthcare providers are to be judged based upon the circumstances as they existed at the time the service was performed. Smith v. Yohe, 412 Pa. 94, 194 A.2d 167 (1963).

If a patient should sustain an injury or harm while undergoing medical care, and that injury or harm results from the healthcare provider's lack of knowledge or ability or from her failure to exercise reasonable care, then he is responsible for the injuries which are the result of her act. If, on the other hand, the healthcare provider has exercised reasonable care, and has the requisite knowledge or ability, even though complications resulted, then the provider is not responsible. The rule requiring a provider to use his best judgment does not make the provider liable for a mere error in judgment, provided he/she does what he/she thinks is best after a careful examination. The rule of reasonable care does not require the exercise of the highest possible degree of care. It requires only that the provider exercise that degree of care that a reasonably prudent provider would exercise under the circumstances. <u>Fragale v. Brigham</u>, 741 A. 2d 788 (Pa. Super. 1999).

## 15.    Irrelevant Considerations

A professional medical negligence, or medical malpractice, case is a civil action for damages and nothing more. You must decide only the issue of whether the decedent Louis Jung, Jr. suffered harm as the result of the defendants' negligence, and is thus entitled to monetary compensation for those injuries. Your verdict does not involve punishment of the defendants, or even criticism of her/their professional abilities, beyond the facts of this case. Nor does your verdict involve the defendants' reputation, their medical practices, or their rights as providers. You should not concern yourselves with any other matter, such as social or political issues relating to medicine. No thought should be given to these irrelevant considerations in reaching your verdict.

Pa. SSJI (Civ.) §14.120

16.    **Damages--Generally**

I will now discuss the issue of damages with you. The fact that I now charge you on the measure of damages should not be considered by you as any indication that I think damages should be awarded. I have provided these instructions on damages because I am required to charge you on all possibilities and all phases of the case which you may have to consider in your deliberations.

17.    **Medical Malpractice—Damages**

**Damages Generally**

If your verdict is in favor of the plaintiffs, you must then find an amount of money damages you believe fairly and adequately compensates the plaintiffs for the physical injuries and financial damages they have sustained as a result of the negligence you have found. The amount you award today must completely compensate the plaintiffs for all damages sustained in the past as well as all damages you find the plaintiffs will sustain in the future. The verdict sheet you will receive when you begin your deliberations contains a series of questions that will lead you to a proper verdict. There are places for you to record your verdict as to each item of damage I am now describing to you.

**Past Medical Expenses**

Not applicable

**Future Medical Expenses**

Not applicable

**Future Loss of Earnings and Lost Earning Capacity**

Not applicable

**Past and Future Noneconomic Damages**

The plaintiffs have made a claim for damages for noneconomic loss. Among the items which typically comprise a claim for non-economic loss, the only category applicable in this case is the plaintiffs' claim for conscious pain and suffering.

You are instructed that the plaintiffs are entitled to be fairly and adequately compensated for any conscious physical pain, mental anguish, discomfort, and distress that you find Louis Jung endured as a result of the negligent or deliberate conduct of the medical defendants.

22

Pa. SSJI (Civ.) §14.150

**18.    Plaintiff has the Burden to Prove Damages**

The plaintiffs have the duty and burden to establish by proper evidence the damages which they claim to have sustained, and if you find that they failed to meet this burden, you may not award damages.

*See* Cohen v. Albert Einstein Med. Ctr., 592 A.2d 720, 729 (Pa. Super. 1991); *Gordon v. Trovato*, 338 A.2d 653, 655 (Pa. Super. 1975).

**19.    Jurors Not Permitted to Speculate or Guess about Damages**

You are not permitted to engage in speculation or conjecture with respect to any element of damages. If you find, with respect to any element of damages that you are considering, that sufficient data has not been presented to you from which the damages can be assessed with reasonable certainty, then you may not return an award for that element of damages.

*See* Stecher v. Ford Motor Co., 779 A.2d 491 (Pa. Super. 2001) (*citing* Cronan v. Castle Gas Co., 512 A.2d 1, 5 (Pa. Super. 1986)); Kearns v. Clark, 493 A.2d 1358, 1364 (Pa. Super. 1985); Gordon v. Trovato, 338 A.2d 653, 657 (Pa. Super. 1975).

**20.    Mere Fact of Injury**

The mere fact that Louis Jung, Jr. sustained an injury or harm is not enough to establish that the health care providers, Defendants, YesCare Corporation, Lalitha Trivikram, M.D., Maureen Gay, N.P. and Blair Cabellos, was/were negligent.

See <u>Steiner v. Pittsburgh Railways, Co.</u>, 204 A.2d 254 (Pa. 1964); <u>King v. Stefenelli</u>, 862 A.2d 666 (Pa. Super. 2004); <u>Havasy v. Resnick</u>, 609 A.2d 1326, 1335 (Pa. Super. 1992).

