**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JACOB and JAMES JUNG, as** | : | |
| **Administrators of the Estate of LOUIS** | : | |
| **JUNG, JR,** | : | |
| | : | |
| Plaintiffs, | : | Civil Action |
| v. | : | No. 2:24-cv-05618 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

# ORDER

AND NOW, this _____ day of _____, 2026, upon consideration of Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier's Motion *in Limine* to preclude Plaintiffs' newly identified exhibits, and any response thereto, it is hereby **ORDERED** and **DECREED** that this Motion is **GRANTED**.

BY THE COURT:

_____
**TIMOTHY J. SAVAGE, J.**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | : | |
|---|---|---|
| **JACOB and JAMES JUNG, as** | : | |
| **Administrators of the Estate of LOUIS** | : | |
| **JUNG, JR,** | : | |
| | : | |
| Plaintiffs, | : | Civil Action |
| v. | : | No. 2:24-cv-05618 |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| Defendants. | : | |

**CITY OF PHILADELPHIA, CARNEY, BLOODSAW, AND FRASIER'S
MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS' NEWLY IDENTIFIED EXHIBITS**

Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier (collectively, "Corrections Defendants"), by and through undersigned counsel, respectfully move *in limine* to preclude Plaintiffs' three newly identified exhibits, requesting this Honorable Court enter the proposed Order for the reasons set forth in the attached Memorandum of Law, incorporated herein by reference.

Date: February 16, 2026                Respectfully submitted,

                        */s/ Emily M. Hoff, Esq.*
                        **Michael Pestrak**
                        Senior Attorney
                        Attorney I.D. No. 208611
                        **Emily M. Hoff**
                        Deputy City Solicitor
                        Attorney I.D. No. 330859
                        City of Philadelphia Law Department
                        1515 Arch Street, 14th Floor
                        Philadelphia, PA  19102
                        *Attorneys for Defendants City of Philadelphia, Carney, Frasier, and Bloodsaw*

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, : : : | |
| Plaintiffs, : | Civil Action |
| v. : | No. 2:24-cv-05618 |
| : | |
| CITY OF PHILADELPHIA, et al., : | |
| Defendants. : | |

**DEFENDANTS CITY OF PHILADELPHIA, CARNEY, BLOODSAW, AND FRASIER'S MOTION *IN LIMINE* TO PRECLUDE PLAINTIFFS' NEWLY IDENTIFIED EXHIBITS**

Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Frasier (collectively, "Corrections Defendants"), by and through undersigned counsel, hereby move to preclude never produced documents and photograph pursuant to the pursuant to Rules 401, 402, and, 403; as well as under Federal Rule of Civil Procedure 37(c).

**I.     BACKGROUND**

Plaintiffs Jacob and James Jung seek relief pursuant to 42 U.S.C. § 1983 against various members of the Philadelphia Department of Prisons ("PDP") corrections and medical staff, alleging violations of their father's constitutional rights, when he passed away while in pre-trial custody at the PDP. *See* ECF Doc. No. 25-1. Plaintiffs additionally complain that the City had a custom of failing to train, supervise, and discipline staff for the alleged misconduct of the individually named Defendants, which was the moving force behind the alleged constitutional injury suffered.

Plaintiffs have produced, for the first time, three potential exhibits. These exhibits are 1) a series of nine photographs of Mr. Jung, Jr. with various persons, 2) Mr. Jung's death certificate, and 3) Mr. Jung's autopsy report. Plaintiffs produced the photographs for the first time on February

12, 2026, and produced the certificate and report for the first time on February 13, 2026. Discovery was open for more than a year, and the exhibits now presented must pre-date the beginning of the discovery period given their content, yet Plaintiffs produced them for the first time as attachments to their trial binders. Defense objects for the following reasons.

II.   **ARGUMENT**

    **A.   The Newly Presented Photographs, Death Certificate, and Autopsy Report Should be Precluded, Because this Evidence was not Passed During Discovery.**

Under the Federal Rules of Civil Procedure, all information and potential witnesses must be identified prior to the close of discovery. Under Rule 26, a party must disclose all document information it intends to use, at minimum, thirty days prior to trial. Fed. R. Civ. P. 26(a)(3)(B). Here, trial is set to begin on February 24, 2026. Yet, Plaintiffs produced nine photographs, for the first time, on February 12, 2026; and produced Mr. Jung, Jr.'s death report and autopsy report— also for the first time—on February 13, 2026. Both of these initial productions were made less than thirty days before trial and well after the close of the discovery period in November 2025. Yet, based on the content of each photograph and the dates on each newly produced document, Plaintiffs would have had access to these documents prior to the closure of discovery.

Should a party fail to follow Rule 26, the federal rules of procedure allow for the Court to impose appropriate sanctions. Under Rule 37(c),

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
>   **(A)** may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>   **(B)** may inform the jury of the party's failure; and
>   **(C)** may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

Fed. R. Civ. P. 37. The photographs and documents were produced to defense outside of the ordered discovery period and in violation of Rule 26(a). Accordingly, the Court is permitted to preclude these documents from evidence at trial pursuant this violation of the discovery rules alone. Additionally, as described in more detail in the following section, the photographs and documents are inadmissible under the Federal Rules of Evidence.

### B. The Photographs, Death Certificate, and Autopsy Report are Irrelevant.

Evidence is only admissible if it is relevant. *See* R. 401, 402. Evidence that is relevant is generally admissible. Fed. R. Evid. 402. Evidence is relevant if it has any tendency to prove or disprove a fact that is of consequence to the determination of the action. R. 401. Testimony that fails to prove or disprove any material fact at issue is irrelevant. *See*, *e.g.*, *Blancha v. Raymark Indus.*, 972 F.2d 507, 514 (3d Cir. 1992).

