## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : | No. 2:24-cv-05618-TJS |
| Plaintiff, | : : : | |
| v. | : : | **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY;  MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : : : : : : : : | |
| Defendants. | : : | |

### Plaintiffs' Petition To Settle Wrongful Death And Survival Action against Mariesha Apollon, YesCare Corp., Lalitha Trivikram, Maureen Gay, and Blair Cabellos

1.      Plaintiffs Jacob and James Jung are the children of Louis Jung, Jr., who died at the age of 50 on November 6, 2023.

2.      Plaintiffs were appointed Administrator of the Estate of Louis Jung, Jr. on December 29, 2023, by the Register of Wills of Philadelphia County. See Ex. A.

3.      At the time of his death, Mr. Jung had no Will. He had no spouse and three children. His surviving children are his only intestate heirs. See 20 Pa. C.S. § 2103(2). Mr. Jung's children are:

    a.   Louis Jung III;

    b.   Jacob Jung;

    c.   James Jung.

4.      On October 23, 2024, Plaintiffs initiated this action on behalf of the Estate of Louis Jung, Jr. and his heirs. In the lawsuit, Plaintiffs brought civil rights claims alleging that Defendants,

1

including YesCare, Lalitha Trivikram, and Maureen Gay, violated his right to receive proper medical care for his Type I diabetes resulting in his death by diabetic ketoacidosis.

5.      In an Amended Complaint filed on March 13, 2025, Plaintiffs added other Defendants to the case including Mariesha Apollon and Blair. Plaintiffs now seek to approve a settlement with Defendants Apollon and Defendants YesCare, Trivikram, Gay, and Cabellos [hereafter "YesCare Defendants"].

6.      During the litigation of this case, the parties engaged in negotiations aimed at seeking a resolution of the claims. As a result of those negotiations, Plaintiffs and Ms. Apollon reached a final settlement to resolve the claims against her.

7.      As outlined in the attached Rule 68 Offer and Acceptance, the settlement with Ms. Apollon is for the gross amount of $200,000. See Ex. B.

8.      As a result of negotiations with YesCare Defendants, Plaintiffs reached a settlement agreement that YesCare would pay $1,000,000 over the course of 18 months in order to resolve Plaintiffs' claims. See Ex. C.

9.      Plaintiffs, as stated in the attached Declarations, agree with the terms of the settlements with Ms. Apollon and YesCare Defendants and believes that those terms constitute appropriate resolutions of the claims against Ms. Apollon and YesCare Defendants. See Ex. D.

10.      Undersigned counsel are of the professional opinion that the terms of the settlement are reasonable in light of the claims brought against Ms. Apollon and YesCare Defendants due to their respective roles in the care provided to Mr. Jung while he was in custody in the Philadelphia Department of Prisons.

11.    For purposes of allocating the settlement proceeds, undersigned counsel request fees in the amount of $395,000, representing one-third of the gross settlement after costs have been paid as prescribed in the Attorney Retainer Agreement entered into by Plaintiffs and counsel.

12.    The Pennsylvania Department of Human Services has notified counsel that it has no lien against this settlement. See Ex. E.

13.    No other creditors have provided notice of claims against the Estate.

14.    Upon the deduction of counsel fees and costs, the net amount payable to the Estate of Louis Jung and the wrongful death beneficiaries is $790,000.

15.    Plaintiffs request an allocation of this amount between the wrongful death beneficiaries' claims and the Estate's survival claims, as follows:

      a.  Wrongful Death Claim: 80% ($632,000)

      b.  Survival Claim: 20% ($158,000)

16.    Counsel believes that this allocation is fair and reasonable based upon previous awards in similar cases, as well as the elements of the damages involved.

17.    The Pennsylvania Department of Revenue has informed counsel that it agrees to this allocation. Ex. F.

18.    Pursuant to the Wrongful Death Statute, 42 Pa. C.S. § 8301, the beneficiaries of the decedent, and the proportion of their interests, are as follows: one-third each to Louis Jung III, Jacob Jung, and James Jung.

19.    The net wrongful death settlement proceeds will be distributed to Mr. Jung's children to compensate each for the harms suffered by them resulting from the death of Mr. Jung.

