**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : : | |
| Plaintiffs, | : : | Civil Action No. 2:24-cv-05618 |
| v. | : : | |
| CITY OF PHILADELPHIA, et al., | : : | |
| Defendants. | : | |

**DEFENDANTS' RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION FOR ATTORNEYS' FEES**

Defendants, City Philadelphia, Blanche Carney, and Wanda Bloodsaw, oppose Plaintiff's motion for attorneys' fees and costs, and respectfully ask the Court to reduce it to an award that reflects reasonable fees and Plaintiffs' partial success.

**I.    FACTUAL BACKGROUND**

Plaintiffs sued nine entities, the three moving defendants, an additional Correctional Officer named Gena Frasier, YesCare Corp, three employees of YesCare, and an additional medical provider, Marisha Apollon. Plaintiffs' claims against two of the three YesCare employees and Ms. Apollon were specifically for medical negligence. ECF 27. Plaintiffs, in their brief, describe two theories of liability against the City. Plaintiffs did not prevail on both theories and only prevailed on the theory related to supervision of YesCare. Officer Frasier received a verdict in her favor against Plaintiffs. See the verdict sheet attached hereto as Exhibit A. Plaintiffs' case against Officer Frasier was premised upon two separate interactions with Mr. Jung, one on the morning of November 5th and then a second in the afternoon of November 5th. Plaintiffs alleged

Officer Frasier did not provide Mr. Jung with access to medical care, did not conduct her tours properly, and did not verify that Mr. Jung refused his insulin. The jury did not find any of those allegations proven.

Plaintiffs' pretrial demand to the City was $15,000,000. Plaintiffs submitted a demand letter that referenced multiple out of jurisdiction cases with many verdicts of at least $1,000,000. See Demand Letter attached hereto to as Exhibit B. The jury verdict in total was under $1,700,000. ECF 221.

Plaintiffs conducted eleven fact witness depositions. Including the three defendants who testified, only five of those witnesses testified at trial. Two of those witnesses were fact witnesses used against Officer Frasier. Plaintiffs did not prevail against Officer Frasier.

## II.    LEGAL STANDARD

A fee award must be reasonable. Hensley v. Eckerhart, 461 U.S. 424, 433 (1983). "A party seeking attorney fees bears the ultimate burden of showing that its requested hourly rates and the hours it claims are reasonable." Interfaith Cmty. Org. v. Honeywell Int'l, Inc., 426 F.3d 694, 703 n.5 (3d Cir. 2005), as amended (Nov. 10, 2005). "Counsel for the prevailing party should make a good faith effort to exclude from a fee requested hours that are excessive, redundant, or otherwise unnecessary, just as a lawyer in private practice ethically is obligated to exclude such hours from his fee submission." Hensley, 461 U.S. at 434. When faced with a challenged fee petition, "a district court must conduct 'a thorough and searching analysis.'" Interfaith, 426 F.3d at 703 n.5, quoting Evans v. Port Auth. of N.Y. & N.J., 273 F.3d 346, 362 (3d Cir. 2001).

## III.    ARGUMENT

Courts use the lodestar method of analyzing fee petitions. Maldonado v. Houstoun, 256 F.3d 181 (3d Cir. 2001). The lodestar is intended to "produce[] an award that approximates the fee

2

the prevailing attorney would have received for representing a paying client who was billed by the hour in a comparable case." Purdue v. Kenny A. ex rel. Winn, 559 US 542, 551 (2010). However, the petitioner must exercise 'billing judgment' with respect to hours worked, . . . and should maintain billing time records in a manner that will enable a reviewing court to identify distinct claims." Hensley, 461 U.S. at 424. Billing judgment "is an important component in fee setting . . . Hours that are not properly billed to one's client also are not properly billed to one's *adversary* pursuant to statutory authority." Id. at 434 (emphasis in original). Plaintiffs fee petition is rife with unsound billing judgment warranting a reduction.

