**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : | No. 2:24-cv-05618-TJS |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| | : | |
| Defendants. | : | |

**DECLARATION OF BRET GROTE**

Pursuant to 28 U.S.C. § 1746, I declare that the following is true and correct to the best of my knowledge, information, and belief:

1.     My name is Bret Grote. I am the Legal Director of the Abolitionist Law Center (ALC) and am lead counsel in *Jung v. City of Philadelphia, et al*.

2.     A mediation was scheduled in this case on January 15, 2026.

3.     At that mediation, the City of Philadelphia Defendants offered to resolve all claims against them for $750,000. Plaintiffs did not accept that offer.

4.     At that mediation, Plaintiffs did make a joint demand to YesCare and City of Philadelphia Defendants to resolve all claims against them for the collective sum of $4,000,000. The Defendants rejected this demand and did not increase their offers in response.

5.     Plaintiffs settled with YesCare Defendants for $1,000,000, a figure that was agreed-upon in light of YesCare's financial problems.

6.     Plaintiffs also settled a claim against Defendant Apollon for $200,000.

7. Plaintiffs' counsel were also assisted in this case by law student interns during the summer months of 2025. Those students assisted with legal research and deposition preparation, spending many hours reviewing the pleadings and briefing in the case, the discovery record, drafting proposed deposition questions, and researching discrete legal issues. These hours were not included in Plaintiffs' fee petition.

8. Plaintiffs' counsel were also assisted by other ALC staff members who helped conduct research into characteristics of the jury pool prior to and during jury selection itself. These hours were not included in ALC's Fee Petition.

9. Plaintiffs' counsel were joined by non-legal ALC staff at trial. Separately, non-legal staff were involved in media work throughout the pendency of the case. Those hours were not included in ALC's Fee Petition.

10. ALC is a non-profit law firm that employs two-full time paralegals. Those paralegals have extensive responsibilities handling client communications, voluminous correspondence from incarcerated people, legal staff support services, and case work.

11. ALC had one paralegal assigned to assist with the *Jung* case. That paralegal also had considerable other responsibilities outside that case.

12. ALC paralegals assist ALC attorneys in aspects of case work, though it is ultimately the responsibility of ALC attorneys to ensure the effective and timely conduct of discovery, submission of court filings, and communications with opposing counsel and clients.

DATED: April 6, 2026

_____

Bret Grote
Legal Director
Abolitionist Law Center