**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JACOB and JAMES JUNG, as** | : | |
| **Administrators of the Estate of LOUIS** | : | |
| **JUNG, JR,** | : | |
| **Plaintiffs,** | : | **Civil Action** |
| **v.** | : | **No. 2:24-cv-05618** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this _____ day of _____, 2026, upon consideration

of Defendants' Post-Trial Motion for Entry of Judgment on the *Monell* Claims, Remittitur of the

Verdict, and/or a New Trial, it is hereby ORDERED and DECREED that Defendants' Motion is

GRANTED. Judgment is entered in favor of the City of Philadelphia and Blanch Carney.

Alternatively, the verdict for compensatory damages is remitted to $300,000. Alternatively, the

Court orders a new trial to allow for the settled defendants to appear on the verdict sheet.


**BY THE COURT:**


_____

**Timothy J. Savage, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as | : | |
| Administrators of the Estate of LOUIS | : | |
| JUNG, JR, | : | |
| Plaintiffs, | : | Civil Action |
| v. | : | No. 2:24-cv-05618 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**DEFENDANTS' POST-TRIAL MOTION FOR ENTRY OF JUDGMENT ON THE**
***MONELL* CLAIMS, REMITTITUR OF THE VERDICT, AND/OR A NEW TRIAL**

Defendants, the City of Philadelphia, Wanda Bloodsaw, and Blanche Carney ("Remaining Defendants"), hereby file this motion pursuant to Federal Rule of Civil Procedure 50(b) and Federal Rule of Civil Procedure 59. Defendants contend that entry of Judgment Notwithstanding the Verdict for the City of Philadelphia and Blanche Carney is warranted, both because Plaintiffs failed to prove a constitutional violation at all, and they failed to prove liability under *Monell*. Defendants further contend that the Court should grant remittitur of the compensatory damages to $300,000 or grant a new trial to allow for the settled defendants to appear on the verdict sheet.

**I.      Factual and Procedural Background**

Plaintiffs filed suit, alleging that the City of Philadelphia, various of its employees, its contracted medical provider, YesCare Corp. ("YesCare"), YesCare employees, and a nurse hired by YesCare as a subcontractor are all liable for the death of Luis Jung, Jr., who was incarcerated as a pretrial detainee at the Philadelphia Department of Prisons at the time of his death.  Mr. Jung died of diabetic ketoacidosis.  Employees of YesCare had both failed to note reasons for not giving him insulin and failed to refer him to a provider when his glucose levels were dangerously high after he returned from a period of mental health treatment at Norristown State Hospital. This failure

was specifically acknowledged by YesCare in post-event internal documents that were moved into evidence at trial.

Moving Defendants moved for summary judgment, which the Court denied without explanation. Without knowing the basis of Plaintiffs' surviving claims, or what record evidence created a disputed issue of material fact, the parties prepared for trial. Shortly before trial, Plaintiffs accepted and filed a Rule 68 Offer of Judgment against the contracted nurse (on whose guidance the City employees relied). The Court entered judgment against the nurse for $200,000. Then, in the days before trial, the City's contracted medical provider (against which the City had cross-claims for indemnity), settled the claims against it and its employees for $1,000,000.

At trial, the Court – over Remaining Defendants' objection – did not permit any of the medical defendants to be on the verdict sheet and did not allow any mention of the recovery against them to be presented to the jury. Prior to the jury's consideration of the case, and at the close of Plaintiffs' case, remaining Defendants moved for a directed verdict under Rule 50. The basis of that motion was that medical defendants' negligence was what caused the death of Mr. Jung. The Court denied this motion.

Subsequently, after hearing several days of evidence, and considering only whether the City and its employees were responsible for the death of Mr. Jung, his conscious pain and suffering, and the Plaintiffs' loss of the presence and guidance of their father, the jury awarded $1,500,000 of compensatory damages against Remaining Defendants. The jury also found the correctional lieutenant engaged in conduct meriting an award of punitive damages, to which they assigned $170,000. The jury specifically did not find that there was any liability based on a policy, practice, or custom related to how the correctional officers conduct rounds or provided medical access. The liability for the City and Defendant Carney, in her role as a policymaker for the City,

3

was specifically related to the harm caused by the settled medical defendants. The Court entered judgment on March 13, 2026. The City, Defendant Carney, and Lieutenant Bloodsaw now move for post-trial relief, as follows.

