**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as **Administrators of the Estate of LOUIS JUNG, JR,** | : : : | |
| **Plaintiffs,** | : | **Civil Action** |
| v. | : | **No. 2:24-cv-05618** |
| | : | |
| **CITY OF PHILADELPHIA, et al.,** | : | |
| **Defendants.** | : | |

## ORDER

AND NOW, this _____ day of _____, 2026, upon consideration

of the City of Philadelphia's Motion to Renew Its Motion for Directed Verdict on the Cross

Claim Against YesCare Corp., it is hereby ORDERED and DECREED that Defendants' Motion

is GRANTED and the verdict is entered in favor of the City of Philadelphia against YesCare

Corp.

**BY THE COURT:**

_____

**Timothy J. Savage, J.**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as | : | |
| Administrators of the Estate of LOUIS | : | |
| JUNG, JR, | : | |
| Plaintiffs, | : | Civil Action |
| v. | : | No. 2:24-cv-05618 |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**CITY OF PHILADELPHIA'S MOTION TO RENEW ITS MOTION FOR DIRECTED**
**VERDICT ON THE CROSS CLAIM AGAINST YESCARE CORP.**

City of Philadelphia ("City") moved for a directed verdict pursuant to Federal Rule of Civil

Procedure 50(a) on its cross claim against YesCare Corp ("Yescare"). The basis for the City's

motion was contractual indemnification. The City now renews the motion after trial, pursuant to

Federal Rule of Civil Procedure 50(b). The contract between the City and Yescare, via its

predecessor, explicitly states:

> 8.2. **Indemnification**. Provider [Yescare] shall indemnify, defend and hold
> harmless the City and its officers, employees and agents from and against any and
> all losses, costs (including, but not limited to, litigation and settlement costs and
> counsel fees and expenses), claims, suits, actions, damages, liability and expenses,
> occasioned wholly or in part by Provider's act or omission or negligence or fault or
> the act or omission or negligence or fault of Provider's agents, Subcontractors,
> independent contractors, suppliers, employees or servants in connection with this
> Contract, including, but not limited to, those in connection with loss of life, bodily
> injury, personal injury, damage to property, contamination or adverse effects on the
> environment, intentional acts, failure to pay any Subcontractors and suppliers, any
> breach of this Contract, loss of data, data security breach, and any infringement or
> violation of any proprietary right (including, but not limited to, patent, copyright,
> trademark, service mark and trade secret).

See Plaintiffs' Trial Exhibit 24, p. 13 PJUNG003126.

Section 1983 does not address if contractual indemnification is available under the statute.

As such, 42 U.S.C.A. § 1988(a) authorizes federal courts to look to state law, as long as the state

law is "not inconsistent with the Constitution and laws of the United States." Kohn v. Sch. Dist.

1

of City of Harrisburg, No. 11–109, 2012 WL 3560822, *4 (M.D.Pa. Aug. 16, 2012) (quoting 42 U.S.C.A. § 1988(a)); See also Robertson v. Wegmann, 436 U.S. 584, 587 (1978).

Contractual indemnification is one of two ways indemnification is allowed under Pennsylvania Law. "Under Pennsylvania law, indemnity is available only (1) 'where there is an express contract to indemnify,' or (2) where the party seeking indemnity is vicariously or secondarily liable for the indemnitor's acts." Allegheny Gen. Hosp. v. Philip Morris, Inc., 228 F.3d 429, 448 (3d Cir.2000) (quoting Richardson v. John F. Kennedy Mem'l Hosp., 838 F.Supp. 979, 989 (E.D.Pa.1993)). The City must establish either an express contract to indemnify or that it is secondarily liable for Yescare's acts. The City can establish both.

First, because Yescare and the City have a contract with an indemnification clause, there is an express contract to indemnify. Contractual indemnity is found, unsurprisingly, within the contract and is understood by discerning the intent of the parties as manifested from the contract's plain language and consideration of the factual circumstances from which the contract emerged. Brotherton Construction Co. v. Patterson–Emerson–Comstock, 406 Pa. 400, 178 A.2d 696, 697 (1962); Urban Redevelopment Authority v. Noralco Corp., 281 Pa.Super. 466, 422 A.2d 563, 567 (1980) (en banc); Deskiewicz v. Zenith Radio Corp., 385 Pa.Super. 374, 561 A.2d 33, 35 (1989); Lyncott Corp. v. Chemical Waste Management, Inc., 690 F.Supp. 1409, 1415 (E.D.Pa.1988). As detailed above, the operable contract has an express indemnification provision, which contract was entered into the record. The City has therefore established contractual indemnification under Pennsylvania law, warranting a finding in its favor on this issue.

Second, even though the contractual provision for indemnity is grounds enough for indemnification, the verdict establishes that the City is secondarily liable for Yescare's actions. The Plaintiffs brought two theories of liability against a policymaker and therefore the City. The

2

first was that there was a failure to supervise Correctional Officers in their performance of rounds and in their responses to medical emergencies. The jury specifically rejected this theory, finding Blanche Carney not liable on Question 3 of the verdict sheet.

The second theory of liability against the City was that the City failed to supervise Yescare's provision of care, a theory under which the City was found liable by the jury. The factual predicate for this claim directly involved Yescare's treatment of Louis Jung, Jr. In their case in chief, Plaintiffs presented two experts who opined that Yescare's treatment of Mr. Jung did not meet the professional standard of care for a type 1 diabetic. This is a medical negligence standard. Toogood v. Owen J. Rogal, D.D.S., P.C., 573 Pa. 245 (2003). The indemnification language provides that Yescare defends the City for any claim "occasioned wholly or in part by Provider's act or omission or negligence or fault or the act or omission or negligence or fault of Provider's agents[.]" Contract, 8.2. Here, the jury found the City liable for its failure to supervise YesCare's provision of care, the provision of which Plaintiffs' evidence established was negligent (by virtue of falling below the standard of care). Therefore, any liability for the City's failure to supervise Yescare is a direct result of and secondary to Yescare's negligence.

Based on the plain language of the contract and that under Plaintiffs' successful claim the City was held secondarily liable for the negligence of Yescare, the City respectfully requests this Court grant its cross claim for indemnification against Yescare Corp.[1]

---

[1] As a final note, while the City understands this Court has stated that it will allow Plaintiffs to respond to this brief, Plaintiffs are not a party to the cross claim and have no standing to address the cross claim. Plaintiffs' input before was related to Yescare appearing on the verdict sheet, which of course they would have standing to address, but now the issue no longer involves Plaintiffs and they should thus be precluded from substantively briefing this issue.

Date: April 9, 2026                    Respectfully submitted,

                                       /s/ Michael Pestrak
                                       **Michael Pestrak**
                                       Senior Attorney
                                       Attorney I.D. No. 208611
                                       City of Philadelphia Law Department
                                       1515 Arch Street, 14th Floor
                                       Philadelphia, PA  19102
                                       (215)683-5387
                                       michael.pestrak@phila.gov

4

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : | |
| Plaintiffs, | : | **Civil Action** |
| v. | : | **No. 2:24-cv-05618** |
| | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I hereby certify that on the date below, Defendants' Motion to Renew Its Motion for Directed Verdict on the Cross Claim Against YesCare Corp. was filed via the Court's electronic filing system and is available for downloading.

Date: April 9, 2026

Respectfully submitted,

/s/ Michael Pestrak
**Michael Pestrak**
Senior Attorney
Attorney I.D. No. 208611
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA  19102
(215)683-5387
michael.pestrak@phila.gov