

CITY OF PHILADELPHIA

LAW DEPARTMENT
One Parkway
1515 Arch Street
Philadelphia, PA 19102-1595

**RENEE GARCIA**
Philadelphia City Solicitor

**MICHAEL PESTRAK**
Senior Attorney
Civil Rights Unit
(215) 683-5387
michael.pestrak@phila.gov

May 15, 2026

*VIA ELECTRONIC MAIL*
Hon. Timothy J. Savage
United States District Court for the Eastern District of Pennsylvania
601 Market Street
Philadelphia, PA 19106

Re:    *Jung v. City of Philadelphia, et al.*, Civil Action No. 24-cv-5618

Dear Judge Savage:

The City is writing in response to Plaintiffs' letter dated May 14, 2026. Plaintiffs' letter misstates the relevance of YesCare's bankruptcy filing.

In their Post Trial briefing, Moving Defendants pointed this Court to Pennsylvania's Uniform Contribution Among Tortfeasors Act ("UCATA"), which provides that "if the settlement agreement is silent as to its classification, the set-off mechanism defaults to a *pro tanto* set-off and a non-settling tortfeasor is entitled to have the verdict reduced by the actual amount of consideration paid by the settling tortfeasor." The settlement mechanism is what is relevant to the question, not Plaintiffs' ability to recover. The fact of the settlement agreements being established is what supports Moving Defendants' arguments.

Furthermore, YesCare's filing for bankruptcy does not remove Plaintiffs' ability to recover. Since they have an enforceable settlement entered with YesCare, they are now a creditor of YesCare's with all the rights and protections given to any creditor in the bankruptcy proceedings. Plaintiffs were well aware of this outcome at the time they entered the settlement as it was brought up during settlement conferences that all parties attended. Additionally, the settlement itself is evidence of Plaintiffs' knowledge of the financial status of YesCare. The settlement established a payment

plan and included a provision if YesCare defaulted on those payments. Plaintiffs' apparent only reason for sending Your Honor notification of the bankruptcy is to now seek to hold Moving Defendants as the guarantors of their settlement with YesCare, which is not a proper consideration based on the valid legal reasons raised in Moving Defendants' briefing.

Sincerely,

*/s/ Michael Pestrak*
**Michael Pestrak**