**UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| JACOB and JAMES JUNG as Administrators : | |
| for the Estate of LOUIS JUNG, JR. : | |
| v. : | CASE NO. 24-CV-05618 |
| CITY OF PHILADELPHIA and YESCARE CORP.: | |
| : | |

**ORDER**

    **AND NOW**, this _____ day of _____, 2026, upon consideration of the

Motion of O'Connor Kimball, LLP to Withdraw as Counsel for Defendant YesCare Corporation,

and any response thereto, it is hereby **ORDERED** and **DECREED** that Defendant's Motion is

**GRANTED**, and O'Connor Kimball LLP is granted Leave to Withdraw as Counsel.

    This matter is stayed for a period of sixty (60) days to permit the Defendant to retain new

counsel.

                                 **BY THE COURT**

                                              _____

                                                           J.

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG as Administrators | : | |
| for the Estate of LOUIS JUNG, JR. | : | |
| v. | : | CASE NO. 24-CV-05618 |
| CITY OF PHILADELPHIA and YESCARE CORP. | : | |
| | : | |

**MOTION FOR LEAVE TO WITHDRAW AS COUNSEL**

    **COME NOW**,  Movants, Thomas J. Gregory, Esquire of O'Connor Kimball LLP,

hereby files this Motion for Leave to Withdraw as Counsel for Defendant, YesCare Corp., , and

in support of this Motion the undersigned incorporates the attached Memorandum of Law.

                     Respectfully submitted,

                     **O'CONNOR KIMBALL LLP**

               By:    /s/ *Thomas J. Gregory*
                     Thomas J. Gregory, Esquire
                     Two Penn Center Plaza, Suite 1100
                     1500 John F. Kennedy Boulevard
                     Philadelphia, PA 19102
                     (215) 564-0400
                     Email: tgregory@okllp.com
                     *Attorney for Defendant, YesCare Corp.*

Dated:  July 14, 2026

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG as Administrators | : | |
| for the Estate of LOUIS JUNG, JR. | : | |
| v. | : | CASE NO. 24-CV-05618 |
| CITY OF PHILADELPHIA and YESCARE CORP. | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF COUNSEL'S MOTION FOR LEAVE TO
<u>WITHDRAW AS COUNSEL FOR DEFENDANT, YESCARE CORP.</u>**

**COME NOW,** Movant, O'Connor Kimball LLP, and as and for its Memorandum of Law in support of its Motion for Leave to Withdraw as Counsel for Defendant YesCare Corp., state as follows:

This Motion is brought pursuant to the United States District Court for the Eastern District of Pennsylvania Local Rule 5.1(b) and the Pennsylvania Rules of Professional Conduct 1.16(B).

**I.     BACKGROUND:**

This matter involves professional services rendered in defense of Corizon Health, Inc., and its successor corporation, YesCare Corporation, and its employees, in connection with the above-captioned matter, a lawsuit by which the Plaintiff seeks damages for medical malpractice and/or civil rights violations pursuant to 42 U.S.C. § 1983 for deliberate indifference to a serious medical need.

The City of Philadelphia, by and through the Philadelphia Department of Prisons ("PDP"), operates four (4) prison installations on State Road in Northeast Philadelphia. The inmate population of the PDP is provided medical services, by contracted-for providers, the most recent renewal of which occurred in 2017, for a ten (10) year period. The most recent contract

identifies Corizon Health, Inc. as the contracted-for medical provider, but since that time, largely due to the bankruptcy of Corizon Health, Inc. in 2023, its successor, YesCare Corporation, has assumed the responsibility for medical care in the PDP.

From time to time, and specifically in the instant case, the medical provider, along with its individual professional employees[1] are sued by a plaintiff alleging medical malpractice and/or deliberate indifference. The Movant is a Philadelphia based law firm that has, for more than twenty (20) years, represented the medical provider and its providers in the defense of such claims, including in the instant case. The Movant has faithfully represented the Respondent/Defendants pursuant to longstanding written agreements as well as custom and practice. The Movant has provided the Defendant with timely and accurate bills and invoices for legal services provided, including attorney fees and costs involved in the litigation. Despite the acknowledgment of receipt of the bills and acknowledgment that the fees reflected therein were appropriate and accurate, the Defendant has failed to make payments, and as of the time of the filing of this Motion, the Defendant is in arrears to the Movant by a period of more than eight (8) months. Despite repeated promises to bring the arrearages current, the Defendant has failed to do so and the Movant fears that the Defendant may not have the financial wherewithal to satisfy their obligations to counsel.

## II.   QUESTION PRESENTED:

Should the Movant be granted leave to withdraw as counsel?
SUGGESTED ANSWER:    Yes.

## III.   LEGAL ARGUMENT:

---

[1]   YesCare employs a multitude of physicians, physicians assistants, nurse practitioners, registered nurses and licensed practical nurses, all of whom are salaried employees who, by virtue of their employee status, are provided a defense and indemnity as to all claims by their employer.

