**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : : : : | No. 2:24-cv-05618-TJS |
| Plaintiff, | : : | |
| v. | : : | |
| CITY OF PHILADELPHIA, et al., | : : | |
| Defendants. | : | |

**PLAINTIFFS' RESPONSE TO DEFENDANT YESCARE'S SUGGESTION OF
BANKRUPTCY AND NOTICE OF AUTOMATIC STAY**

The Defendants in this matter against whom Plaintiffs received and seek to collect a judgment are the City of Philadelphia, former Philadelphia Department of Prisons Commissioner Blanche Carney, and Correctional Lieutenant Wanda Bloodsaw. None of these Defendants are subject to the automatic bankruptcy stay. This case can proceed to an enforced judgment against the City Defendants alone.

**YesCare's Bankruptcy and Imminent Liquidation**

YesCare Corp. and a constellation of its subsidiary companies including CHS TX, Inc., have been in Chapter 11 bankruptcy as of early May 2026. YesCare Corp. is the successor corporation to Corizon Health, Inc. Its principals achieved this successor status through a divisional merger and bankruptcy process now alleged to have involved actual fraud and forgery.[1]

They are now in bankruptcy again. After dismissing YesCare as a defendant on February 25, 2026, ECF No. 208, this Court granted Plaintiffs' petition to settle on March 30, 2026. ECF

---

[1] *See* Complaint, *Dundon and Zimmerman v. Lefkowitz et al.*, Case No. 23-90086 (CML), ECF No. 1 (Bankr. S.D. Tex. Apr. 27, 2026), available here: https://veritaglobal.net/tehum/document/2390086260428000000000002.

No. 224. YesCare's first monthly installment payment was due on April 30, 2026. They failed to make this payment. Plaintiffs would have been entitled to seek enforcement of the full, accelerated amount on May 10, 2026.

Instead, on May 8, 2026, YesCare Corp. filed for bankruptcy.[2] While the case was initiated in Chapter 11, leaving open the possibility of restructuring, counsel for the debtor entities have consistently represented for the past month and a half that they "anticipate effectuating a winddown."[3]

YesCare's subsidiary CHS TX, Inc. sustained a $307.5 million jury verdict in early April.[4] The Alabama Department of Corrections then abruptly terminated the largest contract for the YesCare corporate umbrella on April 24, 2026.[5] Alabama officials are now reportedly considering the initiation of criminal prosecution against YesCare's owners and operators for theft by deception.[6]

Philadelphia, the second-largest contract, selected a different provider for the FY 2027 contract term on May 5, 2026. Once the bankruptcy petition was filed, Philadelphia quickly moved to compel the debtors to reject the remaining contract period. The City represented that YesCare's

---

[2] Four debtor entities filed bankruptcy petitions on May 8, 2026: CHS FL, LLC, Dkt. No. 2:26-bk-01087; CHS TX Inc., Dkt. No. 2:26-bk-01090; YesCare Corp., Dkt. No. 2:26-bk-01089; and CHS AL, LLC, Dkt. No. 2:26-bk-01091. Three additional entities filed for bankruptcy on May 13, 2026: CHS Care TX, LLC, Dkt. No. 2:26-bk-01146; Corizon Health of New Mexico, LLC, Dkt. No. 2:26-bk-01144; and CHS Care NY, LLX, Dkt. No. 2:26-bk-01145.

[3] *See* Amended Consolidated Chapter 11 Case Management Summary, *In re: CHS FL, LLC et al.*, Case No. 2:26-bk-01087, ECF No. 166-1 (Bankr. M.D. Fla. June 3, 2026), at ¶ 13, available here: https://casedocs.omniagentsolutions.com/cmsvol2/pub_47597/2f7fa4d8-ea5a-4033-a23a-2f62cbbcfa4e_166.pdf

[4] Paul Egan, *Jury award former Michigan inmate $307.6M in prison health care suit*, Detroit Free Press (Apr. 2, 2026), https://www.freep.com/story/news/local/michigan/detroit/2026/04/02/prison-health-care-verdict-307-6-million-corizon-kohchise-jackson-corizon/89431834007/

