**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : | |
| Plaintiffs, | : | No. 2:24-cv-05618-TJS |
| v. | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**JOINT MOTION FOR FINAL JUDGMENT UNDER FED. R. CIV. P. 54(b) AND INTERIM INDICATIVE RULING UNDER FED. R. CIV. P. 62.1**

Plaintiffs Jacob and James Jung, as Administrators of the Estate of Louis Jung, Jr., and Defendants City of Philadelphia, Blanche Carney, and Wanda Bloodsaw ("City Defendants"), respectfully move this Honorable Court for entry of final judgment certified under Fed. R. Civ. P. 54(b). Litigation between these parties in the District Court is, for all intents and purposes, complete. In order to facilitate an efficient appeal, the parties jointly move for a finding from this Court that there is no just reason for delay, rendering the existing judgments final and appealable under Fed. R. Civ. P. 54(b).

After the filing of a notice for appeal, the District Court does not currently have jurisdiction to enter a final order. *Griggs v. Providence Consumer Discount Co.*, 459 U.S. 56, 58 (1982). In order to facilitate a remand from the Third Circuit for this purpose without dismissing the appeal under Fed. R. App. P. 12.1, Plaintiffs and City Defendants first move for an interim indicative ruling under Fed. R. Civ. P. 62.1, stating that this Court would grant the Joint Motion "if the court of appeals remands for that purpose."

1. Following the City's notice of appeal (ECF No. 251) and Plaintiffs' notice of cross-appeal (ECF No. 253), the clerk for the Third Circuit requested briefing from the parties as to the appealability of this Court's judgment, in light of the reinstatement of YesCare and the pending crossclaim.

2. When judgment was initially entered for Defendant Gena Frasier and against Defendants City of Philadelphia, Blanche Carney, and Wanda Bloodsaw on March 13, 2026 (ECF No. 221), it was final as to all parties then in the action. YesCare and YesCare defendants had been dismissed with prejudice following settlement with Plaintiffs on February 25, 2026 (ECF No. 208; ECF No. 204).

3. City Defendants subsequently filed a Post-Trial Motion for Judgment Notwithstanding the Verdict, Remittitur, and/or a New Trial regarding the claims between Plaintiffs and City Defendants (ECF No. 231), and a separate Post-Trial Motion for Judgment as a Matter of Law regarding the crossclaim between the City of Philadelphia and YesCare (ECF No. 232).

4. YesCare was reinstated solely for purposes of litigating the crossclaim on July 9, 2026 (ECF No. 241). Counsel for YesCare filed a suggestion of bankruptcy immediately thereafter (ECF No. 242).

5. This Court entered an order indicating that the crossclaim between the City of Philadelphia and YesCare, and the crossclaim only, was stayed indefinitely due to ongoing bankruptcy proceedings. (ECF No. 246).

6. The presence of YesCare and the stayed crossclaim means that this court's March 13, 2026 no longer appears to be final as to all parties and claims in the action. In this instance, a certified judgment under Fed. R. Civ. P. 54(b) is required to expressly state there is "no just reason

for delay" and provide a statement of reasons, even where the District Court otherwise displays an unmistakable intent to permit appeal of a final order. *See Elliott v. Archdiocese of New York*, 682 F.3d 213 (3d Cir. 2012).

7. Plaintiffs and City Defendants agree that the litigation between them should proceed to final resolution, and that there is no just reason for delay.

8. The crossclaim is between different parties, City Defendants and YesCare.

9. The crossclaim is stayed indefinitely, pending resolution of complex and lengthy bankruptcy proceedings with uncertain recovery for any creditors. YesCare and associated debtors are liquidating, with no ongoing business and no prospect of restructuring.[1] A Chapter 11 trustee has been appointed to evaluate creditors' claims and pursue litigation of estate causes of action.[2] Several adversary actions have already been instituted alleging actual fraud, previewing the complexity and contentiousness of this litigation.[3]

10. The crossclaim is best litigated after final resolution of the claims between Plaintiffs and City Defendants, as final resolution will fix the amount sought through indemnification.

---

[1] *See* Joint Expedited Motion of Debtors and the Statutory Unsecured Claimholders' Committee for Appointment of a Chapter 11 Trustee, *In re: CHS FL, LLC, et al.*, 2:26-bk-01087 ECF No. 387 (Bankr. M.D. Fla. July 17, 2026), available here.