**21.    Contributory Negligence**

Contributory or comparative negligence is conduct on the part of a plaintiff which falls below the standard to which he should conform for his own protection, which is a legally contributing cause, cooperating with the negligence of the defendant, in bringing about the plaintiff's harm. Contributory fault may stem either from a plaintiff's careless exposure of himself to danger or from his failure to exercise reasonable diligence for his own protection. Angelo v. Diamontoni, 871 A.2d 1276, 1280 (2005)(citations omitted).

The defense has the burden to establish that Louis Jung Jr.'s conduct was a contributing factor to causing his death. A defendant must "show both the negligence of the conduct alleged and the causal relationship of that conduct to the injuries for which damages are sought." Angelo v. Diamontoni, 871 A.2d 1276, 1280 (2005) (citations omitted). A plaintiff's negligent conduct must be a proximate cause of his injuries in order for the doctrine of contributory negligence to apply. Sullivan v. Wolson, 396 A.2d 1230, 1234 (Pa. Super. 1978).

A plaintiff is contributorily negligent when he fails to report symptoms to the physician, fails to follow up with the physician, fails to attend appointments, or refuses medical treatment. See Levine v. Rosen, 575 A.2d 579 (Pa. Super. 1990); Ferguson v. Panzarella, 700 A.2d 927 (Pa. 1997).

**22.    Substantial Factor Test and Causation**

You are instructed that a defendant's negligent conduct is not a substantial factor in bringing about a plaintiff's claimed injuries when those injuries would have been sustained even if the defendant had not been negligent.  Pachesky v. Getz, 510 A.2d  776, 780 (Pa. Super. 1986).  Accordingly, if you determine that Louis Jung, Jr.'s death would have occurred regardless of the action or inaction of the defendants, then your verdict may be in defendant's favor.  Clayton v. Sabeh, 594 A.2d 365, 368 (Pa. Super. 1991), appeal denied, 600 A.2d 1257 (Pa. 1991).  Similarly, if you find that Louis Jung's death was unrelated to the conduct of the defendants, then your decision may be in favor of the defendants.  Walls v. Hazelton General Hospital, 629 A.2d 232, 243 (Pa. Cmwlth. 1993), *appeal denied*, 639 A.2d 35 (Pa. 1994); Sacks v. Mambu, 632 A.2d 1333, 1334 (Pa. Super. 1993).

**23.    Healthcare Provider not a Guarantor of Result**

A healthcare provider is neither a warrantor of a cure, nor the guarantor of the result of his or her treatment. See 40 P.S. §1303.105. Nor is a healthcare provider an insurer of a good outcome. The law requires that a healthcare provider act reasonably and imposes no greater burden.  You must judge the healthcare provider's care by the reasonableness standard I have given you.

 See <u>King v. Stefenelli</u>, 862 A.2d 666, 671-672 (Pa. Super. 2004); <u>Havasy v. Resnick</u>, 609 A.2d 1326, 1335 (Pa. Super. 1992); <u>O'Rourke v. Rao</u>, 602 A.2d 362, 365 (Pa. Super. 1992); <u>Mason v. Western Pa. Hosp.</u>, 428 A.2d 1366 (Pa. Super. 1981).

**24.    Duty to Mitigate**

You are instructed that a plaintiff injured by the negligence of a defendant(s) is under a duty to exercise reasonable care to mitigate damages which plaintiff has suffered, and plaintiff cannot recover damages for the harm which plaintiff could have avoided by the use of due care. Yosuf v. United States, 642 F. Sup. 432 (M.D. Pa. 1986); Hoffman v. Sterling Drug Co., Inc. 374 F. Sup. 850 (M.D. Pa. 1974); Bartend v. Koch, 404 Pa. 1, 170 A.2d 563 (1961); Downs v. Scott, 201 Pa. Super. 278, 191 A.2d 908 (1963); Hilscher v. Ickinger, 194 Pa. Super. 237, 166 A.2d 678 (1967), aff'd, 403 Pa. 596, 170 A.2d 595 (1961).

In evaluating whether plaintiff has mitigated his damages, you may consider whether the decedent Louis Jung, Jr. followed the instructions or recommendations of his medical providers or otherwise acted reasonably in attempting to mitigate his damages.  Yost v. Union Railroad, 380 Pa. Super. 236, 551 A.2d 317 (1988), *alloc. denied*, 522 Pa. 603, 562 A.2d 826  (1989); Downs v. Scott, 201 Pa. Super. 278, 191 A.2d 908 (1963); Hilscher v. Ickinger, 194 Pa. Super 237, 166 A.2d 678 (1960), aff'd, 403 Pa. 596, 170 A.2d 595 (1961); Bartunek v. Koch, 404 Pa. 1, 170 A.2d 563 (1961); Gary v. Mankamyer, 485 Pa. 525, 403 A.2d 87 (1979); O'Malley v. Peerless Petroleum, Inc., 283 Pa. Super. 272, 423 A.2d 1251 (1980); Hoffman v. Sterling Drug, Inc., 374 F. Supp. 850 (MD Pa. 1974).