As it relates to moving defendants, the jury shall determine whether or not Mr. Jung's 14th Amendment was violated by individual corrections staff or the City of Philadelphia's municipal responsibilities. To determine whether an inmate's Fourteenth Amendment rights were violated due to a failure to receive medical care requires the Plaintiff to demonstrate (1) he had a serious medical need, and (2) prison officials acted with deliberate indifference to that need. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Likewise, to prove a *Monell* claim, "[t]he plaintiff must [] demonstrate that, through its deliberate conduct, the municipality was the moving force behind the injury alleged." *Robinson v. City of Philadelphia*, No. 15-1574, 2015 WL 5965003, at *11 (E.D. Pa. Oct. 13, 2015).

Here, the nine photographs Plaintiffs' wish to produce—which include, but are not limited to, Mr. Jung's wedding photo and other family photographs—do not assist the jury's inquiry regarding whether Plaintiff had a serious medical need, and prison officials acted with deliberate indifference to that need on November 5, 2023. *Rouse*, 182 F.3d at 197. Likewise, Mr. Jung's

3

death certificate and autopsy report post-date the events that the jury shall opine on and thus cannot assist the jury in determining whether any corrections staff or the City violated Mr. Jung's Fourteenth Amendment right to medical care. The jury must judge Defendants Fraizer and Bloodsaw's actions based on what these defendants knew at the time, not based on photographs that are years, if not decades older than 2023, or what the medical examiner's office determined during their autopsy investigation. As such, these exhibits should be precluded from evidence.

    **C.    Even if the Newly Identified Exhibits are Relevant, any Relevance is Substantially Outweighed by Unfair Prejudice, the Likelihood of Jury Confusion, and the Use of Cumulative Evidence.**

If the probative value of relevant evidence is substantially outweighed by a danger of, *inter alia*, unfair prejudice, confusing the issues, cumulative production of evidence, and misleading the jury, the court may exclude such evidence. R. 403. As highlighted in the advisory committee notes, "certain circumstances call for the exclusion of evidence which is of unquestioned relevance. These circumstances entail risks which range all the way from inducing decision on a purely emotional basis, at one extreme, to nothing more harmful than merely wasting time, at the other extreme." Fed. R. Evid. 403.

To the extent that these exhibits might have any probative value—which Defense maintains they do not—Defendants will be unfairly prejudiced by Plaintiffs' attempts to use a litany of never-before-produced photographs that are duplicative and do not go to the ultimate issue of fact in question. These photographs clearly are intended to elicit the exact emotional reaction from the jury that the committee notes caution against. As such, the photographs should be excluded. As to the death certificate, it should be deemed inadmissible because the record of evidence collected during the course of discovery causes the death certificate to be nothing more than merely cumulative evidence. The death certificate, in relevant sum, provides the date and manner of death—information which is already contained within the record.

Finally, as to the autopsy report, Defense's argument echoes arguments previously presented to this court with regard to Mr. Jay's report and its contained impermissible hearsay testimony. Plaintiff should not be permitted to suggest that facts unknown to either party favor Plaintiff. That will undoubtedly be the effect if Plaintiff is permitted to introduce the autopsy report to the jury. The autopsy report is also hearsay. In the Eastern District of Pennsylvania, hearsay is a statement that "(1) the declarant does not make while testifying at the current trial or hearing; and (2) a party offers in evidence to prove the truth of the matter asserted in the statement." Fed. R. Evid. 801(c)(1)-(2). Hearsay is generally inadmissible. Fed. R. Evid. 802. There are few exceptions where hearsay would be deemed admissible, *see*, *gen*., Fed. R. Evid. 803-804; however, none of the exceptions are applicable here. Plaintiffs, in their pretrial exhibit list, do not identify any medical examiner. *See* ECF Doc. No. 142, at 16, 18-19. Likewise, this autopsy report is improper hearsay and should be excluded.

For each enumerated reason, these documents are inadmissible.

### III.   CONCLUSION

For the foregoing reasons, the Defendants respectfully request that the Court preclude this disputed evidence.

Date: February 16, 2026                         Respectfully submitted,

                                                */s/ Emily M. Hoff, Esq.*
                                                **Michael Pestrak**
                                                Senior Attorney
                                                Attorney I.D. No. 208611
                                                **Emily M. Hoff**
                                                Deputy City Solicitor
                                                Attorney I.D. No. 330859
                                                City of Philadelphia Law Department
                                                1515 Arch Street, 14th Floor
                                                Philadelphia, PA  19102
                                                *Attorneys for Defendants City of Philadelphia, Carney, Frasier, and Bloodsaw*

5

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, : : : : | |
| Plaintiffs, : : | Civil Action No. 2:24-cv-05618 |
| v. : : | |
| CITY OF PHILADELPHIA, et al., : | |
| Defendants. : | |

### CERTIFICATE OF SERVICE

I hereby certify that on the date below, Defendants' Motion *in Limine* to Preclude Newly Identified Exhibits was filed via the Court's electronic filing system and is available for downloading.

Date: February 16, 2026           Respectfully submitted,

           /s/ Emily M. Hoff
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
**Emily M. Hoff**
Deputy City Solicitor
Attorney I.D. No. 330859
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Blanche Carney, Gena Fraiser, and Wanda Bloodshaw*