20.    The amount of the settlement allocated to the survival claim is payable to the Estate of Louis Jung, Jr. for administration and ultimate distribution to the intestate heirs in accordance

3

with Pennsylvania law and any orders of the Philadelphia Orphans' Court under 20 Pa. C.S. § 711(1), after payment of all claims against the Estate, including the prospective payment of attorneys' fees and costs to separate counsel for legal assistance in the administration of the Estate.

21.    Plaintiffs Jacob and James Jung have reviewed the proposed allocation of the settlement proceeds described above, and as noted in their Declaration, approve of that allocation and requests that the Court approve the settlement and allocations. See Ex. C at ¶¶ 5-8.

Wherefore, Plaintiffs Jacob and James Jung, through counsel, respectfully request that this Court approve the proposed settlement and allocations as set forth in the attached proposed Order.

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085
*/s/ Nia Holston*
Staff Attorney
PA ID No. 327384
*/s/ Margaret Hu*
PA ID No. 334438
*/s/ Lolo Salsbury Serrano*
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

4

**Exhibit A – Letters of Administration**

LETTERS OF ADMINISTRATION

**REGISTER'S OFFICE**
PHILADELPHIA COUNTY, PA

N̲º̲   **A5668-2023**

ESTATE OF ___ **Louis W. Jung, Jr.** _____

Social Security No. ___ **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** _____

WHEREAS, ___ **Louis W. Jung, Jr.** _____

late of ___ **209 Morris Street, Philadelphia, PA 19148** _____

died on the __ **6th** ___ day of **November** , **2023** ;
and

WHEREAS, the grant of letters of administration is required for the administration of said estate.

THEREFORE, I, TRACEY L. GORDON, Register for the Probate of Wills and Grant of Letters Testamentary and of Administration, in and for the County of Philadelphia in the Commonwealth of Pennsylvania, hereby certify that I have granted Letters of Administration _____

to   **Jacob Jung and James Jung**

who ha **ve** duly qualified as ___ **Administrators** ___ of the estate of the above named decedent and ha **ve** agreed to administer the estate according to law, all of which fully appear of record in the Office of the Register of Wills of Philadelphia County, Pennsylvania.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the seal of my office, at Philadelphia, the **29th** day of __ **December** _____ **2023**

_Deputy Register_

10-36(Rev 10/99)

**Exhibit B – Rule 68 Documents**

## IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACOB AND JAMES JUNG,** | : | |
| **ADMINISTRATORS OF ESTATE** | : | |
| **OF LOUIS JUNG, JR,** | : | **CIVIL ACTION:** |
| **PLAINTIFFS,** | : | |
| | : | **No. 24-cv-05618-TJS** |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA;** | : | |
| **BLANCHE CARNEY, FORMER** | : | |
| **COMMISSIONER OF PHILADELPHIA DEPT.** | : | |
| **OF PRISONS; LAITHA TRIVIKRAM;** | : | |
| **MAUREEN GAY; YESCARE CORP.;** | : | |
| **MARIESHA APOLLON; BLAIRE CABELLOS;** | : | |
| **GENA FRASIER; AND WANDA BLOODSAW** | : | |
| **DEFENDANTS.** | : | |

### DEFENDANT, MARIESHA APOLLON'S RULE 68 OFFER OF JUDGMENT PURSUANT TO THE FEDERAL RULES OF CIVIL PROCEDURE

To: Jacob and James Jung
c/o Bret Grote, Esquire
Abolitionist Law Center
631 N 12th Street
Philadelphia, PA 19123

Pursuant to Rule 68 of the Federal Rules of Civil Procedure, Defendant Mariesha Apollon hereby offers to allow Judgment to be entered against her in this action in the amount of two hundred thousand dollars and no cents ($200,000.00), including all of Plaintiffs' claims for relief. This shall be the total amount to be paid by Defendant Mariesha Apollon on account of any liability claimed in this action, including all costs of suit and attorney's fees otherwise recoverable in this action by Plaintiffs.

This offer of judgment is made for the purposes specified in Federal Rule of Civil Procedure 68, and is not to be construed as either an admission that Defendant, Mariesha Apollon, is liable in this action, or that Plaintiffs, Jacob and James Jung, Administrators of the Estate of Louis Jung, Jr., have suffered any damage.

If Plaintiffs do not accept this offer, they may become obligated to pay Defendants' costs, and arguably, attorneys' fees incurred after the making of this offer.