  A. *Officer Frasier was the prevailing party against Plaintiffs*

  The jury returned a verdict in favor of Officer Fraiser. This has not stopped Plaintiffs' counsel from including all the billing they did in bringing a case against Officer Frasier. Plaintiffs' counsel argue that this is allowable under a "common core of facts" theory. ECF 222-1 at p. 14. The trial, and Plaintiffs' own arguments, bely that there was a common theory. Plaintiffs brought a case premised on two distinct theories of liability against the City. One based on a custom of not training corrections officers how to tour or respond to medical emergencies and another for failing to adequately supervise YesCare. The evidence for both does not overlap. Plaintiffs argued that Officer Fraiser did not provide medical access to medical care to Mr. Jung, when she escorted a nurse to his cell and the nurse saw no reason to provide medical care. Plaintiffs further alleged that Officer Fraiser did not tour the unit sufficiently to check on Mr. Jung. Plaintiffs additionally alleged that when Mr. Jung was due to get his afternoon dose of insulin, that Officer Fraiser was too busy watching a football game to notice if he refused or not, despite her noting it in the log book and telling medical staff.

Plaintiffs did not prevail in their case against Officer Fraiser, nor did they prevail in the case against the City for a custom of not training corrections officers. The Court crafted the verdict sheet to allow for two distinct ways in which Defendant Carney, as a final policy maker of the City, could be found liable. The Jury was directed to one of those theories only if they found one of the officers liable. See Exhibit A at italics after question #2. Having found Defendant Bloodsaw liable, the jury then went to the question related to Defendant Carney, and specifically found her not liable in relation to Lt. Bloodsaw. Id. at question #3. Therefore, the jury only found the City and Defendant Carney liable on a theory relating to the supervision of YesCare.  The evidence presented against Lt. Bloodsaw was solely based on her own interaction with Mr. Jung in the morning of November 5th. This interaction was after and independent of Officer Fraiser's interaction.

Officer Fraiser is not connected to that theory. Lt. Bloodsaw's liability was independent of Officer Frasier's actions. Two thirds of the correctional expert's opinions that were admissible at trial were related to Officer Fraiser. The Plaintiffs are not the prevailing party against Officer Frasier, nor can they attempt to shoehorn the fees[1] for the case against her into another theory of the case. This is grounds for a reduction in the petition.

B.  *Plaintiffs ADA and RA claim did not survive to trial*

Plaintiffs brought a claim against the City for allegedly violating the Americans with Disabilities Act and a related Rehabilitation Act claim. ECF 27. Plaintiffs devolved no evidence to support these claims and summary judgment was granted in the City's favor as to both.

---

[1] Attorney Grote bills on 5/26/25 and 5/30/25 in part for drafting discovery requests to Frasier, on 7/16/25 and 7/30/25 for emails related to Frasier, 8/15/25, 8/18/25, and 8/20/25 for work done related to the deposition of Frasier; Attorneys Holsten and Rashatwar bill on 8/18/25 for the deposition of Frasier; Attorney Cozzens bills on 1/8/26 reviewing Fraiser RPD responses; Attorney Serrano bills on 11/11/25 for Frasier doc review;

Plaintiffs' counsel still includes bills for this claim in their fee petition.[2] They were not the prevailing party on these claims, therefore an additional reduction is warranted.

   C. *Plaintiffs' counsel conducted significant duplication of billing.*

   Plaintiffs' Counsel had no less than three attorneys attending each deposition in this case. Only one of those attorneys asked questions of the deponent or defended a deponent on the record. "In many cases, the attendance of additional counsel representing the same interests as the lawyers actually conducting the deposition is wasteful and should not be included in a request for counsel fees from an adversary." Halderman by Halderman v. Pennhurst St. Sch. & Hosp., 49 F.3d 939, 943 (3d Cir. 1995) (discounting in part excess attorney for lack of coordination and reducing award where overly qualified attorney did tasks that could be handled by paralegal) (citing Hensley, 461 U.S. at 434).