**II.     Defendants City of Philadelphia and Carney are Entitled to Entry of Judgment Notwithstanding the Verdict**

Defendants seek judgment as a matter of law pursuant to Fed. R. Civ. P. 50. A court should grant judgment as a matter of law "[i]f a party has been fully heard on an issue during a jury trial and the court finds that a reasonable jury would not have a legally sufficient evidentiary basis to find for the party on that issue." Fed. R. Civ. P. 50(a). Although the trial court must view the evidence in the light most favorable to the non-moving party, the court should enter judgment as a matter of law if, upon review of the record, the verdict is not supported by legally sufficient evidence. *Marinelli v. Erie*, 216 F.3d 354, 359 (3d Cir. 2000); *Gomez v. Allegheny*, 71 F.3d 1079, 1083 (3d Cir. 1995).

Defendants the City of Philadelphia and Blanche Carney ("*Monell* Defendants") moved for summary judgment in part based on the fact they are not responsible for the actions of non-employee defendants, which includes all the medical defendants. It is a quintessential part of a *Monell* case that for a municipality, especially in custom cases as was Plaintiffs theories here, to be found liable a plaintiff has the "demanding requirement of demonstrating a failure or inadequacy amounting to deliberate indifference on the part of the municipality." *Forrest v. Parry*, 930 F.3d 93, 105 (3d Cir. 2019) (internal citations omitted) (emphasis added). To demonstrate deliberate indifference, the Plaintiff must establish "that (1) municipal policymakers know that employees will confront a particular situation; (2) the situation involves a difficult choice or a history of employees mishandling; and (3) the wrong choice by an employee will frequently cause deprivation of constitutional rights." *Carter v. City of Philadelphia*, 181 F.3d 339, 357 (3d Cir.

4

1999) (citing *Walker v. City of New York*, 974 F.2d 293, 297–98 (2nd Cir. 1992)). None of the medical defendants are or were employees of the City. Any action of the medical defendants is insufficient to establish liability under *Monell* for the *Monell* Defendants.

The only rebuttal to this position Plaintiffs offered was to present a District of New Jersey case, *Estate of Borroto v. CFG Health Systems, LLC*, 751 F.Supp.3d 443 (D.N.J. 2024). This is not a binding decision on this Court. Plaintiffs extended *Estate of Borroto* to argue that the *Monell* Defendants could not delegate their liability by delegating the medical services to YesCare. However, Section 1983 is silent as to delegation. As the Supreme Court has said, "we cannot conclude that Congress intended, through silence, to impose this kind of special duty of protection [by making it nondelegable]." *Meyer v. Holley*, 537 U.S. 280, 290 (2003) (examining nondelegable duties under Section 1981). In the silence of Section 1983, *Monell* Defendants are entitled to judgment in their favor as the medical defendants are not employees of the municipality.

Additionally, even if *Estate of Borroto* were binding, Plaintiffs would still have to prove that the medical defendants committed a constitutional violation against Mr. Jung, for which constitutional harm the City and the Prison Commissioner in her official capacity could be found liable. But they did not. Plaintiffs only presented evidence of medical malpractice against the medical defendants.

The evidence Plaintiffs presented for the medical treatment of Mr. Jung were two experts who opined that Yescare's treatment of Mr. Jung did not meet the professional standard of care for a type 1 diabetic. While the medical records were an exhibit, it was only the experts' opinion that the treatment did not meet the professional standard of care that was submitted to jury for them to decide that a constitutional right of Mr. Jung's was violated. Not meeting the professional standard of care is a medical negligence standard. *Toogood v. Owen J. Rogal, D.D.S., P.C.*, 573

Pa. 245 (2003). This is insufficient grounds on which to base a *Monell* claim. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) ("Medical malpractice does not become a constitutional violation merely because the victim is a prisoner."). For either or both of the above articulated reasons, *Monell* Defendants are entitled to an entry of judgment in their favor.