2

"Whether to permit counsel to withdraw its appearance lies within the discretion of this court." Chandler v. La-Z-Boy, Inc., 621 F. Supp. 3d 568, 573 (E.D. Pa., 2022) *quoting* McCune v. First Jud. Dist. Prob. Dept., 99 F. Supp. 2d 565, 566 (E.D. Pa., 2000). When determining if withdrawal is appropriate, courts in the Third Circuit review four factors: "(1) the reason for which withdrawal is sought; (2) whether withdrawal will prejudice the parties; (3) whether withdrawal will interfere with the administration of justice; and (4) the degree to which withdrawal will delay the action." Ludwig v. Speedway LLC, 2021 WL 2223833, at *2 (E.D. Pa., June 2, 2021), *quoting* Velez v. Walczak, No. 2:19-CV-02915-JDW, 2020 WL 4001047, at *1 (E.D. Pa., July 15, 2020),  *citing* Taylor v. Stewart, 20 F.Supp.2d 882, 883 (E.D. Pa. 1998).

Eastern District of Pennsylvania Local Rule 5.1(b), in relevant part, indicates that:

> [a]n attorney's appearance may not be withdrawn except by leave of court, unless another attorney admitted to practice in this court shall at the same time enter an appearance for the same party, or another attorney admitted to practice in this court had previously entered an appearance for the same party and continues to represent that party in the matter.

Additionally, Pennsylvania Rule of Professional Conduct 1.16(b) provides similar guidance, indicating that a lawyer may withdraw from representation if:

(5)     the client fails substantially to fulfill an obligation to the lawyer regarding the lawyer's services and has been given reasonable warning that the lawyer will withdraw unless the obligation is fulfilled;

(6)     the representation will result in an unreasonable financial burden on the lawyer or has been rendered *unreasonably difficult by the client*; or

(7)     other good cause for withdrawal exists.

As indicated above, the Rules provide that counsel may withdraw from the representation of a client if that client has failed substantially to fulfil an obligation to the lawyer regarding the lawyer's services. Of course, a fundamental obligation of the client to the lawyer includes the payment of the lawyer's fees. It is well-settled in Pennsylvania that the client's failure to pay his counsel is adequate grounds for the withdrawal of counsel. *See*, Philadelphia Ethics Opinion, 93-2 (1993), *see also*, Lincoln Avenue Industrial Park v. Norley, 677 A.2d 1219 (Pa. Super., 1996), both of which ratify the proposition that an attorney may withdraw from representing a client in the event of the client's failure to pay the attorney.

As is outlined in the factual recitation above, given that the Defendant's outstanding obligation to the Movant involves invoices that are more than eight (8) months in arrears, and given that the Defendant has consistently failed to make good on promises to bring the arrearages current, the Movant is also concerned over the Defendant's ability to pay counsel in the future.   The Movant has provided several notices to the client that the ongoing failure to cure the arrearages would result in the need for counsel to withdraw.

Given that there is no trial date or date for other litigation proceedings in this matter of any urgency, withdrawal of counsel at this point in time does not prejudice the Defendants from obtaining and retaining substitute counsel upon the withdrawal of the Movant or any other party in the matter.

## IV.    CONCLUSION:

For all the reasons herein stated, it is respectfully requested that this Honorable Court enter its Order permitting the withdrawal of O'Connor Kimball LLP from the representation of YesCare Corp.

Respectfully submitted,

**O'CONNOR KIMBALL LLP**


By:    /s/ *Thomas J. Gregory*
     Thomas J. Gregory, Esquire
     Two Penn Center Plaza, Suite 1100
     1500 John F. Kennedy Boulevard
     Philadelphia, PA 19102
     (215) 564-0400
     Email: tgregory@okllp.com
     *Attorney for Defendant, YesCare Corp.*

Dated:    July 14, 2026

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JACOB and JAMES JUNG as Administrators  :
for the Estate of LOUIS JUNG, JR.      :
          v.              :     CASE NO. 24-CV-05618
CITY OF PHILADELPHIA and YESCARE CORP.:
                           :

### CERTIFICATE OF SERVICE

I, Thomas J. Gregory, Esquire, hereby certify that I caused a true and correct copy of the foregoing Motion for Leave to Withdraw as Counsel to be electronically filed on this 14th day of July, 2026, and thereby served via the Court's ECF Electronic Filing System upon the following:

bretgrote@abolitionistlawcenter.org
rupalee@alcenter.org
margo@alcenter.org
lolo@alcenter.org
Bret Grote, Esquire
Rupalee Rashatwar, Esquire
Margaret Hu, Esquire
Lolo Salsbury Serrano, Esquire
Abolitionist Law Center
990 Spring Garden Street
Philadelphia, PA 19123
*Attorneys for Plaintiff*

michael.pestrak@phila.gov
emily.hoff@phila.gov
Michael Pestrak, Esquire
Emily M. Hoff, Esquire
City of Philadelphia Law Department
1515 Arch Street, 14th Floor
Philadelphia, PA 19102
*Attorneys for Defendants, City of Philadelphia and Blanche Carney*

and via electronic mail upon:

Scott King, Chief Legal Officer
YesCare Corp.
205 Powell Place, Suite 104
Brentwood, TN 37027

### O'CONNOR KIMBALL LLP

By:    /s/ *Thomas J. Gregory*
        Thomas J. Gregory, Esquire
        *Attorney for Defendant, YesCare Corp.*