[5] Ralph Chapoco, *Alabama Department of Corrections abruptly cancels $1 billion health care contract*, Alabama Reflector (Apr. 24, 2026), https://alabamareflector.com/2026/04/24/alabama-department-of-corrections-abruptly-cancels-1-billion-health-care-contract/

[6] Mary Claire Wooten, *Alabama delays YesCare legal contract amid prosecution questions*, AL Reporter (July 10, 2026), https://www.alreporter.com/2026/07/10/alabama-delays-yescare-legal-contract-amid-prosecution-questions/

Philadelphia workers had not been paid in weeks, and that on at least one night not a single nurse showed up to work at the City's largest jail[7] – CFCF, where Mr. Jung died of diabetic ketoacidosis.

There is, at this point, no business left. As of May 8, 2026, YesCare and its subsidiaries still claimed 19 other contracts across several states.[8] As of June 4, 2026, fifteen contracts had already transitioned to competitors, and the rest were in the process of transition.[9]

The debtor entities might exercise their right to convert to a Chapter 7 case for liquidation. Creditors might move for appointment of a Chapter 11 trustee to wind down the corporation. Either way, the companies' assets are effectively nil, and they have no current contract revenue. There is no value in the bankruptcy estate. The debtors do not intend to reorganize.

If there is any money for unsecured creditors at the end of this bankruptcy case, it is to be found through years-long litigation against the insiders. While there appear to be several meritorious claims against these insiders worth pursuing in litigation, several factors suggest that the litigation will be both time-consuming and uncertain to produce full compensation. Yitzchak a/k/a Yitzchok a/k/a Isaac a/k/a Jack Lefkowitz a/k/a Lefkovits and other YesCare controllers are highly sophisticated actors with an extensive track record of allegations of manipulating corporate forms and bankruptcy proceedings.[10] The statutory Unsecured Creditors' Committee in the

---

[7] City of Phila.'s Motion to Compel Debtors to Reject Executory Contract, *In re: CHS FL, LLC et al.*, Case No. 2:26-bk-01087, ECF No. 79 (Bankr. M.D. Fla. May 19, 2026), at 1-2, available here: https://casedocs.omniagentsolutions.com/cmsvol2/pub_47597/213b5f7d-e00b-45d9-8515-f2b5c58011a5_79.pdf

[8] Decl. of David Goldwasser, *In re: CHS FL, LLC et al.*, Case No. 2:26-bk-01087, ECF No. 25 (Bankr. M.D. Fla. May 10, 2026), at ¶ 10, available here: https://casedocs.omniagentsolutions.com/cmsvol2/pub_47597/545a4e40-c01a-4310-8bd1-542f604baa35_25.pdf

[9] Ex. B to Debtors' Emergency Motion, *In re: CHS FL, LLC et al.*, Case No. 2:26-bk-01087, ECF No. 193-2 (Bankr. M.D. Fla. June 10, 2026), at 4, available here: https://casedocs.omniagentsolutions.com/cmsvol2/pub_47597/2589c426-c444-4af0-9438-efaf66757183_193.pdf

[10] *See Steinberger v. Lefkowitz*, No. 13-CV-5737 SJ VVP, 2015 WL 1514407 (E.D.N.Y. Mar. 31, 2015), *aff'd*, 634 F. App'x 10 (2d Cir. 2015) (allegations of fraud, breach of fiduciary duty, unjust enrichment, and conversion claims against Lefkowitz and his wife for conversion and transfer of investment funds to four offshore bank accounts in Switzerland and Israel); Motion to Dismiss Chapter 11 Case, *In re: Fifteen Twenty Six Fifty Second LLC*, Case No. 21-22397 (Bankr. S.D.N.Y. July 16, 2021) (Allegations by 1526 52nd LLC that Isaac Lefkowitz and his wife formed Fifteen Twenty Six Fifty Second LLC, obtained title to the property for no consideration, and immediately thereafter filed for bankruptcy in bad faith), available here:

YesCare bankruptcy have already moved for a contempt finding against Lefkowitz for evasion of discovery,[11] and are currently seeking derivative standing for an adversary action alleging Lefkowitz pocketed over $2 million in post-petition fraudulent transfers.[12]