[2] *Id.*; *see also* Order Directing the Appointment of a Chapter 11 Trustee, *In re: CHS FL, LLC, et al.*, 2:26-bk-01087 ECF No. 429 (Bankr. M.D. Fla. July 31, 2026), available here.

[3] *See* Complaint for Injunctive Relief, Turnover of Estate Property, and Damages, *Statutory Unsecured Claimholders' Committee of CHS FL, LLC, et al., v. Yiztchak "Isaac" Lefkowitz et al.,* 2:26-ap-00028 ECF No. 1 (Bankr. M.D. Fla. July 13, 2026), available here (alleging that YesCare insider Isaac Lefkowitz had "stolen no less than $2.06 million in estate property through a series of fraudulent schemes perpetrated both before and after the Petition Date"); Plaintiffs' Objection to the Proof of Claim Filed by M2 LoanCo, LLC, and Complaint for Disallowance, Recharacterization, Equitable Subordination, and Lien Avoidance, *Statutory Unsecured Claimholders' Committee of CHS FL, LLC, et al., v. M2 LoanCo, LLC, et al.*, 2:26-ap-00053 ECF No. 1 (Bankr. M.D. Fla. Oct. 4, 2026), available here (action to disallow a purported secured debt, alleged to be "the instrument through which Isaac Lefkowitz ("Lefkowitz") — who controlled the Debtors and M2 at the same time — looted the Debtors to the tune of over one hundred million dollars.")

For the foregoing reasons, Plaintiffs and City Defendants jointly move for final judgment under Fed. R. Civ. P. 54(b) regarding all claims between Plaintiffs and Defendants City of Philadelphia, Blanche Carney, Wanda Bloodsaw, and Gena Fraiser, as there is no just reason for delay. A proposed order certifying the prior judgment as final is attached.

Fed. R. Civ. P. 62.1 authorizes a District Court to issue an "indicative ruling" stating that it "would grant [a] motion if the court of appeals remands for that purpose." In turn, Fed. R. App. P. 12.1 permits a Court of Appeals to remand for limited further proceedings in light of an indicative ruling, without dismissing the appeal. Plaintiffs and City Defendants therefore jointly move for an indicative ruling stating that the District Court would enter final judgment certified under Fed. R. Civ. P. 54(b), given a remand. A proposed indicative ruling is attached.

DATED: November 16, 2026

Respectfully submitted,

*/s/ Bret Grote*
Legal Director
PA ID No. 317273
bretgrote@alcenter.org
*/s/ Rupalee Rashatwar*
Staff Attorney
PA ID No. 331085
*/s/ Nia Holston*
Staff Attorney
PA ID No. 327384
*/s/ Lolo Salsbury Serrano*
PA ID No. 338184
Abolitionist Law Center
990 Spring Garden St., Ste 306
Philadelphia, PA 19123

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : | |
| Plaintiffs, | : | No. 2:24-cv-05618-TJS |
| v. | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**CERTIFICATION OF MOTION AS UNCONTESTED UNDER LR 7.1**

I, Lolo Salsbury Serrano, hereby certify that the above Joint Motion for Final Judgment Under Fed. R. Civ. P. 54(B) and Interim Indicative Ruling Under Fed. R. Civ. P. 62.1 has been reviewed by counsel for City Defendants and is not contested.

*/s/ Lolo Salsbury Serrano*
PA I.D. No. 338184
Abolitionist Law Center
990 Spring Garden, Suite 306
Philadelphia, PA 19123
lolo@alcenter.org

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| JACOB and JAMES JUNG, as Administrators of the Estate of LOUIS JUNG, JR, | : | |
| Plaintiffs, | : | No. 2:24-cv-05618-TJS |
| v. | : | |
| CITY OF PHILADELPHIA, et al., | : | |
| Defendants. | : | |

**CERTIFICATE OF SERVICE**

I, Lolo Salsbury Serrano, hereby certify that a true and correct copy of the foregoing Joint Motion for Final Judgment Under Fed. R. Civ. P. 54(B) and Interim Indicative Ruling Under Fed. R. Civ. P. 62.1 has been electronically filed on this date of November 16, 2026 and served upon all parties via the Court's ECF system.

*/s/ Lolo Salsbury Serrano*
PA I.D. No. 338184
Abolitionist Law Center
990 Spring Garden, Suite 306
Philadelphia, PA 19123
lolo@alcenter.org