You are instructed that a patient such as decedent Louis Jung, Jr. may not be obstinate or stubborn in refusing reasonable medical care and treatment.  Restatement (Second) of Torts §918, comments c, d (1979); Yost v. Union Railroad, 380 Pa. Super. 336, 551 A.2d 317 (1988), alloc. denied, 522 Pa. 605, 562 A.2d 827 (1989); Bartunek v. Koch, 404 Pa. 1, 170 A.2d 563 (1961); Downs v. Scott, 201 Pa. Super. 278, 191 A.2d 908 (1963).

30

You are instructed that, while a plaintiff's failure, if any, to mitigate damages, does not necessarily defeat a plaintiff's right to recovery altogether, it does limit the amount of damages by allowing no damages for harm that could reasonably have been averted or avoided.  Vizzani v. Ford Motor Co., 569 F.2d 754 (3rd Cir. 1977).  Yosuf v. United States; Bartunek v. Koch, 404 Pa. 1, 170 A.2d 563 Pa. Super. 166, 601 A.2d 292 (1991), alloc. denied, 530 Pa. 551, 603 A.2d 27 (1992); Hilscher v. Ickinger, 194 Pa. Super. 237, 166 A.2d 678 (1960), aff'd, 403 Pa. 596, 170 A.2d 595 (1961).

**25.    Liability of Contracted Medical Provider [i.e. YesCare Corporation]**

A private company that contracts with a municipality to provide health care to inmates is acting under color of state law when it provides medical services to those inmates; assessing liability against the private corporation in such circumstances is limited to a situation where a *policy* or *custom* of the corporation is implicated. Weigher v. Prison Health Servs., 402 Fed.Appx. 668, 669-70 (3d Cir. 2010); Gannaway v. Prime Care Med., Inc., 150 F. Supp. 3d 511, 530 (E.D. Pa. 2015); Jefferson v. Husain, 2016 WL 1255731 at *13 (E.D. Pa. 2016). YesCare can only be held liable if a plaintiff can provide evidence that YesCare had a relevant policy or custom that *caused* the constitutional violation he or she alleges. Oklahoma v. Brown, 520 U.S. 397, 404 (1997); Natale, 318 F.3d at 583–84 (emphasis added).

> Not all state action rises to the level of a custom or policy. A policy is made "when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues a final proclamation, policy or edict." Kneipp v. Tedder, 95 F.3d 1199, 1212 (3d Cir.1996) (*quoting* Pembaur v. City of Cincinnati, 475 U.S. 469, 481 452 (1986). A custom is an act "that has not been formally approved by an appropriate decisionmaker," but that is "so widespread as to have the force of law." Oklahoma v. Brown, 520 U.S. at 404.

Natale, at 584.

More specifically, there are three situations where acts of a government employee may be deemed to be the result of a policy or custom of the governmental entity for whom the employee works, thereby rendering the entity liable under §1983. The first is where "the appropriate officer or entity promulgates a generally applicable statement of policy and the subsequent act complained of is simply an implementation of that policy." Oklahoma v. Brown, 520 U.S. at 417. The second occurs where "no rule has been announced as policy but federal law has been violated by an act of the policymaker itself." Id. Finally, a policy or custom

may also exist where "the policymaker has failed to act affirmatively at all, [though] the need to take some action to control the agents of the government 'is so obvious, and the inadequacy of existing practice so likely to result in the violation of constitutional rights, that the policymaker can reasonably be said to have been deliberately indifferent to the need.'"  Evidence as to how the decedent himself was treated is not evidence that YesCare has a custom or policy that caused his rights to be violated.  See Beard v. Corizon Health, Inc., No. 2017 WL 368037 *4 (E.D. Pa.)

26.    **Corporate Negligence of Health Care Provider [YesCare Corporation]**

To prove corporate negligence of a health care provider such as YesCare Corporation, a plaintiff must allege sufficient facts to "show 1.) YesCare's actions deviated from an accepted medical standard; 2.) YesCare had actual or constructive knowledge of the defect or procedures that created the harm; and 3.) YesCare's negligence was a substantial factor in causing the harm." Davis v. Corizon Health, Inc., No. 14-1490, 2015 WL 518263, at *4 (E.D. Pa. Feb. 9, 2015) (citing, Welsh v. Bulger, 698 A.2d 581, 585 (Pa. 1997). But YesCare "cannot be held liable for the negligent acts of its agents under a theory of corporate negligence." "Corporate negligence is a direct theory of liability against the hospital, which contemplates some form of systemic negligence by the hospital, and is not simply a vicarious theory of liability based on the negligence of its employees". Davis at *4.

**O'CONNOR KIMBALL LLP**

By:    *Thomas J. Gregory*

        Thomas J. Gregory, Esquire
        Two Penn Center Plaza, Suite 1100
        1500 John F. Kennedy Boulevard
        Philadelphia, PA 19102
        215-564-0400        Facsimile: 215-564-1973
        Email: tgregory@okllp.com
        *Attorney for Defendants, YesCare Corporation,*
        *Lalitha Trivikram, M.D., Maureen Gay, N.P. and*
        *Blair Cabellos*

Date:  January 23, 2026