To accept this Offer, Plaintiff must serve written notice of acceptance thereof within fourteen (14) days of the date this offer is made.  If Plaintiff does not accept this offer as specified herein, then Defendants' offer shall be deemed withdrawn in accordance with Rule 68.

This Offer is not an admission of liability, injury or damages by Defendant Mariesha Apollon, but rather is made solely for the purpose of compromising a disputed claim.

This Offer of Judgment shall not be filed with the Court unless (a) accepted or (b) in a proceeding to determine costs.

Respectfully submitted,
KIERNAN TREBACH LLP

By:_____
SARAH M. BAKER, ESQUIRE
JONATHAN KAMINSKY, ESQUIRE
Kiernan Trebach LLP
1801 Market Street, Suite 770
Philadelphia, PA 19103
215-569-4433
sbaker@kiernantrbach.com
jkaminsky@kiernantrebach.com
*Attorneys for Defendant, Mariesha Apollon*

Date: January 5, 2026

# IN THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **JACOB AND JAMES JUNG,** | : | |
| **ADMINISTRATORS OF ESTATE** | : | |
| **OF LOUIS JUNG, JR,** | : | **CIVIL ACTION:** |
| **PLAINTIFFS,** | : | |
| | : | **No. 24-cv-05618-TJS** |
| **v.** | : | |
| | : | |
| **CITY OF PHILADELPHIA;** | : | |
| **BLANCHE CARNEY, FORMER** | : | |
| **COMMISSIONER OF PHILADELPHIA DEPT.:** | | |
| **OF PRISONS; LAITHA TRIVIKRAM;** | : | |
| **MAUREEN GAY; YESCARE CORP.;** | : | |
| **MARIESHA APOLLON; BLAIRE CABELLOS;:** | | |
| **GENA FRASIER; AND WANDA BLOODSAW** | : | |
| **DEFENDANTS.** | : | |

## CERTIFICATE OF SERVICE

I, Sarah M. Baker, Esquire, certify that the foregoing Rule 68 Offer of Judgment of Mariesha Apollon was served via electronic mail on counsel for Plaintiffs, Bret Grote, Esquire, on January 5, 2026.

By:_____
SARAH M. BAKER, ESQUIRE

Date: 1/5/2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : | No. 2:24-cv-05618-TJS |
| Plaintiff, | : : : | |
| v. | : : | **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : : : : : : : | |
| Defendants. | | |

### PLAINTIFFS' ACCEPTANCE OF DEFENDANT APOLLON'S RULE 68 OFFER

To: Sarah M. Baker, Partner
Kiernan Trebach LLP
Ten Penn Center, Suite 770
1801 Market Street
Philadelphia, PA 19103-1606

      This letter is being sent to serve written notice that Plaintiffs in the above-captioned matter, Jacob and James Jung, acting as the Administrators of the Estate of Louis Jung, Jr., hereby accept the Rule 68 Offer of Judgment made by your client, Mariesha Apollon, on January 5, 2026, to allow judgment to be entered against her in this case in the amount of $200,000.

Respectfully submitted,

*[signature]*

Bret Grote
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085

1

*/s/ Margaret Hu*
Staff Attorney
PA ID No. 334438
*/s/ Lolo Salsbury Serrano*
Legal Fellow
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

## **CERTIFICATE OF SERVICE**

I, Bret Grote, Esq., hereby certify that I caused a true and correct copy of the foregoing

Plaintiffs' Acceptance of Defendant Apollon's Rule 68 Offer to be served upon counsel for

Defendant Apollon, Sarah Baker and Jonathan Kaminsky, via email on January 9, 2026.

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123


*Counsel for Plaintiffs*

**Exhibit C – Settlement Agreement Between Plaintiffs and YesCare**

## JOINT TORTFEASOR RELEASE

**This Joint Tortfeasor Release** ("Release") is made and entered into by **JACOB JUNG and JAMES JUNG as the Administrators of the Estate of Louis Jung** (hereinafter "Plaintiffs"), on their own behalf and on behalf of their successors and assigns.