   In addition to the eleven fact witnesses[3] mentioned, both Plaintiffs were deposed at one deposition[4], as were one of the expert witnesses[5] and two corporate designees of the City[6]. That is **fifteen** depositions that Plaintiffs' attorneys overstaffed and are now seeking payment for in the petition. Neither Major Powers, Xavier Beaufort, Nurse Jeoboham, Nurse Apollon, Dr. Gay, nor

---

[2] Attorney Rashatwar bills on 7/18/24, 8/12/24, and 8/20/24 for work solely done in the ADA claim; each of Attorney Rashatwar, Grote, Holsten, and Hu bill for reviewing and drafting the Complaint, which is inclusive of the ADA Claim. Attorney Grote bills on 6/19/24 in part for reviewing Attorney Hu's memo on ADA standards and on 12/7/24 and 12/30/24 for research on ADA case law.

[3] Attorneys Grote, Holston, and Rashatwar all bill for the depositions of Fraiser (8/18/25), Bloodsaw (8/12/25), and Marueen Gay (9/8/25); Attorneys Grote, Hu, Rashatwar and Holston all bill for the deposition of Cabellos (9/4/25), Attorneys Grote, Hu, and Rashatwar all bill for the depositions of Carney (10/23/25), Apollon (11/5/25), and Witkowski (11/12/25); Attorneys Rashatwar, Serrano, and Hu all bill for the deposition of Jay (10/10/25); Attorneys Grote, Hu, and Serrano, all bill for the depositions of Beaufort (11/14/25), Trivikram (11/17/25), and Jeoboham (11/18/25). Paralegal Austen bills for the depositions of Cabellos, Jay, Powers, Carney, Varghese, Apollon, and Beaufort.

[4] Attorneys Grote, Hu, Holston, and Rashatwar all bill for prepping the Plaintiffs on 9/2/25 and all except Attorney Rashatwar for the deposition of Plaintiffs on 9/8/25.

[5] Attorneys Grote, Hu, and Rashatwar all bill for the disposition of Wallenstein (12/10/25).

[6] Attorneys Grote, Hu, and Serrano, all bill for the depositions of Powers (10/16/25), Varghese (10/24/25).

Dr. Trivikram were called by Plaintiffs at trial. The significant duplication of fees requires a significant reduction in the award.

>    D. *Plaintiffs' counsel bill for administrative or clerical work and include costs not*
>       *recoverable*

Plaintiffs' counsel bill for many non-lawyer tasks.[7] Frequently even labeling these as "Admin" in the bills. These include sending emails for scheduling, saving documents to an electronic file, taking lunch, and transporting files to court. "Clerical tasks should not be billed at senior associate or paralegal rates." Sheffer v. Experian Information Solutions, Inc., 290 F. Supp. 2d 538, 549 (E.D. Pa. 2003). See also McGuire v. Neidig, Civil Action No. 14-1531, 2017 WL 1319930, at *5 (W.D. Pa. Apr. 7, 2017) (reducing the attorney's requested fees for time he spent on "clerical or administrative tasks," which included telephone calls related to scheduling and rescheduling an "ENE" and email exchanges related to scheduling mediation); Roccisano v. Township of Franklin, Civ. Action No. 11-6558 (FLW)(LHG), 2015 WL 3649149, at *9 (D.N.J. June 11, 2015) ("I find that tasks such as mailing letters, forwarding documents by email, checking a calendar, and receiving documents are purely clerical tasks which should not be billed to clients."); In re Johnson & Johnson Deriv. Litig., No. 10-2033(FLW), 2013 WL 11228425, at *49 (D.N.J. June 13, 2013) (reducing time where an attorney "billed 0.2 hours on October 2, 2012, October 8, 2012, October 10, 2012, October 11, 2012 and October 16, 2012 for [the] paralegal to schedule conference calls" because it is a "non-compensable administrative task"); Holzhauer v. Hayt, Hayt & Landau, Civil Action No. 11-2336, 2012 WL 3286059, at *8–9 (D.N.J. Aug. 10, 2012) (finding certain communications to be administrative and reducing fees for those tasks, including "faxed continuance letter to court & defendant's counsel" and an email "following up on