### III.    Remaining Defendants are Entitled to Remittitur of Damages.

Remaining Defendants alternatively move for alteration of the judgment, under Federal Rule of Civil Procedure 59, or, in the alternative, for a new trial on allocation under Federal Rule of Civil Procedure 50. Remaining Defendants move to amend the judgment to reflect the $1,200,000 that Plaintiffs have already recovered for Luis Jung Jr.'s death in custody from the former co-defendants. Remittitur is appropriate because Remaining Defendants and the medical defendants are joint tortfeasors and death is an indivisible injury. Alternatively, a new trial on allocation of harm is warranted. These issues are addressed in turn.

With regards to remittitur, a district court may review a jury trial damage award for excessiveness. *Kazan v. Wolinski*, 721 F.2d 911, 914 (3d Cir.1983). A motion for remittitur is in the sound discretion of the trial judge, who is in the best position to evaluate the evidence and determine whether the jury has come to a rationally based award. *Spence v. Board of Education*, 806 F.2d 1198, 1201 (3d Cir.1986). When a jury's award is clearly unsupported or excessive, the court should order the plaintiff to remit a portion of the verdict in excess of the maximum amount supported by the evidence or, if remittitur is refused, to submit to a new trial. *Id.* In this instance, the jury verdict is excessive because settling defendants are joint tortfeasors but were excluded from the verdict sheet.

The only prevailing theory against the City for liability was that any failure by YesCare, its employees, and its contractors, to provide adequate medical care and appropriate diagnosis

inured to the City and its employees, who ought not have deferred to these medical providers. Plaintiffs brought both medical malpractice and constitutional claims against YesCare and its employees. Plaintiffs brought the same constitutional claims (deliberate indifference to a known medical need) against the City of Philadelphia and its employees. Consequently, under Pennsylvania law, all defendants are joint tortfeasors. Remaining Defendants are thus entitled to a modification of the judgment by the amount Plaintiffs have already recovered from the settling parties.

The court's opinion in *Brown v. Erie County* is instructive. Civil Action No. 20-251, 2023 WL 30226767 (W.D. Pa. Apr. 3, 2023). In that case, case, Erie County moved for a court order approving Plaintiff's voluntary dismissal of its claims against the County pursuant to Federal Rule of Civil Procedure 41(a)(2). *Id.* The medical defendants opposed dismissal on the basis that they were entitled to contribution. *Id.* The court first weighed the conflicting authority across the country and in the Third Circuit on the issue of whether Section 1988 permits importing state law on contribution into analysis of a Section 1983 case. *Id.* But the court further found that those defendants were not entitled to contribution because the plaintiff had not brought Section 1983 claims against the medical defendants, but instead only brought state law medical malpractice claims against them. This fact was dispositive on the issue, because had the plaintiff brought a constitutional claim against the medical defendants, Section 1988 the Pennsylvania Uniform Contribution Among Joint Tortfeasors Act, 42 Pa. Cons. Stat. §§ 8321-27 and/or the Pennsylvania Fair Share Act, 42 Pa. C.S. § 7102, might otherwise have applied. *Id.* at *4-6. Under those laws, a defendant should only pay its portion of the harm. And where, as here, the remaining Defendants asserted a cross-claim against the settling defendants, application of those state law principles is appropriate. *E.g. Smart v. Allegheny County*, No. 15-953, 2018 WL 10230904, at * 2-3 (W.D. Pa.

7

May 31, 2018); *Hay v. Somerset Area School Dist.*, No. 16-229, 2017 WL 5029057 (W.D. Pa. Oct. 31, 2017).

Furthermore, even though Plaintiffs' theory against Defendant Bloodsaw was not related to the medical defendants, "[d]eath by its nature is an indivisible injury." *Rabovsky v. Air & Liquid Systems Corp.*, No. 10-3202, 2016 WL 3439411, at *3 (E.D. Pa. June 15, 2016). This is further reason why the settling defendants should have been on the verdict sheet as joint tortfeasors. Under Pennsylvania's Uniform Contribution Among Tortfeasors Act ("UCATA"), "two actors are joint tortfeasors if their conduct causes a single harm which cannot be apportioned even though the actors may have acted independently." *Id.* The UCATA provides that "if the settlement agreement is silent as to its classification, the set-off mechanism defaults to a *pro tanto* set-off and a non-settling tortfeasor is entitled to have the verdict reduced by the actual amount of consideration paid by the settling tortfeasor." *Id.* In this case, the payment mechanisms were a $200,000 judgment against a contract nurse and a $1,000,000 settlement by the medical providers. There was no discovery into the terms of the latter, because it occurred mere days before trial.[1]