In addition to being the lowest-priority claims in any payout from putative litigation, however, YesCare's unsecured creditors are also at the back of a preexisting litigation line. The trusts responsible for overseeing the bankruptcy of YesCare's predecessors filed an explosive lawsuit against Lefkowitz and other insiders in April of this year, seeking millions of dollars of damages from them personally.[13] Lefkowitz and other Corizon insiders are being sued for civil RICO violations in the Eastern District of Michigan.[14] After the Corizon bankruptcy's stay was dissolved in March – YesCare had several times defaulted on its payments owed to Corizon creditors under the Chapter 11 settlement plan[15] – Lefkowitz and other insiders were substituted as defendants under veil-piercing and fraud theories in multiple civil rights cases as well.[16]

---

https://storage.courtlistener.com/recap/gov.uscourts.txsb.461053/gov.uscourts.txsb.461053.332.36.pdf; Complaint, *Remote Diagnostic Imagine v. Lefkovits* (Sup. Ct. County of New York, New York, Jan. 5, 2016) (alleging Lefkowitz forged a 'product lease agreement' to convert use of medical equipment obtained through contractual relationship with MedScan, a Lefkowitz-controlled entity, to VetCare, a Lefkowitz-controlled entity), available here: https://storage.courtlistener.com/recap/gov.uscourts.txsb.461053/gov.uscourts.txsb.461053.332.29.pdf

[11] Statutory Unsecured Claimholders' Committee's Emergency Motion for Contempt and Compelling Discovery, *In re: CHS FL, LLC et al.*, Case No. 2:26-bk-01087, ECF No. 330 (Bankr. M.D. Fla. July 2, 2026),  available here: https://casedocs.omniagentsolutions.com/cmsvol2/pub_47597/ff7e633a-f1b8-4690-9a43-0a2997977f34_330.pdf

[12] Emergency Motion of the Statutory Ensecured Claimholders' Committee for Entry of an Agreed Order Granting Leave, Standing, and Authority to Prosecute Certain Claims, *In re: CHS FL, LLC et al.*, Case No. 2:26-bk-01087, ECF No. 360 (Bankr. M.D. Fla. July 13, 2026), available here: https://casedocs.omniagentsolutions.com/cmsvol2/pub_47597/c38de17a-0998-4e8a-83f7-66221f07c72c_360.pdf

[13] *See supra* n. 1.

[14] Complaint, *Lyles and Jackson v. Lefkowitz et al.*, Case No. 2:26-cv-11409-LJM-DRG, ECF No. 1 (E.D. Mich. Apr. 29, 2026).

[15] Notice of Failure to Cure Settlement Payment Default; Automatic Termination of Channeling Injunction; and Deadline to Commence Causes of Action Against Released Parties, *In re: Tehum Care Services, Inc.*, Case No. 23:90086, ECF No. 2617 (Bankr. S.D. Tex., March 4, 2026), available here: https://veritaglobal.net/tehum/document/2390086260304000000000001

[16] *See* Motion for Leave to Amend, *Gleaves v. City of Philadelphia et al.*, Case No. 2:20-cv-04570-RBS, ECF No. 58 (E.D. Pa. June 1, 2026); Motion for Leave to File SAC, *Wichterman v. City of Philadelphia et al.*, Case No. 2:16-cv-05796-JMY, ECF No. 131 (E.D. Pa. June 1, 2026); Motion for Leave to Amend, *Hunt v. City of Philadelphia et al.*, Case No. 2:24-cv-01346-CH, ECF No. 82, 82-1 (E.D. Pa. June 24, 2026); Second Amended Complaint, *DeLoatch v. City of Philadelphia et al.*, Case No. 2:22-cv-01521-JFM, ECF No. 68 (E.D. Pa. Apr. 20, 2026).