**WHEREAS**, Plaintiffs have prosecuted a claim for personal injury arising out of events more fully described in the Complaint filed by Plaintiffs in the United States District Court for the Eastern District of Pennsylvania, docketed at 24-CV-05618 naming **YESCARE CORPORATION**, ("YesCare" or "Settling Defendant") among others, as a defendant, said events involving the medical treatment administered to their father, **LOUIS JUNG** ("Decedent"), for his diabetic condition, which is alleged to have led to his death on November 6, 2023 as a result of diabetic ketoacidosis; and,

**WHEREAS**, the Plaintiffs and YesCare, only, desire to settle the matters raised in this action, as between the Plaintiffs and YesCare, together with any and all other matters pertaining to the above noted action that might be raised in the future between the parties to this Release; and,

**WHEREAS**, the Plaintiff and YesCare wish to make a full, complete, and final settlement of all those matters between them.

**NOW THEREFORE**, with the foregoing background being incorporated herein by reference, and made a part hereof, this Release is being made.


## THE SETTLEMENT AMOUNT AND PAYMENTS:

1

Intending to be legally bound hereby and for and in consideration of the sum of one million dollars ($1,000,000.00) (the "Settlement Amount"), payable as hereinafter described by YesCare to the Plaintiffs, the undersigned do fully release and forever discharge YesCare, and all persons who were YesCare's employees, principals or actual agents, their respective heirs, executors, administrators, predecessors, successors or assigns, and insurers.

Payment of the Settlement Amount will be made by YesCare in 18 installments, on a once-monthly basis. The first payment, in the amount of fifty-five thousand, five hundred fifty-five dollars and fifty-five cents, ($55,555.55) will be paid no later than thirty (30) days following the receipt by YesCare's counsel of a fully executed copy of this release, together with an order of the Court approving the Plaintiffs' Petition for Decedent's Compromise. Thereafter, subsequent payments in the identical amount will be paid by YesCare on the same day of each subsequent month as the date of the initial payment until 18 monthly payments are made.

## CONFESSION OF JUDGMENT:

In the event any monthly payment as described in the foregoing paragraph is not timely made, and cure of such non-payment is not effected within ten (10) days after the due date, YesCare hereby empowers any prothonotary, clerk of court, or attorney of any court of record to appear for YesCare in any and all actions which may be brought for the collection of the arrearages, including, but not limited to, the entirety or any portion of the one million dollar ($1,000,000.00) Settlement Amount then remaining to be paid, and to execute for YesCare an agreement for entering in any competent court any action or actions for the recovery of the unpaid sums, and in such suits or in said action or actions to confess judgment against YesCare

2

for all or any part of the then-remaining portion of the Settlement Amount, together with interest and costs. Such authority shall not be exhausted by one exercise thereof, but judgment may be confessed as herein described from time to time and as often as any payment(s) due shall be in arrears.

### RELEASE OF YESCARE CORPORATION:

By this Release, the undersigned intend to release YesCare from any or all causes of action, claims and demands of whatsoever kind on account of all present or future known and unknown injuries, losses and damages of any kind sustained or claimed to have been or to be sustained by the Plaintiffs and/or the Plaintiffs' Decedent arising out of their cause(s) of action listed above, including any claims, or joinder, for sole liability, contribution, indemnity or otherwise, as a result of, arising from, or in any way connected with any or all actions by YesCare and/or its employees. The undersigned do understand and agree that the payment of the settlement amount made pursuant hereto is made in connection with a disputed claim and that the payment of said sums is not and shall not be construed as an admission of liability by YesCare, such liability being expressly denied.

### FURTHER PROSECUTION BY THE PLAINTIFFS:

The undersigned specifically reserve the right to prosecute any claim against any other persons or entity, including specifically, Co-Defendants, the City of Philadelphia, Blanche Carney, Gena Frasier, and Wanda Bloodsaw (the "City Defendants"), and to assert that they, and not YesCare, are solely liable to the undersigned for the Plaintiffs' damages or injuries as a result of the aforementioned occurrences. Notwithstanding any other language in this Joint Tortfeasor Release, the undersigned specifically reserve the right to make any and all claims

3

against the City Defendants.

If at trial the jury should find YesCare liable directly to the Plaintiffs, the Plaintiffs agree that the payment of the above settlement amount will be deemed to have been accepted by them as complete satisfaction of any such award. In such instance the Plaintiffs agree to hold YesCare harmless for any verdict rendered by the jury in connection with the Plaintiffs' direct claims against YesCare in excess of the Settlement Amount.