---

[7] Attorneys Grot, Rashatwar, Hu, and Serrano have multiple billing entries for administrative tasks. Almost all Paralegal Austen's bills are for non-compensable clerical work. This includes tasks and costs of administration of the estate, which was not a litigation activity.

discovery responses and rescheduling deposition in this matter"); H.W. v. N.Y.C. Dep't of Ed., No. 20-CV-10591 (RA), 2022 WL 541347, at *4 (S.D.N.Y. Feb. 23, 2022) ("Further, several billing entries indicate that time was billed for the mere receipt and filing of electronic or paper documents and the review of ECF notifications. Such activities, which are purely administrative in nature, are generally not compensable."); MacCartney v. Gordon, Aylworth, & Tami, P.C., Case No. 3:18-cv-00568-AR, 2022 WL 1462821, at *6 (D. Or. Apr. 19, 2022), *report & recommendation adopted*, 2022 WL 1462657 (D. Or. May 9, 2022) (noting that the attorney's time included administrative tasks, such as "coordinating court reporters and paying invoices," and recommending that those entries be eliminated from his time because "clerical work [is not] compensable"). Pennsylvania State Lodge Fraternal Ord. of Police v. Twp. of Springfield, No. CV 23-332-KSM, 2024 WL 1219960, at *5 (E.D. Pa. Mar. 21, 2024)

Plaintiffs include reimbursements for office supplies in their list of costs.[8] "The cost of office supplies is not recoverable as a cost." Becker v. ARCO Chem. Co., 15 F. Supp. 2d 621, 636 (E.D. Pa. 1998). Further reduction of the award is warranted based on the impermissible billing and costs included in the petition.

### E. Plaintiffs' counsel bill for evidence not relevant to or used against the City

In Plaintiffs' petition, they explicitly acknowledge that they are not seeking costs for the use of their corrections nursing expert.[9] ECF 222-1 at p.15. However, despite not using the corrections nursing expert against any of responding defendants, Plaintiffs' fee petition includes substantial billing for consultation and review with said expert. Additionally, all the costs related to that expert appear in the lists of costs.

---

[8] For costs incurred on 3/10/26 and 12/3/25.

[9] Multiple billers bill for communication and prep with or reviewing of the report of expert Roscoe, including on 6/13/25, 9/19/25, 10/2/25, 10/23/25, 11/18/25, 11/19/25, 11/21/25, 12/1/25, 12/2/25, 2/15/26, 2/16/26 and include costs related to expert Roscoe's report

Further, Plaintiffs' counsel includes many hours from multiple attorneys for billing related to experts that were not only not used at trial, but who produced no report provided in discovery.[10] There is nothing connecting that billing to any of the evidence used in this case.

Lastly, Plaintiffs are billing for work done solely related to the Nurse Apollon[11] and or for communication with YesCare. Not only are these included in the submission in the Application to settle against Defendant Apollon and YesCare Defendants (ECF 215 and 217), but these are also inclusive of bills for witnesses not used against responding defendants. For all these reasons, an additional reduction in the award is warranted.

*F. Plaintiffs' counsels' errors in billing.*

In Attorney Hu's declaration the amount is calculated at 455.2 hours × $280 for a total of $127,456.00. In the time log, the subtotal says $129,732.00 — a ~$2,276 discrepancy. The Exhibit 1 summary uses $127,456, so either the time log is wrong or hours were overcounted. Either way, this is a clear error on the face of the submission.

Attorney Serranos time records run from September 18, 2025 through March of 2026. Attorney Serrano was not admitted to the bar until October 2025 and the Eastern District of Pennsylvania until November 2025. Her earliest entries (9/18–10/10/25) include substantive legal work — legal research, discovery extension standards, deposition prep, summary judgment outline work — billed at $235/hr attorney rates while she was a law student/intern. The CLS schedule has a law student rate of $140–190/hr. Approximately 10–15 hours of her earliest entries likely should be at the law student rate, not the attorney rate. Both facts warrant a further reduction in the award.

---

[10] Multiple billers bill for communication and review with unused experts on 1/20/24, 1/23/24, 1/24/24, 1/30/24, 2/22/24, 3/11/,24, 3/22/24, 8/13/24, 8/28/24, 8/29/24, 6/1/25, and 6/4/25.