Remaining Defendants respectfully submit that this case demonstrates why incorporation of state law by operation of Section 1988 is appropriate. Here, the jury assessed Plaintiffs' total harm as $1,500,000, the monetary value assigned by the jury for Plaintiffs' loss of their decedent, and their decedent's conscious pain and suffering. Plaintiffs opposed, and the Court denied,

---

[1] Decisional law suggests that remaining Defendants would not have been entitled to these materials prior to the rendering of a verdict, because any consideration of an offset to a verdict – and the relevance of any settlement documentation to such setoff – does not arise until entry of a judgment. *See, e.g.*, *Higgenbotham v. City of Trenton*, No. 17-4344, 2018 WL 10483122 (D.N.J. Aug. 14, 2018) (denying motion to compel production of confidential settlement agreement because setoff is determined after judgment); *Burlington News Corp.*, No. 09-1908, 2015 WL 2070063 (E.D. Pa. May 4, 2015)

Remaining Defendants' request for apportionment on the verdict sheet. Thus, the jury never had the opportunity to consider responsibility by the myriads of parties involved in Decedent's care and his death. Having deprived the jury of this opportunity, the only indication of relative value derives from the settlements. Looking then at the valuation by the parties, $1,200,000 of the total harm is accounted for by the settling defendants. Remaining Defendants, then, can only be responsible for the remaining $300,000 of Plaintiffs' compensatory harm, and the judgment should be modified accordingly.

If the Court denies Remaining Defendants request for remittitur, the Court should instead grant a new trial against Remaining Defendants to allow for settling defendants to be included on the verdict sheet as joint tortfeasors. A new trial may be granted "on all or some of the issues—and to any party." Fed. R. Civ. P. 59(a). Commonly raised grounds for new trial motions include prejudicial errors of law, that the verdict is against the weight of the evidence, that the verdict is too large or too small, or that conduct of counsel or the court has tainted the verdict. *American Bearing v. Litton Industries*, 729 F.2d 943, 948 (3d Cir. 1984). A court should analyze the evidence under a less stringent standard than for judgment as a matter of law and may also grant a new trial if required to prevent injustice. *Id.* at 948. Based on all the above, at a minimum a new trial is warranted to assess the percentage of damages owed by each joint tortfeasor. Remaining Defendants submit that remittitur is more judicially economical, but to prevent injustice, a new trial is also warranted.

## IV.    Conclusion

For the foregoing reasons Remaining Defendants respectfully request the Court to enter Judgment Notwithstanding the Verdict in favor of the City of Philadelphia and Blanche Carney becuase the Plaintiffs did not prove a constitutional violation and there was no municipal

employee's action to base the only remaining *Monell* claim on. Remaining Defendants also respectfully request the Court to grant remittitur of the compensatory damages to $300,000 or in the alternative, to grant a new trial to allow for the settled defendants to appear on the verdict sheet.

Date: April 9, 2026                                   Respectfully submitted,

                                                                    /s/ Michael Pestrak
                                                                    **Michael Pestrak**
                                                                    Senior Attorney
                                                                    Attorney I.D. No. 208611
                                                                    City of Philadelphia Law Department
                                                                    1515 Arch Street, 14th Floor
                                                                    Philadelphia, PA  19102
                                                                    (215)683-5387
                                                                    michael.pestrak@phila.gov

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **JACOB and JAMES JUNG, as** | : | |
| **Administrators of the Estate of LOUIS** | : | |
| **JUNG, JR,** | : | |
| **Plaintiffs,** | : | **Civil Action** |
| **v.** | : | **No. 2:24-cv-05618** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below Defendants' Post-Trial Motion for Entry of Judgment on the *Monell* Claims, Remittitur of the Verdict, and/or a New Trial was filed via the Court's electronic filing system and are available for downloading.

Date: April 9, 2026                                    Respectfully submitted,

*/s/ Michael Pestrak*
 **Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
 Philadelphia, PA 19102
(215)683-5387
michael.pestrak@phila.gov