**Solvent Co-Defendants Are Not Subject to the Automatic Stay**

Under the Bankruptcy Code, the filing of a bankruptcy petition operates as a stay of legal claims against the debtor – not its solvent codefendants. 11 U.S.C. § 362(a)(1). "All proceedings against a debtor are not lumped together for purposes of automatic stay analysis … the automatic stay is not available to non-bankrupt co-defendants of a debtor even if they are in a similar legal or factual nexus." *Maritime Elec. Co., Inc. v. United Jersey Bank*, 959 F.2d 1194, 1205-06 (3d Cir. 1991). "Although the scope of the automatic stay is broad, the clear language of section 362(a) stays actions only against a 'debtor.'" *McCartney v. Integra Nat'l Bank N.*, 106 F.3d 506, 509 (3d Cir. 1997).

Non-bankruptcy courts have the power to construe the applicability of an automatic stay. *See Brock v. Morysville Body Works, Inc.*, 829 F.2d 383, 387 (3d Cir. 1987). In cases involving bankrupt correctional healthcare companies and solvent co-defendants, federal district courts regularly allow claims against the co-defendants to proceed. *See* Order, *Moses v. Sorber et al.*, Case No. 22-03385, ECF No. 118 (E.D. Pa. Feb. 12, 2025) (ordering stay as to bankrupt defendant Wellpath LLC, but not as to the Pennsylvania Department of Corrections or correctional employees); Order, *Dykes-Bery v. Grand Prairie Health Care Services et al.*, Case No. 2:23-cv-11403, ECF No. 44 (E.D. Mich. Dec. 4, 2024)[17] (ordering stay as to bankrupt defendant Wellpath LLC and declining to stay case to corporate and individual co-defendant); Order, *Arther v. Corizon Health Inc. et al.*, Case No. 2:20-cv-00189, ECF No. 163 (D. Ariz. March 13, 2023)[18] (ordering stay as to bankrupt defendant Corizon Health Inc. and declining to extend stay to co-defendants including State of Arizona).

---

[17] Available here: https://www.govinfo.gov/content/pkg/USCOURTS-mied-2_23-cv-11403/pdf/USCOURTS-mied-2_23-cv-11403-3.pdf?utm_source=chatgpt.com
[18] Available here: https://www.govinfo.gov/content/pkg/USCOURTS-azd-2_20-cv-00189/pdf/USCOURTS-azd-2_20-cv-00189-5.pdf

In this case, moreover, extending the stay to claims against the City would flip the necessary order of operations on its head. While YesCare was reinstated for purposes of defending against the indemnification claim, there is not yet a valid indemnification claim to litigate. As briefed in Plaintiffs' opposition to the City's post-trial motion, the City's potential and disputed contractual indemnification claim is not ripe until Plaintiffs are paid. *McClure v. Deerland Corp.*, 585 A.2d 19, 23 (Pa. 1991); *Ogontz Fire Co. v. Twp.*, No. CV 23-569, 2025 WL 2004692, at *5 (E.D. Pa. July 17, 2025). As with indemnification, "no cause of action for contribution arises until one obligor pays more than his just share of the common obligation." *Wilner v. Croyle*, 214 Pa. Super. 91, 100, 252 A.2d 387, 391 (Pa. 1969); *see also J.V. Mfg., Inc. v. Dematic Corp.*, No. CV 3:22-412, 2023 WL 2577239, at *1 (M.D. Pa. Mar. 20, 2023) (collecting cases).

Plaintiffs have, of course, contended that all arguments implicating YesCare's liability for the City Defendants' judgments fail on the merits. These disputes are properly between the City and YesCare, and are subject to the stay. But final resolution of the City Defendants' own liability is its own case.

The bankruptcy stay is applicable to YesCare as a debtor, but not to the City Defendants. Litigation should proceed to an enforced judgment against them.

DATED: July 16, 2026

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085

*/s/ Nia Holston*
Staff Attorney
PA ID No. 327384
*/s/ Lolo Salsbury Serrano*
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

## <u>CERTIFICATE OF SERVICE</u>

I, Lolo Salsbury Serrano, Esq., hereby certify that I caused a true and correct copy of the foregoing Response to Defendant YesCare's Suggestion of Bankruptcy and Notice of Automatic Stay to be electronically filed on July 15, 2026, and thereby served upon all parties entered into the Court's ECF system.

*/s/ Lolo Salsbury Serrano*
PA ID No. 338184
lolo@alcenter.org
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

*Counsel for Plaintiffs*