If at trial the jury should find YesCare liable to the Plaintiffs and also find the City Defendants liable to the Plaintiffs, then, in that event, the Plaintiffs agree YesCare's settlement amount in this agreement will effectuate complete satisfaction of any and all obligations of YesCare, either by way of direct liability or by way of any claims by the City Defendant for common law or contractual contribution or indemnity.

**SUBROGATION INTERESTS OF THIRD PARTIES**:

The Plaintiffs hereby agree to indemnify and hold YesCare harmless from any and all claims, and/or liens, and/or subrogated interests herein which the settlement amount funds may be required to reimburse. This includes past and future claims of any type arising from these incidents and any attorney's liens.

The Plaintiff agrees to hold harmless and indemnify YesCare from any loss, claim, liability, and/or damages associated with attorneys' fees, costs or expenses of litigation, arising from an adjudication of liability against them in the aforementioned action, and any liens held by those who paid insurance benefits on behalf of the Plaintiffs or the Plaintiffs' Decedent.

4

The undersigned agree to hold harmless and indemnify YesCare from and against any and all claims for tax liability.   The undersigned will be solely responsible for payment of any and all taxes with respect to their receipt of the settlement amount set forth above.

**WAIVER OF FUTURE CLAIMS**:

It is expressly understood and agreed that this Joint Tortfeasor Release is intended to cover and does cover not only all known injuries, losses and damages, but also any further injuries, losses and damages which arise or result from, or are related to, the occurrences described in the aforementioned legal action.

**ENTIRE RELEASE**:

It is further understood and agreed that this is the complete Joint Tortfeasor Release and that there are no written or oral understandings or agreements directly or indirectly connected herewith that are not incorporated herein.   This agreement shall be binding upon the heirs, executors, administrators, successors, assigns, and legal representatives of the parties hereto.

**THE REMAINDER OF THIS PAGE IS INTENTIONALLY BLANK**

5

WE HAVE READ THIS JOINT TORTFEASOR RELEASE CAREFULLY

BEFORE SIGNING IT, AND WE UNDERSTAND IT AND HAVE HAD ITS EFFECT

EXPLAINED TO US BY OUR ATTORNEYS.

IN WITNESS WHEREOF, and intending to be legally bound, we have hereunto set
our hands and seals this _____26th_____ day of _____February_____ ,
2026.

_____          _____
WITNESS                                                        JACOB JUNG

_____          _____
WITNESS                                                        JAMES JUNG

6

**Exhibit D – Declarations of Jacob and James Jung**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : <br> : <br> :    No. 2:24-cv-05618-TJS <br> : |
|        Plaintiff, | : <br> : |
|    v. | : <br> :    **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : <br> : <br> : <br> : <br> : <br> : <br> : |
|        Defendants. | : <br> : |

## DECLARATION OF JACOB JUNG

Pursuant to 28 U.S.C. § 1746, I, Jacob Jung, declare under penalty of perjury, as follows:

1. I am the son of Louis Jung, Jr., who died on November 6, 2023 at the age of 50.

2. I, along with my brother James, was appointed as the Administrator of the Estate of Louis Jung, Jr. by the Philadelphia County Register of Wills. I understand that with that appointment, I have a responsibility to protect the legal interests of the Estate and of my father's heirs.

3. In my role as Administrator of the Estate, I sought to retain counsel to pursue litigation concerning the circumstances of my father's death. I signed an agreement retaining my attorneys and agreeing to pay my attorneys a contingent fee equal to one-third of any financial recover. I also agreed to reimburse my attorneys for any out-of-pocket expenses they incurred.

1

4. Based on my attorney's advice, I decided to file a civil rights lawsuit in this Court. After the case was started, I closely followed the litigation and remained in frequent contact with my attorneys concerning the progress of the case.

5. When my attorneys advised that the claim against Defendant Apollon could be settled, I consulted with my attorneys about the range of possible results if the case were to go to trial. On January 5, 2026, I agreed to a final settlement of the claims against Defendant Apollon, and I authorized my attorneys to accept the Rule 68 Offer made by Defendant Apollon. I believe that the settlement amount is a fair and appropriate result on this claim.

6. When my attorneys advised that the claims against YesCare Defendants could be settled, I consulted with my attorneys about the range of possible results if the claims against them were to go to trial. On February 26, 2026, I agreed to a final settlement against YesCare Defendants.