[11] These are found in the bills of Attorneys Grote, Holston, Rashatwar, Hu, and Serrano, as well as Paralegal Austen from 3/25/27 through 2/12/26. The depositions highlight numerous bills related to unused witnesses as they were not witnesses germane to the case against responding Defendants.

### G. Plaintiffs had a partial degree of success

In a calculating the lodestar amount, "the most critical factor is the degree of success obtained." Hensley, 461 U.S. at 436. "The concept of having reduced fees awarded based on partial success is not a new one—indeed, it is well settled in our jurisprudence." Lohman v. Duryea Borough, 574 F. 3d 163, 168 (3rd Cir. 2009), citing Hensley, 461 U.S. at 436. "Where recovery of private damages is the purpose of . . . civil rights litigation, a district court, in fixing fees, is obligated to give primary consideration to the amount of damages awarded as compared to the amount sought." Farrar v. Hobby, 506 U.S. 103, 114 (1992), quoting Riverside v. Rivera, 477 U.S. 561, 585 (1986) (Powell, J., concurring in judgment)).

This "assessment is distinct from a proportionality analysis between the amount of damages awarded and the amount of counsel fees requested, which is an impermissible basis upon which to reduce a fee award." Sheffer v. Experian Information Solutions, Inc., 290 F. Supp. 2d 538, 550-551 (E.D. Pa. 2003) (collecting cases where court reduced fees because damages were less than amounts sought). Where there is a substantial "difference between" the amount of damages awarded compared to the amount sought, the court may "justifiably dispense with the lodestar calculation and simply award low fees or no fees." Petrunich v. Sun Bldg. Systems, Inc., 625 F. Supp. 2d 199, 206 (M.D. Pa. 2008), citing Farrar, 506 U.S. at 115. "[A] substantial difference between the judgment recovered and the recovery sought suggests that the victory is in fact purely technical." Id. at 121 (O'Connor, J., concurring).

Not only were Plaintiffs unsuccessful against one Defendant in full, and in one of their two theories of the case, but the judgment amount was also less than 15% of the amount sought. With a $15,000,000 demand, a judgment of $1,500,000 and punitive damages in the amount of $170,000 (as to one defendant only) is in fact, purely technical. A greater than 85% difference in the amount

9

sought and the amount awarded is ostensibly a substantial difference in and of itself allowing for a reduction in the fee award, even absent a lodestar calculation.

**IV.     CONCLUSION**

Based on all the above, responding Defendants are asking this Court for a 60% reduction of the $997,487.13 sought by Plaintiffs' counsel. This would result in an award of $398,994.85. Based on all the reasons for reduction detailed above, this is a judicious request for reduction. With the significant overstaffing, the overlapping of fees for all claims and settled defendants, and to reflect the partial success, a 60% reduction is more than reasonable.

Respectfully submitted,

Date: March 30, 2026

*/s/ Michael Pestrak*
Michael Pestrak
Senior Attorney
Pa. Attorney ID No. 208611
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
215-683-5387 (phone)
215-683-5397 (fax)
michael.pestrak@phila.gov
*Attorneys for Defendants City of Philadelphia, Carney, Frasier, and Bloodsaw*

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|  |  |  |
|---|---|---|
| **JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR,** | : : : : : | |
| **Plaintiffs,** | : : | **Civil Action No. 2:24-cv-05618** |
| **v.** | : : | |
| **CITY OF PHILADELPHIA, et al.,** | : : | |
| **Defendants.** | : | |

CERTIFICATE OF SERVICE

On March 30, 2026, undersigned counsel caused the foregoing Response in Opposition to Plaintiffs' Motion for Attorneys' Fees  to be filed via the Court's electronic filing system, and it is available for downloading to all counsel of record.

Respectfully submitted,

Date: March 30, 2026

/s/ Michael Pestrak
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
*Attorneys for Defendants City of Philadelphia, Carney, Frasier, and Bloodsaw*