7. My attorneys have provided me with a chart showing the proposed distribution of the settlement funds, including payment of contingent attorneys' fees and reimbursement for my counsels' costs. I believe that the distribution of the settlement funds presented by my attorneys is fair and appropriate and is consistent with the retainer agreement I signed with my attorneys.

8. My attorneys have explained to me the allocation of the settlement proceeds between wrongful death funds and survival funds. I have reviewed the allocation proposed by my attorneys, and I believe that the allocation is fair and appropriate in this case.

9. Based on all of the above, I request that the Court grant the request for approval of the settlement in this case and that the Court approve the proposed distributions and allocation of the settlement funds.

2

Executed this 9th day of March, 2026.

Jacob Jung

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | :<br>:<br>: No. 2:24-cv-05618-TJS |
| Plaintiff, | :<br>: |
| v. | :<br>: **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | :<br>:<br>:<br>:<br>:<br>:<br>: |
| Defendants. | :<br>: |

## DECLARATION OF JAMES JUNG

Pursuant to 28 U.S.C. § 1746, I, James Jung, declare under penalty of perjury, as follows:

1. I am the son of Louis Jung, Jr., who died on November 6, 2023 at the age of 50.

2. I, along with my brother Jacob, was appointed as the Administrator of the Estate of Louis Jung, Jr. by the Philadelphia County Register of Wills. I understand that with that appointment, I have a responsibility to protect the legal interests of the Estate and of my father's heirs.

3. In my role as Administrator of the Estate, I sought to retain counsel to pursue litigation concerning the circumstances of my father's death. I signed an agreement retaining my attorneys and agreeing to pay my attorneys a contingent fee equal to one-third of any financial recover. I also agreed to reimburse my attorneys for any out-of-pocket expenses they incurred.

4. Based on my attorney's advice, I decided to file a civil rights lawsuit in this Court. After the case was started, I closely followed the litigation and remained in frequent contact with my attorneys concerning the progress of the case.

5. When my attorneys advised that the claim against Defendant Apollon could be settled, I consulted with my attorneys about the range of possible results if the case were to go to trial. On January 5, 2026, I agreed to a final settlement of the claims against Defendant Apollon, and I authorized my attorneys to accept the Rule 68 Offer made by Defendant Apollon. I believe that the settlement amount is a fair and appropriate result on this claim.

6. When my attorneys advised that the claims against YesCare Defendants could be settled, I consulted with my attorneys about the range of possible results if the claims against them were to go to trial. On February 26, 2026, I agreed to a final settlement against YesCare Defendants.

7. My attorneys have provided me with a chart showing the proposed distribution of the settlement funds, including payment of contingent attorneys' fees and reimbursement for my counsels' costs. I believe that the distribution of the settlement funds presented by my attorneys is fair and appropriate and is consistent with the retainer agreement I signed with my attorneys.

8. My attorneys have explained to me the allocation of the settlement proceeds between wrongful death funds and survival funds. I have reviewed the allocation proposed by my attorneys, and I believe that the allocation is fair and appropriate in this case.

9. Based on all of the above, I request that the Court grant the request for approval of the settlement in this case and that the Court approve the proposed distributions and allocation of the settlement funds.

Executed this 9th day of March, 2026.

James Jung

**Exhibit E – Department of Human Services Letter**



**pennsylvania**
DEPARTMENT OF HUMAN SERVICES

February 20, 2026

BRET GROTE
ABOLITIONIST LAW CENTER
213 SMITHFIELD ST
ROOM 217
PITTSBURGH PA  15222

Re: Louis Jung
SSN: ###-##-3524

Dear Attorney:

Pursuant to your letter dated February 04, 2026, the Department of Human Services (DHS), Third Party Liability (TPL) - Casualty Unit, has reviewed the information you provided regarding the above-referenced individual.

DHS has determined this individual stopped receiving medical assistance on March 14, 2023.  Therefore, the Department's TPL - Casualty Unit has no claim on this individual.

If this case has already settled, in the event you bring any action against another party that may result in further recovery, you must comply with the statutory notice requirement pursuant to §1409(b)(5), as the Department reserves its right to seek recovery of medical claims we paid related to this incident.

Please contact DHS within thirty (30) days of settlement or thirty (30) days prior to a hearing regarding damages for this incident so that DHS can determine if there is a claim at that time.

If you have any questions, please feel free to contact me.

Sincerely,

Third Party Liability Recovery Unit
1-866-850-8117
717-772-6553 FAX

**Exhibit F – Department. of Revenue letter**

REV mL018 2

 **pennsylvania**
DEPARTMENT OF REVENUE
HARRISBURG PA  17128-2005

|||||||||||||||||||||||||||||||||||||||||||||

ABOLITIONIST LAW CENTER
BRET GROTE, ESQUIRE
990 SPRING GARDEN ST STE 306
PHILADELPHIA PA  19123-2639

| | |
|---|---|
| Date Issued | 03/16/2026 |
| Letter ID | L0042041435 |
| Case Number | 0-011-488-413 |

**Wrongful Death Survival Action Allocation**

The Pennsylvania Department of Revenue received the Petition for Approval of Settlement Claim to be filed on behalf of the below-referenced estate in regard to a Wrongful Death and Survival Action. It was forwarded for the approval of allocated proceeds paid to settle the actions.

According to the petition, the decedent died as a result of medical negligence. The decedent is survived by their children. The decedent was 50 years old.

---

**Account Information**
Estate of: JUNG JR, LOUIS W                                        File Number: 5123A5668

---

**Departmental determination**
If you have any questions regarding this matter, please direct them using the contact information listed below.

Jason Kreiser
(717) 787-8327

Please be advised that, based upon these facts and for Inheritance Tax purposes only, the department has no objection to the proposed allocation of the gross proceeds of this action:

Wrongful Death Claim: $960,000.00
Survival Action Claim: $240,000.00

Proceeds of a Survival Action are an asset included in the decedent's estate and are subject to the imposition of Pennsylvania Inheritance Tax (42 Pa. C.S.A. § 8302) (72 P.S. §§ 9106, 9107). Costs and fees must be deducted in the same percentages as the proceeds are allocated (*Estate of Merryman*).

As the department has no objections to the petition, an attorney from the Pennsylvania Department of Revenue will not be attending any hearing regarding it.

Please use the contact information provided above if you or the Court have any questions or requires anything additional from this bureau.

---

**References**                    In re Estate of Merryman, 669 A.2d 1059 (Pa. Cmwlth. Ct. 1995)

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : | No. 2:24-cv-05618-TJS |
| Plaintiff, | : : | |
| v. | : : | **JURY TRIAL DEMANDED** |
| CITY OF PHILADELPHIA; YesCare Corp.; BLANCHE CARNEY, Former Commissioner of Philadelphia Dept. of Prisons; LALITHA TRIVIKRAM; MAUREEN GAY; MARIESHA APOLLON; BLAIR CABELLOS; GENA FRASIER; WANDA BLOODSAW, | : : : : : : : : | |
| Defendants. | : : | |

**ORDER[1]**

**AND NOW** this _____ day of _____, 2026, upon

consideration of Plaintiff's Petition to Settle Wrongful Death and Survival Action filed in the

captioned matter, it is hereby **ORDERED** that the Petition is **GRANTED**, and Plaintiffs Jacob

and James Jung, Administrators of the Estate of Louis Jung, Jr., are authorized to enter into a

settlement with the defendants in this matter in the gross sum of $1,200,000. **IT IS FURTHER**

**ORDERED** that the settlement proceeds are allocated and shall be distributed, as follows:

**Allocation of Gross Settlement**

| | |
|---|---|
| Gross Settlement | $1,200,000 |
| Attorneys' Fees to Abolitionist Law Center | $395,000 |
| Reimbursement of Litigation Costs to Abolitionist Law Center | $15,000 |
| Lien to Pennsylvania Department of Human Services | $0 |

11

| Net Proceeds to Estate and Wrongful Death Beneficiaries | $790,000 |
|---|---|

### Allocation of Net Proceeds to Estate and Wrongful Death Beneficiaries

| Allocated to Wrongful Death Beneficiaries' Claims (80% of net recovery), with one-third of the allocation paid to each of the decedent's children Louis Jung III, Jacob Jung, and James Jung. | $632,000 |
|---|---|
| Allocated to Estate's Survival Claims (20% of net recover) | $158,000 |

**CERTIFICATE OF SERVICE**

I, Bret Grote, Esq., hereby certify that I caused a true and correct copy of the foregoing

Petition to Settle to be electronically filed on March 10, 2026, and thereby served upon all parties

entered into the Court's ECF system.

/s/ *Bret Grote*
_____

Bret Grote